UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 2:22-CV-01253<br><br>Magistrate Judge Nancy Joseph |
| RICHARD WEBSTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 2:22-CV-01278<br><br>Judge J.P Stadtmueller |
| DEANNA DANGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 2:22-CV-01305<br><br>Judge Brett H Ludwig |

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES
AND MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Shyanne John and Angelica Hudy in the above-captioned matter *John, et al. v. Advocate Aurora Health, Inc.,* Case No.: 2:22-CV-01253 ("*John*"), Plaintiff Richard Webster in the above-captioned matter *Webster v. Advocate Aurora Health, Inc.,* Case No.: 2:22-CV-01278 ("*Webster*"), and Plaintiff Deanna Danger in the above-captioned matter *Danger v. Advocate Aurora Health, Inc.,* Case No.: 2:22-CV-01305 ("*Danger*") (the *John, Webster,* and *Danger* actions are collectively referred to as the "Related Actions"), hereby move the Court for an order consolidating, pursuant to Federal Rule of Civil Procedure 42(a), the Related actions in a Consolidated Action under the title *In re Advocate Aurora Health Pixel Litigation,* under the Case No.: 2:22-CV-01253.

This unopposed motion is based on the accompanying Memorandum of Points and Authorities, the Proposed Order submitted herewith, and any other matter the Court may wish to consider.

Undersigned counsel have conferred with counsel for Defendant Advocate Aurora Health, Inc., ("Advocate"), and counsel for Advocate has indicated that, while it opposes the allegations in the pending complaints and vigorously disputes the Plaintiffs' characterization of the facts and law in this memorandum, it does not oppose consolidation of the Related Actions as Advocate Aurora Health Pixel Litigation.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Shyanne John, Angelica Hudy, Richard Webster, and Deanna Danger ("Plaintiffs") respectfully move this Court for an order consolidating the Related Actions, which arise from the same nucleus of operative facts—i.e., Aurora's unlawful disclosure of personally identifiable information and personal health

information (collectively referred to herein as "Private Information"), including names, email addresses, phone numbers, computer IP addresses, emergency contact information, appointment information, medical provider information, medical histories, and other content submitted on Defendant's website and patient portal, to third-parties, including Facebook. The Related Actions are brought against a common Defendant, based on the same nucleus of facts, seeking similar remedies through similar causes of action on behalf of overlapping classes. In the interests of justice, efficiency, and judicial economy, the Court should consolidate the Related Actions.

## II. BACKGROUND

Advocate is a health care system with headquarters located in Milwaukee, Wisconsin. As of 2021, Advocate had 27 hospitals and more than 500 sites of care, with 75,000 employees, including 10,000 employed physicians. *John* Complaint, Doc. 1, at ¶ 2. Despite its status as one of the largest healthcare providers in the country, Advocate knowingly designed and operated its website with a configured and implemented Tracking Pixel ("Pixel") that collected and transmitted patient Private Information from its website to third parties, including information that was gathered and submitted through presumptively confidential patient portals and mobile apps like its MyChart portal and LiveWell app. *Id*. at ¶ 2. To be sure, Defendant has acknowledged to the over 3,000,000 individuals whose information was compromised that it designed the Tracking Pixel to transmit its patients' IP addresses; the dates, times, or locations of their scheduled appointments; their proximity to an Advocate Aurora Health location when using the site; information about medical providers; the nature of appointments and medical procedures; communications between patients and Advocate through MyChart, and first and last names, medical record numbers, and insurance information. *Id*.

2

Case 2:22-cv-01253-JPS    Filed 11/22/22    Page 3 of 11    Document 4

In response, on or about October 20, 2022, Defendant posted a "Breach Notification" on its website. *Id*. at ¶ 30. The Notice of Data Breach informed Plaintiff and Class Members (in substantially the same form) of Aurora's unlawful conduct and breach of patient confidentiality:

> "Advocate Aurora Health is writing to provide transparency in its previous use of the Internet tracking technologies, such as Google and Meta (Facebook), that we and many others in our industry had implemented to understand how patients and others interact with our websites. These technologies disclose certain details about interactions with our websites, particularly for users that are concurrently logged into their Google or Facebook accounts and have shared their identity and other surfing habits with these companies. When using some Advocate Aurora Health sites, certain protected health information ("PHI") would be disclosed in particular circumstances to specific vendors because of pixels on our websites or applications. Information about these technologies and steps that individuals may take to further protect their health information can be found in our FAQ.
>
> In an effort to deliver high quality services to its community, Advocate Aurora Health uses the services of several third-party vendors to measure and evaluate information concerning the trends and preferences of its patients as they use our websites. To do so, pieces of code known as "pixels" were included on certain of our websites or applications. These pixels or similar technologies were designed to gather information that we review in aggregate so that we can better understand patient needs and preferences to provide needed care to our patient population. We learned that pixels or similar technologies installed on our patient portals available through MyChart and LiveWell websites and applications, as well as on some of our scheduling widgets, transmitted certain patient information to the third-party vendors that provided us with the pixel technology. We have disabled and/or removed the pixels from our platforms and launched an internal investigation to better understand what patient information was transmitted to our vendors.
>
> Out of an abundance of caution, Advocate Aurora Health has decided to assume that all patients with an Advocate Aurora Health MyChart account (including users of the LiveWell application), as well as any patients who used scheduling widgets on Advocate Aurora Health's platforms, may have been affected. Users may have been impacted differently based on their choice of browser; the configuration of their browsers; their blocking, clearing or use of cookies; whether they have Facebook or Google accounts; whether they were logged into Facebook or Google; and the specific actions taken on the platform by the user.
>
> The following information may have been involved: your IP address; dates, times, and/or locations of scheduled appointments; your proximity to an Advocate Aurora Health location; information about your provider; type of appointment or procedure; communications between you and others through MyChart, which may have included your first and last name and your medical record number;

> information about whether you had insurance; and, if you had a proxy MyChart account, your first name and the first name of your proxy. Based on our investigation, no social security number, financial account, credit card, or debit card information was involved in this incident.
>
> We have disabled and/or removed tracking pixels on patient websites and applications, and we are continuing to evaluate how to further mitigate the risk of unauthorized disclosures of patient protected health information in the future. We will continue to monitor our information security systems and make improvements and enhancements where appropriate. To the extent any tracking technologies are proposed in the future, such technologies will be evaluated under Advocate Aurora's enhanced, robust technology vetting process consistent with our commitments to patient privacy."

*Id*. at ¶ 31. Defendant advised each of the Plaintiffs their Private Information was included in the unlawful data disclosure. *Id*. at ¶ 32.

In the course of their relationship with Defendant, Plaintiffs never consented, agreed, authorized, or otherwise permitted Defendant to disclose their Private Information or to assist with intercepting communications they reasonably believed to be confidential and only between themselves and their healthcare providers. *Id*. at ¶ 48. At no point were Plaintiffs provided with any written notice that Defendant discloses its website users' Private Information, nor were they provided any means of opting out of such disclosures. Despite this, Defendant knowingly disclosed Plaintiffs' and Class Members' Private Information to Facebook. *Id*.

The Related Actions are putative class actions filed on behalf of classes of individuals or entities who were patients, customers, employees, or otherwise associated or affiliated with—and provided Private Information to—Advocate. Based on the same nucleus of common facts, the Related Actions allege that Advocate's unlawful disclosure of Plaintiffs' and Class Members' sensitive Private Information fell far short of its obligations to those individuals and their reasonable expectations for data privacy, jeopardized the security of their PII, and put them at serious risk of fraud and identity theft. The Related Actions allege that Advocate's intentional

disclosure of Private Information to Facebook violated a number of laws. The Related Actions allege the same common course of misconduct relating to a single event (*i.e.*, the unlawful data disclosure), seek the same damages and relief, and assert similar causes of action on behalf of overlapping nationwide classes, including claims for invasion of privacy, breach of contract, breach of fiduciary duty, and a violation of the Confidentiality of Patient Health Care Records, Wis. Stat. § 146.81 *et seq*.

After counsel in the Related Actions met and conferred, counsel determined it would be in the best interest of the class and in the interests of efficiency and judicial economy to combine forces and litigate this action against Advocate cooperatively. Plaintiffs' counsel in the Related Actions have communicated with counsel for Advocate and have confirmed that while Advocate opposes the allegations in the pending complaints, Advocate does not oppose the relief sought in this Motion.

### III.  ARGUMENT

#### A.  Legal Standard for Rule 42(a) Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." *SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." *Id.* (citations omitted); *Ahnert*

*v. Emps. Ins. Co. of Wausau*, No. 10-CV-156, 2017 WL 1251113, at *2 (E.D. Wis. Mar. 31, 2017) (*Equal Employment Opportunity Comm.'n v. G–K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)) (same). The Court "need not find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citation omitted). In determining whether to consolidate, courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." *Id.*; *see also Ahnert*, 2017 WL 1251113, at *2 (motion to consolidated granted where "the two cases involve a common core of factual questions and legal issues," and "[i]n the absence of consolidation, there is a risk that two judges would preside over two trials with inconsistent rulings or verdicts.").

      **B.**      **Consolidation is Appropriate Under Rule 42(a)**

The complaints in the Related Actions relate to common factual allegations and legal theories. The Related Actions assert common causes of action against the common Defendant, Advocate, relating to the same factual underpinnings, and seek the same relief in response to the same event, the Data Breach. Moreover, the Related Actions commonly seek certification of an overlapping nationwide class and allege that class members suffered harm as a result of the Data Breach because their Private Information was transmitted and exposed to third parties, including Facebook, without their authorization. As such, the Related Actions present the quintessential consolidation scenario, and the Court should consolidate the Related Actions to ensure judicial economy and preserve party resources. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of each Plaintiff and the putative Class.

Courts in the 7th Circuit consistently find that similar data breach class actions are particularly appropriate for Rule 42 consolidation. *See Remijas v. Neiman Marcus Grp., LLC*, 794

F.3d 688, 690 (7th Cir. 2015) ("These disclosures prompted the filing of a number of class-action complaints. They were consolidated in a First Amended Complaint...[Plaintiffs] sought to represent themselves and the approximately 350,000 other customers whose data may have been hacked."); *Dusterhoff v. One Touch Point*, No. 2:22-cv-00882 at Doc. #12 (E.D. Wis. Sept. 29th. 2022)(granting motions to reassign and consolidate 12 data breach cases and proceeded with consolidated complaint); *Forslund. v. R.R. Donnelly*, No. 1-22-cv-04260 at Doc.#13 (N.D. Ill. Sept. 15th, 2022) (granting motions to reassign and consolidate three data breach cases and proceeded with consolidated complaint); *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 5159095, at *2 (N.D. Ill. Oct. 14, 2014) (granting motions to reassign and consolidate four data breach cases and proceeded with consolidated complaint). Other Circuits have followed the same approach. *See, e.g.*, *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc*., No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation).

Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class

certification, *Daubert* motions, and other pretrial matters. Furthermore, consolidation will foster judicial economy and will not prejudice any party.

Accordingly, Plaintiffs request that the Court consolidate the Related Actions under the docket number of the first filed case, Case No.: 2:22-CV-01253, under the caption *In re Advocate Aurora Health Patient Data Tracking Litigation*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Shyanne John, Angelica Hudy, Richard Webster, and Deanna Danger respectfully request that the Court enter an Order consolidating, pursuant to Rule 42(a), the Related Actions against Advocate Aurora Health, Inc. and setting a date to file a Consolidated Complaint.

Dated: November 22, 2022

Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

David K. Lietz
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
Email: dlietz@milberg.com

*Counsel for Plaintiffs Shyanne John and Angelica Hudy*

Joseph M. Lyon
THE LYON LAW FIRM, LLC
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

Terence R. Coates
Dylan J. Gould (admission forthcoming)
MARKOVITS, STOCK & DEMARCO,
LLC 119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
dgould@msdlegal.com

*Counsel for Plaintiff Richard Webster*

Bryan L. Bleichner
Philip J. Krzeski
Chestnut Cambronne PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone:(612)339-7300
Fax:(612)336-2940
bbleichner@ chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff Deanna Danger*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2022, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Eastern District of Wisconsin via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

>*/s/ Gary M. Klinger*
>Gary M. Klinger