UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 2:22-CV-01253<br><br>Magistrate Judge Nancy Joseph |
| RICHARD WEBSTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No.: 2:22-CV-01278<br><br>Judge J.P. Stadtmueller |
| DEANNA DANGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No.: 2:22-CV-01305<br><br>Judge Brett H Ludwig |

***PLAINTIFFS' UNOPPOSED* MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL UNDER FED. R. CIV. P. 23(g)(3)**

## I. INTRODUCTION

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." *Moehrl v. Nat'l Assoc. of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. 2020) (quoting Fed. R. Civ. P. 23(g)(3)); *see also In re Mercy Health ERISA Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016) (same). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIGATION ("MCL") § 21.11 (4th ed. 2004)).

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Shyanne John, Angelica Hudy, Richard Webster, and Deanna Danger ("Plaintiffs") respectfully move for an order appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") and Terence R. Coates of Markovits, Stock & DeMarco, LLC ("MSD") as Interim Co-Lead Class Counsel, to lead this litigation on behalf of the class. Proposed Interim Class Counsel have significant nationwide consumer class action experience, knowledge of the applicable law, and substantial resources that can be used to litigate this matter. They also have a proven track record of success in similar data breach and privacy cases that will be of great benefit to the proposed class. Appointment of interim class counsel now will promote efficiency, conserve judicial resources, and create a unified voice for putative class members that will streamline this litigation, with a team capable of taking the case to trial, if necessary.[1]

---

[1] Prior to filing this Motion, undersigned counsel contacted counsel for Advocate Aurora Health, Inc. ("Advocate" or "Defendant") to discuss the relief sought herein. Counsel for Defendant advised that Defendant takes no position on this Motion.

1
Case 2:22-cv-01253-NJ   Filed 11/22/22   Page 2 of 18   Document 5

## II. BACKGROUND

The above-captioned matters are similar class action lawsuits[2] arising out of the recent, data breach in which Plaintiffs allege that Advocate knowingly configured and implemented a Tracking Pixel ("Pixel") to collect and transmit information from its website to third parties, including information communicated in sensitive and presumptively confidential patient portals and mobile apps like its MyChart portal and LiveWell app. *John* Compl. ¶ 3. Defendant acknowledged to the over 3,000,000 individuals whose information was compromised that it designed the Tracking Pixel to transmit its patients' IP addresses; the dates, times, or locations of their scheduled appointments; their proximity to an Advocate Aurora Health location when using the site; information about medical providers; the nature of appointments and medical procedures; communications between patients and Advocate through MyChart, and first and last names, medical record numbers, and insurance information. *Id*. The Data Breach resulted in the compromise of highly sensitive personally identifiable information ("PII") and protected health information ("PHI") (collectively, the "Private Information") belonging to approximately 3 million consumers from Defendants' computer networks. *Id.* ¶ 3, fn. 3-4.

On October 24, 2022, Shyanne John and Angelica Hudy filed the first case in this District concerning the Data Breach in a case captioned as *John, et al. v. Advocate Aurora Health, Inc.,* Case No.: 2:22-CV-01253 ("*John*"). On October 27,2022 Richard Webster filed the second case in this District concerning the Data Breach in a case captioned as *Webster v. Advocate Aurora Health, Inc.,* Case No.: 2:22-CV-01278 ("*Webster*"). On November 3, 2022, Deanna Danger filed the third case in this District concerning the Data Breach in a case captioned as *Danger v. Advocate Aurora Health, Inc.*, Case No.: 2:22-CV-01305 ("*Danger*").

---

[2] Concurrently with this motion, Plaintiffs filed a motion pursuant to Fed. R. Civ. P. 42(a) seeking to consolidate the above captioned actions.

After a period of meeting and conferring, Proposed Interim Class Counsel agreed to combine their forces and coordinate their litigation efforts for the benefit of the class. Proposed Interim Class Counsel now seek appointment as interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3).

## III. APPLICABLE LAW

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MCL § 21.11; *see also In re Clearview AI, Inc., Consumer Prot. Litig.*, No. 21 C 0135, 2021 WL 916056, at *1 (N.D. Ill. Mar. 10, 2021) (same); *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014) (same); *Walker v. Discover Fin. Serv.*, No. 10-cv-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (same). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

While neither Rule 23 nor the Notes thereto expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1) governing the appointment of class counsel once a class is certified apply equally to the designation of interim class counsel before certification. *See Walker*, 2011 WL 2160889, at *2 (quoting *Hill v. The Trib. Co.*, No. 05–cv–2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel")). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;

> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of the Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." MCL § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan Alliance, Inc.*, No. 3:16-CV-290, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017) (same).

## IV. ARGUMENT

### A. PROPOSED INTERIM CLASS COUNSEL HAS THOROUGHLY IDENTIFIED AND INVESTIGATED THE CLAIMS

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. ed. 2007).

Here, Proposed Interim Class Counsel's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the

proposed Class. For example, Proposed Interim Class Counsel has performed (and continues to perform) the following work on behalf of Plaintiffs and Class Members:

a) Investigated potential legal claims arising from Defendants' implementation of the Pixel on its digital platforms and failure to enact protocols necessary to protect Plaintiffs' and Class Members' Private Information;

b) Analyzed reports and articles discussing the Data Breach and describing Defendant's challenged conduct;

c) Reviewed Defendant's websites and those of its affiliates, including representations concerning patient privacy and the technical aspects of the Pixel;

d) Researched Defendants' corporate structure;

e) Researched the relationship between Defendants and their various subsidiaries;

f) Investigated the nature of the challenged conduct at issue here by interviewing multiple potential clients who contacted Plaintiffs' counsels' firms;

g) Investigated the adequacy of the named Plaintiffs to represent the putative Class;

h) Aligned with local counsel in Wisconsin to assist in the prosecution of this matter;

i) Drafted and filed separate complaints against Defendant, and effected service of the same;

j) Communicated internally amongst Plaintiffs' counsel regarding the most efficient manner to organize this litigation; and

k) Worked cooperatively, coordinated, and continue to meet and confer with Defendant's counsel regarding this litigation.

These efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the respective

complaints. These efforts support Proposed Interim Class Counsel's appointment. *See Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011).

Indeed, these measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel. In particular, the Notes contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, Proposed Interim Class Counsel expect that a significant amount of discovery and related motion practice will take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before that motion is filed. Discovery in this matter may be complicated and require negotiations and motions prior to class certification. Proposed Interim Class Counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

### B. PROPOSED INTERIM CLASS COUNSEL ARE EXPERIENCED IN HANDLING CLASS ACTIONS AND OTHER COMPLEX LITIGATION

The second factor the court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Interim Class Counsel have substantial experience handling consumer class actions involving data privacy issues as well as other complex litigation. The firms' attorneys have represented plaintiffs in hundreds of class action lawsuits in state and federal courts throughout the United States.

Perhaps most importantly, Proposed Interim Class Counsel, and the attorneys at their respective law firms, have substantial experience handling data security and data privacy cases. *See, e.g.*, *Boone, et al. v. Snap, Inc.*, No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (settlement of $35 million privacy class action ); *Carrera Aguallo v. Kemper Corp.*, No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (settlement of $17.6 million privacy class action); *Baldwin v. Nat'l Western Life Ins. Co.*, No. 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims); *In re Herff Jones Data Breach Litigation*, No. 1:21-cv-1329-TWP (S.D. Ind.) (settlement for over 1 million data breach victims).

Each of Proposed Interim Class Counsel has had leadership roles in consumer and privacy actions, having been appointed by courts throughout the United States and having collectively recovered hundreds of millions of dollars on behalf of consumers in 2022 alone. The qualifications and experience of Proposed Interim Class Counsel are detailed in the accompanying firm resumes. *See* Exhibits A & B. An overview of Proposed Interim Class Counsels' backgrounds appears below.

**INTERIM CO-LEAD CLASS COUNSEL**

**GARY M. KLINGER (MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC):**

Mr. Klinger is a Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[3] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United

---

[3] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

States Supreme Court.[4] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

At only 37-years-old, Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is a Certified Information Privacy Professional (CIPP/US) and presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law. Mr. Klinger has extensive experience serving as leadership in numerous high-stakes consumer and privacy class actions. Mr. Klinger has settled more than fifty class actions as lead or co-lead counsel and recovered over $100 million in the process. He is presently litigating more than one hundred class action cases across the country involving privacy violations. Mr. Klinger recently obtained approval of a $35 million privacy class action. *See Boone, et al. v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger obtained a settlement of $35 million for violation of Illinois' Biometric Information Privacy Act). In addition Mr. Klinger has obtained approval of a class-wide settlement valued at $17.6 million for a major privacy class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served with Ms. Martin as two of 3 court appointed co-lead counsel). In addition, Mr. Klinger reached a class-wide settlement for $11 million for a major privacy class action involving more than 4 million consumers. *See Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.).[5] Mr. Klinger presently serves as court appointed co-lead counsel to more

---

[4] *See* https://milberg.com/precedent-setting-decisions/page/3/.
[5] Mr. Klinger was also appointed Co-Lead Counsel in the data breach case of *In re Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involves approximately one million class members and settled on a class-wide basis for $4.35 million. Mr. Klinger further served as co-lead counsel in the consolidated data breach litigation styled *In re CaptureRx Data Breach Litigation*, No. 5:21-

than 2 million class members in the privacy litigation styled *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.). Mr. Klinger also serves as appointed co-lead counsel to represent more than 3 million class members in another major data privacy class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

Importantly, Mr. Klinger has obtained successful results on behalf of class members in this Court. In September of 2022, Mr. Klinger announced a classwide settlement of $3.7 million for a data breach involving approximately 2 million class members. *See In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887-LA (E.D. Wi.). Mr. Klinger was also recently appointed to serve as co-lead counsel in another major consolidated privacy class action pending in this court involving more than 3 million victims. *See Dusterhoft, et al. v. OneTouchPoint Corp.*, Case No. 22-cv-0882-bhl (E.D. Wi.).

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., In re Blackbaud Data Privacy* MDL No. 2972 (D. S.C.) (where Milberg serves as interim class counsel in a data breach involving millions of consumers); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Mr. Klinger appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Mr. Klinger appointed Class Counsel; settlement value of over $13 million).[6]

---

cv-00523-OLG (W.D. Tex.), which involves more than 2.4 million class members and settled on a class-wide basis for $4.75 million.

[6] Additional information regarding Mr. Klinger and his firm is set forth in the Biography attached hereto as Exhibit A.

9

Case 2:22-cv-01253-NJ   Filed 11/22/22   Page 10 of 18   Document 5

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. The case ultimately settled for $6.5 million. In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

**TERENCE R. COATES (MARKOVITS, STOCK & DEMARCO, LLC):**

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC in Cincinnati, Ohio and has been practicing law since 2009. He has extensive experience handling complex class action cases including securities, commercial, antitrust, and data breach litigation. Mr. Coates is currently participating as a member of plaintiffs' counsel in the over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel for plaintiffs in *Vansickle v. C.R. England, Inc.*, No. 2:22-cv-00374 (D. Utah); *Rodriguez v. Professional Finance Company, Inc.*, No. 1:22-cv-1679 (D. Colo.; court-appointed interim lead counsel); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio; court-appointed interim lead counsel); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga.; court-appointed interim class counsel); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.; court-appointed interim class counsel); *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio) (court appointed class counsel in finally-approved class action settlement); *Engle v. Talbert House*, No. A 2103650 (Hamilton County

Court of Common Pleas, Ohio) (court-appointed class counsel in preliminarily-approved class action settlement); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.; co-lead counsel for plaintiffs in $825,000 settlement); and, *Morelli v. Jim Koons Management Co.*, No. 8:22-cv-00292-GJH (D. Md.; court-approved co-lead counsel in preliminarily-approved settlement). Furthermore, Mr. Coates holds leadership positions in many other data privacy lawsuits including *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio; court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio; court-approved liaison counsel); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.; Plaintiffs' Executive Committee); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.; Plaintiffs' Steering Committee).

In 2022 alone, Mr. Coates has been a member of co-lead counsel in class action settlements totaling over $760 million in value including, *Shy v. Navistar International Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (recently appointed class counsel for a class action settlement valued at over $742 million); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) ($4.25 million common fund settlement finally approved on June 28, 2022); *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) ($3.65 million common fund settlement finally approved on September 30, 2022); *Ryder v. Wells Fargo Bank, N.A.*, No. 1:2019-cv-00638 (S.D. Ohio) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members). Moreover, Mr. Coates has extensive experience participating in other high-profile class action cases including, *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639, (D.D.C.) (assisted in representing the Ohio public pension funds as lead plaintiffs in a Section 10b-5 class action resulting in a $153 million settlement); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-1967, (N.D. Cal.); *see also O'Bannon v. NCAA*, 802 F.3d 1049

(9th Cir. 2015) (served as counsel for NCAA, Olympic, and NBA legend Oscar Robertson in antitrust claims against the National Collegiate Athletic Association, Collegiate Licensing Company, and Electronic Arts resulting in a $40 million settlement with Electronic Arts and Collegiate Licensing Company and the Court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law); *In re Toyota Motor Corp., Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (served as counsel for the economic loss class action plaintiffs against Toyota that resulted in a settlement valued at $1.6 billion); and *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (served as counsel for plaintiffs in a complex antitrust and RICO class action resulting in the court granting final approval of an $80.875 million settlement). Federal courts have recognized Mr. Coates and his firm as being experienced with handling complex cases including class actions. *Bechtel v. Fitness Equip. Servs., LLC*, No. 1:19-CV-726, 2021 WL 4147766, at *11 (S.D. Ohio Sept. 12, 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."). Based on his experience in data breach and other class action cases, Mr. Coates is qualified to assist Plaintiffs in this matter as a member of Proposed Interim Co-Lead Counsel.[7]

### C. PROPOSED INTERIM CLASS COUNSEL ARE HIGHLY EXPERIENCED AND FAMILIAR WITH THE APPLICABLE LAW

Proposed Interim Class Counsel are well-qualified to lead this case. Each attorney has a track record of successfully litigating and resolving consumer class actions and other complex cases. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's

---

[7] Additional information regarding Mr. Coates and his firm is set forth in the Biography attached hereto as Exhibit B.

"experience in, and knowledge of, the applicable law in this field"). Proposed Interim Class Counsel have ample experience prosecuting class actions, including advancing claims for negligence, consumer fraud, privacy statute violations, and the other typical claims inherent to data privacy and data breach litigation. Proposed Interim Class Counsel are highly knowledgeable about the law applicable to data privacy and data breach litigation, including with respect to the claims advanced in this matter.

As set forth above and in the accompanying firm resumes, Proposed Interim Class Counsel, and the attorneys at their respective law firms, have a long track record of successfully litigating large-scale consumer and complex actions, with extensive experience litigating data breach and data privacy cases in particular. *See* Exs. A & B. As this litigation raises claims based on both common law and state consumer protection and data privacy statutes, it is crucial that appointed leadership have knowledge of the substantive laws at issue and experience litigating these causes of action specifically in the class action context, given the often-complex interplay between substantive law and the dictates of Rule 23.

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of Article III standing, class certification, damages, and injunctive relief require counsel that have already learned the lessons or achieved legal rulings that facilitate prosecution.

Proposed Interim Class Counsel have extensive experience litigating class actions involving large data breaches, as described above. That experience will allow them to skillfully litigate this specific case in the best interests of Plaintiffs and the putative Class.

### D.  PROPOSED INTERIM CLASS COUNSEL WILL COMMIT ALL NECESSARY RESOURCES TO REPRESENTING THE CLASS

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of Proposed Interim Class Counsel. Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as their firm résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative Class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

As interim class counsel, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to their other, successful class action litigations, and are committed to working cooperatively and efficiently for the benefit of the class.

### V.  CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order appointing Gary M. Klinger of Milberg Coleman

Bryson Phillips Grossman, PLLC and Terence R. Coates of Markovits, Stock & DeMarco, LLC as Interim Co-Lead Class Counsel.

Dated: November 22, 2022

Respectfully Submitted,

/s/ Gary M. Klinger
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866.252.0878
gklinger@milberg.com

David K. Lietz
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
Email: dlietz@milberg.com

*Counsel for Plaintiffs Shyanne John and Angelica Hudy*

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

Terence R. Coates
Dylan J. Gould (admission forthcoming)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
dgould@msdlegal.com

*Counsel for Plaintiff Richard Webster*

Bryan L. Bleichner
Philip J. Krzeski
Chestnut Cambronne PA
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone:(612)339-7300
Fax:(612)336-2940
bbleichner@ chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff Deanna Danger*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2022, I caused a true and correct copy of the foregoing motion to be filed with the Clerk of the Court for the Eastern District of Wisconsin via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

*/s/ Gary M. Klinger*