UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHYANNE JOHN and ANGELICA HUDY,
individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.                                    Case No. 22-CV-1253-NJ

ADVOCATE AURORA HEALTH, INC.,

    Defendant.

---

RICHARD WEBSTER,
individually and on behalf of all others similarly situated,

    Plaintiff,

  v.                                    Case No. 22-CV-1278-JPS

ADVOCATE AURORA HEALTH, INC.,

    Defendant.

---

DEANNA DANGER,
individually and on behalf of all others similarly situated,

    Plaintiff,

  v.                                    Case No. 22-CV-1305-BHL

ADVOCATE AURORA HEALTH, INC.,

    Defendant.

---

ORDER ON PLAINTIFFS' UNOPPOSED
MOTION TO CONSOLIDATE CASES

---

The Plaintiffs in three related cases—Plaintiffs Shyanne John and Angelica Hudy in *John, et al. v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1253-NJ ("*John*"), filed October 24, 2022, and pending before this Court; Plaintiff Richard Webster in *Webster v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1278-JPS ("*Webster*"), filed October 27, 2022, and pending before Judge J.P. Stadtmueller; and Plaintiff Deanna Danger in *Danger v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1305-BHL ("*Danger*"), filed November 3, 2022, and pending before Judge Brett H. Ludwig—by and through their counsel, have moved the Court to consolidate the above-captioned actions under the title *In re Advocate Aurora Health Pixel Litigation*, under the Case No. 22-CV-1253, pursuant to Federal Rule of Civil Procedure 42(a). Although defendant opposes the allegations in the pending complaints, it does not oppose consolidation of the Related Actions. (Docket # 4 at 2 in Case No. 22-CV-1253.) Pursuant to Civil L.R. 42(a), as the judge to whom the lowest numbered case is assigned, I must decide the motion to consolidate. For the reasons stated below, Plaintiffs' motion to consolidate is granted in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that a court, in its discretion, may consolidate actions if they "involve a common question of law or fact." *See also King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (reviewing district court's decision to consolidate for abuse of discretion). Common questions of law or fact need not predominate, but there must be at least one. *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008) ("Consolidation must be denied if there is no common question of law or fact tying the cases together."). "A common question is one that must be answered identically in each case in which it is

presented." *Brown v. Friedal*, Nos. 18-CV-1777, 18-CV-1910, 18-CV-1913, 2019 WL 913591, at *1 (E.D. Wis. Feb. 25, 2019). A court may consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results, as well as any potential prejudice such as the possibility of juror confusion or administrative difficulties. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing 8 James Wm. Moore, *Moore's Federal Practice* §§ 42.10[4][a], 42.10[5] (3d ed. 2008)).

## ANALYSIS

Common questions of law and fact predominate in these cases. All three lawsuits stem from the same nucleus of operative facts—that Advocate Aurora Health, Inc. ("Advocate") used technology on its website to collect and transmit patients' sensitive personal information from its website to third parties, such as Facebook, without the patients' consent. (Docket # 4 at 3–6 in Case No. 22-CV-1253.) All three actions assert similar causes of action, define overlapping classes, and seek similar remedies against a common defendant. (*Id.* at 7–8.) Thus, consolidation of these cases will be more efficient for the parties and the court, and will avoid inconsistent results.

Plaintiffs also move, however, to consolidate any future similar actions alleging claims that arise out of the same or similar operative facts as these three cases. Because Rule 42(a) requires an analysis of whether consolidation is proper, I cannot order consolidation of future, hypothetical cases. Thus, should the parties wish to consolidate cases filed in the future, a proper motion complying with Rule 42(a) must be filed

For these reasons, Plaintiffs' motion to consolidate is granted in part. Pursuant to Eastern District of Wisconsin Civil Local Rule 42(b), Case No. 22-CV-1253, Case No. 22-CV-1278, and Case No. 22-CV-1305 will be consolidated under Case No. 22-CV-1253. As

3

Case No. 22-CV-1253 is assigned to a magistrate judge, the parties must file new consent/refusal forms to magistrate judge jurisdiction in the lead case within twenty-one (21) days of the date of this Order.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' motion to consolidate (Docket # 4) is **GRANTED IN PART**. The three presently pending actions shall be consolidated for pre-trial purposes pursuant to Rule 42(a) (hereafter the "Consolidated Action").

**IT IS FURTHER ORDERED** that all papers filed in the Consolidated Action shall be filed under Case No. 22-CV-1253, the number assigned to the first-filed case, and shall bear the following caption: *In re Advocate Aurora Health Pixel Litigation*.

**IT IS FURTHER ORDERED** that the case file for the Consolidated Action will be maintained under File No. 22-CV-1253. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, e.g., "No. 22-CV-1253 ("John")".

**IT IS FURTHER ORDERED** that no later seven (7) days after the entry of this Order, all applications for interim lead class counsel shall be filed in the Consolidated Action.

**IT IS FURTHER ORDERED** that a consolidated complaint shall be filed within thirty (30) days of the entry of the Court's Order appointing interim lead class counsel.

**IT IS FURTHER ORDERED** that the parties shall meet and confer as to whether this matter can be resolved through mediation.

**FINALLY, IT IS ORDERED** that any response to the Consolidated Complaint shall be due within forty-five (45) days from the filing of the Consolidated Complaint. All prior response deadlines are vacated, and all discovery is stayed pending resolution of the Defendants' motion to dismiss. Should Defendant intend to file one or more motions to dismiss, the Parties will comply with the Local Rules with the following clarifications and/or adjustments:

    a.    Any opposition to a motion to dismiss shall be filed and served within forty-five (45) days of the filing of the motion to dismiss; and

    b.    Any reply brief shall be filed and served within thirty (30) days of the opposition;

Dated at Milwaukee, Wisconsin this 29th day of November, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge