IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

*IN RE* ADVOCATE AURORA HEALTH PIXEL LITIGATION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY, <br><br>*Plaintiffs*, <br><br>v. <br><br>ADVOCATE AURORA HEALTH, INC., <br><br>*Defendant.* | Case No. 22-CV-1253-JPS |
| RICHARD WEBSTER, <br><br>*Plaintiff*, <br><br>v. <br><br>ADVOCATE AURORA HEALTH, INC., <br><br>*Defendant.* | Case No. 22-CV-1278-JPS |
| DEANNA DANGER, <br><br>*Plaintiff*, <br><br>v. <br><br>ADVOCATE AURORA HEALTH, INC., <br><br>*Defendant.* | Case No. 22-CV-1305-JPS |

**JOINT RULE 26(f) REPORT**

In compliance with this Court's Order of December 16, 2022 (the "Order") (ECF No. 14) and Civil L. R. 16, counsel for the Parties, Shyanne John and Angelica Hudy, Richard Webster, and Deanna Danger (collectively, the "Plaintiffs") and Defendant Advocate Aurora Health, Inc.

("AAH") have conferred in good faith concerning the matters set forth in Fed. R. Civ. P. 26(f) and submit the following joint statement.

## I. BRIEF DESCRIPTION OF THE CASE

The complaints allege that AAH, a not-for-profit health system, violated various state and federal statutes and breached common law tort duties and contractual obligations by using a website analytics tool known as a tracking pixel. Plaintiffs allege that by accessing AAH's MyChart login page, information was sent to Meta or Google (collectively, the "Tech Companies") that could have allowed the Tech Companies to identify the Plaintiffs as potential AAH patients.

## II. SUBJECT MATTER JURISDICTION

**Plaintiffs**: Plaintiffs assert that the Court does have subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. ¶ 1332(d), given that the amount in controversy exceeds $5 million and Defendant and at least one member of the class are citizens of different states. *See John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS, Complaint, at ¶ 15. Furthermore, Plaintiffs allegedly suffered various injuries from the potential disclosure of their Personal Health Information ("PHI") because "an impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI. Such disclosures can reveal incredibly sensitive information about an individual, including diagnoses, frequency of visits to a therapist or other health care professionals, and where an individual seeks medical treatment." Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates, Dec. 1, 2022 (last accessed on Dec. 28, 2022 at https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html).

**Defendant**: AAH disputes the Court's subject matter jurisdiction. Pixels are not harmful per se; they mainly provide technical information about the use of a website. Plaintiffs' complaints about pixels and tech companies do not allege a cognizable injury sufficient for Article III standing because Plaintiffs can point to no specific harm to any of them by AAH's use of outsourced analytics services. Without a plausible theory of how use of a third party for analytics proximately results in a cognizable injury to the named plaintiffs, the complaints allege little more than generalized fears that Meta or Google might be making some illicit use of the data.

## III. CONTEMPLATED MOTIONS

The Parties agree the just and efficient resolution of this dispute is best resolved through a consolidation of the six similar complaints pending against AAH (as well as any further related actions) in Illinois and Wisconsin.

*Wisconsin Action.* The first of the six complaints was filed in this district, and this court has already consolidated three actions into this docket. A fourth case arising from AAH's alleged use of the Pixel has been filed in this District, *Derrick Harris, et al. v. AAH*, Case No. 22-CV-1515 (E.D. Wis.), which should have been marked as related and joined into this docket

*Illinois Actions.* To this end, AAH has removed the one complaint filed in Illinois state court and successfully moved to consolidate that action with a federal court action so they are both currently pending before Judge Joan H. Lefkow in the Northern District of Illinois: *Stewart v. Advocate Aurora Health, Inc.*, Case No. 1:22-CV-5964 (N.D. Ill.), and *Ajani v. Advocate Aurora Health, Inc.*, Case No. 1:22-CV-6559 (N.D. Ill.) (the "Consolidated Illinois Cases").

On December 16, 2022, AAH filed a motion to transfer the Consolidated Illinois Cases to this District. The Illinois plaintiffs have indicated that they oppose transfer from the Northern District of Illinois to this District. The Illinois plaintiffs' brief in opposition is due on January 9,

2023, AAH's reply is due by January 23, 2023, and a status hearing is calendared for February 23, 2023.

*Proposed Course.* The Parties expect Judge Lefkow in the Northern District of Illinois to rule promptly on the proposed motion to transfer; no purpose is served by having a federal court in Chicago and a federal court in Milwaukee adjudicate essentially the same class action complaints. The Parties propose that this action be stayed until February 23, 2023. Once a consolidated complaint is prepared, AAH will evaluate whether to file a motion to dismiss under Fed. R. Civ. P. 12(b). Pursuant to the Order, the Parties will meet and confer to compile the required jury instructions and narrative statement of agreed-upon facts to support the motion to dismiss briefing, and to discuss any issues that might obviate the need to file a Rule 12 motion.

While that potential motion is being briefed, the Parties will also meet and confer as to the complex electronic discovery issues presented. AAH is the largest health care system in Illinois and Wisconsin and has been assembled through several mergers and acquisitions (and is now part of Advocate Health). As a result, the various hospitals and other care sites often operate one or more separate websites, and each page of these various sites may use different pixels in different ways. We anticipate that the process will result in a request for court approval of an electronic discovery protocol and protective order.

IV. **SETTLEMENT**

The Parties plan to engage in mediated settlement discussions in January.

V. **INITIAL CONFERENCE**

The Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on December 29, 2022.

VI. **INITIAL DISCLOSURES**

The Parties will serve initial disclosures on or before February 28, 2023.

## VII. ALTERNATIVE DISPUTE RESOLUTION

The Parties plan to pursue alternative dispute resolution in parallel with proceedings before this Court.

## VIII. PROPOSED JOINT DISCOVERY PLAN

1. **Subjects for Discovery**: Although the full scope of discovery is not known at this time, the Parties anticipate conducting discovery on issues relating to Plaintiffs' claims for invasion of privacy, breach of contract, breach of fiduciary duty, and violations of the Wisconsin Confidentiality of Patient Health Care Records and Deceptive Trade Practices Acts, and AAH's defenses to these claims.

Defendant would produce:

   i. Relevant, non-privileged documents and data during the relevant time period, relating to AAH's use of the Pixel;

   ii. Relevant, non-privileged emails and related attachments to and/or from files of specific AAH personnel related to AAH's use of the Pixel, identified using agreed-upon search terms tailored to locate such information;

   iii. Other relevant, non-privileged documents that are responsive to Plaintiffs' discovery requests.

Defendant would seek:

   iv. From Plaintiffs: Information regarding Plaintiffs' use of AAH's services and websites and any injuries suffered.

   v. From the Tech Companies: Information regarding how Plaintiffs' and other patients' information was used, stored, and otherwise processed.

The Parties anticipate that some responsive documents will not be reasonably accessible (such as on back-up media); other responsive documents may be privileged, and they agree in principle to allow post-production claims of privilege or work product protection, but they have not yet finalized a protocol at this time.

Given the central significance of pixel technology, the Parties anticipate extensive expert discovery on the use of these technologies and their implications.

2. **Joint Proposed Schedule**: The Parties propose the following schedule in this case. The Parties do not anticipate the need to conduct discovery in phases.

On November 29, 2022, Magistrate Judge Joseph ordered Plaintiffs to file a consolidated complaint within 30 days of entry of the Court's Order appointing interim lead class counsel, which Order the Court entered on December 22, 2022. *See* ECF No. 6 at 4; ECF No. 15. Magistrate Judge Joseph also ordered that AAH's response to the consolidated complaint be filed within 45 days from the filing of the consolidated complaint, that any opposition to AAH's motion to dismiss be filed within 45 days of the motion, and that any reply brief be filed within 30 days of the opposition. *See* ECF No. 6 at 5. Magistrate Judge Joseph further vacated all prior response deadlines and stayed all discovery pending resolution of AAH's anticipated motion to dismiss. *See id.*

The Parties propose to modify these deadlines in light of the motion to transfer now pending in the Northern District of Illinois, as well as the fourth case recently filed in this District. As noted above, the Parties propose that this action be stayed until February 23, 2023. Accordingly, they propose that Plaintiffs be permitted to file their consolidated complaint later than Magistrate Judge Josephs' order currently requires so that it truly reflects a full consolidation of all of the relevant actions. In the interest of securing a speedy resolution of this action, the Parties also propose to brief AAH's anticipated motion to dismiss faster than contemplated in that order, and further to exchange initial disclosures in February 2023, to meet and confer regarding electronic discovery while briefing AAH's motion, and to serve written discovery by July 10, 2023

regardless of when AAH's motion is decided, notwithstanding that the existing order stays "all discovery . . . pending resolution" of AAH's motion. ECF No. 6 at 5.

With these modifications, the Parties proposed schedule is as follows:

| Event | Proposed Deadline |
|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | February 28, 2023 |
| Consolidated Complaint | March 13, 2023 |
| AAH's Motion to Dismiss | April 14, 2023 |
| Plaintiff's Opposition to Motion | May 15, 2023 |
| AAH's Reply in support of Motion to Dismiss | June 5, 2023 |
| All initial requests for documents and interrogatories served | July 10, 2023 |
| Amendments to Pleadings deadline | August 1, 2023 |
| Plaintiffs' motion for class certification and any expert reports in support of class certification due | October 16, 2023 |
| Defendants' opposition to Plaintiffs' motion for class certification and any class certification expert reports due | December 15, 2023 |
| Plaintiffs' reply brief on class certification due | February 1, 2024 |
| Completion of all fact discovery | March 1, 2024 |
| Designation of Plaintiffs' merits experts and Rule 26(a)(2) disclosures, including expert reports | April 1, 2024 |
| Designation of Defendants' merits experts and Rule 26(a)(2) disclosures, including expert reports | June 3, 2024 |
| Depositions of merits experts complete | August 1, 2024 |
| All Dispositive Motions filed | September 2, 2024 |
| Final Pre-Trial Report | December 2, 2024 |

3. **Protective Order**: A protective order will be necessary to protect health information, trade secrets, or other confidential research, development, or commercial information from disclosure. The Parties anticipate that they will be able to propose a joint/stipulated order.

4. **Electronic Discovery**: The Parties have agreed to produce discovery in electronic format, to the extent feasible, and the Parties anticipate agreement on an electronic-discovery protocol that contemplates use of advanced filtered technologies to locate potentially relevant documents. The Parties will reach agreement on the format of the production of documents which are maintained in electronic form, including the production of associated metadata.

5. **Limitations on Discovery**: At this time, the Parties do not envision a need for limitations on discovery beyond those set by the rules. The Parties understand that these limits may be modified with leave of the Court for good cause shown.

Dated: December 30, 2022　　　　　　　　　　Respectfully Submitted,

/s/ *Gary M. Klinger*　　　　　　　　　　　　/s/ *Daniel E. Conley*

| | |
|---|---|
| Gary M. Klinger | Edward R. McNicholas |
| MILBERT, COLEMAN, BRYSON, PHILLIPS, GROSSMAN, PLLC | Frances Faircloth |
| | ROPES & GRAY LLP |
| 227 W. Monroe Street, Suite 2100 | 2099 Pennsylvania Avenue, N.W. |
| Chicago, IL 60606 | Washington, DC 20006-6807 |
| (866) 252-0878 | (202) 508-4799 |
| gklinger@milberg.com | edward.mcnicholas@ropesgray.com |
| | frances.faircloth@ropesgray.com |

Terence R. Coates
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
(513) 651-3700
tcoates@msdlegal.com

*Interim Co-Lead Counsel*

Daniel E. Conley (WI Bar #1009443)
Nathan Oesch (WI Bar # 1101380)
Kristin C. Foster (WI Bar #1131939)
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202-4428
(414) 277-5100
daniel.conley@quarles.com
matthew.splitek@quarles.com
nathan.oesch@quarles.com
kristin.foster@quarles.com

Matthew Splitek (WI Bar #1045592)
QUARLES & BRADY LLP
33 E Main St, Suite 900
Madison, WI 53703
(608) 251-5000
matthew.splitek@quarles.com

*Counsel for Defendant Advocate Aurora Health, Inc.*