# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

## IN RE ADVOCATE AURORA HEALTH PIXEL LITIGATION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY,<br><br>     Plaintiffs,<br> v.<br><br>ADVOCATE AURORA HEALTH, INC.<br><br>     Defendant. | Case No. 22-CV-1253-JPS |
| RICHARD WEBSTER,<br><br>     Plaintiff,<br> v.<br><br>ADVOCATE AURORA HEALTH, INC.<br><br>     Defendant. | Case No. 22-CV-1278-JPS |
| DEANNA DANGER,<br><br>     Plaintiff,<br> v.<br><br>ADVOCATE AURORA HEALTH, INC.<br><br>     Defendant. | Case No. 22-CV-1305-JPS |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE NEWLY TRANSFERRED CASES

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs Shyanne John, Angelica Hudy, Richard Webster, and Deanna Danger ("Plaintiffs") in the above captioned matter *In re Advocate Aurora Health Pixel Litig.*, Case No. 2:22-cv-01253 (E.D. Wis.) hereby move the Court for an Order

1

consolidating, pursuant to Federal Rules of Civil Procedure 42(a), the newly transferred action from the United States District Court for the Northern District of Illinois: *Ajani v. Advocate Aurora Health, Inc.*, No. 2:23-cv-00259 ("*Ajani*") and *Stewart v. Advocate Aurora Health, Inc.*, No. 2:23-cv-00260 ("*Stewart*") (collectively, the "Transferred Actions"). Plaintiffs have conferred with Plaintiffs' Counsel in the *Ajani* and *Stewart* Actions, who indicated they support consolidation into the above-captioned case.

This unopposed Motion is based on the accompanying Memorandum of Points and Authorities, the Proposed Order submitted herewith, and any other matter the Court may wish to consider.

Undersigned Counsel have conferred with Counsel for Defendant Advocate Aurora Health, Inc. ("Defendant"), who indicated that, while it opposes the allegations in the pending complaints and vigorously disputes Plaintiffs' characterization of the facts and law in this memorandum, it does not oppose consolidation of the Transferred Actions into the above-captioned case: *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 42(a), Plaintiffs respectfully move this Court for an Order consolidating the Transferred Cases, which arise from the same nucleus of operative facts—*i.e.*, Defendant's unlawful disclosure of personally identifiable information and personal health information (collectively referred to herein a "Private Information"), including names, email addresses, phone numbers, computer IP addresses, emergency contact information, appointment information, medical provider information, medical histories, and other content submitted on Defendant's website and patient portal, to third-parties, such as Facebook or Google. The

Transferred Actions are brought against a common Defendant, based on the same nucleus of facts, seeking similar remedies through similar causes of action on behalf of overlapping classes. In the interests of justice, efficiency, and judicial economy, the Court should consolidate the Transferred Actions.

II. **BACKGROUND**

The *Stewart* and *Ajani* Actions were filed in the United States District Court for the Northern District of Illinois on October 28, 2022 and November 22, 2022, respectively. Both Actions allege the same, or very similar, claims arising from Defendant's Notice of Data Breach that was posted on its website on or around October 20, 2022.

Concurrent with the filings of *Stewart* and *Ajani* Actions, the following cases *Johns v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1253-JPS (the "*Johns* Action"), *Webster v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1278-JPS (the "*Webster* Action"), and *Danger v. Advocate Aurora Health, Inc.*, Case No. 22-CV-1305-JPS (the "*Danger* Action") were filed in the United States District Court in the Eastern District of Wisconsin. Plaintiffs' Counsel in the *Johns*, *Webster*, and *Danger* Actions moved to consolidate on November 22, 2022 (ECF No. 4), which Motion the Court granted on December 22, 2022 (ECF No. 22) and re-captioning the matter *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253. The parties then filed a Consolidated Amended Complaint on January 23, 2023 (ECF No. 20). The *Stewart* and *Ajani* Actions were recently transferred from the Northern District of Illinois to the Eastern District of Wisconsin on February 23, 2023 and February 22, 2023, respectively.

Like the above-captioned case, the Transferred Actions are putative class actions filed on behalf of classes of individuals or entities who were patients, customers, employees, or otherwise associated or affiliated with and provided Private Information to Defendant. Based on the same

nucleus of common facts, the Transferred Actions allege that Defendant's intentional disclosure of Private Information to Meta Platforms, Inc. (d/b/a Facebook) and Alphabet, Inc. (d/b/a Google) violated a number of laws. The Transferred Actions allege the same common course of misconduct relating to a single event (*i.e.*, the unlawful data disclosure), seek the same damages and relief, and assert similar causes of action on behalf of overlapping nationwide classes, including claims for invasion of privacy, breach of contract, breach of fiduciary duty, etc.

Counsel in the above-captioned case and the Transferred Actions met and conferred, and determined that it would be in the best interest of the class and in the interests of efficiency and judicial economy to combine forces and litigate this action against Defendant cooperatively. Defendant's Counsel does not oppose the relief sought in this Motion.

### III. ARGUMENT

#### A. Legal Standard for Rule 42(a) Consolidation

Rule 42(a) of the Federal Rules of Civil Procedures provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." *SJ Props Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." *Id.* (citations omitted); *Ahnert v. Emps. Ins. Co. of Wausau*, No. 10-CV-156, 2017 WL 1251113, at *2 (E.D. Wis. Mar. 31, 2017) (*Equal Employment Opportunity Comm.'n v. G–K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)) (same).

The Court "need not find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citation omitted). In determining whether to consolidate, courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." *Id.*; *see also Ahnert*, 2017 WL 1251113, at *2 (motion to consolidated granted where "the two cases involve a common core of factual questions and legal issues," and "[i]n the absence of consolidation, there is a risk that two judges would preside over two trials with inconsistent rulings or verdicts.").

### B. Consolidation is Appropriate under Rule 42(a)

The above-captioned case and the Transferred Actions contain common factual allegations and legal theories. Each case asserts multiple common causes of action against the common Defendant—Advocate Aurora Health, Inc.—relating to the same factual underpinnings, and seek the same relief in response to the same event, *i.e.*, Defendant's disclosure of patients' Private Information. Moreover, each case commonly seeks certification of an overlapping nationwide class and alleges that Class Members suffered harm as a result of Defendant's action because their Private Information was transmitted and exposed to third parties, such as Facebook and Google, without their authorization. These cases present the quintessential consolidation scenario, and the Court should consolidate the Transferred Actions in the above-captioned matter to ensure judicial economy and preserve party resources.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs in *re Advocate Aurora Health Pixel Litig.*, Case No. 2:22-cv-01253 (E.D. Wis.) and Plaintiffs in the *Ajani* and *Stewart* Actions request consolidation into the above-captioned case: *In re Advocate Aurora Health Pixel Litig.*, No. 2:22-cv-01253.

Dated: March 8, 2023                                   Respectfully Submitted,

By: */s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*pro hac vice*)
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
gklinger@milberg.com

David K. Lietz
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

Terence R. Coates
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
dgould@msdlegal.com

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
jlyon@thelyonfirm.com

Bryan L. Bleichner
Philip J. Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401

Phone:(612)339-7300  
Fax:(612)336-2940  
bbleichner@chestnutcambronne.com  
pkrzeski@chestnutcambronne.com  

Nola J. Hitchcock  
**CROSS LAW FIRM, S.C.**  
WI State Bar No. 1015817  
Marcy C. Flanner  
WI State Bar No. 1013095  
845 North 11th St.  
Lawyers' Building  
Milwaukee, Wisconsin 53233  
Tel: (414) 224-0000  
Fax: (414) 273-7055  
njhcross@crosslawfirm.com  
mflanner@crosslawfirm.com  

Stephen R. Basser*  
BARRACK RODOS & BACINE  
Calif. State Bar No. 121950  
E-mail: sbasser@barrack.com  
Samuel M. Ward*  
Calif. State Bar No. 216562  
E-mail: sward@barrack.com  
One America Plaza  
600 West Broadway, Ste. 900  
San Diego, California 92101  

John Emerson*  
EMERSON FIRM LLP  
2500 Wilcrest, Ste. 300  
Dallas, Texas 77042  
jemerson@emersonfirm.com  
Phone: (800) 551-8649  
Fax: (501) 286-4659  

*Attorneys for In re Advocate Aurora Pixel Litigation Plaintiffs*

Ryan F. Stephan*  
James B. Zouras*  
Teresa M. Becvar*  
Mohammed A. Rathur*  
**STEPHAN ZOURAS, LLP**  
100 N. Riverside Plaza, Suite 2150

7

Chicago, Illinois 60606
312.233.1550
312.233.1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com
mrathur@stephanzouras.com

*Attorneys for Alistair Stewart*

Bryan Paul Thompson
Chicago Consumer Law Center PC
650 Warrenville Rd – Ste 100
Lisle, IL  60532
312.858.3239
Bryan.thompson@cclc-law.com

8