# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

*IN RE* ADVOCATE AURORA HEALTH PIXEL LITIGATION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY,<br><br>Plaintiffs,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1253-JPS |
| RICHARD WEBSTER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1278-JPS |
| DEANNA DANGER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1305-JPS |

| | |
|---|---|
| ANGEL AJANI,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 23-CV-259-JPS |
| ALISTAIR STEWART,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 23-CV-260-JPS |

On November 29, 2022, Magistrate Judge Nancy Joseph consolidated three of the above-captioned cases into a single action styled as *In re Advocate Aurora Health Pixel Litigation*. Case No. 22-CV-1253, ECF No. 6. The consolidated action was then reassigned to this branch of the Court. On December 29, 2022, through the parties' jointly filed Rule 26(f) plan, the Court was made aware that two[1] related actions were consolidated and pending in the Northern District of Illinois. ECF No. 16 at 3–4 (referencing *Stewart v. Advocate Aurora Health*, Case No. 1:22-CV-5964 (N.D. Ill.)

---

[1] The Rule 26(f) plan also revealed that a fourth action was filed in this District and not marked as related. *See* ECF No. 16 at 3 (referencing Case No. 22-CV-1515). While the Court concurs that that case, which was assigned to Judge Lynn Adelman, appears to have been related, the similarity is of no moment because the case was voluntarily dismissed. *See* Case No. 22-CV-1515, ECF No. 14.

("*Stewart*") and *Ajani v. Advocate Aurora Health, Inc.*, Case No. 1:22-CV-6559 (N.D. Ill.) ("*Ajani*")). On February 22, 2023, Judge Joan Lefkow granted Defendant Advocate Aurora Health Inc.'s ("Defendant") motion to transfer venue of the *Stewart* and *Ajani* actions to this District. *See Ajani*, Case No. 23-CV-259, ECF No. 13; *Stewart*, Case No. 23-CV-260, ECF No. 40.

The *Stewart* and *Ajani* cases were subsequently transferred and opened in this District, although not initially marked as related to the *In re Advocate Aurora Health Pixel Litigation* matter.[2] The parties in all three cases were instructed that, if they wished to consolidate the two new cases into the pending consolidated matter, they needed to file motions to consolidate pursuant to Federal Rule of Civil Procedure 42 and Civil Local Rule 42(a). The parties did so and those motions are now before the Court. ECF No. 22; *Ajani*, Case No. 23-CV-259, ECF No. 17; *Stewart*, Case No. 23-CV-260, ECF No. 51. All motions are unopposed. ECF No. 22 at 2; *Ajani*, Case No. 23-CV-259, ECF No. 17 at 2–3; *Stewart*, Case No. 23-CV-260, ECF No. 51 at 2–3.

Because the lowest-numbered case is assigned to this branch of the Court, it must now decide the motions. Civ. L.R. 42(a). The Court has discretion to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). More specifically, the Court need not "find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr. Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Further,

> [a]lthough neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented.

---

[2]Each matter was also initially assigned to a Magistrate Judge, but due to non-consent, were reassigned to this branch of the Court.

> When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice. . . . In determining whether to consolidate, [the Court] consider[s] such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results.

*Id.* (internal citations omitted).

Upon consideration of the motions, the Court sees no barrier to granting them. The plaintiffs in *In re Advocate Aurora Health Pixel Litigation*, *Ajani*, and *Stewart* all assert that Defendant caused patients' private health information to be gathered and then transmitted to third parties. The complaints raise common causes of action, seek certification of overlapping classes, and pursue similar remedies against Defendant.[3] The above-identified interests in judicial economy, efficiency, and consistency are well-served by consolidation.

Accordingly, the motions to consolidate will be granted, and *Ajani*, Case No. 23-CV-259, and *Stewart*, Case No. 23-CV-260, will be consolidated into the *In re Advocate Aurora Health Pixel Litigation* consolidated action for all purposes. The case file for the consolidated action shall be maintained under Case No. 22-CV-1253, and all papers and pleadings in the consolidated action shall be filed thereunder.[4]

---

[3] Meta Platforms, Inc. ("Meta") was also listed as a Defendant in the *Stewart* matter, but after transfer, was terminated pursuant to Judge Lefkow's granting of Meta's motion to sever the claims against it and the subsequent transfer of those claims to the Northern District of California. *See* Case No. 23-CV-260, ECF Nos. 12, 17, 45. Meta is therefore uninvolved in the present action and its past involvement in one of the actions sought to be consolidated is no barrier to consolidation.

[4] Should any paper or pleading be intended to apply to some but not all of the cases consolidated in this matter, that limitation should be apparent from the face of the paper or pleading, but the Court will not at this time prescribe a system of designation.

Additionally, the Court herein provides further instructions to the parties and counsel, both with the goal of ensuring the orderly and efficient disposition of this consolidated matter, and for the avoidance of doubt. First, Plaintiffs in the consolidated action must file a Second Amended Consolidated Complaint within **thirty (30) days** of this Order; such pleading will become the operative Complaint in this matter upon filing, replacing the Amended Consolidated Complaint filed at ECF No. 20. Upon filing of the Second Amended Consolidated Complaint, Defendant shall have **forty-five (45) days** to answer or otherwise respond thereto. Should Defendant contemplate filing a motion to dismiss, the parties should carefully review the Court's Pretrial Order, ECF No. 14, for directives relevant to such motions. If such a motion is filed, the response and reply brief deadlines in Civil Local Rule 7(b)–(c) will apply unless the parties move for, and the Court approves, a different briefing schedule.

Second, the Court's Order appointing Gary Klinger of Milberg, Coleman, Bryson, Phillips, Grossman, PLLC ("Klinger") and Terence R. Coates of Markovits, Stock & DeMarco, LLC ("Coates") as Interim Co-Lead Counsel for all Plaintiffs, ECF No. 15, remains in effect. Within **thirty (30) days** of this Order, all parties shall confer and communicate to the Court, via a letter or notice on the docket, whether any party objects to Klinger's and Coates's continuing to serve as Interim Co-Lead Counsel for all Plaintiffs, including those added pursuant to the instant consolidation, or if any party would otherwise suggest a change as to this state of affairs. Until such notice is filed, the Court proceeds under the presumption that Klinger and Coates will continue to serve in this role as to all Plaintiffs, including those added via consolidation, until class certification is sought. *See* ECF No. 15 at 2 (quoting Fed. R. Civ. P. 23(g)(3)).

Relatedly, given the breadth and complexity of the action, and in order to "facilitate the filing and service of papers with the court and to provide the court with greater flexibility in scheduling status hearings," the Court finds it prudent to invoke General Local Rule 83(c)(3). *Ma v. Cmty. Bank*, 686 F.2d 459, 471 (7th Cir. 1982); *cf. Sokolova v. United Airlines, Inc.*, No. 18-CV-2576, 2020 WL 354750, at *1, *6 (N.D. Ill. Jan. 21, 2020) (ordering compliance with local rule requiring out of town counsel to retain local counsel). This rule provides that "[a]t any time, upon its own motion, the Court may require that a nonresident attorney obtain local counsel to assist in the conduct of the action." Gen. L.R. 83(c)(3). As noted above, this requirement is not intended to reflect any judgment by the Court as to the competency of Interim Co-Lead Class Counsel or any counsel who has appeared; rather, it reflects the Court's insight, gained through experience, that a local connection often proves helpful in the administration of wide-reaching litigation such as this. Plaintiffs' counsel must obtain local counsel and such local counsel shall file an appearance in this action within **thirty (30) days** of this Order.

Finally, counsel for the parties should take heed that, in this District, "[p]ro hace vice motions for admission are not permitted." Gen. L.R. 83(c)(2)(E). Any attorney who plans to sign filings on behalf of his or her client must be admitted to practice in this District. Instructions for seeking admission can be found on the District's website.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motions to consolidate, Case No. 22-CV-1253, ECF No. 22, Case No. 23-CV-259, ECF No. 17, and Case No. 23-CV-260, ECF No. 51, be and the same hereby are **GRANTED**;

**IT IS FURTHER ORDERED** that Case Nos. 23-CV-259 and 23-CV-260 be consolidated into the *In re Advocate Aurora Health Pixel Litigation* consolidated action, Case No. 22-CV-1253, for all purposes;

**IT IS FURTHER ORDERED** that the case file for the consolidated action shall be maintained under Case No. 22-CV-1253 and all papers and pleadings in the consolidated action shall be filed thereunder;

**IT IS FURTHER ORDERED** that Plaintiffs in the consolidated action shall file a Second Amended Consolidated Complaint within **thirty (30) days** of this Order;

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading within **forty-five (45) days** of the filing of the Second Amended Consolidated Complaint;

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of this Order, all parties shall confer and communicate to the Court whether any party objects to Klinger's and Coates's continuing to serve, pursuant to ECF No. 15, as Interim Co-Lead Counsel for all Plaintiffs; and

**IT IS FURTHER ORDERED** that Plaintiffs' counsel obtain local counsel and that such local counsel shall file an appearance in this action within **thirty (30) days** of this Order.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge