# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN RE ADVOCATE AURORA HEALTH
PIXEL LITIGATION

Civil Action No. 2:22-cv-1253-JPS

## SETTLEMENT AGREEMENT

This Settlement and Release Agreement (the "Agreement" or "Settlement Agreement") is entered into by and between Advocate Aurora Health, Inc. (the "Defendant") and Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart (the "Plaintiffs" and, together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below), by and through their respective counsel.

## I.   Recitals

1.    Defendant is one of the region's non-profit hospital systems, providing a variety of health-related services in Wisconsin and Illinois.

2.    On October 24, 2022, Shyanne John and another plaintiff filed a class action complaint in the United States District Court for the Eastern District of Wisconsin (the "Court") captioned *Shyanne John, et al. v. Advocate Aurora Health Inc.*, No. 2:22-cv-01253 (E.D. Wis.). Several other cases were filed thereafter and were eventually consolidated under this caption and case number (the "Litigation").[1]

---

[1] On April 4, 2023, the Court consolidated the following five cases: *Shyanne John and Angelica Hudy v. Advocate Aurora Health, Inc.*, No. 22-cv-1253 (E.D. Wis. filed Oct. 24, 2022); *Angel Ajani v. Advocate Aurora Health, Inc.*, No. 22-cv-6559 (N.D. Ill. removed Nov. 28, 2022); *Alistair Stewart v. Advocate Aurora Health, Inc.*, No. 22-cv-5964 (N.D. Ill. filed Oct. 28, 2022); *Richard Webster v. Advocate Aurora Health, Inc.*, No. 22-cv-01278 (E.D. Wis. filed Oct. 27, 2022); and *Deanna Danger v. Advocate Aurora Health, Inc.*, No. 22-cv-1305 (E.D. Wis. filed Nov. 3, 2022). *See* Dkt. 24. This Agreement is intended to fully resolve each of these actions.

3.      The Litigation arose after a notification provided by Defendant on October 22, 2022 that it had used Internet tracking technologies supplied by third parties, including pieces of code known as "pixels" (further defined as "Tracking Pixels" herein), and, when using some sites or applications, certain protected health information would be disclosed in particular circumstances to specific vendors because of the Tracking Pixels. Plaintiffs claim that Defendant's implementation and usage of such Tracking Pixels allegedly resulted in the invasion of Plaintiffs' and Settlement Class Members' privacy and other alleged common law and statutory violations.

4.      Defendant denies all claims asserted against it in the Litigation, denies all allegations of wrongdoing and liability, and denies all material allegations of the Second Amended Class Action Complaint filed on May 5, 2023 (the "Complaint").

5.      Class Counsel (defined below) have investigated the facts relating to the claims and defenses alleged and the underlying events in the Litigation, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Litigation, and have conducted a thorough assessment of the strengths and weaknesses of the Parties' respective positions.

6.      The Parties desire to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the Complaint, the Litigation, or Defendant's use of third-party tracking technology on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Litigation.

7.      The Parties exchanged informal discovery regarding Plaintiffs' claims and Defendant's defenses before their first mediation session on February 6, 2023, before Hon. David E. Jones (Ret.). Then, on June 1, 2023, counsel for the Parties engaged in a full-day

mediation before Judge Jones concerning a possible settlement of the claims asserted in the Litigation. This mediation resulted in a settlement in principle on June 2, 2023, the terms of which are reflected in this Settlement Agreement.

8.    Plaintiffs and Class Counsel, on behalf of the Settlement Class (as defined below), have concluded—based upon their pre-suit investigation, informal discovery, mediation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation through trial, the risks and costs associated with further prosecution of the Litigation, the uncertainties of complex litigation, the desired outcome from continued litigation, and the substantial benefits to be received pursuant to this Settlement Agreement—that a settlement with Defendant on the terms set forth herein is fair and reasonable and in the best interest of Plaintiffs and the Settlement Class. Plaintiffs and Class Counsel believe that the Settlement reflected in this Settlement Agreement confers substantial benefits upon the Settlement Class.

9.    The Parties plan to allocate the Settlement Fund as follows:

      a.    Class Counsel's attorneys' fees and expenses;

      b.    the Settlement Administrator's fees and expenses;

      c.    pro rata cash payments to all Settlement Class Members submitting valid Claim Forms under the Settlement; and

      d.    any funds remaining will be considered Residual Funds and distributed to the Charitable Healthcare Recipients (as both terms are defined in Paragraph 13 below).

10.    The Parties agree and understand that neither this Settlement Agreement, nor the Settlement it represents, shall be construed as an admission by Defendant of any wrongdoing whatsoever, including an admission of a violation of any statute or law or of liability on the claims or allegations in the Litigation or any other similar claims in other proceedings, or that any such claims would be suitable for class treatment.

11.     The Settlement Agreement is intended to fully, finally, and forever resolve all claims and causes of action asserted, or that could have been asserted, based upon the facts alleged in the Complaint, against Defendant and the Released Persons, by and on behalf of the Plaintiffs and Settlement Class Members (as defined in Paragraph 13 below), and any other such actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States, relating to Defendant's usage and implementation of Tracking Pixels.

12.     The Parties, by and through their respective duly authorized counsel of record, and intending to be legally bound hereby, agree that, subject to the approval of the Court as provided for in this Agreement, the Litigation, all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint and Litigation, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the following terms and conditions.

**II.     Definitions**

13.     As used herein and in the related documents attached hereto as exhibits, the following terms have the meaning specified below:

a.      "**Agreement**" or "**Settlement Agreement**" means this settlement agreement, including all exhibits hereto.

b.      "**Attorneys' Fees and Expenses Award**" means the amount awarded by the Court to be paid to Class Counsel from the Settlement Fund, such amount to be in full and complete satisfaction of Class Counsel's claim or request (and any request made by any other attorneys) for payment of reasonable attorneys' fees and Litigation Expenses.

c.      "**Charitable Healthcare Recipients**" means 26 U.S.C. § 501(c)(3) non-

profit organizations, over which Defendant does not have sole control or majority ownership, that provide health care to people in Wisconsin and/or Illinois that may receive portions of the Settlement Fund. The Parties will jointly propose appropriate Charitable Healthcare Recipients. To the extent sufficient Residual Funds remain in the Net Settlement Fund for a *cy pres* distribution, they shall be allocated equally among the Charitable Healthcare Recipients.

d. "**Claim Form**" means the claim form that will be mailed and/or emailed to Settlement Class Members whereby they may receive a cash payment under the Settlement, substantially in the form attached hereto as **Exhibit A**.

e. "**Claim Deadline**" is the date by which Settlement Class Members must submit a valid Claim Form to receive a cash payment under the Settlement. The Claim Deadline is ninety (90) Days after the Notice Date.

f. "**Class Counsel**" shall mean Gary M. Klinger and Alexandra Honeycutt of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606, and Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, located at 119 E. Court Street, Suite 530, Cincinnati, OH 45202.

g. "**Class Notice**" means the notice of this Settlement, which shall include the Long-Form Notice and Short-Form or Postcard Notice, substantially in the form attached hereto as **Exhibits B and C**, respectively.

h. "**Class Representatives**" means those Persons appointed by the Court to represent the Settlement Class for purposes of the Settlement of the Litigation.

i. "**Court**" means the U.S. District Court for the Eastern District of Wisconsin.

j. "**Day(s)**" means calendar days but does not include the day of the act,

event, or default from which the designated period of time begins to run. Further and notwithstanding the above, when computing any period of time prescribed or allowed by this Settlement Agreement, "Days" includes the last day of the period unless it is a Saturday, a Sunday, or a federal legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or federal legal holiday.

      k.     **"Defendant's Counsel"** means Edward R. McNicholas and Frances Faircloth of Ropes & Gray LLP, located at 2099 Pennsylvania Avenue NW, Washington, DC 20006; Anne Johnson Palmer of Ropes & Gray LLP, located at Three Embarcadero Center, San Francisco, CA 94111; Daniel E. Conley, Kristin C. Foster, and Nathan Oesch of Quarles & Brady LLP, located at 411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202; and Matthew Splitek of Quarles & Brady LLP, located at 33 E Main St, Suite 900, Madison, WI 53703.

      l.     **"Effective Date"** means the date defined in Paragraph 91 of this Settlement Agreement.

      m.     **"Final"** with respect to a judgment or order means that the following have occurred: (i) the expiration of all deadlines to notice any appeal; (ii) if there is an appeal or appeals, the completion, in a manner that finally affirms and leaves in place the judgment or order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration, rehearing en banc, or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

n.      "**Final Approval Hearing**" means the hearing to determine whether the Settlement should be given final approval and whether the applications of Class Counsel for attorneys' fees and Litigation Expenses should be approved.

o.      "**Final Approval Order**" means the order of the Court finally approving this Settlement entered in a format the same as or substantially similar to that of the Final Approval Order attached hereto as **Exhibit E**.

p.      "**Final Judgment**" means the dismissal with prejudice of the Litigation, entered in connection with the Settlement and Final Approval Order.

q.      "**Litigation Expenses**" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, mediating, and settling the Litigation, and obtaining an order of final judgment.

r.      "**Long-Form Notice**" means the written notice substantially in the form of **Exhibit B** to this Settlement Agreement.

s.      "**Notice and Settlement Administration Costs**" means all approved reasonable costs incurred or charged by the Settlement Administrator in connection with providing notice to members of the Settlement Class, processing claims, and otherwise administering the Settlement. This does not include any separate costs incurred directly by Defendant or any of Defendant's attorneys, agents, or representatives in this Litigation.

t.      "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, and (iv) any Attorneys' Fees and Expenses Award approved by

7

the Court.

u. "**Notice Date**" means the date, within sixty (60) Days of the entry of the Preliminary Approval Order, when the Settlement Administrator shall email and mail by First-Class United States mail the Postcard Notice to all Settlement Class Members for whom Defendant has valid addresses.

v. "**Notice Program**" means the notice program described in Section VII.

w. "**Objection Deadline**" shall have the meaning set forth in Paragraph 57 or as otherwise ordered by the Court.

x. "**Opt-Out**" means a Settlement Class Member (i) who timely submits a properly completed and executed Request for Exclusion, (ii) who does not rescind that Request for Exclusion before the end of the Opt-Out Period, and (iii) as to which there is not a successful challenge to the Request for Exclusion.

y. "**Opt-Out Date**" means the date by which Settlement Class Members must mail their Request for Exclusion in order for that request to be excluded from the Settlement Class to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) Days after the Notice Date.

z. "**Opt-Out Period**" means the period commencing on the date of entry of the Preliminary Approval Order and ending on the Opt-Out Date, during which Settlement Class Members may submit a timely Request for Exclusion.

aa. "**Person**" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs,

8

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

predecessors, successors, representatives, or assignees.

bb.     "**Personal Information**" means information that is or could be used, whether on its own or in combination with other information, to identify, locate, or contact a person.

cc.     "**Pixel Disclosure**" means the alleged disclosure of Personal Information or health information of Plaintiffs and Settlement Class Members to Facebook, Google, or other third parties as a result of any use of Tracking Pixels on Defendant's websites, LiveWell app, and MyChart portal between October 24, 2017 and October 22, 2022.

dd.     "**Postcard Notice**" or "**Short-Form Notice**" means the written notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order substantially in the form attached as **Exhibit C** to this Settlement Agreement.

ee.     "**Preliminary Approval Date**" means the date the Preliminary Approval Order has been executed and entered by the Court.

ff.     "**Preliminary Approval Order**" means the order certifying the proposed Settlement Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Notice Program, and setting a date for the Final Approval Hearing, entered in a format the same as or substantially similar to that of the Proposed Preliminary Approval Order attached hereto as **Exhibit D**.

gg.     "**Related Parties**" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendant's and these entities' respective predecessors, successors, shareholders, members, trustees, directors, officers, employees, principals, agents, attorneys, representatives, providers, advisors, consultants, vendors, partners, insurers,

9

reinsurers, and subrogees, and includes, without limitation, any Person related to any such entity who could have been named as a defendant in this Litigation.

hh. "**Released Claims**" means all claims and other matters released in and by Section XV of this Settlement Agreement. Released Claims do not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Agreement.

ii. "**Released Persons**" means Defendant and the Related Parties.

jj. "**Releasing Persons**" means Plaintiffs and the Settlement Class Members, and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

kk. "**Residual Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund and after all settlement payments to Settlement Class Members. Often in class actions settlements, some number of class members who submit valid claims and are then issued settlement checks fail to cash or deposit their settlement payments. The funds remaining in the Settlement Fund after settlement payments have been distributed and the time for cashing and/or depositing checks has expired will be Residual Funds. The Residual Funds will be sent to one or more Charitable Healthcare Recipients as a *cy pres* distribution.

ll. "**Request for Exclusion**" means a fully completed and properly executed written request that is timely delivered to the Settlement Administrator by a Settlement Class Member under Section IX of this Agreement and is postmarked on or before the end of

the Opt-Out Period. For a Request for Exclusion to be properly completed and executed, it must: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

mm. "**Settlement**" means the settlement reflected by this Settlement Agreement.

nn. "**Settlement Administrator**" means the class action settlement administrator retained to carry out the notice plan and administer the settlement fund distribution process. After reviewing bids, the Parties, subject to Court approval, have agreed to use Kroll Settlement Administration LLC as Settlement Administrator in this matter.

oo. "**Settlement Class**" means all individuals residing in the United States whose Personal Information or health information was or may have been disclosed to a third party without authorization or consent through any Tracking Pixel on Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022. Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges. This exclusion does not apply to those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

pp. "**Settlement Class Members**" means all Persons who are members of the Settlement Class.

qq. "**Settlement Fund**" means the non-reversionary sum of twelve million two hundred and twenty-five thousand dollars and no cents ($12,225,000.00), to be paid by Defendant as specified in this Agreement, which shall be used as the only source of payment for all costs of the Settlement.

rr. "**Settlement Website**" means a dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Postcard Notice, and the Long-Form Notice, among other things as agreed upon by the Parties and approved by the Court as required.

ss. "**Tracking Pixel**" means the Meta Pixel, Google Analytics, other third-party pixels, and any similar web analytics technologies that allow website owners to track visitor activity on their websites.

**III.    Certification of the Settlement Class**

14. For settlement purposes only and within the context of the Settlement Agreement only, the Parties will request that the Court certify the Settlement Class.

15. The Plaintiffs identified in the Complaint will move to be appointed Settlement Class Representatives ("Class Representatives"), and Class Counsel will move to be appointed as counsel to the Settlement Class for settlement purposes only.

16. If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then the Parties' request for certification of the Settlement Class will be withdrawn and deemed to be of no force or effect for any purpose in this or any

other proceeding. In that event, Defendant reserves the right to assert any and all objections and defenses to certification of a class, and neither the Settlement Agreement nor any order or other action relating to the Settlement Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than settlement.

## IV.    Settlement Consideration

17.    In addition to the Settlement Fund and monetary benefits provided to Settlement Class Members, Defendant shall implement all remedial measures necessary to ensure its use of Tracking Pixels materially complies with the Health Insurance Portability and Accountability Act (HIPAA), including applicable binding guidance issued by the Department of Health and Human Services Office of Civil Rights, provided that nothing shall limit its right to use such technologies consistent with that guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, or as otherwise permitted by HIPAA.

18.    Defendant agrees to make a payment of twelve million two hundred and twenty-five thousand dollars and no cents ($12,225,000.00) and deposit that payment into the Settlement Fund as follows: (i) Defendant shall pay $4,225,000.00 into the Settlement Fund thirty (30) Days after this Court enters the Preliminary Approval Order, which shall be available to pay Notice and Settlement Administration Costs incurred prior to entry of the Final Approval Order and Final Judgment, and (ii) Defendant shall pay the balance of the Settlement Fund, eight million dollars and no cents ($8,000,000.00), thirty (30) Days after the Effective Date. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability under this Agreement shall not exceed twelve million two hundred and twenty-five thousand dollars and no cents ($12,225,000.00), inclusive of Class Counsel's reasonable attorneys' fees and Litigation Expenses. The timing set forth in this provision is contingent

13

upon the receipt of a W-9 from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the payments specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

19.     The Settlement Fund shall be deposited in an appropriate qualified settlement fund established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Agreement or returned to those who paid the Settlement Fund in the event this Agreement is voided, terminated, or cancelled.

20.     In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Notice and Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund after payment of Notice and Settlement Administration Costs paid or incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any taxes, shall be returned to Defendant; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

21.     This Settlement is non-reversionary. As of the Effective Date, all rights of Defendant in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section XIV of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

Defendant.

22.     As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) reasonable Notice and Settlement Administration Costs incurred pursuant to this Settlement Agreement as approved by the Parties and approved by the Court, (ii) any taxes owed by the Settlement Fund, (iii) any Service Awards approved by the Court, (iv) any Attorneys' Fees and Expenses Award as approved by the Court, and (v) any benefits to the Charitable Healthcare Recipients. The Settlement Administrator will maintain control over the Settlement Fund and shall be responsible for all disbursements.

23.     No amounts may be withdrawn from the Settlement Fund unless (i) expressly authorized by the Settlement Agreement, or as may be (ii) approved by the Court. The Parties, by mutual agreement, may authorize the periodic payment of actual reasonable Notice and Settlement Administration Costs from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) business days prior to making such withdrawal or payment.

24.     The Settlement Administrator, subject to such supervision and direction of the Court and Class Counsel as may be necessary or as circumstances may require, shall administer and oversee any distribution of the Settlement Fund to the Charitable Healthcare Recipients pursuant to this Agreement.

25.     The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall

be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed by the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

26.     All taxes owed by the Settlement Fund shall be paid out of the Settlement Fund, shall be considered part of the Notice and Settlement Administration Costs, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative shall be solely responsible for the federal, state, and local tax consequences to them of the receipt of funds from the Settlement Fund pursuant to this Agreement. Under no circumstances will Defendant have any liability for taxes or tax expenses under the Settlement Agreement.

27.     Limitation of Liability

a.     Defendant and its counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendant also shall have no obligation to communicate with Settlement Class Members and others regarding amounts paid under the Settlement.

b.     The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator or Defendant, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) any losses suffered by or fluctuations in the value of the Settlement Fund; or (v) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

V.     **Benefits to Settlement Class Members**

28.     Settlement Class Members will receive the benefit of the injunctive relief set out in Paragraph 17.

29.     Further, as set out in Paragraph 39, the Net Settlement Fund shall be distributed

via pro rata cash payments to Settlement Class Members who submit a valid and timely Claim Form. Residual Funds will then be allocated to the Charitable Healthcare Recipients as contemplated in this Agreement.

**VI.    Settlement Administration**

30.    All agreed-upon and reasonable Federal Rule of Civil Procedure 23 Notice and Settlement Administration Costs will be paid from the Settlement Fund.

31.    The Parties agreed (i) to solicit and did solicit competitive bids for settlement administration, including Notice and Settlement Administration Costs, (ii) to rely upon Postcard Notice, and (iii) to utilize other appropriate forms of notice where practicable, in order to contain the administration costs while still providing effective notice to the Settlement Class Members.

32.    The Settlement Administrator will provide written notice by United States First Class mail of the settlement terms to all Settlement Class Members for whom Defendant has provided a valid mailing address. The Settlement Administrator shall perform skip-tracing for any returned mail and shall re-mail notice to any Settlement Class Members whose addresses are uncovered by skip-tracing. Defendant shall also post notice of the Settlement on its website for a period of thirty (30) Days; the notice shall read "Notice of Pixel Class Action Settlement" and it shall link to the Settlement Website. Settlement Class Members shall have sixty (60) Days from the Notice Date to object to the Settlement Agreement.

33.    The Settlement Administrator will cause the Notice Program to be effectuated in accordance with the terms of the Settlement Agreement and any orders of the Court. The Settlement Administrator may request the assistance of the Parties to facilitate providing notice and to accomplish such other purposes as may be approved by both Class Counsel and

Defendant's Counsel. The Parties shall reasonably cooperate with such requests.

34.     The Settlement Administrator will administer the processes agreed to by both Class Counsel and Defendant's Counsel, subject to the Court's supervision and direction as circumstances may require.

35.     To make a claim, a Settlement Class Member must complete and submit a valid, timely, and sworn Claim Form. A Claim Form shall be submitted online at the Settlement Website or by U.S. mail and must be postmarked no later than the Claim Deadline.

36.     The Settlement Administrator will review and evaluate each Claim Form for validity, timeliness, and completeness.

37.     If, in the determination of the Settlement Administrator, the Settlement Class Member submits a timely but incomplete Claim Form, the Settlement Administrator shall give the Settlement Class Member notice of the deficiencies, and the Settlement Class Member shall have twenty (20) Days from the date of the written notice to cure the deficiencies. The Settlement Administrator will provide notice of deficiencies concurrently to Defendant's Counsel and Class Counsel. If the defect is not cured within the 20-Day period, then the Claim will be deemed invalid. All Settlement Class Members who submit a valid and timely Claim Form, including a Claim Form deemed defective but timely cured, shall be considered "Claimants."

38.     The Settlement Administrator will maintain records of all Claim Forms submitted until three hundred sixty (360) Days after entry of the Final Judgment. Claim Forms and supporting documentation may be provided to the Court upon request and to Defendant, Class Counsel, and Defendant's Counsel to the extent necessary to resolve claims determination issues pursuant to this Settlement Agreement. Class Counsel or the Settlement Administrator

will provide other reports or information that the Court may request or that the Court or Defendant's Counsel may reasonably require.

39.     Subject to the terms and conditions of this Settlement Agreement, forty-five (45) Days after the Effective Date, the Settlement Administrator shall mail or otherwise provide a payment via check (a "Claim Payment") to each Claimant for their pro rata share of the Net Settlement Fund, in accordance with the following distribution procedures:

a.     The Settlement Administrator shall utilize the Net Settlement Fund to make all Claim Payments.

b.     The amount of each Claim Payment shall be calculated by dividing the Net Settlement Fund by the number of valid claims for Claim Payments.

c.     The result of the calculation referenced immediately above notwithstanding, the amount of each Claim Payment shall not exceed fifty dollars ($50.00).

40.     Each Claim Payment shall be mailed to the address provided by the Claimant on his or her Claim Form. All Claim Payments issued under this section shall be void if not negotiated within ninety (90) Days of their date of issue and shall contain a legend to that effect. Claim Payments issued pursuant to this section that are not negotiated within ninety (90) Days of their date of issue shall not be reissued.

41.     To the extent any monies remain in the Net Settlement Fund more than one hundred eighty (180) Days after the distribution of Claim Payments to the Claimants, the distribution of the remaining Net Settlement Fund shall be made to the Charitable Healthcare Recipients. The Parties will return to the Court seeking approval as to the disposition of the remaining Net Settlement Fund, including approval of the proposed Charitable Healthcare

Recipients.

42.     For any Claim Payments returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Claim Payment within thirty (30) Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make only one attempt to resend a Claim Payment.

**VII.    Notice to Settlement Class Members**

43.     The Parties agree the following Notice Program provides reasonable notice to the Settlement Class.

44.     Direct notice shall be provided via U.S. mail and/or email to all Settlement Class Members for whom the Settlement Administrator has a valid address. Additional Notice will be provided via publication on Advocate's website pursuant to Paragraph 32.

45.     Within thirty (30) Days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names and last mailing and email addresses known to Defendant for the Settlement Class Members. The Settlement Administrator shall, by using the National Change of Address database maintained by the United States Postal Service (the "Postal Service"), obtain updates, if any, to the mailing addresses.

46.     Within sixty (60) Days following entry of the Preliminary Approval Order ("Notice Date"), the Settlement Administrator shall email and/or mail the Postcard Notice to all Settlement Class Members for whom a valid address is available. The Settlement Administrator shall mail a Claim Form to Settlement Class Members upon written or telephonic

request.

47.     On a rolling basis, the Settlement Administrator shall undertake reasonable efforts to confirm the address, and to resend notice, for any Settlement Class Members for whom the Settlement Administrator receives returned mail from the U.S. Postal Service indicating that the initial mailing was not delivered. Other than as set forth above, neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail the Postcard Notices.

48.     The mailed notice will consist of the Postcard Notice substantially in the form of **Exhibit C**. The Settlement Administrator shall have discretion to format this Postcard Notice in a reasonable manner to minimize mailing and administrative costs. Before the mailing of the Postcard Notice is commenced, Class Counsel and Defendant's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's orders.

49.     No later than forty-five (45) Days following entry of the Preliminary Approval Order, and prior to the mailing of the Postcard Notice to all Settlement Class Members, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the Complaint, Postcard Notice, Long-Form Notice, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. Any other content proposed to be included or displayed on the Settlement Website shall be approved in advance by counsel for the Parties. The website address and the fact that a more detailed Long-Form Notice are available through the website shall be included in the Postcard Notice. A toll-free number with interactive voice response, FAQs, and an option to speak to a live operator shall also be made available to address Settlement Class Members' inquiries.

50.     The Settlement Website shall be maintained from the Notice Date until one hundred eighty (180) Days after the Effective Date.

51.     The Notice Program shall be subject to approval by the Court as meeting the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

52.     The Long Notice and Short-Form Notice approved by the Court may be adjusted by the Settlement Administrator in consultation and agreement with the Parties, as may be reasonable and necessary and not inconsistent with such approval.

53.     Prior to the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel to file with the Court an appropriate affidavit or declaration from the Settlement Administrator concerning compliance with the Court-approved Notice Program.

54.     The Notice Program shall commence within sixty (60) Days of entry of the Preliminary Approval Order and shall be completed within ninety (90) Days of the Preliminary Approval Order, except as otherwise specifically provided above.

## VIII.    Objections to the Settlement

55.     Any Settlement Class Member who has not excluded themselves and wishes to object to the proposed Settlement Agreement must file with the Court and serve a written objection to the settlement ("Objection") on Class Counsel and Defendant's Counsel, at the addresses set forth in the Long-Form Notice.

56.     Each Objection must (i) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (ii) contain the Settlement Class Member's original signature; (iii) contain proof that the Settlement Class Member is a member of the Settlement Class; (iv) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) set

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

forth a statement of the legal and factual basis for the Objection; (vi) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vii) identify all counsel representing the Settlement Class Member, if any; (viii) contain the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (ix) contain a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an Objection to any proposed class action settlement in the past three (3) years.

57. Objections must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than sixty (60) Days after the Notice Date (the "Objection Deadline"). The Objection Deadline shall be included in the Short-Form and Long-Form Notices.

58. Class Counsel and Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law served prior to the Final Approval Hearing.

59. An objecting Settlement Class Member has the right, but is not required, to attend the Final Approval Hearing. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve the notice on Class Counsel and Defendant's Counsel) by the Objection Deadline.

60. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify: (i) the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing by including

counsel's name, address, phone number, email address, the state bar(s) to which counsel is admitted, as well as associated state bar numbers; (ii) any witnesses he or she may seek to call to testify at the Final Approval Hearing; and (iii) all exhibits he or she intends to seek to introduce into evidence.

61. Any Settlement Class Member who fails to timely file and serve an Objection and notice, if applicable, of his or her intent to appear at the Final Approval Hearing in person or through counsel pursuant to this Settlement Agreement, as detailed in the Long-Form Notice, and otherwise as ordered by the Court, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Section VIII.

## IX. Opt-Out Procedures

62. Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent ("Request for Exclusion") to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest the Person's intent to opt out of the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

63. Within seven (7) Days after the Opt-Out Date, the Settlement Administrator shall provide the Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusion. Class Counsel may present to the Court the number of Opt-

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

Outs (if any), no later than fourteen (14) Days before the Final Approval Hearing but may not provide their Personal Information (though Class Counsel should alert the Court that such information is maintained by the Settlement Administrator), except that upon the Court's request, Class Counsel may provide the Court a list of Opt-Outs with all Personal Information other than names and cities and states of residence redacted.

64. All Persons who submit valid and timely Requests for Exclusion, as set forth in Paragraph 62, referred to herein as "Opt-Outs," shall not receive any benefits of or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt out of the Settlement Class in the manner set forth in Paragraph 62 shall be bound by the terms of this Settlement Agreement and judgment entered thereon.

X.   **Attorneys' Fees, Costs, Expenses, and Service Awards**

65. Class Counsel shall request the Court to approve an award of attorneys' fees not to exceed thirty-five percent (35%) of the Settlement Fund plus reasonable Litigation Expenses not to exceed $30,000.00. The Attorneys' Fees and Expenses Award shall be paid no later than forty-five (45) Days after the Effective Date. For the avoidance of doubt, the Attorneys' Fees and Expenses Award shall be paid from the Settlement Fund. Defendant shall take no position with regard to Class Counsel's application for the Attorneys' Fees and Expenses Award if the application complies with the provisions of this section.

66. Class Counsel shall request the Court to approve a service award of three thousand five hundred dollars ($3,500.00) for each of the named Plaintiffs, which award is intended to recognize Plaintiffs for their efforts in the Litigation and commitment on behalf of the Settlement Class ("Service Award"). If approved by the Court, this Service Award will be paid to Class Counsel for distribution no later than forty-five (45) Days after the Effective Date.

For the avoidance of doubt, the Court-approved amount for any Service Awards shall be paid from the Settlement Fund. Defendant shall take no position with regard to the request for a Service Award payment to the Plaintiffs if the request complies with the provisions of this section.

67.     Class Counsel will file applications with the Court for the requested Service Awards and Attorneys' Fees and Expenses Award no later than fifteen (15) Days prior to the Objection Deadline.

68.     The Parties agree that the Court's approval or denial of any request for the Service Awards or Attorneys' Fees and Expenses Award are not conditions to this Settlement Agreement and are to be considered by the Court separately from the final approval, reasonableness, and adequacy of the settlement. Any reduction to the Service Awards or Attorneys' Fees and Expenses Award shall not operate to terminate or cancel this Settlement Agreement.

## XI.     Notices

69.     All notices, instructions, and applications for Court action in connection with this Agreement shall be made in writing and communicated as follows:

All notices to Class Counsel or Plaintiffs shall be sent to:

Gary M. Klinger
Milberg Coleman Bryson Phillips
Grossman, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878

Terence R. Coates
Markovits, Stock & DeMarco, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Tel: (513) 651-3700

All notices to Defendant's Counsel or Defendant shall be sent to:

Edward R. McNicholas
Ropes & Gray LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 508-4600

Daniel E. Conley
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Tel: (414) 277-5100

70.     Other than attorney-client communications or communications otherwise protected from disclosure pursuant to law or rule, the Parties shall promptly provide to each other copies of comments, Objections, or other documents or filings received from a Settlement Class Member as a result of the Notice Program.

**XII.    Settlement Approval Process**

71.     After execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form, which:

    a.     Preliminarily certifies the Settlement Class for settlement purposes only;

    b.     Preliminarily approves this Agreement for purposes of issuing Notice;

    c.     Finds the proposed Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Settlement Class;

    d.     Finds (i) the Notice Program constitutes valid, due, and sufficient notice to the Settlement Class Members and constitutes the best notice practicable under the circumstances, complying fully with the requirements of the laws of Wisconsin, the

Constitution of the United States, and any other applicable law; and (ii) that no further notice to the Class is required beyond that provided through the Notice Program;

e.      Appoints Plaintiffs as the Settlement Class Representatives for settlement purposes only;

f.      Appoints Class Counsel as counsel to the Settlement Class for settlement purposes only;

g.      Appoints the Settlement Administrator and directs the Settlement Administrator to provide notice to Settlement Class Members in accordance with the Notice Program provided for in this Settlement Agreement;

h.      Approves the Settlement Administrator to administer the Settlement in accordance with the provisions of this Settlement Agreement;

i.      Approves the Objection procedures as outlined in this Settlement Agreement;

j.      Schedules an appropriate Opt-Out Date, Objection Deadline, and other Settlement-related dates and deadlines to be included in the Class Notice;

k.      Schedules a Final Approval Hearing to consider whether the proposed settlement should be finally approved by the Court;

l.      Stays all proceedings in the Litigation other than those related to approval of the Settlement; and

m.      Contains any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement.

72.      Defendant will not oppose entry of the Preliminary Approval Order so long as it is substantially in the form attached to this Agreement as **Exhibit D** and is otherwise consistent

with this Agreement.

## XIII.    Final Approval Hearing

73.    The Parties will recommend that the Final Approval Hearing shall be scheduled no earlier than one hundred eighty (180) Days after the entry of the Preliminary Approval Order.

74.    The Parties may file a response to any objections and a Motion for Final Approval no later than fourteen (14) Days before the Final Approval Hearing.

75.    Any Settlement Class Member who wishes to appear at the Final Approval Hearing, whether pro se or through counsel, must, by the Objection Deadline, either mail, hand-deliver to the Court, or file a notice of appearance in the Litigation, take all other actions or make any additional submissions as may be required in the Long-Form Notice, this Settlement Agreement, or as otherwise ordered by the Court, and mail that notice and any other such pleadings to Class Counsel and Defendant's Counsel as provided in the Long-Form Notice.

76.    The Parties shall ask the Court to enter a Final Approval Order and Final Judgment in the form attached hereto as **Exhibit E** or an order substantially similar to such form, which:

a.    Finds that the Notice Program fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the settlement; constitutes the best notice practicable under the circumstances; constitutes valid, due, and sufficient notice; and complies fully with the laws of Wisconsin, the United States Constitution, and any other applicable law;

b.    Finds that after proper notice to the Settlement Class, and after sufficient opportunity to object, no timely Objections to this Settlement Agreement have been made or all timely Objections have been considered and denied;

c.      Approves of the Settlement, as set forth in this Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Settlement Class, in all respects, finding that the settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement;

d.      Finds that neither the Final Judgment, the Settlement, nor the Settlement Agreement shall constitute an admission of liability or wrongdoing by any of the Parties;

e.      Subject to the reservation of jurisdiction for matters discussed in subparagraph (g) below, dismisses the Complaint with prejudice;

f.      Finds that Plaintiffs and all Settlement Class Members shall, as of the entry of the Final Judgment, conclusively be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from the Released Claims; and

g.      Reserves exclusive and continuing jurisdiction over the Litigation and the Parties for the purposes of, among other things, (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Final Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the Settlement Fund and resolving any disputes that may arise with regard to the foregoing.

77.      If and when the Settlement becomes Final, the Litigation shall be dismissed with prejudice, with the Parties to bear their own costs and attorneys' fees, costs, and expenses not otherwise awarded in accordance with this Settlement Agreement.

**XIV.  Termination of this Settlement Agreement**

78.      Each Party shall have the right to terminate this Settlement Agreement if:

a.      The Court denies preliminary approval of this Settlement Agreement (or

grants preliminary approval through an order that materially differs in substance to **Exhibit D** hereto);

        b.      The Court denies final approval of this Settlement Agreement (or grants final approval through an order that materially differs in substance from **Exhibit E** hereto);

        c.      The Final Approval Order and Final Judgment do not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein; or

        d.      The Effective Date cannot occur.

79.      In addition to the grounds set forth above, Defendant shall have the sole option to withdraw from and terminate this Settlement in its entirety in the event that 5,000 or more of Settlement Class Members submit timely and properly completed and executed Requests for Exclusion by the Opt-Out Date.

80.      If a Party elects to terminate this Settlement Agreement under this Section XIV, that Party must provide written notice to the other Party's counsel by hand delivery, mail, or email within ten (10) Days of the occurrence of the condition permitting termination.

81.      Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

82.      If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement, the Preliminary Approval Order, the Final Approval Order and Final Judgment (if applicable), and all of their provisions shall be rendered null and void; (ii) all Parties shall be deemed to have reverted to their respective statuses in the Litigation as of the date and time immediately preceding the

execution of this Settlement Agreement; (iii) except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed; and (iv) no term or draft of this Settlement Agreement nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), will have any effect or be admissible into evidence for any purpose in the Litigation or any other proceeding.

83.     If the Court does not approve the Settlement or the Effective Date cannot occur for any reason, Defendant shall retain all its rights and defenses in the Litigation. For example, Defendant shall have the right to move to dismiss, to object to the maintenance of the Litigation as a class action, to move for summary judgment, and to assert defenses at trial. Nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Litigation may properly be maintained as a class action, or for any other purpose.

XV.    **Release**

84.     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Persons, including Plaintiffs and each Settlement Class Member, will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, set-offs, costs, expenses, attorneys' fees and costs, losses, rights, demands, charges, complaints, actions, suits, causes of action, obligations, debts,

contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown, or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued, and matured or not matured that arise out of, or are based upon or connected to, or relate in any way to the Pixel Disclosure or Defendant's use of Tracking Pixels, or that were or could have been asserted in the Litigation (the "Release"). The Release shall be included as part of the Final Approval Order and Final Judgment so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion. The Release shall constitute and may be pled as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Claims. In the event any Settlement Class Member attempts to prosecute an action in contravention of the Final Approval Order and Final Judgment or the Settlement Agreement, counsel for any of the Parties may forward the Settlement Agreement and the Final Approval Order and Final Judgment to such Settlement Class Member and advise such Settlement Class Member of the Release provided pursuant to the Settlement Agreement. If so requested by Defendant or counsel for Defendant, Class Counsel shall provide this notice.

85.     Subject to Court approval, as of the Effective Date, Plaintiffs and all Settlement Class Members shall be bound by this Settlement Agreement and the Release, and all of the Released Claims shall be dismissed with prejudice and released.

86.     The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims relating in any way to the subject matter of the Complaint that could have been raised in the Litigation and that any of the Plaintiffs and each of their respective heirs, executors, administrators, representatives, agents, partners, trustees, successors, attorneys, and assigns do not know to exist or suspects to exist, which, if known by him, her or it, might affect

his, her, or its agreement to release Defendant and all other Released Persons, or might affect his, her, or its decision to agree to, or object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs (on behalf of themselves and each Settlement Class Member) expressly shall have, and by operation of the Final Judgment the Settlement Class Members shall have, released any and all Released Claims, including Unknown Claims. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs (on behalf of themselves and each Settlement Class Member) expressly shall have, and by operation of the Final Approval Order and Final Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.

87.     For the avoidance of doubt, no claims for potential medical negligence are included in the Released Claims.

88.     On entry of the Final Approval Order and Final Judgment, the Plaintiffs and Settlement Class Members shall be enjoined from prosecuting the Released Claims in any proceeding in any forum against any of the Released Persons or based on any actions taken by any Released Persons authorized or required by this Settlement Agreement or the Court or an appellate court as part of this Settlement.

89.     Without in any way limiting the scope of the Release, the Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation (except for the Attorneys' Fees and Expenses Award

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

to be paid to Class Counsel as specifically provided in Section X and elsewhere in this Agreement), Defendant's use of third-party tracking technology as alleged in the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Service Award to Plaintiffs.

90.     Nothing in the Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XVI.   Effective Date

91.     The "Effective Date" of this Settlement Agreement shall be the first Day after the date when all of the following conditions have occurred:

a.     This Settlement Agreement has been fully executed by all Parties and their counsel;

b.     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement and approving the Notice Program and Claim Form, all as provided above;

c.     The Court-approved Postcard Notice has been mailed, other notice required by the Notice Program has been effectuated, and the Settlement Website has been duly created and maintained as ordered by the Court;

d.     The Court has entered a Final Approval Order and Final Judgment finally approving this Settlement Agreement, as provided above; and

e.     The Final Approval Order and Final Judgment have become Final, as those terms are defined in Paragraph 13.

## XVII.   Miscellaneous Provisions

92.     The recitals and exhibits to this Settlement Agreement are integral parts of the Settlement and are expressly incorporated and made a part of this Settlement Agreement.

93. This Settlement Agreement is for settlement purposes only. Neither the fact of nor any provision contained in this Settlement Agreement nor any action taken hereunder shall constitute or be construed as an admission of the validity of any claim or any fact alleged in the Complaint or Litigation or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendant or any admission by Defendant of any claim in this Litigation or allegation made in any other proceeding, including regulatory matters, directly or indirectly involving the Pixel Disclosure or allegations asserted in the Complaint and Litigation. This Settlement Agreement shall not be offered or be admissible in evidence against the Parties or cited or referred to in any action or proceeding between the Parties, except in an action or proceeding brought to enforce its terms. Nothing contained herein is or shall be construed or admissible as an admission by Defendant that Plaintiffs' claims, or any similar claims, are suitable for class treatment.

94. In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not dealt with by the terms of this Settlement Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties and their counsel agree to undertake their best efforts and mutually cooperate to effectuate this Agreement and the terms of the proposed Settlement set forth herein, including taking all steps and efforts contemplated by this Agreement, and any other steps and efforts which may become necessary by order of the Court or otherwise. The Parties further agree to defend this Agreement against objections made to the Settlement or the Final Approval Order and Final Judgment at the Final Approval Hearing or in any appeal of the Final Approval Order and Final Judgment or in any collateral attack on this Agreement or the Final Approval Order and Final Judgment.

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

95.     No person shall have any claim against Plaintiffs, Class Counsel, Defendant, Defendant's Counsel, the Settlement Administrator, or the Released Persons, or any of the foregoing's agents or representatives based on the administration of the Settlement substantially in accordance with the terms of the Settlement Agreement or any order of the Court or appellate court.

96.     This Settlement Agreement constitutes the entire Settlement Agreement between and among the Parties with respect to the Settlement of the Litigation. This Settlement Agreement supersedes all prior negotiations and agreements regarding settlement and may not be modified or amended except by a writing signed by the Parties and their respective counsel. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

97.     There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the non-waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

98.     Defendant shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Class Counsel agree to hold Defendant harmless from any claim regarding the division of any award of Attorneys' Fees and Expenses Award, and any claim that the term

"Class Counsel" fails to include any counsel, Person, or firm who claims that they are entitled to a share of any Attorneys' Fees and Expenses Award in this Litigation.

99.     This Settlement Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions, and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

100.     The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

101.     This Settlement Agreement shall be construed under and governed by the laws of the State of Wisconsin without regard to its choice of law provisions.

102.     The Parties and each Settlement Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of the Agreement and its exhibits, but for no other purpose.

103.     All agreements made and orders entered during the course of Litigation relating to the confidentiality of information shall survive this Agreement, including but not limited to those relating to all information exchanged for purposes of mediation or under the auspices of Federal Rule of Evidence 408.

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

104.     If any press release is to be issued by the Parties, including their respective counsel, concerning the Settlement, it will be a joint press release for which the Parties will agree upon the language therein prior to release. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media about this Litigation or the Settlement.

105.     In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement as long as the benefits of this Settlement Agreement to Defendant or the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

106.     This Settlement Agreement will be binding upon and inure to the benefit of the successors and assigns of the Parties, Released Persons, and Settlement Class Members.

107.     The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement. In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

108.     This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it and all of which shall be deemed a single Settlement Agreement. Scanned signatures or signatures sent by email or facsimile shall be as effective as original signatures.

109.     Each Party to this Settlement Agreement and the signatories thereto warrant that he, she, or it is acting upon his, her or its independent judgment and the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

110.     Each signatory below warrants that he or she has authority to execute this Settlement Agreement and bind the Party on whose behalf he or she is executing the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have hereby accepted and agreed to the Settlement Agreement.

Dated: August 9, 2023                           Respectfully Submitted,

Daniel E. Conley (WI Bar #1009443)      Gary M. Klinger
Kristin C. Foster (WI Bar #1131939)       **MILBERG COLEMAN BRYSON PHILLIPS**
Nathan Oesch (WI Bar # 1101380)          **GROSSMAN, PLLC**
**QUARLES & BRADY LLP**                   227 W. Monroe Street, Suite 2100
411 East Wisconsin Avenue, Suite 2400    Chicago, IL 60606
Milwaukee, WI 53202-4428                 Telephone:866.252.0878
(414) 277-5100                           gklinger@milberg.com
daniel.conley@quarles.com
kristin.foster@quarles.com
nathan.oesch@quarles.com                 Terence R. Coates
                                         Dylan J. Gould
Matthew Splitek (WI Bar #1045592)        **MARKOVITS, STOCK & DEMARCO, LLC**
**QUARLES & BRADY LLP**                   119 East Court Street, Suite 530
33 E Main St, Suite 900                  Cincinnati, OH 45202
Madison, WI 53703                        Telephone: (513) 651-3700
(608) 251-5000                           tcoates@msdlegal.com
matthew.splitek@quarles.com              dgould@msdlegal.com

                                         *Interim Co-Lead Class Counsel*

DocuSign Envelope ID: A75C3104-2BBA-4987-92DA-AE2C0E7D8523

Edward R. McNicholas
Frances Faircloth
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
(202) 508-4600
edward.mcnicholas@ropesgray.com
frances.faircloth@ropesgray.com

Anne Johnson Palmer
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111-4006
(415) 315-6300
Anne.johnsonpalmer@ropesgray.com

*Counsel for Defendant*
*Advocate Aurora Health, Inc.*

David K. Lietz
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
dlietz@milberg.com

Joseph M. Lyon
**THE LYON LAW FIRM**
2754 Erie Ave.
Cincinnati, OH 45208
jlyon@thelyonfirm.com

Bryan L. Bleichner
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
bbleichner@chestnutcambronne.com

Nola J. Hitchcock Cross
**CROSS LAW FIRM, S.C.**
845 North 11th St.
Milwaukee, WI 53233
njhcross@crosslawfirm.com

Stephen R. Basser
**BARRACK RODOS & BACINE**
sbasser@barrack.com
One America Plaza
600 West Broadway, Ste. 900
San Diego, CA 92101

John Emerson
**EMERSON FIRM LLP**
2500 Wilcrest, Ste. 300
Dallas, TX 77042
jemerson@emersonfirm.com

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
rstephan@stephanzouras.com
jzouras@stephanzouras.com

tbecvar@stephanzouras.com

Bryan Paul Thompson
**CHICAGO CONSUMER LAW CENTER**
650 Warrenville Road, Suite 100
Lisle, IL 60532
Bryan.thompson@cclc-law.com

Michael Kind, Esq.
**KIND LAW**
8860 S. Maryland Parkway, Suite 106
Las Vegas, NV 89123
mk@kindlaw.com

*Counsel for Plaintiffs*

## SETTLEMENT TIMELINE

| | |
|---|---|
| **From Order Granting Preliminary Approval** | |
| Defendant will Provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of $4,225,000.00 to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +90 Days |
| Objection Date | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| | |
| **Final Approval Hearing** | 180 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |
| | |
| **From Effective Date** | |
| Defendant's payment of $8,000,000.00 to Settlement Administrator. | +30 Days |
| Payment of Attorneys' Fees and Litigation Expenses and Class Representatives' Service Awards | +45 Days |
| Mailing of Claim Payments to Claimants | +45 Days |
| Distribution of the Residual Funds to the Charitable Healthcare Recipients | +180 Days |
| Deactivation of Settlement Website | +180 Days |

# EXHIBIT A

| **YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <<DATE>>** | In re Advocate Aurora Health Pixel c/o Kroll Settlement Administration LLC PO Box 5324 New York, NY 10150-5324 | FOR OFFICE USE ONLY |
|---|---|---|

### *In re Advocate Aurora Health Pixel Litigation*

U.S. District Court for the Eastern District of Wisconsin (Case No. 2:22-cv-1253)

### <u>CLAIM FORM</u>

### SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT WWW.XXXXXXXXXXXXXX.COM

### <u>GENERAL CLAIM FORM INFORMATION</u>

You may complete and submit this Claim Form online or by mail if you reside in the United States and visited Advocate Aurora Health Inc.'s ("Advocate") websites, LiveWell app, or MyChart patient portal between October 24, 2017 and October 22, 2022 (the "Settlement Class").

If you wish to submit a Claim for a settlement cash payment, please provide the information requested below. You must submit your Claim via the Settlement Website by the Claims Deadline of <<date>>, or complete and mail this Claim Form to the Settlement Administrator, postmarked by <<date>>.

Settlement Class Members who file a valid Claim Form will be eligible to receive a pro rata cash payment from the Net Settlement Fund. Settlement Class Members will receive, at most, one (1) payment.

The Postcard Notice describes your legal rights and options. Please visit the official Settlement Website, www.xxxxxxxxxx.com, or call (xxx) xxx-xxxx for more information.

### <u>TO SUBMIT A CLAIM FOR PAYMENT:</u>

1. Complete all sections of this Claim Form.
2. Sign the Claim Form.
3. Submit the completed Claim Form to the Settlement Administrator so that it is postmarked by **<<date>>.**

This Claim Form should only be used if a Claim is being mailed and is not being filed online. You may go to www.xxxxxxxxxxxxxxxx.com to submit your Claim online, or you may submit this Claim Form by mail to the address at the top of this form. Note that postage to send the Claim Form by mail is not pre-paid.

**Payment will be mailed in the form of a check to the address you provide below. If you would like to receive a payment electronically (e.g., via Venmo, PayPal, or ACH), you must submit a Claim Form online at www.xxxxxxxxxxxxxxxxx.com.**

1.    **Settlement Class Member Information**

_____   ____   _____

\*First Name                            MI    \*Last Name

_____

\*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

_____   ___ ___   ___ ___ ___ ___ ___ - ___ ___ ___ ___

\*City                                      \*State    \*Zip Code       Zip4 (Optional)

_____@_____

\*Current Email Address

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
Current Phone Number (Optional)

\*Settlement Claim ID: 00000 ___ ___ ___ ___ ___ ___ ___ ___
\*Settlement Claim ID: Your Settlement Claim ID can be found on the Postcard Notice you received informing you about this Settlement. If you need additional help locating this ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.

2.    **Attestation**

☐    (Check to indicate your agreement) I attest that I resided in the United States and visited Advocate's websites, used its LiveWell app, or logged into a MyChart patient portal account through Advocate's website at least once between October 24, 2017 and October 22, 2022.

3.    **Certification**

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim will be considered complete and valid.

_____          ___ ___ / ___ ___/ ___ ___ ___ ___

Signature                                                                          Date (mm/dd/yyyy)

Print Name

**Please keep a copy of your completed Claim Form for your records.**

Mail your completed Claim Form to the Settlement Administrator:

In re Advocate Aurora Health Pixel Litigation

c/o Kroll Settlement Administration LLC

PO Box 5324

New York, NY 10150-5324

or submit your Claim online at

**www.xxxxxxxxxxxx.com**

It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim. You can update your contact information on the Contact page at

**www.xxxxxxxxxxxxxxx.com.**

# EXHIBIT B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
FOR PERSONS WHOSE PERSONAL INFORMATION WAS ALLEGEDLY DISCLOSED
TO THIRD PARTIES AS A RESULT OF THE USE BY ADVOCATE AURORA HEALTH,
INC. ("ADVOCATE") OF TRACKING PIXELS ON ITS WEBSITES BETWEEN
OCTOBER 24, 2017 AND OCTOBER 22, 2022.**

**All persons whose personal information may have been shared in connection with the Pixel
Disclosure.**

*A United States District Court authorized this Notice. This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS ARE AFFECTED EVEN IF YOU DO NOTHING.**

**PLEASE READ THIS NOTICE CAREFULLY.**

**YOU MAY BE ENTITLED TO PARTICIPATE IN A CLASS ACTION
SETTLEMENT BECAUSE YOUR PERSONAL INFORMATION
MAY HAVE BEEN SHARED WITH THIRD PARTIES IF YOU VISITED ADVOCATE'S
WEBSITES, LIVEWELL APP, OR MYCHART PATIENT PORTAL BETWEEN
OCTOBER 24, 2017 AND OCTOBER 22, 2022.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM BY <<date>>** | If you submit a Claim Form by **<<DATE>>,** you **may** receive a pro rata share of the Net Settlement Fund as compensation for your damages. You must timely submit a Claim Form either via U.S. mail or online to receive monetary compensation under this Settlement. <br><br> **IF YOU DO NOTHING**, you will not receive Settlement benefits, but you will be bound by the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY <<date>>** | You will receive no benefits, but you will retain your legal claims against Advocate. |
| **OBJECT BY <<date>>** | File with the Court and serve copies of a written objection to the Settlement on all Class Counsel and Defendant's Counsel, at the addresses below, about why you do not like the Settlement. You must remain in the Settlement Class to object to the Settlement. <br><br> <div align="center">**Class Counsel**<br>Milberg Coleman Bryson Phillips Grossman, PLLC</div> |

| | c/o Gary M. Klinger and Alexandra Honeycutt |
| | 227 W. Monroe Street, Suite 2100 |
| | Chicago, IL 60606 |
| | |
| | Markovits, Stock & DeMarco, LLC |
| | c/o Terence R. Coates and Dylan J. Gould |
| | 119 E. Court Street, Suite 530 |
| | Cincinnati, OH 45202 |
| | |
| | **Defendant's Counsel** |
| | Ropes & Gray LLP |
| | c/o Edward R. McNicholas and Frances Faircloth |
| | 2099 Pennsylvania Avenue NW |
| | Washington, DC 20006 |
| | |
| | Quarles & Brady LLP |
| | c/o Daniel E. Conley, Kristin C. Foster, and Nathan Oesch |
| | 411 East Wisconsin Avenue, Suite 2400 |
| | Milwaukee, WI 53202 |
| **GO TO A HEARING ON \<\<date\>\> AT \<\<time\>\>** | Ask to speak in Court about the fairness of the Settlement. You do not need to attend the hearing to receive monetary compensation. |

## 1. What is this Notice?

This is a court-authorized Long-Form Notice of a proposed Settlement (the "Settlement") of a class action lawsuit (the "Litigation"), *In re Advocate Aurora Health Pixel Litigation*, Case No. 2:22-cv-1253-JPS, pending in the U.S. District Court for the Eastern District of Wisconsin (the "Court"). The Settlement would resolve the Litigation that arose after a notification provided by Advocate Aurora Health Inc. ("Advocate" or "Defendant") on October 22, 2022 that it had used Internet tracking technologies supplied by third parties, including pieces of code known as "pixels" (herein as "Tracking Pixels"), and, when using some sites or applications, personal or health information would be disclosed in particular circumstances to specific vendors because of the Tracking Pixels. The Court has granted Preliminary Approval of the Settlement Agreement and has conditionally certified the Settlement Class for purposes of Settlement only. This Long-Form Notice explains the nature of the class action lawsuit, the terms of the Settlement Agreement, and the legal rights and obligations of members of the Settlement Class. Please read the instructions and explanations below carefully so that you can better understand your legal rights. The Settlement Administrator in this case is Kroll Settlement Administration LLC.

## 2. Why did I get this Notice?

You may have received a notice because you were identified as a person whose personal or health information may have been shared with third parties in connection with your visiting Advocate's website, LiveWell app, or MyChart portal between October 24, 2017 and October 22, 2022.

## 3. What is this lawsuit about?

The Litigation arises out of Advocate's implementation and use of the Tracking Pixel on its websites, LiveWell app, and MyChart portal, defined below as the "Pixel Disclosure," during which Plaintiffs allege their web usage data, containing personal information, was shared with third parties, allegedly resulting in the invasion of Plaintiffs' and Settlement Class Members' privacy.

"Pixel Disclosure" means the alleged disclosure of Plaintiffs' and Settlement Class Members' personal or health information to Facebook, Google, or other third parties as a result of any use of Tracking Pixels on Defendant's websites, LiveWell app, and MyChart portal between October 24, 2017 and October 22, 2022.

## 4. Why is this a class action?

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Settlement Class" or "Settlement Class Members." When a class action is settled, the Settlement, which must be approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement.

## 5. Why is there a settlement?

To resolve this matter without the expense, delay, and uncertainties of protracted litigation, the Parties reached a Settlement that resolves all claims brought on behalf of the Settlement Class related to the Pixel Disclosure. If approved by the Court, the Settlement Agreement requires Advocate to provide cash compensation to certain Settlement Class Members who submit valid and timely Claim Forms. The Settlement is not an admission of wrongdoing by Advocate and does not imply that there has been, or would be, any finding that Advocate violated the law.

The Court already has preliminarily approved the Settlement Agreement. Nevertheless, because the settlement of a class action determines the rights of all members of the Settlement Class, the Court overseeing this Litigation must give final approval to the Settlement Agreement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class may be given notice and the opportunity to exclude themselves from the Settlement Class or to voice their support or opposition to final approval of the Settlement Agreement. If the Court does not grant final approval to the Settlement Agreement, or if it is

terminated by the Parties, then the Settlement Agreement will be void, and the Litigation will proceed as if there had been no settlement and no certification of the Settlement Class.

## 6. How do I know if I am a part of the Settlement?

You are a member of the Settlement Class if you reside in the United States and visited Advocate's websites, LiveWell app, or MyChart patient portal between October 24, 2017 and October 22, 2022 ("Settlement Class"). Excluded from the Class are Advocate and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges. This exclusion does not apply to those employees of Advocate and certain related entities who received its October 22, 2022, notification regarding its usage of Tracking Pixels.

## YOUR BENEFITS UNDER THE SETTLEMENT

## 7. What can I get from the Settlement?

Settlement Class Members who file a valid Claim Form may receive a pro rata cash payment from the Net Settlement Fund. The Net Settlement Fund is what remains of the $12,225,000 Settlement Fund following the payment of Notice and Settlement Administration Costs, Class Representative Service Awards ($3,500 per Class Representative), and Attorneys' Fees and Expenses Award (fees up to 35% of the Settlement Fund, plus expenses up to $30,000.00), subject to the Court's approval.

***To receive Settlement benefits, you must submit a Claim Form.**

## 8. When will I receive the benefits?

If you timely submit a valid Claim Form for monetary recovery, you will receive payment in the amount approved by the Settlement Administrator once the Settlement is Final and has become effective.

## 9. I want to be a part of the Settlement. What do I do?

To submit a claim for cash compensation, you must timely submit the Claim Form on the Settlement Website at www.xxxxxxxxxx.com, or by mail to In re Advocate Aurora Health Pixel Litigation, c/o Kroll Settlement Administration LLC, PO Box 5324, New York, NY 10150-5324.

You must submit any claims by <<date>>. There can be only one (1) valid and timely Claim per Settlement Class Member.

## 10. What am I giving up if I remain in the Settlement?

By staying in the Settlement Class, you give Defendant a "release," and all the Court's orders will apply to you and bind you. A release means you cannot sue or be part of any other lawsuit or other

*QUESTIONS? VISIT WWW.XXXXXXXXXXX.COM*

4

legal action against Defendant about or arising from the claims or issues in this lawsuit with respect to the alleged sharing of your personal or health information.

The precise terms of the release are in the Settlement Agreement, which is available on the Settlement Website. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the Settlement, but you want to keep your legal claims against Defendant, then you must take steps to exclude yourself from this Settlement.

| 11. How do I get out of the Settlement? |
|---|

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from *In re Advocate Aurora Health Pixel Litigation*, Case No. 2:22-cv-1253-JPS (E.D. Wis.) to the Settlement Administrator. Such notice shall include: (1) your full name and address; (2) the case name and docket number; (3) a written statement that you wish to be excluded from the Settlement; and (4) your signature. You must mail your exclusion request so that it is postmarked **no later than <<date>>**, to:

<div align="center">

In re Advocate Aurora Health Pixel Litigation
c/o Kroll Settlement Administration LLC
PO Box 5324
New York, NY 10150-5324

</div>

| 12. If I exclude myself, do I still receive benefits from this Settlement? |
|---|

No, if you submit an opt-out notice, you will not receive anything from the Settlement, but you may sue Defendant over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING THE SETTLEMENT CLASS

| 13. Do I have a lawyer in this case? |
|---|

The Court has appointed the following attorneys to represent the Settlement Class as Class Counsel:

<div align="center">

Gary M. Klinger and Alexandra Honeycutt
**Milberg Coleman Bryson Phillips Grossman, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606

</div>

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

Phone: (866) 252-0878

Terence R. Coates and Dylan J. Gould
**Markovits, Stock & DeMarco, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers for the Settlement Class be paid? |
| --- |

Class Counsel will be paid from the Settlement Fund. Class Counsel will seek Court approval to be paid reasonable attorneys' fees up to 35% of the Settlement Fund plus their expenses incurred in the Litigation. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed.

# OBJECTING TO THE SETTLEMENT

| 15. How do I tell the Court that I do not like the Settlement? |
| --- |

If you are a Settlement Class Member, you can object to the Settlement, or some part of it, and the Court will consider your views. In order to object to the Settlement, you must submit a written objection (such as a letter or legal brief) stating that you object and the reasons why you think the Court should not approve the Settlement. Your objection should include: (1) your full name, telephone number, address, and email address; (2) proof of being a member of the Settlement Class; (3) the case name and docket number, *In re Advocate Aurora Health Pixel Litigation*, Case No. 2:22-cv-1253-JPS (E.D. Wis.); (4) whether the objection applies only to the Settlement Class Member or to the entire Settlement Class; (5) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (6) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last three years; (7) whether you intend to appear at the Final Approval Hearing, and (8) your signature.

If you are objecting and represented by counsel, you must also provide your counsel's name, address, phone number, email address, the state bar(s) to which counsel is admitted, as well as associated state bar numbers. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your attorney. If you intend to appear at the Final Approval Hearing, either with or without counsel, you must say so in the written objection, and must also identify any witnesses you may call to testify at the Final Approval Hearing and all exhibits you intend to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

*QUESTIONS? VISIT WWW.XXXXXXXXXXXX.COM*

If you file an objection, you may still receive benefits so long as you timely file a claim. To be timely, written notice of an objection in the appropriate form must be filed with the Court no later than the Objection Deadline, and served on Class Counsel and Defendant's Counsel, as noted in order below:

United States District Court for the Eastern District of Wisconsin
517 East Wisconsin Avenue
Milwaukee, WI 53202


Milberg Coleman Bryson Phillips Grossman, PLLC
c/o Gary M. Klinger and Alexandra Honeycutt
227 W. Monroe Street, Suite 2100
Chicago, IL 60606


Markovits, Stock & DeMarco, LLC
c/o Terence R. Coates and Dylan J. Gould
119 E. Court Street, Suite 530
Cincinnati, OH 45202


Ropes & Gray LLP
c/o Edward R. McNicholas and Frances Faircloth
2099 Pennsylvania Avenue NW
Washington, DC 20006


Quarles & Brady LLP
c/o Daniel E. Conley, Kristin C. Foster, and Nathan Oesch
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend if you wish, but you are not required to do so.

| 16. Where and when is the Final Approval Hearing? |
| --- |

The Court has already given Preliminary Approval to the Settlement Agreement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement Agreement.

The Court will hold a hearing on <<date>>, at <<time>> CT in the courtroom of the Honorable J.P. Stadtmueller, Courtroom 425, which is located at 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202. The purpose of the hearing will be for the Court to determine whether the proposed Settlement

is fair, reasonable, and adequate and in the best interests of the Settlement Class and to determine the appropriate amount of compensation for Class Counsel and rule on the request for a Service Award for the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed Settlement. The Court will then decide whether to approve the Settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THE FINAL APPROVAL HEARING TO RECIEVE BENEFITS FROM THIS SETTLEMENT. Please be aware that the hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT:

This notice only provides a summary of the proposed Settlement. Complete details about the Settlement can be found in the Settlement Agreement available on the Settlement Website.

**www.xxxxxxxxxxxxxxx.com**

If you have any questions, you can contact the Settlement Administrator or Class Counsel at the phone numbers listed above. In addition to the documents available on the Settlement Website, all pleadings and documents filed in this Litigation may be reviewed or copied at the Clerk of Court's office.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR DEFENDANT'S COUNSEL. ALL QUESTIONS ABOUT THE SETTLEMENT SHOULD BE REFERRED TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL.**

# EXHIBIT C

In re Advocate Aurora Health
Pixel Litigation
c/o Kroll Settlement
Administration LLC
PO Box 5324
New York, NY 10150-5324

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>> Class Member ID:

<<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

### NOTICE OF CLASS ACTION SETTLEMENT

You may be entitled to submit a claim for monetary compensation under a proposed class action settlement.

**www.xxxxxxxxxxx.com**

## WHO IS A CLASS MEMBER?

In the lawsuit *In re Advocate Aurora Health Pixel Litigation*, No. 2:22-cv-1253-JPS (E.D. Wis.), you are a Class Member if you visited Advocate Aurora Health, Inc.'s ("Advocate") websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022 (the "Settlement Class"). Advocate denies any wrongdoing and all the claims asserted against it concerning its use of certain Internet tracking technologies ("Pixels").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Settlement Class Members who file a valid Claim Form may receive a pro rata cash payment from the Net Settlement Fund up to $50. The Net Settlement Fund is what remains of the $12,225,000 Settlement Fund following the payment of the Notice and Settlement Administration Costs, Class Representative Service Awards ($3,500 per Class Representative), and Attorneys' Fees and Expenses Award (up to 35% of the Settlement Fund, plus up to $30,000 in expenses). More information, including a copy of the Settlement Agreement, is available at www.xxxxxxxxxxxx.com (the "Settlement Website").

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form**. To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or complete and submit a Claim Form online at www.xxxxxxxxxxxx.com ("Settlement Website"). Your Claim Form must be postmarked or submitted online no later than _____, **2023**.

**Opt-Out**. You may exclude yourself from the Settlement and retain your ability to sue Advocate by mailing a written request for exclusion to the Settlement Administrator, Kroll Settlement Administration LLC, that is postmarked no later than _____, **2023**. If you do not exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the released claims.

**Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2023**, and provide the reasons for the objection.

**Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing**. The Court will hold a **Final Approval Hearing at _____ m. on _____, 2023**, in the U.S. District Courthouse at 517 East Wisconsin Ave., Milwaukee, WI 53202, to determine if the Settlement is fair, reasonable, and adequate. Class Members who timely object to the Settlement may appear at the Final Approval Hearing.

**Who are the attorneys for the Plaintiffs and the proposed Class?** The Court appointed Gary M. Klinger, Alexandra Honeycutt, Terence R. Coates and Dylan J. Gould as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as approved by the Court. The motion for attorneys' fees and expenses will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Class Representative Service Awards**? The named Plaintiffs, also called the Class Representatives, will seek Service Awards in the amount of $3,500 each for their efforts in this case.

**Who is the Judge overseeing this settlement?** Judge J.P. Stadtmueller, United States District Judge, Eastern District of Wisconsin.

**Where can I learn more about the case, the Settlement, and my options?** www.xxxxxxxxxxxx.com.

In re Advocate Aurora Health Pixel Litigation
c/o Kroll Settlement Administration LLC
PO Box 5324
New York, NY 10150-5324

<<B a r c o d e>>Class Member ID:
<<Refnum>>

## CLAIM FORM

**Claims for a pro rata cash payment up to $50 must be postmarked no later than _____, 2023. You may also submit a Claim Form online at www.xxxxxxxxxx.com no later than _____, 2023.**

NAME: _____

ADDRESS:_____

**Cash Payment**: Would you like to receive a cash payment under the Settlement? (circle one)   Yes   No

If you are a Settlement Class Member, you may receive up to a $50 cash payment, which may be decreased *pro rata* based on the amount of funds remaining in the Net Settlement Fund after all claims are received.

**By signing my name below, I swear and affirm under penalty of perjury that the information included on this Claim Form is true and accurate, that I am completing this Claim Form to the best of my personal knowledge, and that I resided in the United States and visited Advocate's websites, used its LiveWell app, or logged into a MyChart patient portal account through Advocate's website at least once between October 24, 2017 and October 22, 2022.**

_____ (signature)

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE ADVOCATE AURORA HEALTH
PIXEL LITIGATION

Civil Action No. 2:22-cv-1253-JPS

## [PROPOSED] ORDER GRANTING
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement and Release, dated August 9, 2023 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.  Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.  The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.  The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Hon. David E. Jones (Ret.) during mediation sessions on February 6, 2023 and June 1, 2023, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties ahead of each mediation session. The terms of the

137217586_8

Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows: All individuals residing in the United States whose Personal Information or health information was or may have been disclosed to a third party without authorization or consent through any Tracking Pixel on Advocate Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022. Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges. This exclusion does not apply to those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of millions of individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Settlement Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart as the Class Representatives of the Settlement Class. The Court provisionally finds that the

Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Class and that they will be adequate Class Representatives.

9.      The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Gary M. Klinger and Alexandra Honeycutt of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606, and Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, located at 119 E. Court Street, Suite 530, Cincinnati, OH 45202.

## NOTICE AND ADMINISTRATION

10.     Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration LLC ("Kroll") as the Settlement Administrator.  Kroll shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11.     The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing.  The Court therefore approves the Class Notice and Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12.     The Settlement Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13.     The Court also approves the Claim Form.

## EXCLUSION AND OBJECTIONS

14.     Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than _____ (120 calendar days after entry of this Order).  To be valid, each

3

request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice, postmarked no later than _____ (120 calendar days after entry of this Order). Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall file their Objection with the Court and serve it on Class Counsel and Defendant's Counsel. All such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the Settlement Class Member's full name, current address, telephone number, and email address; (ii) the Settlement Class Member's original signature; (iii) proof that the Settlement Class Member is a member of the Settlement Class; (iv) a statement of the legal and factual basis for the Objection; (v) copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vi) all counsel representing the Settlement Class Member, if any; (vii) the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (viii) a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an Objection to any proposed class action settlement in the past three (3) years.

17.     Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18.     The Court will hold a Final Approval Hearing on _____ at _____ in the United States District Court, Eastern District of Wisconsin, Milwaukee Division, 517 East Wisconsin Avenue, Milwaukee, Wisconsin 53202.

19.     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20.     The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant will Provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of $4,225,000.00 to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +90 Days |
| Objection Date | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| | |
| **Final Approval Hearing** | 180 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |

5

| | |
|---|---|
| **From Effective Date** | |
| Defendant's payment of $8,000,000.00 to Settlement Administrator. | +30 Days |
| Payment of Attorneys' Fees and Litigation Expenses and Class Representatives' Service Awards | +45 Days |
| Mailing of Claim Payments to Claimants | +45 Days |
| Distribution of the Residual Funds to the Charitable Healthcare Recipients | +180 Days |
| Deactivation of Settlement Website | +180 Days |

21.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22.     All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED**.

6

Dated: _____    _____
                                  HON. J.P. STADTMUELLER
                                  UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE ADVOCATE AURORA HEALTH
PIXEL LITIGATION

Civil Action No. 2:22-cv-1253-JPS

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _____, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the _____ Settlement Agreement and Release ("Settlement Agreement") between Defendant Advocate Aurora Health, Inc. and Plaintiffs Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart (the "Plaintiffs" and, together with Defendant, the "Parties"), individually and on behalf of the Settlement Class (as defined below).[1]

Commencing on _____, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator began providing Notice to Settlement Class Members in compliance with Section VII of the Settlement Agreement and the Notice Program, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement;

(c) provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement; and

---

[1] Capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement unless otherwise expressly stated.

(d) provided the time, date, and place of the Final Approval Hearing.

On _____, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed (a) Plaintiffs' Motion for Final Approval of Class Action Settlement and all supporting materials, including but not limited to the Settlement Agreement; and (b) Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses, and Service Awards to Class Representatives and all supporting materials (collectively, the "Motions"). There were [no] objections or comments filed with or presented to the Court. The Court also considered the oral argument of counsel. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED:**

1.      The Court has jurisdiction over the subject matter of this Litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.      The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties and a mediator, Hon. David E. Jones (Ret.). Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

3.      The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All

Settlement Class Members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4.     The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms.  The relief provided for in the Settlement Agreement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions in the Settlement Agreement.  The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5.     [No [valid] objections] to the Settlement were submitted by Settlement Class Members or by persons or entities to whom notice was provided under the Class Action Fairness Act.  All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.     Moreover, [no] members of the Settlement Class made a valid and timely request to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members").

## CERTIFICATION OF THE SETTLEMENT CLASS

7.     Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All individuals residing in the United States whose Personal Information or health information was or may have been disclosed to a third party without authorization or consent through any Tracking Pixel on Advocate Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022.  Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges.  This exclusion does not apply to those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

8.     The Court incorporates its preliminary conclusions in the Preliminary Approval Order, ECF No. XX, regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b).

Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9.     The Court grants final approval to the appointment of Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart as Class Representatives, and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

10.     The Court grants final approval to the appointment of Gary M. Klinger and Alexandra Honeycutt of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606, and Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, located at 119 E. Court Street, Suite 530, Cincinnati, OH 45202, as Class Counsel.  Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

## NOTICE TO THE CLASS

11.     The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## ATTORNEYS' FEES AND COSTS, SERVICE AWARDS

12.     The Court awards Class Counsel $_____ in fees and reimbursement of $_____ in costs.  The Court finds these amounts to be fair and reasonable.  Payment shall be made from the Settlement Fund pursuant to the procedures in Section X of the Settlement Agreement.

13.     The Court awards $_____ to each Plaintiff as a Service Award.  The Court finds this amount is justified by their service to the Settlement Class.  Payments shall be made from the Settlement Fund pursuant to the procedures in Section X of the Settlement Agreement.

## RELEASE

14.     Each Settlement Class Member, including the Class Representatives, is: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the Released Persons from all claims arising out of or asserted in the Litigation and all Released Claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Section XV of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").  In addition, the Class Representatives and, by operation of this Final Approval Order and Judgment, each Settlement Class Member, is deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542.

15.     The Settlement Agreement and this Final Approval Order and Judgment apply to all claims or causes of action settled under the Settlement Agreement, and binds the Class Representative and all Settlement Class Members who did not properly request exclusion.  The Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of the Litigation and/or the Complaint.

## OTHER PROVISIONS

5

16.     The Settlement Fund, consisting of twelve million two hundred and twenty-five thousand dollars and no cents ($12,225,000.00), shall be used to pay all costs of the Settlement, including all payments to Settlement Class Members, Notice and Settlement Administration Costs, the Attorneys' Fees and Litigation Expenses Award to Class Counsel, the Class Representatives' Service Award, and any benefits to the Charitable Healthcare Recipients.

17.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

18.     The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

19.     Consistent with Section XIV of the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of their provisions, will be vacated, including, but not limited to the Attorneys' Fees and Expenses Award and the Class Representatives' Service Awards, and the Final Approval Order and Judgment will not waive, release or otherwise impact the Parties' rights or arguments in any respect; and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Litigation.

20.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Litigation and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

21.     The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

**NOW, THEREFORE,** the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.


**IT IS SO ORDERED**:


DATED: _____          _____

                                        HON. J.P. STADTMUELLER
                                        UNITED STATES DISTRICT COURT JUDGE