# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

IN RE ADVOCATE AURORA HEALTH
PIXEL LITIGATION

Civil Action No. 2:22-cv-1253-JPS

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

I, Gary M. Klinger, hereby declare the following is true and accurate and based on my personal knowledge:

1.      I am an adult, I have personal knowledge of the facts stated herein, and I am competent to so testify.

2.      I am currently a partner of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). I am counsel at Milberg for the proposed Settlement Class. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

**Counsel Qualifications**

3.      I have extensive experience prosecuting complex class actions, especially in data breach litigation. I have been licensed to practice law in the State of Illinois since 2010, am a member of the bars of numerous federal district and appellate courts,

4.      I have extensive experience in class action litigation generally and data breach class actions in particular. My experience, and that of my law partners, is described below.

5.       Milberg Attorneys have served as Lead Counsel, Co-Counsel, or Class Counsel on hundreds of complicated and complex class actions.

6.       These cases recently include cutting-edge litigation, including: *In re Dealer Management Systems Antitrust Litigation*, Case No. 1:18-cv-00864 (N.D. Ill. 2018) (appointed co-lead counsel; partial settlement of $29.5 million, case on-going); *In re Seresto Flea & Tick Collar Marketing, Sales Practices, & Products Liability Litigation*, Case No. 1:21-cv-04447 (N.D. Ill. 2021) (appointed co-lead counsel; case on-going); and *Carder v. Graco Children's Products, Inc.*, Case No. 2:20-cv-00137 (N.D. Ga. 2020) (appointed interim co-lead counsel; case on-going)

7.       With respect to privacy cases, Milberg is presently litigating more than fifty (50) cases across the country involving violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., privacy violations, data breaches, and ransomware attacks. Milberg Attorneys have served as Lead Counsel, Co-Counsel, or Class Counsel on data breach and privacy litigations, including *In re Blackbaud, Inc. Consumer Data Security Breach Litigation*, MDL 2972, Case No. 3:20-mn-02972 (D.S.C. 2020) (appointed co-lead counsel; case on-going).

8.       Milberg Attorneys have also participated in other data breach and privacy litigation, recently, which includes: *Veiga v. Respondus, Inc*., Case No., 1:21-cv-02620 (N.D. Ill. 2021); *Dickerson v. CDPQ Colonial Partners, L.P., et. al,*Case No. 1:21-cv-02098 (N.D. Ga. 2021); *In re Wawa, Inc. Data Security Litig.*, Case No. 2:19-cv-06019 (E.D. Pa. 2019); *Whalen v. Facebook, Inc*., Case No. 4:20-cv-06361 (N.D. Cal. 2020); and *K.F.C. v. Snap, Inc.,* No. 21-2247 (7th Cir. 2021).

9.       Milberg Attorneys have also served as Lead Counsel, Co-Counsel, or Class Counsel on dozens of class actions ranging from defective construction materials, *e.g.*, defective radiant heating systems, siding, shingles, and windows, to misrepresented and recalled products,

*e.g.,* dog food, prenatal vitamins, to environmental incidents, such as the Exxon Valdez, BP Oil Spill.

10.     It is noteworthy that, just in the time since 2020 through the present, I (either individually, or as a member of the law firms in which I have been a partner during that timeframe) have been appointed class counsel in a number of data breach and/or data privacy cases, including, but not limited to, the following:

a.  *Kenney v. Centerstone of America, Inc.*, No. 3:20-cv-01007 (M.D. Tenn.) (appointed co-class counsel in data breach class action settlement involving over 63,000 class members; final approval granted Aug. 2021);

b.  *Baksh v. Ivy Rehab Network, Inc.*, No. 7:20-cv-01845-CS (S.D.N.Y.) (class counsel in a data breach class action settlement; final approval granted Feb. 2021);

c.  *Mowery v. Saint Francis Healthcare System*, No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted Dec. 2020);

d.  *Chatelain v. C, L & W PLLC d/b/a Affordacare Urgent Care Clinics*, No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted Feb. 2021);

e.  *Jackson-Battle v. Navicent Health, Inc.*, Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (appointed class counsel in data breach case involving 360,000 patients; final approval granted Aug. 2021);

f.  *Bailey v. Grays Harbor County Public Hospital District*, No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted Sept. 2020);

g.  *Richardson v. Overlake Hospital Medical Center*, No. 20-2-07460-8 SEA (King County Superior Court, State of Washington) (appointed class counsel in data breach case, final approval granted September 2021);

3

h. *Klemm. v. Maryland Health Enterprises Inc.*, No. C-03-CV-20-022899 (Circuit Court for Baltimore County, Maryland) (appointed class counsel; final approval granted November 2021);

i. *In re GE/CBPS Data Breach Litig.*, No. 1:2020-cv-02903, Doc. 35 (S.D.N.Y.) (appointed co-lead counsel in nationwide class action; preliminary approval granted August 24, 2022);

j. *Nelson v. Idaho Central Credit Union*, No. CV03-20-00831 (Bannock County, Idaho) (appointed co-lead counsel in data breach class action involving 17,000 class members; granted final approval of settlement valued at $3.3 million);

k. *In re Canon USA Data Breach Litig.*, No. 1:20-cv-06239- AMD-SJB (E.D.N.Y.) (appointed co-lead counsel);

l. *Suren v. DSV Solutions, LLC*, No. 2021CH000037 (Circuit Court for the Eighteenth Judicial Circuit of DuPage County, Illinois) (appointed Settlement Class Counsel, final approval granted Sept. 27, 2021);

m. *Chacon v. Nebraska Medicine*, No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted Sept. 2021);

n. *Aguallo v. Kemper Corp.*, No. 1:21-cv-01883 (N.D. Ill.) (appointed Co-lead Counsel, final approval granted March 2022 of $17.1 million class settlement);

o. *In re Herff Jones Data Breach Litig.*, No. 1:21-cv-1329-TWP- DLP (S.D. Ind.) (appointed co-lead counsel in data breach involving over 1 million persons; final approval of $4.35 million settlement granted July 2022);

p. *In re CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG (W.D. Tex.) (appointed co- lead counsel in data breach case involving over 2.4 million class members; final approval of $4.75 million settlement granted June 2022);

q. *In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (appointed co- lead counsel in data breach case involving over 3 million class members);

r. *Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.) ($11 million settlement for a major data breach involving

4

more than 4 million consumers; final approval granted January 2023);

s.  *Hough v. Navistar, Inc.*, No. 2021L001161 (Ill. 18th Jud. Cir. Crt., DuPage Cnty.); (appointed co-lead class counsel; final approval granted May 2022);

t.  *Clark v. Mercy Hospital*, No. CVCV082275 (Iowa Dist. Crt, Johnson Cnty.) (appointed class counsel; final approval granted July 2022);

u.  *Myschka v. Wolfe Clinic, P.C. d/b/a Wolfe Eye Clinic*, (Iowa Dist. Crt., Marshall Cnty.) (appointed class counsel; final approval granted June 2022);

v.  *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Ohio Court of Common Pleas, Cuyahoga Cnty.) (appointed class counsel; final approval granted September 2022);

w.  *Davidson v. Healthgrades Operating Co., Inc.*, No. 1:21-cv-01250-RBJ (D. Colo.) (appointed class counsel; final approval granted August 2022);

x.  *Bodie v. Capitol Wholesale Meats, Inc.*, No. 2022CH000020 (Ill. 18th Jud. Cir. Crt., DuPage Cnty.) (appointed class counsel; final approval granted March 2022);

y.  *Culp v. Bella Elevator LLC*, No. 2021-CH-00014 (Ill. 10th Jud. Cir. Crt., Peoria Cnty.) (appointed class counsel; final approval granted May 2022);

z.  *Cain. v. OSF Healthcare*, No. 21-L-00231 (Circuit Court for the Tenth Judicial Circuit of Peoria County, Illinois) (appointed settlement class counsel; final approval granted January 2023);

aa.  *Nelson. v. Bansley & Kiener*, No. 2021-CH-06274 (Ill. Cir. Ct., Cook Cnt'y) (appointed class counsel; final approval granted November 2022);

bb.  *Steen v. The New London Hospital Association, Inc.*, Civil Action No. 217-2021-CV-00281 (Merrimack Superior Court, New Hampshire) (appointed class counsel; final approval granted January 2023);

cc. *Summers II v. Sea Mar Community Health Ctrs.*, No. 22-2-00773-7 SEA (Wash. Sup. Ct., King Co.) (appointed class counsel; final approval granted December 2022);

dd. *In re Forefront Data Breach Litig.*, No. 1:21-cv-00887-LA (E.D. Wisc.) (appointed settlement class counsel; final approval granted March 2023);

ee. *Engle v. Talbert House*, No. A2103650 (Court of Common Pleas, Hamilton County, Ohio) (appointed class counsel; final approval granted February 2023);

ff. *Henderson v. San Juan Regional Medical Center*, No. D-1116-CV-2021-01043 (11th Jud. Dist. Ct., County of San Juan, NM) (appointed class counsel; final approval granted March 2023);

gg. *Cathy Shedd v. Sturdy Memorial Hospital, Inc.*, No. 2173 CV 00498 (Mass. Sup. Ct. Dept.) (appointed class counsel; final approval granted February 2023);

hh. *Hawkins v. Startek, Inc*., No. 1:22-cv-00258-RMR-NRN (D. Colo.) (appointed class counsel; final approval granted April 2023);

ii. *McHenry v. Advent Health Partners, Inc*., No. 3:22-cv-00287 (M.D. Tenn.) (appointed settlement class counsel; final approval granted April 2023);

jj. *Boyd v. Public Employees Credit Union*, No. 1:22-cv-00825-LY (W.D. Tex.) (appointed class counsel; preliminary approval granted December 2022);

kk. *Charlie v. Rehoboth McKinley Christian Healthcare Services*, Civil No. 21-652 SCY/KK (D.N.M.) (appointed class counsel; preliminary approval granted January 2023);

ll. *Sharma v. Accutech Systems Corp.*, No. 18C02-2210-CT-000135 (Delaware Circuit Court 2, Delaware County, Indiana) (appointed Class Counsel; preliminary approval granted January 2023);

mm. *Simmons v. Assistcare Home Health Services, LLC*, No. 511490/2021 (Supreme Court of the State of New York, County of Kings) (appointed settlement class counsel; preliminary approval granted January 2023);

nn. *Bailey v. Alacrity Solutions Group, LLC*, No. 29D03-2204-PL-002383 (Hamilton County (Indiana) Superior Court) (appointed class counsel; preliminary approval granted February 2023);

oo. *Retsky v. Super Care, Inc d/b/a/ Supercare Health*, No. 22STCV16267 (Los Angeles County California Superior Court) (appointed class counsel; preliminary approval granted March 2023).

pp. *In re Medical Review Institute of America, LLC, Data Breach Litigation*, Civil No. 2:22cv0082-DAK-DAO (USDC UT)(appointed co-lead class counsel; preliminary approval granted March 2023);

qq. *Colon v. Creative Ventures Inc.*, Case Number 2023LA000177 (In the Circuit Court of the Eighteenth Judicial Circuit, Dupage County, Illinois)(appointed settlement class counsel; preliminary approval granted April 2023), and;

rr. *Jones v. Horizon House, Inc*., Case No. 01767, Control No. 23030116 (Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania)(appointed class counsel; preliminary approval granted April 2023).

11.     I have been appointed by state and federal courts to act as Class Counsel for millions of consumers and recovered hundreds of millions of dollars for consumers throughout the country. Presently, I am lead or co-lead counsel in more than thirty (30) active class action lawsuits pending in state and federal courts across the country.

12.     I recently obtained final approval of a class-wide settlement for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp*., No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (appointed co-lead counsel, obtained preliminary approval of a $17.6 million dollar settlement to resolve similar data breach class action claims against Kemper Corporation in a case involving more than six million class members).

13.     I presently serve as one of two Court-appointed Lead Counsel in the data breach case, *In re Canon U.S.A. Data Breach Litigation*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed Dec. 23, 2020).

7

14.     I was also appointed Co-Lead Counsel in the data breach case, *In re Herff Jones Data Breach Litigation,* Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involved more than one million class members and was finally approved on a class-wide basis for a $4.35 million settlement.

15.     I also served as co-lead counsel in the consolidated data breach litigation styled, *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.), which involved more than 2.4 million class members and was finally approved on a class-wide basis for a $4.75 million settlement.

16.     I was also recently appointed co-lead counsel to represent more than three million class members in another major data breach class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litig.*, No. 1:21-cv-04056 (N.D. Ill.).

17.     I have successfully litigated privacy class actions through class certification. *In Karpilovsky v. All Web Leads, Inc.,* No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), where I certified, over objection, a nationwide privacy class action involving more than one million class members.

18.     In a recent nationwide privacy class settlement hearing in the United States District Court for the Northern District of California, Judge Richard Seeborg personally commended me for having achieved "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by me (and my co-counsel).

19.     In addition to concentrating my practice on class action litigation involving consumer, privacy, and product liability matters, I also make substantial efforts to stay apprised of the current law on these issues. In recent years, I have attended various legal training seminars and

8

conferences, such as the dri™ conference for Class Actions, The Consumer Rights Litigation Conference and Class Action Symposium, as well as attended various seminars offered by Strafford on class action issues.

20.     I am also a member of the International Association of Privacy Professionals and a Certified Information Privacy Professional (CIPP/US).

21.     I graduated from the University of Illinois at Urbana-Champaign in 2007 (B.A. Economics), and from the University of Illinois College of Law in 2010 (J.D., cum laude). While at the U of I College of Law, I was a member of, and ultimately appointed as the Executive Editor for the Illinois Business Law Journal. My published work includes: *The U.S. Financial Crisis: Is Legislative Action the Right Approach?,* Ill. Bus. L. J. (Mar. 2, 2009).

22.     I am presently pursuing my Master of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law.

23.     I became licensed to practice law in the State of Illinois in 2010 and am a member of the Trial Bar for the Northern District of Illinois, as well as the U.S. Bankruptcy Court for the Northern District of Illinois. Additionally, I am admitted to practice in federal courts across the country, including, but not limited to, the U.S. District Courts for the District of Colorado, the Central District of Illinois, the Northern District of Illinois, Northern District of Indiana, Southern District of Indiana, Eastern District of Michigan, and the Eastern District of Texas.

24.     My years of experience representing individuals in complex class actions— including data breach actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Settlement Class. I believe that our clients would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful

outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals.

25. In the sections that follow, I will detail the hard-fought negotiations that resulted in the Agreement now before the Court for preliminary approval. As described below, the Settlement provides significant relief to Members of the Settlement Classes, and I and my co-counsel strongly believe that it is favorable for the Settlement Class. It is, in the opinion of the undersigned, fair, reasonable, adequate, and in the best interests of the Settlement Class Members and is worthy of preliminary approval.

## Initial Investigation and Communications

26. This is a putative class action brought by Plaintiffs Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart (collectively, "Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated (the "Class"), against Defendant Advocate Aurora Health, Inc. ("Advocate" or "Defendant," and together with Plaintiffs, the "Parties").

27. Plaintiffs allege that their web usage data, containing personally identifiable information ("PII") and protected health information ("PHI" and with PII, "Private Information"), was shared with third-party Meta Platforms, Inc. d/b/a Facebook resulting in the invasion of Plaintiffs' and Class Members' privacy.[1]

28. Specifically, Plaintiffs allege that Advocate disclosed the Private Information of Plaintiffs and Class Members to Facebook without authorization or consent through any Tracking Pixel on Defendant's websites, LiveWell App, or MyChart patient portal.

---

[1] Capitalized terms not defined herein have the definitions given to them in the Settlement Agreement.

29.     My firm and my co-counsel have vigorously and aggressively gathered all the information that was available regarding Plaintiffs and the Tracking Pixel on Defendant's websites, LiveWell App, or MyChart patient portal.

30.     The initial investigation into the facts and circumstances of the Defendant's alleged Tracking Pixel usage revealed that the PII and PHI of approximately 2,500,000 individuals who accessed their MyChart patient portal account between October 24, 2017 and October 28, 2022.

## Procedural Posture

31.     After an initial investigation, on or about October 24, 2022, I along with co-counsel, filed the first class action complaint against Advocate Aurora Health, Inc. relating to its use of the Tracking Pixel on Defendant's websites, LiveWell App, or MyChart patient portal: *Shyanne John v. Advocate Aurora Health, Inc.*, No. 2:22-cv-01253 (E.D. Wis.). Thereafter, several related class action complaints were also filed in this District and other cases were filed in the Northern District of Illinois. All of the pending cases were transferred and/or consolidated into Case No. 2:22-cv-01253 (E.D. Wis.) under the case caption *In re Advocate Aurora Health Pixel Litigation*. Plaintiffs operative Second Amended Consolidated Class Action Complaint ("Complaint") (Doc. 27) filed on may 5, 2023 alleged causes of action for: (1) Invasion of Privacy – Intrusion Upon Seclusion; (2) Invasion of Privacy – Publication of Private Facts; (3) Unjust Enrichment; (4) Breach of Implied Contract; (5) Breach of Confidence/Professional Negligence; (6) Violations of the Electronics Communication Privacy Act (ECPA), 18 U.S.C. Sec. 2511(1) – Unauthorized Interception, Use and Disclosure; (7) Violation of Confidentiality of Patient Health Records, Wis. Stat. § 146.81, *et seq*.; (8) Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et seq*.; (9) Violations of Statutory Duty to Maintain Confidentiality of Patient Healthcare Records, Illinois Stat. § 410 ILCS 50, *et seq*.; (10) Violations of the Illinois Consumer Fraud and Deceptive

11

Business Practices Act, 815 Ill. Comp. Stat. §§ 505/1, *et seq*.; and, (11) Violations of the Illinois

Uniform Deceptive Trade Practices Act, 815 ILCS §§ 505/2, *et seq*.

<u>**The Class Settlement**</u>

***History of Negotiations***

32.     This Settlement came about as the result of protracted, arms' length negotiations,

that included two mediation sessions with Retired United States Magistrate Judge David E. Jones.

One of the mediation sessions was in person in Milwaukee, Wisconsin on February 6, 2023. The

February mediation session ended without a settlement in principle. After several months of

litigation including the filing of the Complaint, the Parties mediated a second time with Judge

Jones on June 1, 2023. The June mediation was productive resulting in a mediator's proposal of a

$12,225,000 common fund settlement. The Parties each accepted Judge Jones's mediator's

proposal resulting in the settlement in principle. The Parties continued to negotiate the detailed

terms of the Settlement Agreement, including its exhibits, from June through August 8, 2023.

These negotiations were professional, but still contested. Defendant was ably represented by two

well-regarded defense firms with experience in cyber-security investigation and litigation.

33.     The Settlement Agreement ("S.A.") was finalized and signed on August 8, 2023.

***The Settlement Classes***

34.     Under the terms of the Settlement, the Parties agreed to certification of the

following Settlement Class for settlement purposes only:

> All individuals residing in the United States whose Personal
> Information or health information was or may have been
> disclosed to a third party without authorization or consent
> through any Tracking Pixel on Defendant's websites, LiveWell
> App, or MyChart patient portal between October 24, 2017 and
> October 22, 2022. Excluded from the Class are Defendant and
> its affiliates, parents, subsidiaries, officers, and directors, as well
> as the judges presiding over this matter and the clerks of said

judges. This exclusion does not apply those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

35.     The Settlement Class is comprised of approximately 2,500,00 individuals (each, a "Settlement Class Member").

***Settlement Benefits***

36.     The Settlement requires Defendant to establish a $12,225,000 non-reversionary Settlement Fund through which Settlement Class Members will have an opportunity to submit a claim for a pro rata share of the Settlement Fund capped at $50 for each Settlement Class Members.

37.     In order to be eligible to receive monetary payment, a Class Member need only submit a Claim Form on or before the Claim Deadline. The Claim Form requires only that Class Members attest that they accessed Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022.

38.     The Settlement also provides for injunctive relief for Settlement Class Members as Defendant shall implement all remedial measures necessary to ensure its use of the Tracking Pixels materially complies with the Health Insurance Portability and Accountability Act (HIPAA), including applicable binding guidance issued by the Department Health and Human Service of Civil Rights, provided that nothing shall limit Defendant's right to use such technologies consistent with that guidance or when otherwise authorized by patients, pursuant to a valid business associate agreement, or as otherwise permitted by HIPAA.

39.     After the distribution of attorneys' fees and expenses, Class Representative Service Awards, notice and administration costs and expenses, and pro rata cash payment to Settlement

Class Members capped at $50 for each Class Member submitting a valid Claim Form, the Residual Funds will be distributed via a cy pres distribution to certain approved charitable organizations.

*Release*

40.     The relief provided to Settlement Class Members in the Lawsuit is tailored to the claims that have been pleaded or could have been pleaded that are related in any way to the activities stemming from the Data Breach.

41.     Settlement Class Members who do not exclude themselves from the Settlement Agreement will release claims related to the Website Usage Disclosure.

*Notice*

42.     This settlement will be administered by Kroll Settlement Administration, LLC ("Kroll").

43.     The Costs of the Notice and Claims Administration will be paid out of the Settlement Fund.

44.     The Notice Program is designed to provide reasonable notice of the settlement of a class action.

*Service Awards, Fees, and Costs*

45.     Defendant agrees not to oppose an application by Plaintiffs' counsel for an award of attorneys' fees, costs, and expenses not to exceed 35% of the Settlement Fund. This amount was negotiated after the primary terms of the Settlement were negotiated.

46.     Plaintiffs shall seek and Defendant agrees to pay a Service Award of $3,500 ("Service Award") to each of the Class Representatives. The Service Awards are meant to recognize Plaintiffs for their efforts on behalf of the Settlement Class, including assisting in the investigation of the case, reviewing the pleadings, remaining available for consultation throughout

the mediation and settlement negotiations, answering counsel's many questions, and reviewing the terms of the Settlement Agreement. The Service Awards were also negotiated after the primary terms of the Settlement were negotiated.

47.     Settlement Class Counsel will submit a separate motion seeking Plaintiffs' Award of Attorneys' Fees, Costs, and Service Awards to Class Representatives fifteen (15) days before Settlement Class Members' deadline to exclude themselves from the Settlement Class or to object to the Settlement Agreement.

48.     I believe Plaintiffs have no conflicts of interest with the other members of the Settlement Class, Plaintiffs and Settlement Class Members had their Personal Information allegedly disclosed without their consent through Defendant's use of Tracking Pixels, and Plaintiffs share the Settlement Class's interests of maximizing their recovery and preventing future harm.

49.     In my opinion, I believe the Settlement is fair, reasonable, and adequate and provides significant benefits for Plaintiffs and the Settlement Class Members, and I strongly support the Settlement.

50.     My years of experience representing individuals in complex class actions— including privacy actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Settlement Class. I believe that Plaintiffs would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals. It is my individual opinion, based on my substantial experience, that the Settlement provides significant relief to the Settlement Class Members and warrants the Court's preliminary approval.

51. I believe this Settlement is a positive resolution for the Settlement Class and falls comfortably within the range of reasonableness and represents a fair and reasonable discount from the potential recovery. It is also my considered opinion that the Claim Form, Short Notice, and Long Notice accurately and plainly explain the Settlement Benefits and how to obtain them, offer a clear opportunity for members of the Settlement Class to exclude themselves if they so choose, and provide a mechanism for the Settlement Class to share their opinions about the Settlement with the Court.

52. Attached to this Declaration as **Exhibit A** is Milberg's Firm Resume and the firm resume for my co-class counsel, Terence R. Coates of Markovits, Stock & DeMarco, LLC is attached as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 11, 2023 in Chicago, Illinois.

*Gary M. Klinger*
Gary M. Klinger

16

# EXHIBIT A



**Gary M. Klinger** is a Partner at Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg").[1] At only 37-years old, Mr. Klinger has gained extensive experience serving as leadership in numerous high-profile consumer and privacy class actions. Notably, Mr. Klinger has settled on a class-wide basis more than forty class actions, the majority of which were privacy cases, as lead or co-lead counsel recovering more than a hundred million dollars for consumers in the process. Some of Mr. Klinger's representative cases include the following:

- *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger obtained final approval of a class-wide settlement valued at $17.6 million for a major class action involving more than six million consumers);
- *Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.) (where Mr. Klinger obtained approval of a class-wide settlement for $11 million);
- *In Re: Procter & Gamble Aerosol Products Marketing and Sales Practices Litigation*, 2:22-md-03025-MHW-CMV (N.D. Ohio) (where Mr. Klinger serves as one of the lead attorneys in multi-district litigation against Procter & Gamble and successfully reached a settlement valued over $10 million);
- *Smid v. Nutranext, LLC*, Case No. 20L0190 (Cir. Ct. St. Clair, County) (class counsel in consumer class action involving heavy metals in prenatal vitamins; final approval granted to $7M settlement)
- *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.) (where Mr. Klinger obtained approval of a class-wide settlement for $4.35 million);
- *In re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.) (where Mr. Klinger obtained approval of a class-wide settlement for $4.75 million);
- *In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (where Mr. Klinger serves as appointed co-lead counsel to represent more than 3 million class members in a major class action).

Mr. Klinger has also successfully litigated class actions through contested class certification. In *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id.* At the time, it was the largest litigation class ever to be certified for violations of the Telephone Consumer Protection Act. In a nationwide class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel).

Mr. Klinger is admitted to practice in the State of Illinois and the following federal courts: The U.S. District Court of Colorado, The U.S. District Court of Central District of Illinois, The U.S.

---

[1] A copy of Milberg's Firm Resume is attached hereto as Exhibit A.

District Court of Northern District of Illinois, The U.S. District Court of Southern District of Illinois, The U.S. District Court of Southern District of Indiana, The U.S. District Court of Eastern District of Michigan, The U.S. District Court of District of Nebraska, The U.S. District Court of Eastern District of Texas, and The U.S. District Court of Eastern District of Wisconsin.

Mr. Klinger received his undergraduate degree and juris doctorate (*cum laude*) from the University of Illinois.

Mr. Klinger is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law.

Mr. Klinger is also a member of the International Association of Privacy Professionals.

# EXHIBIT A



FIRM RESUME

# WHO WE ARE

Established by members of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP, the firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights and have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar client service. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to leadership roles in prominent mass torts and class actions.

*Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder rights services, both domestically and globally.*

Milberg's previous litigation efforts helped to create a new era of corporate accountability that put big companies on notice. The strategic combination of four leading plaintiffs' firms offers clients expanded capabilities, greater geographical coverage, enhanced financial breadth, and increased operational capacity. It also enables the firm to serve diverse and global clients who are seeking to enforce their rights against well-financed corporations - wherever they operate.

**www.milberg.com**

# PRACTICE AREAS

## ANTITRUST & COMPETITION LAW

Today, on a global scale, consolidated corporate entities exercise dominating market power, but proper enforcement of antitrust law ensures a fair, competitive marketplace. Milberg prosecutes complex antitrust class actions against large, well-funded corporate defendants in healthcare, technology, agriculture, and manufacturing. Our leading practitioners successfully represent plaintiffs affected by price-fixing, monopolization, monopoly leveraging tying arrangements, exclusive dealing, and refusals to deal. The firm continues aggressively vindicating rights of plaintiffs victimized by antitrust violations, holding companies accountable for anticompetitive behavior.

## COMPLEX LITIGATION

With 50 years of vetted success, Milberg handles complex, high-stakes cases at any stage of the litigation process. Our attorneys have experience litigating complex cases for businesses and plaintiffs outside of the class action context, including business torts, contract disputes, anti-SLAPP motions, corporations, LLCs, partnerships, real estate, and intellectual property.

## CONSUMER PRODUCTS

Milberg's consumer litigation group focuses on protecting victims of deceptive marketing and advertising of goods and services, or those who have bought defective products. Our attorneys are experienced in handling a wide array of consumer protection lawsuits, including breach of contract, failure to warn, false or deceptive advertising of goods and services, faulty, dangerous, or defective products, warranty claims and unfair trade practices cases. Milberg has achieved real-world recoveries for clients, often requiring corporations to change the way they do business. Our team of attorneys has extensive experience representing plaintiffs against well-resourced and sophisticated defendants.

## CONSUMER SERVICES

Consumers have rights, and companies providing consumer services have a legal obligation to abide by contractual agreements made with customers. Companies must also follow state and federal laws that prohibit predatory, deceptive, and unscrupulous business practices. Milberg's Consumer Services litigation group protects consumers whose rights have been violated by improperly charged fees, predatory and discriminatory lending, illegal credit reporting practices, and invasion of privacy. We also enforce consumer rights by upholding The Fair Credit Reporting Act and Telephone Consumer Protection Act.

## CLASS ACTION LAWSUITS

Milberg pioneered federal class action litigation, and is recognized as a leader in defending the rights of victims of corporate and large-scale wrongdoings. We have the manpower, resources, technology, and experience necessary to provide effective representation in nationwide class action lawsuits. Our attorneys have led class actions resulting in settlements of up to billions of dollars across a variety of practice areas, including defective consumer products, pharmaceutical drugs, insurance, securities, antitrust, environmental and toxic torts, consumer protection, and breach of contract.

## DANGEROUS DRUGS & DEVICES

For some patients, medication and medical devices improve their lives. For others, the drugs and equipment have questionable benefits at best, and serious, unintended side effects at worst. Taking on drug and device makers requires a law firm that can stand up to the world's largest, most poweful companies. Our defective drug lawyers have held leadership roles in many national drug and device litigations, recovering billions of dollars in compensation.

## DATA BREACH, CYBERSECURITY & BIOMETRIC DATA LAWSUITS

Technology changes faster than laws regulate it. Staying ahead of legal technical issues requires a law firm that can see the full picture of innovation and apply past lessons to navigate fast-moving developments, putting consumers ahead of corporate interests. Our data breach and privacy lawyers work at the cutting edge of technology and law, creating meaningful checks and balances against technology and the companies that wield it. Cybersecurity threats continue evolving and posing new consumer risks. Milberg will be there every step of the way to protect consumer privacy and hold big companies accountable.

## ENVIRONMENTAL & TOXIC TORTS LITIGATION

Litigation is key in fighting to preserve healthy ecosystems and hold environmental lawbreakers accountable. But in today's globalized world, pollutants—and polluters—are not always local. Corporations have expanded their reach and ability to cause harm. Our environmental litigation practice focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. The companies involved in harmful environmental practices are large, wealthy, and globally influential, but as an internationally recognized plaintiffs' firm, Milberg has the strength and resources to present clients seeking to enforce their environmental rights against well-financed corporations—wherever they operation.

## FINANCE & INSURANCE LITIGATION

Big banks and public insurance firms are obligated by their corporate charters to put shareholders' interests ahead of client interests. However, that doesn't mean they can deceive clients to profit at their expense. Milberg's attorneys handle hundreds of insurance-related disputes, including first party bad faith insurance cases, business interruption cases, and hurricane insurance cases. As one of the nation's stop class action law firms, we are well-positioned to pursue insurance bad faith cases on a statewide or nationwide basis.

## PUBLIC CLIENT REPRESENTATION

The ability of governments to serve and protect their residents is often threatened by the combination of lower revenues and rising costs. Budget shortfalls are increasing in part because private companies externalize costs, but while corporate profits grow, public interest pays the price. Effectuating meaningful change through litigation, Milberg partners with state and local governments to address the harms facing its residents. Internationally, Milberg's Public Client Practice has achieved success against global powerhouse corporations, including drug, tobacco, mining, and oil and gas companies.

## SECURITIES LITIGATION

Over 50 years ago, Milberg pioneered litigation claims involving investment products, securities, and the banking industry by using class action lawsuits. Our litigation set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg continues to aggressively pursue these cases on behalf of institutional and individual investors harmed by financial wrongdoing. Inventors of securities class actions, Milberg has decades of experience holding companies accountable both in the United States and globally.

## WHISTLEBLOWER & QUI TAM

Blowing the whistle on illegal or unethical conducted is a form of legally protected speech. Milberg's whistleblower attorneys have led actions that returned hundreds of millions of dollars in ill-gotten gains, resulting in significant awards of our clients. Our legacy of standing up to corporate power extends to advocating for greater transparency. In addition to representing whistleblowers, we fight back against corporate-backed laws seeking to deter them from making disclosures.

*"Scoring impressive victories against companies guilty of outrageous behavior."*

- FORBES

*"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
**- NEW YORK TIMES**

# LEADERSHIP ROLES

In re: Google Play Consumer Antitrust Litigation, 20-CV-05761 (N.D. Cal.)
In re: Elmiron (Pentosan Polysulfate Sodium) Products Liability Litigation MDL No. 2973
In re: Johnson & Johnson Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation
In re: Blackbaud Data Privacy MDL No. 2972
In re: Paragard IUD Products Liability Litigation MDL No. 2974
In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation MDL No. 3009
In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation
In re: Allergan Biocell Textured Breast Implant Product Liability Litigation

In re: Zicam
In re: Guidant Corp. Implantable Defibrillators
In re: Ortho Evra
In re: Yaz
In re: Kugel Mesh
In re: Medtronic Sprint Fidelis Leads
In re: Stand 'N Seal
In re: Chantix
In re: Fosamax
In re: Olmesartan (Benicar)
In re: Onglyza (Saxagliptin) And Kombiglyze XR
In re: Risperdal and Invega Product Liability Cases

In re: Mirena
In re: Incretin
In re: Reglan
In re: Levaquin Litigation
In re: Zimmer Nexgen Knee
In re: Fresenius Granuflo
In re: Propecia
In re: Transvaginal Mesh
In re: Fluoroquinolones
In re: Depuy Pinnacle
In re: Recalled Abbott Baby Formula

# NOTABLE RECOVERIES

$3.2 Billion Settlement - In re: Tyco International Ltd., Securities Litigation, MDL 1335 (D.N.H.)

$4 Billion Settlement - In re: Prudential Insurance Co. Sales Practice Litigation, No. 95-4704 (D.N.J.)

$1.14 Billion Settlement - In Re: Nortel Networks Corp. Securities Litigation, No. 01-1855 (S.D.N.Y.)

$1 Billion-plus Trial Verdict - Vivendi Universal, S.A. Securities Litigation

$1 Billion Settlement - NASDAQ Market-Makers Antitrust Litigation

$1 Billion Settlement - W.R. Grace & Co.

$1 Billion-plus Settlement - Merck & Co., Inc. Securities Litigation

$775 Million Settlement - Washington Public Power Supply System Securities Litigation

# LOCATIONS

**CALIFORNIA**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

**FLORIDA**
2701 South Le Jeune Road
Coral Gables, Florida 33134

**ILLINOIS**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

**KENTUCKY**
19 North Main Street
Madisonville, Kentucky 42431

**LOUISIANA**
5301 Canal Boulevard
New Orleans, Louisiana 70124

**MICHIGAN**
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

**NEW JERSEY**
1 Bridge Plaza North, Suite 275
Fort Lee, New Jersey 07024

**NEW YORK**
100 Garden City Plaza,
Garden City
New York 11530

405 E 50th Street
New York 10022

**NORTH CAROLINA**
900 West Morgan Street
Raleigh, North Carolina 27603

**SOUTH CAROLINA**
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

**TENNESSEE**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

518 Monroe Street
Nashville, Tennessee 37208

**PUERTO RICO**
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

**WASHINGTON**
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

**WASHINGTON, D.C.**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052

**NETHERLANDS**

**GERMANY**

**PORTUGAL**

**UNITED KINGDOM**



www.milberg.com

# EXHIBIT B



## MARKOVITS, STOCK & DeMARCO, LLC

Markovits, Stock & DeMarco, LLC is a boutique law firm whose attorneys have successfully represented clients in some of the largest and most complex legal matters in U.S. history. Our deep and varied experience extends from representing businesses, public pension funds, and individuals in federal and state courts across the nation, to successfully arguing appeals at the highest levels of the legal system – including prevailing before the United States Supreme Court. This broad-based litigation and trial expertise, coupled with no overstaffing and overbilling that can typify complex litigation, sets us apart as a law firm. But expertise is only part of the equation.

"Legal success comes only from recognizing a client's goals and being able to design and effectively execute strategies that accomplish those goals. We understand that every client is different, which is why we spend so much time learning what makes them tick."

As the business world becomes increasingly complex, you need to be able to trust your law firm to help you make the right decisions. Whether you seek counsel in resolving a current conflict, avoiding a future conflict, or navigating the sometimes choppy state and local government regulatory waters, the lawyers at Markovits, Stock & DeMarco have both the experience and track record to meet your legal needs.

## BILL MARKOVITS

Bill Markovits practices in the area of complex civil litigation, with an emphasis on securities, antitrust, RICO, and False Claims Act cases. Bill began his career as a trial lawyer at the U.S. Department of Justice Antitrust Division in Washington, D.C. He continued a focus on antitrust after moving to Cincinnati, where he became an adjunct professor of antitrust law at the University of Cincinnati Law School. Bill has been involved in the past in a number of notable cases, including: the Choice Care securities, antitrust and RICO class action in which the jury awarded over $100 million to a class of physicians; a fraud/RICO case on behalf of The Procter & Gamble Company, which resulted in a settlement of $165 million; an eleven year antitrust and RICO class action against Humana, including appeals that reached the United States Supreme Court, which culminated in a multi-million dollar settlement; and a national class action against Microsoft, in which he was chosen from among dozens of plaintiffs' attorneys to depose Bill Gates. More recently, Bill was: a lead counsel for plaintiffs in the Fannie Mae Securities Litigation that settled for $153 million; a lead counsel for plaintiffs in a class action against Duke Energy that settled for $80.75 million; and lead counsel for plaintiff in *Collins v. Eastman Kodak*, where he successfully obtained a preliminary injunction against Kodak on an antitrust tying claim. Based upon the result in *Collins*, Bill was a 2015 finalist in the American Antitrust Institute's Antitrust Enforcement Awards under the category "Outstanding Antitrust Litigation Achievement in Private Law Practice."

Bill has received a number of awards and designations, including current and past designations as a "Best Lawyer in America" in the fields of antitrust and commercial litigation.

### Education:

Harvard Law School, J.D. (1981), cum laude

Washington University, A.B. (1978), Phi Beta Kappa

### Significant and Representative Cases:

- *Collins v. Eastman Kodak*, United States District Court, Southern District of Ohio. Lead counsel representing Collins in antitrust tying claim, resulting in preliminary injunction against Kodak.
- *In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, United States District Court, District of Columbia. Co-lead counsel representing Ohio pension funds in securities class action that settled for $153 million.
- *Ohio Employees Retirement System v. Federal Home Loan Mortgage, aka Freddie Mac, et al.*, United States District Court, Northern District of Ohio, Eastern Division. Special counsel representing Ohio pension fund in securities class action.
- *Williams v. Duke Energy et al.*, United States District Court, Southern District of Ohio. Representing class of energy consumers against energy provider in complex antitrust and RICO class action that settled for $80.75 million.
- *In Re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, United States District Court, Central District of California. Former member of economic loss lead counsel committee, representing class of consumers in litigation relating to sudden acceleration.
- *In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, United States District Court, Eastern District of Louisiana. RICO workgroup coordinator in class action resulting from oil spill.
- *In Re Microsoft Corp. Litigation*, United States District Court, District of Maryland. Member of co-lead counsel firm in antitrust class action.
- *Procter & Gamble v. Amway Litigation*, United States District Court, Southern District of Texas, at

Markovits Stock DeMarco LLC | Business 513.651.3700 | MSDLegal.com
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202

Case 2:22-cv-01253-JPS    Filed 08/11/23    Page 33 of 43    Document 35-3

Houston; United States District Court, District of Utah, at Salt Lake City. Member of trial team representing Procter & Gamble in obtaining jury verdict against Amway distributors relating to spreading of false business rumors.

- *United States ex rel. Brooks v. Pineville Hospital*, United States District Court, Eastern District of Kentucky. One of the lead counsel in successful False Claims Act litigation.
- *Procter & Gamble v. Bankers' Trust Litigation*, United States District Court, Southern District of Ohio. Co-counsel in successful $165 million settlement; developed the RICO case.
- *United States ex rel. Watt v. Fluor Daniel*, United States District Court, Southern District of Ohio. Co- lead counsel of successful False Claims Act case.
- *Forsyth v. Humana*, United States District Court, District of Nevada. Represented class of consumers in antitrust and RICO class action; successfully argued antitrust appeal; co-chaired successful Supreme Court appeal on RICO.
- *In Re Choice Care Litigation*, United States District Court, Southern District of Ohio, Western Division. Trial attorney on largest antitrust/RICO/securities verdict.

## Presentations & Publications:

- *"Implications of Sixth Circuit Collins Inkjet Corp. v. Eastman Kodak Co. Decision,"* American Bar Association panel discussion, December 10, 2015
- *"Defining the Relevant Market in Antitrust Litigation,"* Great Lakes Antitrust Seminar, October 29, 2010
- *"Beyond Compensatory Damages – Tread, RICO and The Criminal Law Implications,"* HarrisMartin's Toyota Recall Litigation Conference, Part II, May 12, 2010
- *"The Racketeer Influenced and Corrupt Organizations Act (RICO),"* HarrisMartin's Toyota Recall Litigation Conference, March 24, 2010
- *"The False Claims Act: Are Healthcare Providers at Risk?,"* presentation to Robert Morris College Second Annual Health Services Conferences, Integrating Health Services: Building a Bridge to the 21st Century, Moon Township, PA, October 9, 1997
- *"The Federal False Claims Act: Are Health Care Providers at Risk?,"* (Co-Speaker), Ohio Hospital Association, April, 1996
- *"A Focus on Reality in Antitrust,"* Federal Bar News & Journal, Nov/Dec 1992
- *"Using Civil Rico and Avoiding its Abuse,"* Ohio Trial, William H. Blessing, co-author, Summer 1992
- *"Antitrust in the Health Care Field,"* a chapter published in Legal Aspects of Anesthesia, 2nd ed., William H. L. Dornette, J.D., M.D., editor
- *Antitrust Law Update, National Health Lawyers Health Law Update and Annual Meeting (Featured Speaker)*, San Francisco, California, 1989

## Affiliations:

- American Association for Justice
- American Bar Association
- American Trial Lawyers Association
- Cincinnati Bar Association
- District of Columbia Bar Association (non-active)
- Hamilton County Trial Lawyers Association
- National Health Lawyers Association
- Ohio State Bar Association
- Ohio Trial Lawyers Association

## Courts Admitted:

- District of Columbia (1981)
- State of Ohio (1983)
- United States District Court, Southern District of Ohio (1983)
- U.S. Court of Appeals, 6th Circuit (1991)
- U.S. Court of Appeals, 9th Circuit (1995)
- U.S. Supreme Court, United States of America (1998)
- United States District Court, Northern District of Ohio (2008)

Markovits Stock DeMarco LLC | Business 513.651.3700 | MSDLegal.com
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202

Case 2:22-cv-01253-JPS    Filed 08/11/23    Page 34 of 43    Document 35-3

# PAUL M. DEMARCO

Paul M. De Marco is a founding member of Markovits, Stock & DeMarco, LLC. He is an Appellate Law Specialist certified by the Ohio State Bar Association and has handled more than 100 appellate matters, including cases before the Supreme Court of the United States, six federal circuits, and five state supreme courts.

Paul's practice also focuses on class actions and other complex litigation. During his 25 years in Cincinnati, Paul has been actively involved in successful litigation related to the U.S. Department of Energy's Fernald nuclear weapons plant, the Lucasville (Ohio) prison riot, Lloyd's of London, defective Bjork-Shiley heart valves, Holocaust-related claims against Swiss and Austrian banks, the Bankers Trust derivative scheme, Cincinnati's Aronoff Center, the San Juan DuPont Plaza Hotel fire, the Procter & Gamble Satanism rumor, the Hamilton County (Ohio) Morgue photograph scandal, defective childhood vaccines, claims arising from tire delamination and vehicle roll-over, racial hostility claims against one of the nation's largest bottlers, fiduciary breach claims against the nation's largest pharmacy benefits manager, and claims arising from the heatstroke death of NFL lineman Korey Stringer.

## Education:

College of Wooster (B.A., 1981)

University of the Pacific, McGeorge School of Law (J.D. with distinction, 1983)

University of Cambridge (1985)

## Significant and Representative Appeals:

- *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 129 S.Ct. 1896 (2009): In a case involving allegations of a fraudulent tax shelter and accounting and legal malpractice, the Supreme Court of the United States resolved the issue of the rights of non-parties to arbitration clauses to enforce them against parties, which had divided the circuits.
- *Williams v. Duke Energy International, Inc.*, 681 F.3d 788 (6th Cir. 2012): In a case brought as a class action by a utility's ratepayers for selective payment of illegal rebates to certain ratepayers, the United States Court of Appeals for the Sixth Circuit reversed a district court's dismissal of the excluded ratepayers' claims that the utility violated the RICO statute, the Robinson-Patman Act, and the state corrupt practices act.
- *State of Ohio ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 865 N.E.2d 1289 (2007): The Supreme Court of Ohio upheld the appellate court's issuance of the extremely rare writ of procedendo commanding the trial judge to proceed with a trial on claims he mistakenly believed the previous jury had resolved.
- *Chesher v. Neyer*, 477 F.3d 784 (6th Cir. 2007): The Sixth Circuit affirmed the district court's rejection of qualified immunity defenses raised by the Hamilton County (Ohio) coroner, his chief deputy, the coroner's administrative aide, a staff pathologist, and a pathology fellow in connection with the Hamilton County Morgue photo scandal.
- *State of Ohio ex rel. CNG Fin'l Corp. v. Nadel*, 111 Ohio St.3d 149, 855 N.E.2d 473 (2006): The Supreme Court of Ohio affirmed the appellate court's refusal to issue a writ of procedendo commanding the trial judge to halt injunctive proceedings and decide an arbitration issue.
- *Smith v. North American Stainless, L.P.*, 158 F. App'x. 699 (6th Cir. 2006): Rejecting a steel manufacturer's "up-the-ladder" immunity defense, the United States Court of Appeals for the Sixth Circuit reversed the district court's dismissal of a wrongful claim brought by the widow and estate of a steel worker killed on the job.
- *Procter & Gamble Co. v. Haugen*, 427 F.3d 727 (10th Cir. 2005): The United States Court of Appeals for the Tenth Circuit reversed the district court's dismissal of Procter & Gamble's Lanham Act claims, paving the way for a $19.25 million jury verdict in its favor.

- *Roetenberger v. Christ Hospital*, 163 Ohio App.3d 555, 839 N.E.2d 441 (2005): In this medical malpractice action for wrongful death, the Ohio court of appeals reversed the jury verdict in the physician's favor due to improper arguments by his attorney and instructional error by the trial court.
- *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 768 N.E.2d 1136 (2002): In this landmark decision on public nuisance law, the Supreme Court of Ohio held that a public nuisance action could be maintained for injuries caused by a product — in this case, guns — if the design, manufacture, marketing, or sale of the product unreasonably interferes with a right common to the general public.
- *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 766 N.E.2d 977 (2002): In an employee's intentional tort action alleging that his employer subjected him to long-term beryllium exposure, the Supreme Court of Ohio ruled that a cause of action for an employer intentional tort accrues when the employee discovers, or by the exercise of reasonable diligence should have discovered, the workplace injury and — here's the ground-breaking part of the holding — the wrongful conduct of the employer.
- *Wallace v. Ohio Dep't of Commerce*, 96 Ohio St.3d 266, 773 N.E.2d 1018 (2002): In overturning the dismissal of a suit against the state fire marshal for negligently inspecting a fireworks store that caught fire killing nine people, the Supreme Court of Ohio held for the first time that the common-law public-duty rule cannot be applied in cases against the state in the Ohio Court of Claims.

**Courts Admitted:**

- Ohio
- California
- Supreme Court of the United States
- U.S. Court of Appeals, 1st Circuit
- U.S. Court of Appeals, 4th Circuit
- U.S. Court of Appeals, 5th Circuit
- U.S. Court of Appeals, 6th Circuit
- U.S. Court of Appeals, 7th Circuit
- U.S. Court of Appeals, 9th Circuit

- U.S. Court of Appeals, 10th Circuit
- U.S. District Court, Southern District of Ohio
- U.S. District Court, Northern District of Ohio
- U.S. District Court, Eastern District of California
- U.S. District Court, Central District of California
- U.S. District Court, Southern District of California
- U.S. Court of Federal Claims

Since 1994, Paul has worked to promote professional responsibility among lawyers, serving first as a member and eventually the chair of the Cincinnati Bar Association Certified Grievance Committee, and since 2008 as a member of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.

He also is a member of many legal organizations, including the Federal Bar Association, Ohio State Bar Association, Cincinnati Bar Association, American Bar Association, ABA Council of Appellate Lawyers, and the Cincinnati Bar Association's Court of Appeals Committee.

Paul was one of the founders of the Collaborative Law Center in Cincinnati, a member of Cincinnati's Citizens Police Review Panel (1999-2002), and a member of Cincinnati CAN and its Police and Community Subcommittee following the 2001 riots.

He currently serves on the boards of the Ohio Justice and Policy Center and the Mercantile Library and on the advisory committees of the Fernald Community Cohort and the Fernald Workers' Medical Monitoring Program.

Markovits Stock DeMarco LLC
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202

Business 513.651.3700

MSDLegal.com

Case 2:22-cv-01253-JPS    Filed 08/11/23    Page 36 of 43    Document 35-3

**TERENCE R. COATES**

Terry Coates is Markovits, Stock & DeMarco's managing partner. His legal practice focuses on personal injury law, sports & entertainment law, business litigation and class action litigation. Mr. Coates is currently participating as a member of plaintiffs' counsel in the over 75 data breach cases pending around the country, including serving as co-lead counsel for plaintiff in *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio) (Class Counsel for $1.75 million data breach class action settlement); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (Class Counsel for $825,000 data breach class action settlement); *Abrams v. Savannah College of Art & Design*, No. 1:22-CV-04297 (N.D. Ga.) (Class Counsel for data breach class action settlement); *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-JPS (E.D. Wis.) (court-appointed interim co-lead class counsel in data privacy class action settlement in principle); *In re Cerebral, Inc. Privacy Practices*, No. 2:23-cv-1803 (C.D. Cal.) (interim co-lead class counsel in a data privacy class action); *In re U.S. Vision Data Breach Litigation*, No. 22-cv-06558 (D. N.J.) (court-appointed interim co-lead class counsel for plaintiffs); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (Class Counsel for $1.75 million common fund settlement); *Vansickle v. C.R. England*, No. 22-cv-00374 (D. Utah) (class counsel in data breach class action settlement in principle); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (same); *Rodriguez v. Professional Finance Company, Inc.*, No. 1:22-cv-1679 (D. Colo.) (same); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga.) (class counsel in data breach class action settlement in principle); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.; court-appointed interim class counsel).

**Education:**

Thomas M. Cooley Law School, J.D. (2009)

Wittenberg University, B.A. (2005)

**Representative Cases:**

- *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) ($3.65 million common fund settlement finally approved on September 20, 2022);
- *Bowling v. Pfizer, Inc.*, Case No. C-1-95-256 (S.D. Ohio) (Class Counsel for recipients of defective mechanical heart valves including continued international distribution of settlement funds to remaining class members);
- *Collins Inkjet Corp. v. Eastman Kodak Company*, Case No. 1:13-cv-0664 (S.D. Ohio) (trial counsel for Collins in an antitrust tying claim resulting in a preliminary injunction against Kodak – a decision that was affirmed by the Sixth Circuit Court of Appeals: *Collins Inkjet Corp. v. Eastman Kodak Co.*, 781 F.3d 264 (6th Cir. 2015));
- *Day v. NLO, Inc.*, Case No. C-1-90-67 (S.D. Ohio) (Class Counsel for certain former workers at the Fernald Nuclear weapons facility; the medical monitoring program continues);
- *In re Fannie Mae Securities Litigation*, Case No. 1:04-cv-1639 (D.D.C.) (represented Ohio public pension funds as Lead Plaintiffs in Section 10b securities class action litigation resulting in a $153 million court-approved settlement);
- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (represented plaintiffs and prepared class representatives for deposition testimony resulting in a court-approved settlement valued in excess of $1.5 billion);
- *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 09-1967 (N.D. Cal.) (represented NCAA, Olympic, and NBA legend, Oscar Robertson, in antitrust claims against the National Collegiate Athletic Association (NCAA), Collegiate Licensing Company (CLC), and Electronic Arts (EA)

Markovits Stock DeMarco LLC
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202

Business 513.651.3700

MSDLegal.com

Case 2:22-cv-01253-JPS    Filed 02/17/23    Page 37 of 43    Document 35-3

leading to a $40 million settlement with EA and CLC and the Court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law);

- *Linneman v. Vita-Mix Corp.*, Case No. 14-cv-748, (S.D. Ohio) (Class Counsel for a nationwide class of Vita-Mix blender consumers resulting in a nationwide settlement);
- *Ryder v. Wells Fargo Bank, N.A.*, No. 1:2019-cv-00638 (S.D. Ohio) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members);
- *Shy v. Navistar International Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (class counsel for a class action settlement valued at over $742 million);
- *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) ($4.25 million common fund settlement; and,
- *Williams v. Duke Energy*, No. 1:08-cv-00046 (S.D. Ohio) (representing class of energy consumers against energy provider in complex antitrust and RICO class action resulting in the court granting final approval of an $80.875 million settlement).

**Community Involvement:**

- Cincinnati Academy of Leadership for Lawyers (CALL), Class XXI, *Participant* (2017)
- Cincinnati Chamber of Commerce C-Change Class 9, *Participant* (2014)
- Cincinnati Chamber of Commerce, *Ambassador* (2014)
- Cincinnati Athletic Club, *President* (2015-2017)
- Cincinnati Athletic Club, *Vice President* (2014-2015)
- Cincinnati Bar Association, Board of Trustees, *Trustee* (2019-present)
- Cincinnati Bar Association, Board of Trustees, *Executive Committee* (2021-present)
- Cincinnati Bar Association, Board of Trustees, *Secretary* (2023-present)
- Cincinnati Bar Association, *Membership Services & Development Committee* (2014-present)
- Cincinnati Bar Association, *Run for Kids Committee* (2009-2014)
- Cincinnati Bar Association, *Social Committee* (2011-2014)
- Clermont County Humane Society, *Board Member* (2014-2017)
- Clermont County Humane Society, *Legal Adviser* (2017-present)
- Potter Stewart Inn of Court, *Executive Director* (2021-present)
- Summit Country Day High School, *Mock Trial Adviser* (2013-2016)
- St. Peter in Chains, Cathedral, Parish Council (2014-2017)

**Recognitions:**

- Super Lawyers, Rising Star (2014 – present)
- Best Lawyers in America, Commercial Litigation (2020-present)
- Wittenberg University Outstanding Young Alumnus Award (2014)
- Cincinnati Bar Association, Young Lawyers Section Professionalism Award (2015)
- JDRF Bourbon & Bow Tie Bash, *Young Professional (Volunteer) of the Year* for the Flying Pig Marathon (2016)
- Cincinnati Business Courier, Forty Under 40 (2019)
- Cincinnati Cystic Fibrosis Foundation, Cincinnati's Finest Honoree (2020)

**Courts Admitted:**

- State of Ohio (2009)
- United States District Court, Southern District of Ohio (2010)
- United States District Court, Northern District of Ohio (2010)
- United States District Court, Eastern District of Michigan (2021)
- United States District Court, District of Colorado (2022)
- United States District Court, Eastern District of Wisconsin (2022)
- United States District Court, Western District of Michigan (2023)
- United States District Court, District of Nebraska (2023)
- United States Court of Appeals, Sixth Circuit (2018)

# JUSTIN C. WALKER

Justin C. Walker is Of Counsel at Markovits, Stock & DeMarco. Justin's practice areas are focused on complex civil litigation and constitutional law, with an emphasis on consumer fraud and defective products. Before joining Markovits, Stock & DeMarco in April 2019, Justin practiced at the Finney Law Firm, a boutique law firm specializing in complex litigation and constitutional law. At the beginning of his legal career, Justin served as a judicial extern for Senior United States District Judge Sandra S. Beckwith before taking a full-time position as a law clerk and magistrate in the Hamilton County Ohio Court of Common Pleas for the Honorable Norbert A. Nadel. After completing his clerkship, Justin took a position as a prosecutor, serving as first chair for multiple jury trials. Justin then entered private practice, shifting his practice to focus to litigation matters.

## Education:

University of Cincinnati, J.D. (2005)

Miami University, B.S. (2001)

## Courts Admitted:

- State of Ohio (2005)
- U.S. Court of Appeals, 6th Circuit (2017)
- U.S. District Court, Southern District of Ohio (2008)
- U.S. Bankruptcy Court, Southern District of Ohio (2009)

## Representative Cases:

- *Linneman v. Vita-Mix Corp.*, Case No. 15-cv-748, United States District Court, Southern District of Ohio (Co-Class Counsel for a nationwide class of Vita-Mix blender consumers resulting in a nationwide settlement).
- *Baker v. City of Portsmouth*, Case No. 1:14-cv-512, 2015 WL 5822659 (S.D. Ohio Oct. 1, 2015) (Co-Counsel for a class of property owners, the Court ruled that City violated the Fourth Amendment when it required property owners to consent to a warrantless inspection of their property or face a criminal penalty where not valid exception to the warrant requirement exists).
- *E.F. Investments, LLC v. City of Covington, Kentucky*, Case No. 17-cv-00117-DLB-JGW, United States District Court, Eastern District of Kentucky (Lead Counsel on case brought on behalf of local property owners, contending that City's rental registration requirements violated the Fourth Amendment resulting in a settlement).
- *State of Ohio ex rel. Patricia Meade v. Village of Bratenahl*, 2018-04409, Supreme Court State of Ohio (Co-Counsel on behalf of local taxpayer contending that Defendant's violated Ohio Open Meetings Law).
- *Dawson v. Village of Winchester*, United States District Court, Southern District of Ohio (Lead Counsel represented Plaintiff claiming Federal Civil Rights violations due to unconstitutional arrest and detainment).

## Affiliations and Presentations:

- Cincinnati Bar Association
- Clermont County Bar Association
- American Association for Justice
- "Municipal Bankruptcy: Chapter 9 – Should Cincinnati Consider Filing for Bankruptcy"
- "Ohio CLE Introduction to Bankruptcy for Lawyers CLE"

Markovits Stock DeMarco LLC
119 E. Court Street Suite 530
Cincinnati, Ohio 45202

Business 513.651.3700

MSDLegal.com

Case 2:22-cv-01253-JPS    Filed 02/11/23    Page 39 of 43    Document 35-3

## CHRISTOPHER D. STOCK

Chris's legal practice focuses on securities class action and multi-district products liability litigation, as well as appellate advocacy. Serving as a judicial law clerk for Ohio Supreme Court Justice Terrence O'Donnell gave Chris invaluable insight into how courts synthesize and deconstruct legal arguments. Since then, Chris has briefed and argued numerous cases before the United States Court of Appeals for the Sixth Circuit, the Ohio Supreme Court, and Ohio appellate courts, including obtaining a rare summary reversal from the United States Supreme Court.

Chris also served as both Deputy First Assistant Attorney General and Deputy State Solicitor for Ohio Attorney General Jim Petro. In these positions, Chris was principal counsel to the Attorney General on a wide variety of legal and policy-oriented issues, including numerous constitutional and regulatory matters arising from state agencies, boards, and commissions. Prior to his service in state government, Chris was an attorney at a 500-lawyer nationally-recognized law firm.

He received multiple designations as an Ohio Super Lawyers "Rising Star." This distinction is awarded to less than 2.5 percent of Ohio attorneys under the age of 40.

### Education:

The Ohio State University, Moritz College of Law, J.D. (2002)

The Ohio State University, BA (1997)

### Significant Cases:

- *In re Fannie Mae Securities Litigation,* Case No. 1:04-cv-1639 (D.D.C.). Representing Ohio public pension funds as Lead Plaintiffs in Section 10b-5 securities class action litigation.
- *Ohio Public Employees Retirement System v. Freddie Mac, et al.,* Case No. 4:08-cv-160 (N.D. Ohio). Representing Ohio public pension funds as Lead Plaintiffs in Section 10b-5 securities class action litigation.
- *Williams v. Duke Energy,* Case No.: 1:08-CV-00046 (S.D. Ohio). Representing class of energy consumers against energy provider in complex antitrust and RICO class action.
- *Slaby v. Wilson,* Hamilton County Court of Common Pleas. Lead trial counsel representing two private individuals who were falsely accused by a County Commissioner of murdering their child and covering up the child's death (as well as sexual abuse of child).
- *Kelci Stringer, et al. v. National Football League, et al.,* United States District Court, Southern District of Ohio, Western Division. Represented professional football player against NFL and helmet manufacturer in wrongful death/products liability litigation related to professional football player's death.
- *Susan B. Anthony List v. Driehaus,* United States District Court, Southern District of Ohio, Western Division. Represented former Congressman in defamation action against organization who published false statements about former Congressman's voting record and alleged influence over organization's commercial activities.
- *Mitchell v. Esparza,* Case No. 02-1369 (United States Supreme Court). Obtained summary reversal of Sixth Circuit decision on Eighth Amendment capital sentencing issue.
- *Cleveland Bar Association v. CompManagement, Inc.,* Case No. 04-0817 (Ohio Supreme Court). Represented the State of Ohio as amicus in landmark workers' compensation lawsuit.

### Presentations:

- Class Action Boot Camp: The Basics and Beyond (2012).
- Harris Martin Toyota Sudden Unintended Acceleration Litigation Conference: TREAD Act Liability and Toyota (2010).

- Harris Martin BP Oil Spill Litigation Conference: The RICO Act's Application to the BP Oil Spill (2010).

**Affiliations:**

- Ohio State Bar Association
- Cincinnati Bar Association

**Courts Admitted:**

- State of Ohio (2002)
- United States District Court, Southern District of Ohio (2003)
- Sixth Circuit Court of Appeals, Ohio (2003)
- United States District Court, Northern District of Ohio (2007)

# DYLAN J. GOULD

Dylan is an associate attorney at Markovits, Stock & DeMarco. Dylan's practice primarily focuses on class action and complex civil litigation with an emphasis on cases involving consumer fraud and data privacy. He also has experience with matters related to sports & entertainment, personal injury, commercial law, civil conspiracy, and civil litigation under the RICO Act. At the University of Cincinnati College of Law, where he spent multiple semesters on the Dean's Honors List, Dylan was selected to the Trial Practice and Moot Court teams, participating in mock trial and appellate court competitions with law students across the country. Upon graduation, Dylan joined Markovits, Stock & DeMarco, where he quickly gained valuable experience in nearly every facet of the litigation process while skillfully guiding several cases to final judgment, including as a court appointed member of class counsel in multiple actions gaining final approval of class action settlement. In recognition of his achievements, Dylan was named an Ohio Super Lawyers Rising Star in 2021 and 2023. Aside from his litigation practice, Dylan is also a Certified Contract Advisor with the National Football League Players Association.

## Education:

University of Cincinnati, J.D. (2018)

University of Colorado at Boulder, B.A. (2015)

## Courts Admitted:

- State of Ohio (2018)

- United States District Court, Southern District of Ohio (2019)

- United States District Court, Northern District of Ohio (2022)

- United States District Court, Eastern District of Wisconsin (2022)

- United States Court of Appeals, Sixth Circuit (2023)

## Representative Cases:

- *Compound Property Management LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 2140981 (S.D. Ohio Feb. 21, 2023) (granting contested class certification of claims related to complex real estate lending scheme in civil RICO action and appointing Mr. Gould as a member of class counsel);
- *Voss v. Quicken Loans*, No. A 2002899, 2023 WL 1883124 (Feb. 8, 2023 Ohio Com.Pl.) (granting contested class certification of action under Ohio Revised Code § 5301.36 and appointing Mr. Gould as member of class counsel);
- *Benedetto v. The Huntington National Bank*, No. A1903532 (Hamilton County, Ohio Court of Common Pleas) (served as member of class counsel in class action related to untimely mortgage releases that recently received final approval of class action settlement);
- *Engle v. Talbert House*, No. A2103650 (Hamilton County Court of Common Pleas, Ohio) (court appointed member of class counsel in data breach action that recently received final approval of class action settlement)
- *Lutz v. Electromed, Inc.*, No. 21-cv-2198 (D. Minn.) (court appointed member of class counsel in data breach action that recently gained preliminary approval of $825,000 settlement)
- *Reynolds v. Concordia University*, St. Paul, No. 0:21-CV-2560 (D. Minn.) (serving as a member of proposed class counsel for the plaintiff in case based on the unavailability of clinical experience for nursing students);

## Affiliations:

Cincinnati Bar Association                    Ohio State Bar Association

Markovits Stock DeMarco LLC
119 E. Court Street Suite 530
Cincinnati, Ohio 45202

Business 513.651.3700

MSDLegal.com

Case 2:22-cv-01253-JPS    Filed 08/11/23    Page 42 of 43    Document 35-3

## JONATHAN T. DETERS

Jon is a Cincinnati native whose legal practice is focused on complex civil litigation, class action litigation, personal injury law, and sports & entertainment law. Jon has been a litigator since the start of his career, and his clients have included individuals, businesses, local governments, and government officials. Jon's experience serving as both plaintiff and defense counsel make him uniquely qualified and well-suited to represent individual and corporate clients in litigation. Jon has been designated as an Ohio Super Lawyers "Rising Star" from 2019-present, which is a distinction awarded to less than 2.5% of Ohio attorneys under the age of 40.

Before joining Markovits, Stock & DeMarco in January 2022, Jon practiced at Schroeder, Maundrell, Barbiere & Powers, an Ohio law firm specializing in civil litigation, personal injury, and constitutional law. While in law school, Jon served as a constable in the Hamilton County Ohio Court of Common Pleas for the Honorable Steven E. Martin and worked as law clerk at the Law Office of Steven R. Adams.

**Education:**

Salmon P. Chase School of Law at Northern Kentucky University, J.D. (2015)

Xavier University, Cincinnati, Ohio, Honors Bachelor of Arts (2012)

**Representative Cases:**

- *Baker v. Carnine*, No. 1:19-CV-60 (2022), United States District Court, Southern District of Ohio
- *Jones v. Vill. of Golf Manor,* No. 1:18-CV-403 (2020), United States District Court, Southern District of Ohio
- *Vaduva v. City of Xenia*, 780 F. App'x 331 (2019), United States Court of Appeals, Sixth Circuit
- *Gillispie v. Miami Twp.*, No. 3:13-CV-416 (2017), United States District Court, Southern District of Ohio
- *City of Mt. Healthy v. Fraternal Ord. of Police, Ohio Lab. Council, Inc*., 101 N.E.3d 1163 (2017), Ohio First District Court of Appeals

**Community Involvement:**

- Cincinnati Bar Association, *Member*
- Ohio Bar Association, *Member*
- Boy Hope Girls Hope of Cincinnati, *Young Professionals Board Member*
- Board of Trustees of the New St. Joseph Cemetery, Cincinnati, Ohio, *Member*

**Courts Admitted:**

- State of Ohio
- United States District Court, Southern District of Ohio
- United States Court of Appeals, Sixth Circuit

Markovits Stock DeMarco LLC
119 E. Court Street, Suite 530
Cincinnati, Ohio 45202

Business 513.651.3700

MSDLegal.com

Case 2:22-cv-01253-JPS    Filed 08/11/23    Page 43 of 43    Document 35-3