# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

*IN RE* ADVOCATE AURORA HEALTH PIXEL LITIGATION

| | |
|---|---|
| SHYANNE JOHN and ANGELICA HUDY,<br><br>Plaintiffs,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1253-JPS |
| RICHARD WEBSTER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1278-JPS |
| DEANNA DANGER,<br><br>Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>Defendant. | Case No. 22-CV-1305-JPS |

| | |
|---|---|
| ANGEL AJANI,<br><br>    Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>    Defendant. | Case No. 23-CV-259-JPS |
| ALISTAIR STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>ADVOCATE AURORA HEALTH, INC.,<br><br>    Defendant. | Case No. 23-CV-260-JPS |

    Plaintiffs in this consolidated matter—a putative class action—allege that Defendant Advocate Aurora Health, Inc. ("Defendant") disclosed their personally identifying information and protected health information without their consent to third parties such as Meta/Facebook and Google through tracking pixels that were installed on Defendant's public websites, mobile app, and patient portal. *See generally* ECF No. 27 (second amended complaint). On June 5, 2023, the parties notified the Court that they had reached a settlement. ECF No. 29. On August 11, 2023, Plaintiffs filed a motion for preliminary approval of their class action settlement with Defendant, which would conclude this litigation. ECF No. 35. Defendant does not oppose the motion. *Id.* at 7.

The parties have agreed to the certification, for settlement purposes, of a class of approximately 2,500,000 individuals who

> resid[e] in the United States whose Personal Information or health information was or may have been disclosed to a third party without authorization or consent through any Tracking Pixel on Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022. Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges. This exclusion does not apply to those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

ECF No. 35 at 9–10 (quoting settlement agreement, ECF No. 35-2 at 12).

The parties' proposed settlement agreement provides that Defendant will establish a non-reversionary common settlement fund of $12,225,000.00, out of which payments to class members, service payments to named plaintiffs, settlement administration costs, and attorneys' fees and costs will be paid. *Id.* at 10. Specifically, payments to class members will be capped at $50.00 per class member; named Plaintiffs will receive service awards of $3,500.00 each; and class counsel will be permitted to seek an award of attorney's fees in an amount up to 35% of the common fund, or $4,278,750.00, plus up to $30,000.00 in costs. *Id.* at 10–11. Kroll Settlement Administration, LLC will serve as the settlement administrator. *Id.* at 11. The parties have agreed on a method to provide notice to class members and a process by which class members may object to the settlement. *Id.* at 11–12.

After reviewing Plaintiffs' submissions, the Court agrees that, at this juncture, there is no barrier to conditional certification of the proposed class

Page 3 of 12
Case 2:22-cv-01253-JPS   Filed 08/21/23   Page 3 of 12   Document 36

and preliminary approval of the class settlement. The parties agree as to a definition of the proposed settlement class; that class appears to satisfy the numerosity, commonality, typicality, adequacy, and predominance and superiority requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). *See In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) (naming the likelihood of eventual certification of the class as one of three factors a court should consider in determining whether to preliminarily approve a settlement agreement). The proposed settlement appears to be fair, reasonable, and adequate, and it is within the range of approval. *Id.* at 1083–84. The agreement was negotiated with the assistance of a mediator (Hon. David E. Jones), ECF No. 35 at 9, and does not appear to be a "product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). Finally, the settlement agreement provides for direct notice to class members in a manner that is practicable under the circumstances. *TikTok*, 565 F. Supp. 3d at 1084.

For these reasons, the Court will grant Plaintiffs' motion for preliminary approval of the class settlement, and incorporate below the terms of their proposed order, ECF No. 35-1, which will manage the settlement process and ultimately conclude this litigation in a timely manner.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motion for preliminary approval of the parties' class action settlement, ECF No. 35, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

**PRELIMINARY APPROVAL**

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Hon. David E. Jones (Ret.) during mediation sessions on February 6, 2023 and June 1, 2023, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties ahead of each mediation session. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore grants preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class

defined in the Settlement Agreement as follows: All individuals residing in the United States whose Personal Information or health information was or may have been disclosed to a third party without authorization or consent through any Tracking Pixel on Advocate Defendant's websites, LiveWell App, or MyChart patient portal between October 24, 2017 and October 22, 2022. Excluded from the Class are Defendant and its affiliates, parents, subsidiaries, officers, and directors, as well as the judges presiding over this matter and the clerks of said judges. This exclusion does not apply to those employees of Defendant and its Related Parties who received Defendant's October 22, 2022 notification regarding its usage of Tracking Pixels.

6. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of millions of individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Settlement Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court hereby appoints Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Angel Ajani, and Alistair Stewart as the Class Representatives of the Settlement Class. The Court provisionally finds that

the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Class and that they will be adequate Class Representatives.

9. The Court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Gary M. Klinger and Alexandra Honeycutt of Milberg Coleman Bryson Phillips Grossman, PLLC, located at 227 W. Monroe Street, Suite 2100, Chicago, IL 60606, and Terence R. Coates and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, located at 119 E. Court Street, Suite 530, Cincinnati, OH 45202.

## NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated Kroll Settlement Administration LLC ("Kroll") as the Settlement Administrator. Kroll shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The Court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the Class Notice and Notice Program and directs the Parties and the Settlement Administrator to proceed with providing

Page 7 of 12
Case 2:22-cv-01253-JPS    Filed 08/21/23    Page 7 of 12    Document 36

notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

13. The Court also approves the Claim Form.

## EXCLUSION AND OBJECTIONS

14. Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than **December 19, 2023**. To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class Member's full name, address and telephone number; (b) contain the Settlement Class Member's personal and original signature or the original signature of a person authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right such as those asserted in the Litigation, such as a trustee, guardian or person acting under a power of attorney; and (c) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice, postmarked no later than **December 19, 2023.** Any Settlement Class Member wishing to comment on

or object to the Settlement Agreement shall file their Objection with the Court and serve it on Class Counsel and Defendant's Counsel. All such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the Settlement Class Member's full name, current address, telephone number, and email address; (ii) the Settlement Class Member's original signature; (iii) proof that the Settlement Class Member is a member of the Settlement Class; (iv) a statement of the legal and factual basis for the Objection; (v) copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; (vi) all counsel representing the Settlement Class Member, if any; (vii) the signature of the Settlement Class Member's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation; and (viii) a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an Objection to any proposed class action settlement in the past three (3) years.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

18. The Court will hold a Final Approval Hearing on **March 8, 2024** at **8:30 AM** in Courtroom 425, 517 E. Wisconsin Ave., Milwaukee, WI 53202.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the

Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representatives should be made final; (e) Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTION & TERMINATION

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant will Provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of $4,225,000.00 to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses | +90 Days |
| Objection Date | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| **Final Approval Hearing** | 180 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |

| **From Effective Date** | |
|---|---|
| Defendant's payment of $8,000,000.00 to Settlement Administrator | +30 Days |
| Payment of Attorneys' Fees and Litigation Expenses and Class Representatives' Service Awards | +45 Days |
| Mailing of Claim Payments to Claimants | +45 Days |
| Distribution of the Residual Funds to the Charitable Healthcare Recipients | +180 Days |
| Deactivation of Settlement Website | +180 Days |

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be

(i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge