# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE ADVOCATE AURORA HEALTH PIXEL LITIGATION | Lead Case No. 22-CV-01253-JPS<br><br>(Consolidated with Case Nos. 22-CV-1278-JPS; 22-CV-1305-JPS; 23-CV-00259-JPS; 23-CV-00260-JPS)<br><br>This Document Relates to: All Actions |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to the Court's March 8, 2024 instruction (ECF No. 49), Plaintiffs Shyanne John, Richard Webster, Deanna Danger, James Gabriel, Katrina Jones, Derrick Harris, Amber Smith, Bonnie LaPorta, Alistair Stewart, and Angel Ajani (collectively, "Plaintiffs") respectfully submit this supplemental brief in support of Plaintiffs' Motion for Final Approval (ECF No. 46) (the "Motion"). In support of this Supplemental Brief, Plaintiffs file the Declaration of Terence R. Coates in Support of Plaintiffs' Supplemental Brief in Support of Final Approval of Class Action Settlement ("Coates Decl.,"), attached as Exhibit 1.

*First*, Class Counsel hereby submit redacted copies of their detailed time entries. Coates Decl., Exhibit A. Class Counsel further submit unredacted copies of these time entries for the Court's review *in camera*. ECF 50, March 8, 2024 Hearing Transcript at 14:14-15:8. The time entries reflect that Class Counsel efficiently litigated this matter and took steps to remove potential for duplication of work. ECF No. 39-1 ¶ 5; ECF No. 47-2 ¶ 3. This includes, for example, dividing up the research and drafting of the Amended Consolidated Complaint, portions of the motion for

preliminary approval, portions of the motion for attorneys' fees, expenses and class representative service awards, and portions of the Motion. *Id.*

*Second*, at the hearing on the Motion, the Court indicated that this may be an appropriate case for implementing a "sliding scale" attorneys' fee award. ECF 50, March 8, 2024 Hearing Transcript at 11:2-21. Specifically, the Court considered a fee award of $2,845,000 (calculated as 25% of the first $8 million and 20% of the remaining $4.225 million) instead of Class Counsel's reduced request of $3,250,000. *Id.* Plaintiffs respectfully submit that a sliding scale is unwarranted.

It is true that the Seventh Circuit employed a sliding scale fee structure in *In re Synthroid Mktg. Litig.*, 325 F.3d 974 (7th Cir. 2003). But that was a "megafund" case—at issue was an $88 million settlement fund. *Id.* at 975-76. Here, by comparison, the settlement fund is $12,225,000 and is not a megafund by any standard. There is no windfall to be had based on the size of the fund. Class Counsel took this case on a contingency fee basis, "risk[ed] that they would come away with nothing," and reached an excellent resolution at an early stage. *Id.* at 978.

Even assuming a sliding scale structure is merited, the Seventh Circuit awarded "30% of the first $10 million and 25% of the next $10 million," plus 22% of the next $26 million and 15% of the remainder. *Id.* at 980. Applying that structure to the instant $12,225,000 fund yields attorneys' fees of $3,556,250 (i.e., 30% of $10 million plus $25% of $2.225 million)—more than Class Counsel's requested $3,250,000.

*Third*, the requested attorneys' fees are reasonable from a lodestar perspective. On March 6, 2024, Objector Wynnychenko offered edits to the proposed final approval order that effectively moot his objection to the reduced fee request. ECF No. 48-3 at 5. Indeed, counsel for Objector Wynnychenko described his changes to the proposal final approval order as "substantially overrul[ing] Dr. Wynnychenko's objection" and "providing context to circumstances **supporting**

the *reasonableness* of the fee request in this case." ECF No. 48-1 ¶¶ 3, 7 (emphasis added). For the Court's convenience, relevant edits are shown below in blue font.

  i. Attorneys' fees of 26% of the gross settlement fund, and 34.5% of the net settlement fund are reasonable, and in line with Seventh Circuit precedent given the size of the settlement and Plaintiffs' voluntary reduction of their fee request in order to enhance class relief;

  ii. The fee multiplier is approximately equal to two, which Wynnychenko seeks to cap it, and is a fair and reasonable multiplier, given the results obtained;

  iii. The hours claimed in connection with Plaintiffs' attorneys' fee request is in line with hours spent in other data privacy cases;

  iv. No lodestar cross-check is required in view of the reasonable multiplier and percentage for a fund of this size, and in view of supplemental information provided by Plaintiffs' counsel about work performed in this matter;

ECF No. 48-3 at 5.

At the March 8, 2024 hearing, counsel for Objector Wynnychenko suggested that a "2.0 even" lodestar multiplier "might be in the best interest of everybody for moving things along." ECF 50, March 8, 2024 Hearing Transcript at 10:7-21. As of the Motion's filing, the $3,250,000 fee request equated to a multiplier of 2.04x based on Class Counsel's then-current lodestar of roughly $1,590,114.55. ECF No. 47-2 ¶ 18. But the fee request is presently below 2.0x (1.91 specifically) and will continue to decrease because of the subsequent work performed and work that remains in this case—including finalizing the motion for final approval, preparing for and attending the March 8, 2024 hearing, and overseeing the administration of the Settlement payments to over 565,000 Class Members. *Id; see also* Coates Decl. ¶ 4.

In any event, as explained by the Seventh Circuit, the prospect that class counsel "litigated inefficiently" is of minimal import in a common fund case. *In re Synthroid Mktg. Litig.*, 325 F.3d at 979-80. "If consumer class counsel invested too many hours, dallied when preparing the settlement, or otherwise ran the meter, the loss falls on counsel themselves." *Id.* Indeed, an

"advantage of the contingent fee is that the client (or the judge as protector of the class's interests) need not monitor how many hours the lawyers prudently devoted to the case." *Id.* And where, as here, the outcome is excellent from the class's perspective "[i]nefficient conduct . . . does not afford any reason to reduce class counsel's percentage of the fund that their work produced." *Id.* The instant settlement is a non-reversionary common fund and is consistent with amounts recovered in other pixel data privacy class actions. ECF No. 47-2 ¶ 10 (citing cases).

*Fourth*, Plaintiffs respectfully note that a lodestar cross-check is merely optional in the Seventh Circuit. It is not a fixed requirement. *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011) ("[C]onsideration of a lodestar check is not an issue of required methodology."); *In re Dairy Farmers of Am., Inc*., 80 F. Supp. 3d 838, 849 (N.D. Ill. 2015) ("A district court is under no obligation to cross check fees against the lodestar."); *Bell v. Pension Comm. of Ath Holding Co., LLC*, No. 1:15-cv-02062, 2019 WL 4193376, at *5 (S.D. Ind. Sept. 4, 2019) ("In determining fees in a common fund class actions settlement the use of a lodestar cross-check is no longer recommended in the Seventh Circuit"); *In re Stericycle Sec. Litig*., 35 F.4th 555, 567 n.9 (7th Cir. 2022) ("the district court did not abuse its discretion when it concluded that a lodestar crosscheck was unnecessary").

To that end, Plaintiffs reference and attach a declaration by William B. Rubenstein—one of the nation's foremost experts on fee awards—recently submitted in support of an unrelated fee request by Class Counsel. Coates Decl., <u>Exhibit B</u>. Therein, Mr. Rubenstein opines at length that "Courts prefer the percentage method in common fund cases, empirical evidence demonstrates that most courts utilize it without a lodestar cross-check, and they do so because of several advantages of the percentage method." *Id.* at 1. "The reasons are straightforward: the percentage approach best aligns class counsel's interests with those of the class, it is easily administered, and

4

Case 2:22-cv-01253-JPS   Filed 03/29/24   Page 4 of 6   Document 51

it rewards efficiency – for these reasons, it is also likely the method that private parties would use to set a fee contract at the outset of a lawsuit." *Id.* at 1-2.

*Fifth*, Class Counsel will continue to expend significant time and effort overseeing the distribution of settlement benefits to the over 566,000 Class Members who submitted valid claims for cash payments. ECF 47-2 at ¶ 18 (noting that "Class Counsel predict that if their request for $3,250,000 in fees is granted, by the conclusion of this case, Plaintiffs' counsel's collective lodestar multiplier will be significantly less than 2x (regardless of any appeals)."); Coates Decl. ¶ 4. Accordingly, any consideration of the reasonableness of Class Counsel's attorneys' fees request must consider that Class Counsel's significant efforts in this litigation will continue for long after the Court's potential grant of final approval.

Finally, the only "live" portion of the Wynnychenko objection as of the March 8, 2024 final approval hearing was the identity of the *cy pres* recipient whereby Objector Wynnychenko requests 14 days to respond to the Parties submission to the Court recommending a potentially appropriate charitable organization. ECF 48-1 at ¶ 6 (noting that the *cy pres* recipient "remains a live concern"). Class Counsel agreed with this recommendation and to further add the obligation that the Parties will meet and confer with Objector Wynnyhencko before finalizing the selection of a charitable organization as the recipient of the *cy pres* distribution so that the Parties might be in a position to indicate to the Court in the filing with the Court whether Objector Wynnychenko agrees and/or takes no position regarding the proposed *cy pres* recipient. ECF 50, March 8, 2024 Hearing Transcript at 9:6-10:2. This was the only "live" portion of the Wynnychenko objection and is now resolved.

5

Case 2:22-cv-01253-JPS    Filed 03/29/24    Page 5 of 6    Document 51

## CONCLUSION

Accordingly, Plaintiffs reaffirm their request for final approval of class action settlement – a Settlement that has received overwhelming support from the Class as evidenced by the outstanding 22.26% valid claims rate from over 565,000 Class Members submitting valid claims.

Date: March 29, 2024

Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
*gklinger@milberg.com*

Nola J. Hitchcock (WI Bar No. 1015817)
Mary C. Flanner (WI Bar No. 1013095)
**CROSS LAW FIRM, S.C.**
845 North 11th St.
Lawyers' Building
Milwaukee, WI 53233
Tel: (414) 224-0000
Fax: (414) 273-7055
njhcross@crosslawfirm.com
mflanner@crosslawfirm.com

*Local Counsel*

*Settlement Class Counsel*