# EXHIBIT 1

| | |
|---|---|
| IN RE ADVOCATE AURORA HEALTH PIXEL LITIGATION | Lead Case No. 22-CV-1253-JPS<br><br>(Consolidated with Case Nos. 22-CV-1278-JPS; 22-CV-1305-JPS; 23-CV-00259-JPS; 23-CV-00260-JPS)<br><br>This Document Relates to: All Actions |

### DECLARATION OF TERENCE R. COATES IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1.      I am a Court-appointed member of Class Counsel in this matter for Plaintiffs and the Class. I have communicated with my co-counsel throughout the pendency of this case. I am very familiar with the events of this litigation and the efforts of Plaintiffs' counsel from the beginning of this case in 2022 through the present.

2.      I collected Plaintiffs' counsel's lodestar, expenses and detailed time entries. Attached as Exhibit A are the detailed time entries for the following of Plaintiffs' law firms: Almedia Law Group, LLC; Barrack, Rodos & Bacine; Chestnut Cambronne, PA; Chicago Consumer Law Center, P.C.; Cross Law Firm, S.C; Emerson Firm LLP; Kind Law; The Lyon Firm; Markovits, Stock & DeMarco, LLC; Milberg Coleman Bryson Phillips Grossman, PLLC; and Stephan Zouras, LLP. These firms kept this information in the ordinary course of business. The detailed time entries in Exhibit A to this Declaration are in redacted form. Unredacted copies of these detailed time records are also being submitted to the Court for in camera review per the

Court's guidance at the March 8, 2024 Final Approval Hearing. *See* ECF 50, March 8, 2024 Hearing Transcript, at 14:14-15:8.

3. Furthermore, attached as <u>Exhibit B</u> is the declaration by William B. Rubenstein—one of the nation's foremost experts on fee awards—recently submitted in support of an unrelated fee request by Class Counsel.

4. Class Counsel and Plaintiffs' Counsel's current hours are 2,210.49 for a lodestar total of $1,700,586.24. Attached as <u>Exhibit C</u> is a chart identifying the hours and lodestar for each of Plaintiffs' law firms. The current lodestar total of $1,700,586.24 creates a current lodestar multiplier of 1.91 for Plaintiffs' Counsel's attorneys' fees request of $3,250,000.00. The 1.91 current multiplier will continue to decrease as Class Counsel continues to expend substantial time and efforts overseeing the settlement administration process including the upcoming distribution of settlement payments to the approximately 565,543 Class Members who submitted valid claims under the Settlement. The 565,543 valid claims from a Class of approximately 2,540,567 individuals is a valid claims rate of 22.26%, which is a tremendous claims rate.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. Executed on March 29, 2024, at Cincinnati, Ohio.

*/s/ Terence R. Coates*
Terence R. Coates

# EXHIBIT A

| Timekeeper | Date | Task(s) Performed | Time | Lodestar |
|---|---|---|---|---|
| EAB | 10.19.22 | | 2.5 | $1,250.00 |
| DSA | 10.19.22 | | 8.7 | $6,742.50 |
| DSA | 10.20.22 | | 7.8 | $6,045.00 |
| EAB | 10.20.22 | | 2.2 | $1,100.00 |
| DSA | 10.21.22 | | 7.9 | $6,122.50 |
| EAB | 10.21.22 | | 5.2 | $2,600.00 |
| DSA | 10.22.22 | | 9.3 | $7,207.50 |
| EAB | 10.22.22 | | 0.1 | $50.00 |
| DSA | 10.23.22 | | 11.1 | $8,602.50 |
| DSA | 10.24.22 | | 6.3 | $4,882.50 |
| DSA | 10.25.22 | | 5.3 | $4,107.50 |
| EAB | 10.26.22 | | 0.5 | $250.00 |
| EAB | 10.28.22 | | 0.2 | $100.00 |
| DSA | 10.28.22 | | 3.7 | $2,867.50 |
| DSA | 10.30.22 | | 0.9 | $697.50 |
| DSA | 11.1.22 | | 2.7 | $2,092.50 |
| EAB | 11.1.22 | | 0.5 | $250.00 |
| EAB | 11.21.22 | | 1.5 | $750.00 |

| Timekeeper | Date | Task(s) Performed | Time | Lodestar |
|---|---|---|---|---|
| DSA | 11.21.22 | ███████████████ | 2.7 | $2,092.50 |
| EAB | 11.22.22 | ███████ | 0.4 | $200.00 |
| DSA | 11.22.22 | ███████████ | 0.9 | $697.50 |
| EAB | 11.30.22 | ████████████ | 0.8 | $400.00 |
| DSA | 11.30.22 | █████████████ | 0.9 | $697.50 |
| DSA | 12.14.22 | ██████████ | 0.7 | $542.50 |
| DSA | 12.16.22 | ████████ | 0.4 | $310.00 |
| DSA | 12.28.22 | ████████ | 0.8 | $620.00 |
| DSA | 1.10.23 | ██████████████ | 1.3 | $1,007.50 |
| DSA | 1.11.23 | ██████████████ | 2.8 | $2,170.00 |
| EAB | 1.11.23 | ████████████ | 0.5 | $250.00 |
| DSA | 1.17.23 | ████████████ | 1.2 | $930.00 |
| EAB | 1.18.23 | ███████████ | 1.4 | $700.00 |
| DSA | 1.18.23 | ████████████ | 0.5 | $387.50 |
| DSA | 1.20.23 | ███████████ | 1.8 | $1,395.00 |
| EAB | 1.20.23 | ███████████ | 0.7 | $350.00 |
| DSA | 1.23.23 | ██████████████ | 1.3 | $1,007.50 |
| DSA | 1.24.23 | █████████ | 0.4 | $310.00 |
| EAB | 1.24.23 | █████████ | 0.4 | $200.00 |
| DSA | 1.30.23 | █████████████ | 1.2 | $930.00 |
| DSA | 1.31.23 | ██████████ | 0.7 | $542.50 |
| DSA | 2.5.23 | ███████████ | 5.4 | $4,185.00 |
| DSA | 2.6.23 | ██████████ | 4.6 | $3,565.00 |
| DSA | 2.7.23 | ████████████ | 3.1 | $2,402.50 |
| DSA | 2.9.23 | █████████████ | 2.4 | $1,860.00 |
| EAB | 2.9.23 | █████████████ | 3.4 | $1,700.00 |
| DSA | 2.10.23 | █████████████ | 2.1 | $1,627.50 |

| Timekeeper | Date | Task(s) Performed | Time | Lodestar |
|---|---|---|---|---|
| EAB | 2.10.23 | | 2.3 | $1,150.00 |
| DSA | 3.8.23 | | 0.4 | $310.00 |
| DSA | 3.18.23 | | 0.8 | $620.00 |
| DSA | 3.20.23 | | 0.9 | $697.50 |
| DSA | 3.21.23 | | 1.2 | $930.00 |
| DSA | 4.3.23 | | 2.3 | $1,782.50 |
| DSA | 5.1.23 | | 3.5 | $2,712.50 |
| DSA | 5.2.23 | | 1.7 | $1,317.50 |
| DSA | 5.3.23 | | 1.1 | $852.50 |
| DSA | 5.4.23 | | 0.9 | $697.50 |
| DSA | 5.5.23 | | 1 | $775.00 |
| DSA | 5.8.23 | | 0.2 | $155.00 |
| DSA | 5.18.23 | | 0.9 | $697.50 |
| EAB | 5.18.23 | | 0.4 | $200.00 |
| DSA | 5.26.23 | | 3.4 | $2,635.00 |
| DSA | 5.30.23 | | 0.4 | $310.00 |
| DSA | 5.31.23 | | 0.5 | $387.50 |
| DSA | 6.1.23 | | 0.6 | $465.00 |
| DSA | 6.2.23 | | 1.1 | $852.50 |
| DSA | 6.5.23 | | 0.1 | $77.50 |
| DSA | 7.6.23 | | 0.8 | $620.00 |
| DSA | 7.10.23 | | 3.1 | $2,402.50 |
| DSA | 7.12.23 | | 0.8 | $620.00 |
| DSA | 7.26.23 | | 3.1 | $2,402.50 |
| DSA | 7.27.23 | | 0.2 | $155.00 |
| DSA | 7.28.23 | | 0.1 | $77.50 |
| DSA | 8.10.23 | | 4.3 | $3,332.50 |

| Timekeeper | Date | Task(s) Performed | Time | Lodestar |
|---|---|---|---|---|
| DSA | 8.11.23 | ███████████████ | 1.6 | $1,240.00 |
| EAB | 8.11.23 | ███████████████ | 2.7 | $1,350.00 |
| DSA | 8.21.23 | ███████████████ | 1.2 | $930.00 |
| DSA | 11.2.23 | ███████████████ | 1.5 | $1,162.50 |
| DSA | 11.7.23 | ███████████████ | 1.3 | $1,007.50 |
| DSA | 11.9.23 | ███████████████ | 0.9 | $697.50 |
| DSA | 11.13.23 | ███████████████ | 0.3 | $232.50 |
| EAB | 11.13.23 | ███████████████ | 1.2 | $600.00 |
| DSA | 11.14.23 | ███████████████ | 1.5 | $1,162.50 |
| DSA | 11.15.23 | ███████████████ | 3.3 | $2,557.50 |
| EAB | 11.15.23 | ███████████████ | 0.6 | $300.00 |
| DSA | 11.20.23 | ███████████████ | 0.8 | $620.00 |
| EAB | 12.11.23 | ███████████████ | 0.3 | $150.00 |
| DSA | 12.19.23 | ███████████████ | 0.5 | $387.50 |
| EAB | 12.20.23 | ███████████████ | 0.1 | $50.00 |
| DSA | 2.14.24 | ███████████████ | 0.7 | $542.50 |
| DSA | 2.22.24 | ███████████████ | 3.8 | $2,945.00 |
| DSA | 2.23.24 | ███████████████ | 0.2 | $155.00 |
| DSA | 2.23.24 | ███████████████ | 2.4 | $1,860.00 |
| DSA | 3.6.24 | ███████████████ | 0.2 | $155.00 |
| DSA | 3.7.24 | ███████████████ | 0.8 | $620.00 |
| DSA | 3.12.24 | ███████████████ | 1.3 | $1,007.50 |
| DSA | 3.15.24 | ███████████████ | 1 | $775.00 |
| | | **Total** | 183.5 | $134,540.00 |
| | | **Total EAB** | 27.9 | $13,950.00 |
| | | **Total DSA** | 155.6 | $120,590.00 |

# Barrack, Rodos & Bacine

*In re Advocate Aurora Health Pixel Litigation, No. 2:22-CV-1253 (E.D. Wis)*

| Date | Time Expended | Total | Work Description | Current Hourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| **Attorneys:** | | | | | | |
| **Time: Samuel M. Ward** | | | | | | |
| 01/04/2023 | 0.20 | | ███ | $810 | $162.00 | |
| 01/12/2023 | 0.50 | | █████████ | $810 | $405.00 | |
| 01/12/2023 | 0.50 | | █████████████ | $810 | $405.00 | |
| 01/12/2023 | 0.20 | | ██████ | $810 | $162.00 | |
| 01/12/2023 | 0.20 | | ██████████████████ | $810 | $162.00 | |
| 01/12/2023 | 0.30 | | ██████████████ | $810 | $243.00 | |
| 01/13/2023 | 0.50 | | ████████████ | $810 | $405.00 | |
| 01/13/2023 | 0.20 | | █████████████ | $810 | $162.00 | |
| 01/13/2023 | 0.30 | | ███████████ | $810 | $243.00 | |
| 01/13/2023 | 0.20 | | █████████████ | $810 | $162.00 | |
| 01/16/2023 | 0.20 | | ████████ | $810 | $162.00 | |
| 01/16/2023 | 0.20 | | █████████████ | $810 | $162.00 | |
| 01/16/2023 | 0.30 | | ███████████ | $810 | $243.00 | |
| 01/17/2023 | 0.20 | | ███████████ | $810 | $162.00 | |
| 01/17/2023 | 0.50 | | ██████████ | $810 | $405.00 | |
| 01/17/2023 | 0.30 | | █████████████ | $810 | $243.00 | |
| 01/17/2023 | 0.20 | | █████████████ | $810 | $162.00 | |
| 01/17/2023 | 0.50 | | ██████████ | $810 | $405.00 | |
| 01/17/2023 | 0.20 | | █████████████ | $810 | $162.00 | |
| 01/17/2023 | 0.20 | | ██████████ | $810 | $162.00 | |
| 01/17/2023 | 0.50 | | ██████████ | $810 | $405.00 | |
| 01/17/2023 | 0.30 | | ██████████ | $810 | $243.00 | |
| 02/06/2023 | 4.50 | | ██████ | $810 | $3,645.00 | |
| 03/02/2023 | 0.50 | | ████████ | $810 | $405.00 | |
| 03/17/2023 | 5.00 | | █████ | $810 | $4,050.00 | |
| 03/20/2023 | 1.50 | | █████ | $810 | $1,215.00 | |
| 05/05/2023 | 1.00 | | ████████████████████ | $810 | $810.00 | |

| Date | Time Expended | Total | Work Description | CurrentHourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 05/05/2023 | 1.00 | | ███████████████ | $810 | $810.00 | |
| 06/01/2023 | 9.50 | | ████████ | $810 | $7,695.00 | |
| 06/02/2023 | 2.00 | | ████████████ | $810 | $1,620.00 | |
| 06/05/2023 | 1.25 | | ██████████ | $810 | $1,012.50 | |
| 06/07/2023 | 1.75 | | ███████████ | $810 | $1,417.50 | |
| 10/25/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 10/25/2023 | 0.25 | | █████████████ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ██ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ██ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ████ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ████ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ██ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 11/09/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 11/10/2023 | 0.25 | | ████ | $810 | $202.50 | |
| 11/10/2023 | 0.25 | | ███ | $810 | $202.50 | |
| 11/13/2023 | 0.25 | | ██████████ | $810 | $202.50 | |
| 11/13/2023 | 0.25 | | ███████████ | $810 | $202.50 | |

| Date | Time Expended | Total | Work Description | Current Hourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 11/14/2023 | 0.25 | | ███████████████ | $810 | $202.50 | |
| 11/16/2023 | 0.25 | | ███████████████████ | $810 | $202.50 | |
| 11/16/2023 | 0.25 | | ███████████████████ | $810 | $202.50 | |
| **Total: Samuel M. Ward** | | **39.20** | | | | **$31,752.00** |
| **Time: Stephen R. Basser** | | | | | | |
| 12/02/2022 | 1.50 | | ██████████ | $995 | $1,492.50 | |
| 12/07/2022 | 4.20 | | ██████ | $995 | $4,179.00 | |
| 12/08/2022 | 0.20 | | █████ | $995 | $199.00 | |
| 12/08/2022 | 4.50 | | ██████ | $995 | $4,477.50 | |
| 12/08/2022 | 0.30 | | ████████████████ | $995 | $298.50 | |
| 12/09/2022 | 4.00 | | ██████ | $995 | $3,980.00 | |
| 12/09/2022 | 0.30 | | ██████████████ | $995 | $298.50 | |
| 12/09/2022 | 0.50 | | █████████ | $995 | $497.50 | |
| 12/09/2022 | 2.20 | | ████████████████ | $995 | $2,189.00 | |
| 12/09/2022 | 2.10 | | ███████████ | $995 | $2,089.50 | |
| 12/12/2022 | 4.20 | | ████████████████ | $995 | $4,179.00 | |
| 12/12/2022 | 4.20 | | ██████ | $995 | $4,179.00 | |
| 12/13/2022 | 0.20 | | ██████████ | $995 | $199.00 | |
| 12/13/2022 | 3.20 | | █████ | $995 | $3,184.00 | |
| 12/13/2022 | 0.30 | | █████████ | $995 | $298.50 | |
| 12/14/2022 | 3.00 | | ██████ | $995 | $2,985.00 | |
| 12/14/2022 | 3.50 | | █████████████ | $995 | $3,482.50 | |
| 12/14/2022 | 2.50 | | ███████████ | $995 | $2,487.50 | |
| 12/14/2022 | 0.20 | | ██████████████ | $995 | $199.00 | |
| 12/14/2022 | 0.20 | | ███ | $995 | $199.00 | |
| 12/14/2022 | 0.20 | | █████████████ | $995 | $199.00 | |
| 12/15/2022 | 0.50 | | ███████████████ | $995 | $497.50 | |

| Date | Time Expended | Total | Work Description | CurrentHourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 12/15/2022 | 0.10 | | █████████████ | $995 | $99.50 | |
| 12/15/2022 | 0.20 | | ████████████████ | $995 | $199.00 | |
| 12/15/2022 | 0.20 | | ████████████████████ | $995 | $199.00 | |
| 12/16/2022 | 0.20 | | ██████████ | $995 | $199.00 | |
| 12/16/2022 | 0.20 | | █████████ | $995 | $199.00 | |
| 12/16/2022 | 0.20 | | ██████████████████ | $995 | $199.00 | |
| 12/16/2022 | 0.20 | | ███ | $995 | $199.00 | |
| 12/16/2022 | 0.20 | | ████████ | $995 | $199.00 | |
| 12/22/2022 | 0.10 | | ███████ | $995 | $99.50 | |
| 12/22/2022 | 0.20 | | ██████████████████ | $995 | $199.00 | |
| 12/27/2022 | 0.20 | | ████████ | $995 | $199.00 | |
| 12/29/2022 | 0.50 | | ████████████████ | $995 | $497.50 | |
| 12/29/2022 | 0.10 | | ████ | $995 | $99.50 | |
| 01/04/2023 | 0.10 | | ██████████████ | $995 | $99.50 | |
| 01/11/2023 | 1.50 | | ██████████████ | $995 | $1,492.50 | |
| 01/11/2023 | 0.30 | | ████ | $995 | $298.50 | |
| 01/12/2023 | 0.20 | | ████████████████ | $995 | $199.00 | |
| 01/12/2023 | 0.20 | | ████ | $995 | $199.00 | |
| 01/12/2023 | 0.10 | | █████████████ | $995 | $99.50 | |
| 01/12/2023 | 0.10 | | █████████████ | $995 | $99.50 | |
| 01/12/2023 | 0.20 | | █████████████ | $995 | $199.00 | |
| 01/13/2023 | 0.10 | | ████ | $995 | $99.50 | |
| 01/13/2023 | 0.20 | | █████████████ | $995 | $199.00 | |
| 01/17/2023 | 0.10 | | ██████████ | $995 | $99.50 | |
| 01/17/2023 | 0.10 | | ███████████ | $995 | $99.50 | |

| Date | Time Expended | Total | Work Description | Current Hourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 01/18/2023 | 1.50 | | | $995 | $1,492.50 | |
| 01/18/2023 | 0.20 | | | $995 | $199.00 | |
| 01/19/2023 | 0.20 | | | $995 | $199.00 | |
| 01/19/2023 | 0.10 | | | $995 | $99.50 | |
| 01/23/2023 | 0.10 | | | $995 | $99.50 | |
| 01/23/2023 | 1.50 | | | $995 | $1,492.50 | |
| 01/23/2023 | 0.20 | | | $995 | $199.00 | |
| 01/23/2023 | 0.30 | | | $995 | $298.50 | |
| 01/25/2023 | 0.50 | | | $995 | $497.50 | |
| 02/01/2023 | 0.20 | | | $995 | $199.00 | |
| 02/03/2023 | 0.20 | | | $995 | $199.00 | |
| 02/03/2023 | 0.20 | | | $995 | $199.00 | |
| 02/03/2023 | 0.20 | | | $995 | $199.00 | |
| 02/06/2023 | 1.50 | | | $995 | $1,492.50 | |
| 02/06/2023 | 5.50 | | | $995 | $5,472.50 | |
| 03/02/2023 | 0.30 | | | $995 | $298.50 | |
| 03/16/2023 | 0.30 | | | $995 | $298.50 | |
| 03/16/2023 | 0.10 | | | $995 | $99.50 | |
| 03/17/2023 | 0.50 | | | $995 | $497.50 | |
| 03/24/2023 | 0.20 | | | $995 | $199.00 | |
| 03/27/2023 | 0.10 | | | $995 | $99.50 | |
| 04/04/2023 | 0.20 | | | $995 | $199.00 | |
| 04/14/2023 | 0.50 | | | $995 | $497.50 | |

| Date | Time Expended | Total | Work Description | CurrentHourly Rate | Value | Total Value |
|------|-----|-----|------|-----|-----|-----|
| 04/25/2023 | 0.30 | | | $995 | $298.50 | |
| 05/05/2023 | 1.40 | | | $995 | $1,393.00 | |
| 05/05/2023 | 0.10 | | | $995 | $99.50 | |
| 05/05/2023 | 0.20 | | | $995 | $199.00 | |
| 05/05/2023 | 0.20 | | | $995 | $199.00 | |
| 05/05/2023 | 0.20 | | | $995 | $199.00 | |
| 05/08/2023 | 0.30 | | | $995 | $298.50 | |
| 05/31/2023 | 0.50 | | | $995 | $497.50 | |
| 06/01/2023 | 0.10 | | | $995 | $99.50 | |
| 06/01/2023 | 1.50 | | | $995 | $1,492.50 | |
| 06/02/2023 | 0.50 | | | $995 | $497.50 | |
| 06/05/2023 | 0.10 | | | $995 | $99.50 | |
| 06/05/2023 | 0.20 | | | $995 | $199.00 | |
| 06/07/2023 | 0.50 | | | $995 | $497.50 | |
| 07/06/2023 | 0.40 | | | $995 | $398.00 | |
| 07/10/2023 | 1.30 | | | $995 | $1,293.50 | |
| 07/11/2023 | 1.10 | | | $995 | $1,094.50 | |
| 07/26/2023 | 1.30 | | | $995 | $1,293.50 | |
| 07/26/2023 | 0.50 | | | $995 | $497.50 | |
| 07/27/2023 | 0.10 | | | $995 | $99.50 | |
| 08/21/2023 | 0.20 | | | $995 | $199.00 | |

| Date | Time Expended | Total | Work Description | Current Hourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 10/31/2023 | 0.20 | | ███████████████████ | $995 | $199.00 | |
| 11/03/2023 | 0.10 | | ███████████████████ | $995 | $99.50 | |
| 11/03/2023 | 0.20 | | ██████████████ | $995 | $199.00 | |
| 11/03/2023 | 0.50 | | ███████████████████ ███ | $995 | $497.50 | |
| 11/14/2023 | 0.20 | | ██████████████████ | $995 | $199.00 | |
| 11/14/2023 | 1.00 | | ███████████████████ | $995 | $995.00 | |
| 11/15/2023 | 0.50 | | ██████████████ | $995 | $497.50 | |
| 11/20/2023 | 0.30 | | ████████████ | $995 | $298.50 | |
| **Total: Stephen R. Basser** | | **71.80** | | | | **$71,441.00** |
| | | | | | | |
| **Paralegals:** | | | | | | |
| **Time: Gavin R. O'Hara** | | | | | | |
| 12/07/2022 | 0.30 | | ████████████████████ | $400 | $120.00 | |
| 12/08/2022 | 1.00 | | ████████████████████ ████████████████████ ███████████████ | $400 | $400.00 | |
| 12/09/2022 | 0.30 | | ██████████████████ | $400 | $120.00 | |
| 12/09/2022 | 1.50 | | ███████████████ ███████████████████ | $400 | $600.00 | |
| 12/16/2022 | 0.30 | | ██████████████████ ███████████████████ | $400 | $120.00 | |
| 12/16/2022 | 1.00 | | █████████████████████ ███████████████████ ███ | $400 | $400.00 | |
| 12/19/2022 | 0.30 | | ███████████████████ ████████ | $400 | $120.00 | |

| Date | Time Expended | Total | Work Description | CurrentHourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 12/30/2022 | 0.20 | | ██████████████ ████ | $400 | $80.00 | |
| 01/10/2023 | 0.30 | | █████████████ ███ | $400 | $120.00 | |
| 01/10/2023 | 0.30 | | █████████████ | $400 | $120.00 | |
| 01/11/2023 | 0.50 | | ████████████ ████████████ █████████████ | $400 | $200.00 | |
| 01/11/2023 | 0.20 | | █████████████ | $400 | $80.00 | |
| 01/12/2023 | 0.30 | | ██████████████ ██████████████ ██ | $400 | $120.00 | |
| 02/02/2023 | 0.20 | | ██████████████ █████████████ | $400 | $80.00 | |
| 02/02/2023 | 0.20 | | █████████████ ███████████████ █ | $400 | $80.00 | |
| 02/06/2023 | 0.20 | | ████████████ | $400 | $80.00 | |
| 03/02/2023 | 0.30 | | █████████████ ██ | $400 | $120.00 | |
| 04/03/2023 | 0.30 | | █████████████ ███ | $400 | $120.00 | |
| 05/05/2023 | 0.30 | | ████████████ | $400 | $120.00 | |
| 05/05/2023 | 0.20 | | █████████████ | $400 | $80.00 | |
| 05/11/2023 | 0.50 | | ██████████████ ██████████ | $400 | $200.00 | |
| 05/19/2023 | 0.30 | | ██████████████ ████████ | $400 | $120.00 | |

| Date | Time Expended | Total | Work Description | CurrentHourly Rate | Value | Total Value |
|---|---|---|---|---|---|---|
| 05/19/2023 | 0.20 | | | $400 | $80.00 | |
| 07/06/2023 | 0.20 | | | $400 | $80.00 | |
| 07/10/2023 | 0.20 | | | $400 | $80.00 | |
| 07/26/2023 | 0.30 | | | $400 | $120.00 | |
| 10/24/2023 | 0.25 | | | $400 | $100.00 | |
| 10/25/2023 | 0.50 | | | $400 | $200.00 | |
| 11/13/2023 | 0.25 | | | $400 | $100.00 | |
| 11/13/2023 | 0.25 | | | $400 | $100.00 | |
| 11/13/2023 | 0.25 | | | $400 | $100.00 | |
| 11/14/2023 | 0.25 | | | $400 | $100.00 | |
| 11/14/2023 | 0.50 | | | $400 | $200.00 | |
| 11/16/2023 | 0.25 | | | $400 | $100.00 | |
| 11/20/2023 | 0.50 | | | $400 | $200.00 | |
| **Total: Gavin R. O'Hara** | | **12.90** | | | | **$5,160.00** |
| | | | | | | |
| **Grand Total:** | **123.90** | **123.90** | | | **$108,353.00** | **$108,353.00** |

| Client | Trans Date | Tkpr | H I | Tcode/ Task Code | Stmt# Rate | Hours to Bill | Amount | | Ref# |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 20221065.000 Aurora Health** | | | | | | | | | |
| 20221065.000 | 10/26/2022 | 92 | A | 5 | | 0.50 | 0.00 | | ARCH |
| 20221065.000 | 10/27/2022 | 92 | **A** | 5 | | 2.50 | 0.00 | | |
| 20221065.000 | 10/27/2022 | 92 | A | 5 | | 0.30 | 0.00 | | |
| 20221065.000 | 11/01/2022 | 43 | A | 5 | | 0.50 | 0.00 | | ARCH |
| 20221065.000 | 11/02/2022 | 92 | A | 5 | | 1.00 | 0.00 | | ARCH |
| 20221065.000 | 11/03/2022 | 92 | A | 5 | | 4.30 | 0.00 | | ARCH |
| 20221065.000 | 11/03/2022 | 58 | **H** | 59 | | | 402.00 | | 2 |
| 20221065.000 | 11/03/2022 | 43 | p | 5 | | 5.00 | 0.00 | | 62 |
| 20221065.000 | 11/03/2022 | 43 | p | 5 | | 5.00 | 0.00 | | 75 |
| 20221065.000 | 11/16/2022 | 58 | **H** | 76 | | | 329.00 | | 1 |
| 20221065.000 | 11/17/2022 | 92 | **A** | 5 | | 0.50 | 0.00 | | ARCH |
| 20221065.000 | 11/21/2022 | 92 | **A** | 5 | | 0.50 | 0.00 | | ARCH |
| 20221065.000 | 11/21/2022 | 92 | A | 5 | | 0.10 | 0.00 | | ARCH |
| 20221065.000 | 11/22/2022 | 92 | A | 5 | | 0.30 | 0.00 | | ARCH |
| 20221065.000 | 12/14/2022 | 92 | A | 5 | | 0.30 | 0.00 | | ARCH |
| 20221065.000 | 12/14/2022 | 43 | A | 5 | | 1.00 | 0.00 | | ARCH |
| 20221065.000 | 12/16/2022 | 92 | A | 5 | | 0.30 | 0.00 | | ARCH |
| 20221065.000 | 12/22/2022 | 92 | A | 5 | | 0.20 | 0.00 | | ARCH |
| 20221065.000 | 12/23/2022 | 92 | A | 5 | | 0.10 | 0.00 | | ARCH |
| 20221065.000 | 12/23/2022 | 43 | A | 5 | | 0.50 | 0.00 | | ARCH |
| 20221065.000 | 12/29/2022 | 92 | A | 5 | | 0.30 | 0.00 | | ARCH |
| 20221065.000 | 01/11/2023 | 92 | A | 5 | | 1.50 | 0.00 | | ARCH |
| 20221065.000 | 01/11/2023 | 43 | P | 5 | | 6.00 | 0.00 | | 63 |
| 20221065.000 | 01/12/2023 | 92 | A | 5 | | 5.00 | 0.00 | | ARCH |
| 20221065.000 | 01/12/2023 | 43 | A | 5 | | 1.00 | 0.00 | | ARCH |
| 20221065.000 | 01/13/2023 | 92 | A | 5 | | 3.00 | 0.00 | | ARCH |
| 20221065.000 | 01/13/2023 | 92 | A | 5 | | 1.00 | 0.00 | | ARCH |
| 20221065.000 | 01/13/2023 | 43 | P | 5 | | 6.50 | 0.00 | | 64 |
| 20221065.000 | 01/16/2023 | 92 | A | 5 | | 1.50 | 0.00 | | ARCH |
| 20221065.000 | 01/17/2023 | 92 | A | 5 | | 2.00 | 0.00 | | ARCH |
| 20221065.000 | 01/18/2023 | 92 | A | 5 | | 2.00 | 0.00 | | ARCH |
| 20221065.000 | 01/19/2023 | 92 | A | 5 | | 5.00 | 0.00 | | ARCH |
| 20221065.000 | 01/19/2023 | 43 | P | 5 | | **4.00** | 0.00 | | 65 |
| 20221065.000 | 01/20/2023 | 92 | A | 5 | | **4.00** | 0.00 | | ARCH |
| 20221065.000 | 01/20/2023 | 43 | P | 5 | | **4.00** | 0.00 | | 66 |
| 20221065.000 | 01/23/2023 | 92 | A | 5 | | 2.50 | 0.00 | | ARCH |
| 20221065.000 | 01/23/2023 | 43 | P | 5 | | 4.00 | 0.00 | | 67 |
| 20221065.000 | 01/24/2023 | 43 | A | 5 | | 1.00 | 0.00 | | ARCH |
| 20221065.000 | 02/03/2023 | 43 | P | 5 | | 4.00 | 0.00 | | 68 |
| 20221065.000 | 02/06/2023 | 92 | A | 5 | | 4.50 | 0.00 | | ARCH |
| 20221065.000 | 02/06/2023 | 43 | A | 5 | | 7.00 | 0.00 | | ARCH |
| 20221065.000 | 02/06/2023 | 58 | **H** | 76 | | | 34.04 | | 3 |
| 20221065.000 | 02/22/2023 | 92 | A | 5 | | 0.20 | 0.00 | | ARCH |



| Client | Trans Date | Tkpr | H t | Tcode/ Task Code | Stmt# Rate | Hours to Bill | Amount | Ref# |
|--------|-----------|------|-----|------------------|------------|---------------|--------|------|
| **Client ID 20221065.000 Aurora Health** | | | | | | | | |
| 20221065.000 | 02/27/2023 | 92 | A | 5 | | 1.20 | 0.00 | ARCH |
| 20221065.000 | 02/27/2023 | 92 | A | 5 | | 0.10 | 0.00 | ARCH |
| 20221065.000 | 02/28/2023 | 92 | A | 5 | | 1.70 | 0.00 | ARCH |
| 20221065.000 | 02/28/2023 | 43 | P | 5 | | 1.50 | 0.00 | 69 |
| 20221065.000 | 03/02/2023 | 92 | A | 5 | | 3.00 | 0.00 | ARCH |
| 20221065.000 | 03/02/2023 | 11 | A | 5 | | 1.30 | 0.00 | ARCH |
| 20221065.000 | 03/02/2023 | 43 | P | 5 | | 1.50 | 0.00 | 70 |
| 20221065.000 | 03/03/2023 | 92 | A | 5 | | 3.20 | 0.00 | ARCH |
| 20221065.000 | 03/03/2023 | 39 | A | 5 | | 0.80 | 0.00 | ARCH |
| 20221065.000 | 03/03/2023 | 43 | P | 5 | | 3.00 | 0.00 | 71 |
| 20221065.000 | 03/07/2023 | 92 | A | 5 | | 0.20 | 0.00 | ARCH |
| 20221065.000 | 03/22/2023 | 92 | A | 5 | | 0.10 | 0.00 | ARCH |
| 20221065.000 | 05/05/2023 | 92 | P | 5 | | 0.60 | 0.00 | 43 |
| 20221065.000 | 05/31/2023 | 43 | p | 5 | | 4.50 | 0.00 | 72 |
| 20221065.000 | 06/01/2023 | 58 | P | 76 | | | 21.75 | 4 |
| 20221065.000 | 06/01/2023 | 43 | P | 5 | 10.00 | | 0.00 | 44 |
| 20221065.000 | 06/02/2023 | 43 | P | 5 | | 0.50 | 0.00 | 45 |
| 20221065.000 | 08/09/2023 | 92 | P | 5 | | 4.00 | 0.00 | 46 |
| 20221065.000 | 08/09/2023 | 43 | p | 5 | | 4.50 | 0.00 | 80 |
| 20221065.000 | 08/10/2023 | 92 | P | 5 | | 5.00 | 0.00 | 47 |
| 20221065.000 | 08/10/2023 | 43 | p | 5 | | 1.50 | 0.00 | 51 |
| 20221065.000 | 08/21/2023 | 92 | P | 5 | | 0.20 | 0.00 | 48 |
| 20221065.000 | 08/25/2023 | 92 | P | 5 | | 0.30 | 0.00 | 49 |
| 20221065.000 | 08/29/2023 | 92 | P | 5 | | 0.20 | 0.00 | 52 |
| 20221065.000 | 11/10/2023 | 92 | P | 5 | | 1.00 | 0.00 | 53 |
| 20221065.000 | 11/10/2023 | 92 | P | 5 | | 1.00 | 0.00 | 54 |
| 20221065.000 | 11/15/2023 | 92 | P | 5 | | 1.00 | 0.00 | 55 |
| 20221065.000 | 11/15/2023 | 43 | p | 5 | | 1.00 | 0.00 | 56 |
| 20221065.000 | 01/05/2024 | 43 | p | 5 | | 1.00 | 0.00 | 57 |
| 20221065.000 | 02/08/2024 | 92 | P | 5 | | 2.70 | 0.00 | 58 |
| 20221065.000 | 02/08/2024 | 39 | P | 5 | | 1.20 | 0.00 | 61 |
| 20221065.000 | 02/11/2024 | 92 | P | 5 | | 9.00 | 0.00 | 60 |
| 20221065.000 | 02/11/2024 | 43 | p | 5 | | 7.00 | 0.00 | 73 |
| 20221065.000 | 02/20/2024 | 92 | P | 5 | | 3.20 | 0.00 | 59 |
| 20221065.000 | 02/20/2024 | 43 | P | 5 | | 3.00 | 0.00 | 74 |

| **Total for Client ID 20221065.000** | | | Billable | 172.90 | 786.79 | Aurora Health |
|---|---|---|---|---|---|---|

Consumer Data Breach

**GRAND TOTALS**

| | | Billable | 172.90 | $143,349.00 Lodestar | $786.79 Expenses |
|---|---|---|---|---|---|



CCLC

*In re Advocate Aurora Health Pixel Litigation*, Case No. 2:22-cv-1253 (E.D. WIs.)

**Bryan Thompson**



| Date | Description | hrs. | Rate | Total | Billed By |
|---|---|---|---|---|---|
| 10/21/2022 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 10/22/2022 | | 1.4 | $ 550.00 | $ 770.00 | Bryan Thompson |
| 10/22/2022 | | 2.9 | $ 550.00 | $ 1,595.00 | Bryan Thompson |
| 10/22/2022 | | 4.8 | $ 550.00 | $ 2,640.00 | Bryan Thompson |
| 10/22/2022 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 10/28/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 10/23/2022 | | 1 | $ 550.00 | $ 550.00 | Bryan Thompson |
| 10/24/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 10/28/2022 | | 2.4 | $ 550.00 | $ 1,320.00 | Bryan Thompson |
| 11/22/2022 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 11/22/2022 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 11/22/2022 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 11/23/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 11/23/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 11/29/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 12/1/2022 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 12/2/2022 | | 1.3 | $ 550.00 | $ 715.00 | Bryan Thompson |
| 12/2/2022 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 12/4/2022 | | 0.9 | $ 550.00 | $ 495.00 | Bryan Thompson |
| 12/5/2022 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 12/7/2022 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 12/14/2022 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 12/15/2022 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 12/16/2022 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 12/17/2022 | | 1.4 | $ 550.00 | $ 770.00 | Bryan Thompson |
| 12/19/2022 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 1/9/2023 | | 2.3 | $ 550.00 | $ 1,265.00 | Bryan Thompson |
| 1/21/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 2/1/2023 | | 0.6 | $ 550.00 | $ 330.00 | Bryan Thompson |
| 2/22/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 2/23/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 2/23/2023 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 2/27/2023 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 2/27/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 3/14/2023 | | 0.9 | $ 550.00 | $ 495.00 | Bryan Thompson |
| 3/14/2023 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 3/15/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 3/15/2023 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 3/15/2023 | | 0.6 | $ 550.00 | $ 330.00 | Bryan Thompson |
| 3/16/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 3/28/2023 | | 0.6 | $ 550.00 | $ 330.00 | Bryan Thompson |
| 3/31/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 4/3/2023 | | 1.2 | $ 550.00 | $ 660.00 | Bryan Thompson |
| 4/6/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 4/6/2023 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 5/5/2023 | | 3.1 | $ 550.00 | $ 1,705.00 | Bryan Thompson |
| 5/5/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 6/1/2023 | | 8.5 | $ 550.00 | $ 4,675.00 | Bryan Thompson |
| 6/2/2023 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 6/2/2023 | | 0.6 | $ 550.00 | $ 330.00 | Bryan Thompson |
| 6/2/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 6/6/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 7/10/2023 | | 1.8 | $ 550.00 | $ 990.00 | Bryan Thompson |
| 7/10/2023 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 7/26/2023 | | 1.4 | $ 550.00 | $ 770.00 | Bryan Thompson |
| 7/26/2023 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 7/27/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 7/27/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 8/11/2023 | | 0.8 | $ 550.00 | $ 440.00 | Bryan Thompson |
| 8/21/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 9/15/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 10/5/2023 | | 0.1 | $ 550.00 | $ 55.00 | Bryan Thompson |
| 11/3/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 11/15/2023 | | 1.6 | $ 550.00 | $ 880.00 | Bryan Thompson |
| 11/15/2023 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 11/15/2023 | | 0.6 | $ 550.00 | $ 330.00 | Bryan Thompson |
| 11/16/2023 | | 0.4 | $ 550.00 | $ 220.00 | Bryan Thompson |
| 11/16/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 11/17/2023 | | 0.3 | $ 550.00 | $ 165.00 | Bryan Thompson |
| 11/20/2023 | | 0.5 | $ 550.00 | $ 275.00 | Bryan Thompson |
| 12/19/2023 | | 1.3 | $ 550.00 | $ 715.00 | Bryan Thompson |
| 2/23/2024 | | 0.7 | $ 550.00 | $ 385.00 | Bryan Thompson |
| 2/23/2024 | | 1.3 | $ 550.00 | $ 715.00 | Bryan Thompson |
| 3/6/2024 | | 0.7 | $ 550.00 | $ 385.00 | Bryan Thompson |
| 3/7/2024 | | 0.2 | $ 550.00 | $ 110.00 | Bryan Thompson |
| 3/11/2024 | | 0.7 | $ 550.00 | $ 385.00 | Bryan Thompson |
| | | 59.2 | | $ 32,560.00 | |

**Robert Harrer**

| Date | Description | hrs. | Rate | Total | Billed By |
|---|---|---|---|---|---|
| 10/22/2022 | | 2.2 | $ 550.00 | $ 1,210.00 | Rob Harrer |
| 11/22/2022 | | 0.1 | $ 550.00 | $ 55.00 | Rob Harrer |

| Date | | | | | Rate | | Amount | Name |
|---|---|---|---|---|---|---|---|---|
| 12/2/2022 | | | | 0.5 | $ 550.00 | $ | 275.00 | Rob Harrer |
| 5/5/2023 | | | | 0.5 | $ 550.00 | $ | 275.00 | Rob Harrer |
| 6/2/2023 | | | | 0.5 | $ 550.00 | $ | 275.00 | Rob Harrer |
| 12/19/2023 | | | | 0.2 | $ 550.00 | $ | 110.00 | Rob Harrer |
| 2/23/2024 | | | | 1.4 | $ 550.00 | $ | 770.00 | Rob Harrer |
| | | | | 5.4 | | $ | 2,970.00 | |

| Westlaw/Pacer | Copies | Filing Fees | Postage | Travel | TOTAL |
|---|---|---|---|---|---|
| | | $888.50 ($223 admission fee, $65 Service of Process, $600.50 filing fee for state court where originally filed) | | | $888.50 |

| Date | Received From/Paid To | Fees | Explanation |
|------|----------------------|------|-------------|
| Dec 14/2022 | Lawyer: NJHC  0.10 Hrs X 750.0 | $    75.00 | |
| Dec 15/2022 | Lawyer: MF  2.90 Hrs X 650.00 | $  1,885.00 | |
| Dec 15/2022 | Lawyer: NJHC  0.10 Hrs X 750.0 | $    75.00 | |
| Dec 15/2022 | Lawyer: PL  1.00 Hrs X 250.00 | $   250.00 | |
| Dec 16/2022 | Lawyer: PL  1.00 Hrs X 250.00 | $   250.00 | |
| Dec 16/2022 | Lawyer: MF  0.30 Hrs X 650.00 | $   195.00 | |
| Dec 19/2022 | Lawyer: MF  0.20 Hrs X 650.00 | $   130.00 | |
| Dec 19/2022 | Lawyer: MF  0.10 Hrs X 650.00 | $    65.00 | |
| Dec 29/2022 | Lawyer: MF  0.10 Hrs X 650.00 | $    65.00 | |
| Jan  3/2023 | Lawyer: MF  0.60 Hrs X 650.00 | $   390.00 | |
| Jan  3/2023 | Lawyer: MF  0.10 Hrs X 650.00 | $    65.00 | |

Jan 11/2023   Lawyer: MF  0.70 Hrs X 650.00   $     455.00

Jan 12/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

Feb  2/2023   Lawyer: MF  0.10 Hrs X 650.00   $      65.00

Feb  3/2023   Lawyer: MF  0.40 Hrs X 650.00   $     260.00

May  5/2023   Lawyer: PL  0.40 Hrs X 250.00   $     100.00

May  5/2023   Lawyer: NJHC  1.30 Hrs X 750.0   $     975.00

May  5/2023   Lawyer: MF  3.40 Hrs X 650.00   $   2,210.00

May  8/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

May 12/2023   Lawyer: MF  0.70 Hrs X 650.00   $     455.00

Jun  5/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

Jun  6/2023   Lawyer: MF  0.10 Hrs X 650.00   $      65.00

Jun  8/2023   Lawyer: MF  0.10 Hrs X 650.00   $      65.00

Jul  6/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

Jul 27/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

Aug 11/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00

Aug 11/2023   Lawyer: MF  0.40 Hrs X 650.00   $     260.00

Aug 22/2023   Lawyer: MF  0.30 Hrs X 650.00   $     195.00

Nov  3/2023   Lawyer: MF  0.10 Hrs X 650.00   $      65.00

Nov  7/2023   Lawyer: MF  0.20 Hrs X 650.00   $     130.00





Nov 14/2023  Lawyer: MF  1.10 Hrs X 650.00  $    715.00

Nov 15/2023  Lawyer: MF  0.80 Hrs X 650.00  $    520.00
Nov 20/2023  Lawyer: MF  0.60 Hrs X 650.00  $    390.00

Nov 21/2023  Lawyer: MF  0.30 Hrs X 650.00  $    195.00

Nov 21/2023  Lawyer: MF  0.60 Hrs X 650.00  $    390.00

Nov 21/2023  Lawyer: NJHC  0.10 Hrs X 750.0 $     75.00
Dec 12/2023  Lawyer: MF  0.10 Hrs X 650.00  $     65.00

Dec 19/2023  Lawyer: MF  0.90 Hrs X 650.00  $    585.00

Feb 15/2024  Lawyer: MF  0.30 Hrs X 650.00  $    195.00  -

Feb 20/2024  Lawyer: MF  0.90 Hrs X 650.00  $    585.00

Feb 21/2024  Lawyer: MF  0.50 Hrs X 650.00  $    325.00

Feb 23/2024  Lawyer: MF  1.20 Hrs X 650.00  $    780.00

Mar  5/2024  Lawyer: MF  0.10 Hrs X 650.00  $     65.00

Mar  7/2024  Lawyer: MF  0.50 Hrs X 650.00  $    325.00



Mar  8/2024  Lawyer: MF  3.30 Hrs X 650.00  $   2,145.00

Mar 13/2024  Lawyer: MF  0.10 Hrs X 650.00  $      65.00

Mar 14/2024  Lawyer: MF  0.70 Hrs X 650.00  $     455.00

**$  17,400.00**

# EMERSON FIRM, PLLC

Attorneys at Law

### DETAILED TIME REPORT

## Advocate Aurora - Inception to December 31, 2023

## Timekeeper: John G. Emerson   Houriy Rate: $950

| DATE | DESCRIPTION OF WORK COMPLETED | TIME |
|------|-------------------------------|------|
| 10-21-22 | | .30 |
| 11-13-22 | | .40 |
| 11-18-22 | | 2.90 |
| 11-19-22 | | .20 |
| 11-24-22 | | .40 |
| 11-26-22 | | .20 |
| 11-27-22 | | .30 |
| 12-01-22 | | 3.10 |



| DATE | DESCRIPTION OF WORK COMPLETED | TIME |
|------|------------------------------|------|
| 12-02-22 |  | .60 |
| 12-08-22 | | .50 |
| 12-09-22 | | .20 |
| 12-10-22 | | .40 |
| 12-11-22 | | 1.30 |
| 12-12-22 | | 2.00 |
| 12-13-22 | | 4.40 |

| DATE | DESCRIPTION OF WORK COMPLETED | TIME |
|------|------------------------------|------|
| 12-14-22 |  | 4.50 |
| 12-15-22 | | .90 |
| 12-18-22 | | .20 |
| 12-19-22 | | 1.30 |
| 12-23-22 | | .20 |
| 1-3-23 | | .20 |
| 1-5-23 | | .10 |
| 1-10-23 | | .20 |
| 1-12-23 | | 2.50 |
| 1-13-23 | | .60 |
| 1-16-23 | | .10 |

| DATE | DESCRIPTION OF WORK COMPLETED | TIME |
|---|---|---|
| 1-17-23 |  | 1.50 |
| 1-18-23 | | .60 |
| 1-19-23 | | .30 |
| 1-20-23 | | .90 |
| 1-21-23 | | .20 |
| 1-22-23 | | .50 |
| 1-23-23 | | .30 |
| 2-3-23 | | .30 |
| 4-22-23 | | .40 |
| 4-23-23 | | .30 |
| 4-25-23 | | .20 |
| 4-26-23 | | .20 |
| 5-5-23 | | 2.00 |
| 5-6-23 | | .30 |
| 5-9-23 | | .30 |

| DATE | DESCRIPTION OF WORK COMPLETED | TIME |
|---|---|---|
| 7-10-23 |  | .30 |
| 7-11-23 | | .40 |
| 7-27-23 | | .40 |
| 8-30-23 | | .20 |
| 9-6-23 | | .40 |
| 11-9-23 | | .20 |
| 11-10-23 | | .80 |
| 11-11-23 | | .10 |
| 11-14-23 | | .20 |
| 11-16-23 | | 1.0 |
| 12-14-23 | | .10 |
| 12-15-23 | | .10 |
| | TOTAL HOURS | 40.50 |

# Kind Law
*In re Advocate Aurora Health Pixel Litigation,* Case No. 2:22-cv-1253 (E.D. Wis.)

| | | film. | Time | Total 1@ 6561 |
|---|---|---|---|---|
| Michael Kind | 10/21/2022 | | 0.34 | $223.04 |
| Michael Kind | 10/22/2022 | | 4.46 | $2,925.76 |
| Michael Kind | 10/22/2022 | | 8.82 | $5,785.92 |
| Michael Kind | 10/28/22 | | 2.87 | $1,882.72 |
| Michael Kind | 11/22/2022 | | 0.38 | $249.28 |
| Michael Kind | 11/22/2022 | | 0.44 | $288.64 |
| Michael Kind | 11/22/2022 | | 0.39 | $255.84 |
| Michael Kind | 11/23/2022 | | 0.25 | $164.00 |
| Michael Kind | 11/29/2022 | | 0.24 | $157.44 |
| Michael Kind | 12/1/2022 | | 0.1 | $65.60 |
| Michael Kind | 12/05/22 | | 0.83 | $544.48 |
| Michael Kind | 12/14/2022 | | 0.12 | $78.72 |
| Michael Kind | 12/15/2022 | | 0.43 | $282.08 |
| Michael Kind | 12/16/2022 | | 0.12 | $78.72 |
| Michael Kind | 12/17/2022 | | 3.51 | $2,302.56 |
| Michael Kind | 12/19/2022 | | 0.12 | $78.72 |
| Michael Kind | 1/9/2023 | | 7.42 | $4,867.52 |
| Michael Kind | 1/21/2023 | | 0.21 | $137.76 |
| Michael Kind | 2/22/2023 | | 0.57 | $373.92 |
| Michael Kind | 2/23/2023 | | 0.1 | $65.60 |
| Michael Kind | 2/27/2023 | | 0.55 | $360.80 |
| Michael Kind | 3/14/2023 | | 3.63 | $2,381.28 |
| Michael Kind | 3/15/2023 | | 0.14 | $91.84 |
| Michael Kind | 3/15/2023 | | 0.84 | $551.04 |
| Michael Kind | 3/15/2023 | | 0.61 | $400.16 |
| Michael Kind | 3/16/2023 | | 0.12 | $78.72 |
| Michael Kind | 3/28/2023 | | 0.64 | $419.84 |
| Michael Kind | 4/6/2023 | | 0.1 | $65.60 |
| Michael Kind | 4/6/2023 | | 0.33 | $216.48 |
| Michael Kind | 5/5/2023 | | 2.43 | $1,594.08 |
| Michael Kind | 6/1/2023 | | 0.84 | $551.04 |
| Michael Kind | 6/2/2023 | | 1.92 | $1,259.52 |
| Michael Kind | 6/6/2023 | | 0.22 | $144.32 |
| Michael Kind | 07/10/23 | | 3.84 | $2,519.04 |
| Michael Kind | 07/26/23 | | 2.76 | $1,810.56 |
| Michael Kind | 07/27/23 | | 0.52 | $341.12 |
| Michael Kind | 08/11/23 | | 0.63 | $413.28 |
| Michael Kind | 08/21/23 | | 0.62 | $406.72 |
| Michael Kind | 10/05/23 | | 0.13 | $85.28 |
| Michael Kind | 11/03/23 | | 0.24 | $157.44 |
| Michael Kind | 11/15/23 | | 3.22 | $2,112.32 |
| Michael Kind | 11/15/23 | | 0.83 | $544.48 |
| Michael Kind | 11/17/23 | | 0.24 | $157.44 |
| Michael Kind | 11/20/23 | | 1.88 | $1,233.28 |
| Michael Kind | 12/19/23 | | 2.3 | $1,508.80 |
| Michael Kind | 02/23/24 | | 0.42 | $275.52 |
| Michael Kind | 03/06/24 | | 0.57 | $373.92 |
| | **TOTALS** | | **62.29** | **$40,862.24** |

# Lyon Law

*In re Advocate Aurora Health Pixel Litigation*, No. 2:22-cv-1253 (E.D. Wis.)

| Date | User | Rate/Cost | Duration / Quantity | Total | Description |
|------|------|-----------|---------------------|-------|-------------|
| 11/18/2022 | Keianna Coulter | $175.00 | 0.7 | $122.50 | |
| 11/29/2022 | Keianna Coulter | $175.00 | 0.5 | $87.50 | |
| 12/17/2022 | Keianna Coulter | $175.00 | 0.2 | $35.00 | |
| 1/20/2023 | Keianna Coulter | $175.00 | 0.5 | $87.50 | |
| 2/2/2024 | Keianna Coulter | $175.00 | 0.1 | $17.50 | |
| | | | | | |
| Individual Total Keianna Coulter | | $175.00 | 2 | $350.00 | |
| | | | | | |
| 5/4/2023 | Kevin Cox | $575.00 | 1.5 | $862.50 | |
| 6/7/2023 | Kevin Cox | $575.00 | 0.3 | $172.50 | |
| 7/27/2023 | Kevin Cox | $575.00 | 1.5 | $862.50 | |
| | | | | | |
| Individual Total Kevin Cox | | $575.00 | 3.3 | $1,897.50 | |
| | | | | | |
| 10/19/2022 | Joe Lyon | $875.00 | 1.1 | $962.50 | |
| 10/20/2022 | Joe Lyon | $875.00 | 1 | $875.00 | |
| 10/25/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 10/27/2022 | Joe Lyon | $875.00 | 3.2 | $2,800.00 | |
| 11/17/2022 | Joe Lyon | $875.00 | 1.1 | $962.50 | |
| 11/18/2022 | Joe Lyon | $875.00 | 0.4 | $350.00 | |
| 11/19/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 11/21/2022 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 11/21/2022 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 11/21/2022 | Joe Lyon | $875.00 | 2.7 | $2,362.50 | |
| 11/30/2022 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 12/10/2022 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 12/13/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 12/14/2022 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 12/15/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 12/16/2022 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 12/22/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 12/23/2022 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 12/29/2022 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 1/5/2023 | Joe Lyon | $875.00 | 0.7 | $612.50 | |
| 1/20/2023 | Joe Lyon | $875.00 | 2.1 | $1,837.50 | |
| 1/23/2023 | Joe Lyon | $875.00 | 1.7 | $1,487.50 | |
| 1/31/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 1/31/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 2/5/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 2/6/2023 | Joe Lyon | $875.00 | 3.5 | $3,062.50 | |
| 2/6/2023 | Joe Lyon | $875.00 | 4.5 | $3,937.50 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.4 | $350.00 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.4 | $350.00 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.4 | $350.00 | |
| 2/22/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 | |
| 2/23/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 | |
| 2/24/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 | |
| 2/27/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 2/28/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 | |
| 3/7/2023 | Joe Lyon | $875.00 | 1 | $875.00 | |
| 3/8/2023 | Joe Lyon | $875.00 | 1.2 | $1,050.00 | |
| 3/13/2023 | Joe Lyon | $875.00 | 0.6 | $525.00 | |
| 3/21/2023 | Joe Lyon | $875.00 | 8.7 | $7,612.50 | |
| 3/22/2023 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 3/22/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 3/22/2023 | Joe Lyon | $875.00 | 3.1 | $2,712.50 | |
| 3/23/2023 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 3/23/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |
| 3/23/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 | |
| 3/23/2023 | Joe Lyon | $875.00 | 1.1 | $962.50 | |
| 4/3/2023 | Joe Lyon | $875.00 | 2.3 | $2,012.50 | |
| 4/6/2023 | Joe Lyon | $875.00 | 1.7 | $1,487.50 | |
| 4/13/2023 | Joe Lyon | $875.00 | 2.1 | $1,837.50 | |
| 5/5/2023 | Joe Lyon | $875.00 | 1.7 | $1,487.50 | |
| 5/31/2023 | Joe Lyon | $875.00 | 2.4 | $2,100.00 | |
| 6/1/2023 | Joe Lyon | $875.00 | 0.1 | $87.50 | |
| 6/1/2023 | Joe Lyon | $875.00 | 0.4 | $350.00 | |
| 6/1/2023 | Joe Lyon | $875.00 | 8.5 | $7,437.50 | |
| 6/3/2023 | Joe Lyon | $875.00 | 1.1 | $962.50 | |
| 6/5/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 | |



| Date | Attorney | Rate | Hours | Amount |
|---|---|---|---|---|
| 6/6/2023 | Joe Lyon | $875.00 | 0.1 | $87.50 |
| 7/6/2023 | Joe Lyon | $875.00 | 3.2 | $2,800.00 |
| 7/10/2023 | Joe Lyon | $875.00 | 1.3 | $1,137.50 |
| 7/27/2023 | Joe Lyon | $875.00 | 1.2 | $1,050.00 |
| 8/8/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 8/9/2023 | Joe Lyon | $875.00 | 2.1 | $1,837.50 |
| 8/10/2023 | Joe Lyon | $875.00 | 5.4 | $4,725.00 |
| 8/11/2023 | Joe Lyon | $875.00 | 2.1 | $1,837.50 |
| 8/14/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| 8/16/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 8/21/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 |
| 9/23/2023 | Joe Lyon | $875.00 | 3 | $2,625.00 |
| 10/19/2023 | Joe Lyon | $875.00 | 1 | $875.00 |
| 10/25/2023 | Joe Lyon | $875.00 | 1 | $875.00 |
| 10/26/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 10/26/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 |
| 10/26/2023 | Joe Lyon | $875.00 | 1.3 | $1,137.50 |
| 10/27/2023 | Joe Lyon | $875.00 | 1.2 | $1,050.00 |
| 10/28/2023 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 11/16/2023 | Joe Lyon | $875.00 | 1.2 | $1,050.00 |
| 12/10/2023 | Joe Lyon | $875.00 | 0.5 | $437.50 |
| 12/12/2023 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| 12/27/2023 | Joe Lyon | $875.00 | 2.1 | $1,837.50 |
| 1/6/2024 | Joe Lyon | $875.00 | 0.6 | $525.00 |
| 1/6/2024 | Joe Lyon | $875.00 | 2 | $1,750.00 |
| 1/10/2024 | Joe Lyon | $875.00 | 0.1 | $87.50 |
| 1/11/2024 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| 1/15/2024 | Joe Lyon | $875.00 | 1 | $875.00 |
| 1/15/2024 | Joe Lyon | $875.00 | 2.2 | $1,925.00 |
| 1/19/2024 | Joe Lyon | $875.00 | 0.1 | $87.50 |
| 2/13/2024 | Joe Lyon | $875.00 | 0.5 | $437.50 |
| 2/17/2024 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 2/17/2024 | Joe Lyon | $875.00 | 1 | $875.00 |
| 2/17/2024 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| 2/17/2024 | Joe Lyon | $875.00 | 1 | $875.00 |
| 2/17/2024 | Joe Lyon | $875.00 | 1.1 | $962.50 |
| 2/17/2024 | Joe Lyon | $875.00 | 0.1 | $87.50 |
| 2/18/2024 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| 2/19/2024 | Joe Lyon | $875.00 | 0.4 | $350.00 |
| 2/22/2024 | Joe Lyon | $875.00 | 1 | $875.00 |
| 2/23/2024 | Joe Lyon | $875.00 | 0.3 | $262.50 |
| 3/6/2024 | Joe Lyon | $875.00 | 0.5 | $437.50 |
| 3/19/2024 | Joe Lyon | $875.00 | 0.2 | $175.00 |
| Individual Total | Joe Lyon | $875.00 | 108.9 | $95,287.50 |
| 11/17/2022 | Clint Watson | $750.00 | 1.2 | $900.00 |
| 11/21/2022 | Clint Watson | $750.00 | 0.1 | $75.00 |
| 11/21/2022 | Clint Watson | $750.00 | 0.4 | $300.00 |
| 11/21/2022 | Clint Watson | $750.00 | 0.6 | $450.00 |
| 11/21/2022 | Clint Watson | $750.00 | 0.7 | $525.00 |
| 1/22/2023 | Clint Watson | $750.00 | 2.2 | $1,650.00 |
| 2/28/2023 | Clint Watson | $750.00 | 0.8 | $600.00 |
| 3/22/2023 | Clint Watson | $750.00 | 2.4 | $1,800.00 |
| 3/23/2023 | Clint Watson | $750.00 | 0.2 | $150.00 |
| 3/23/2023 | Clint Watson | $750.00 | 2.6 | $1,950.00 |
| 1/5/2024 | Clint Watson | $750.00 | 0.2 | $150.00 |
| 1/5/2024 | Clint Watson | $750.00 | 0.7 | $525.00 |
| 1/10/2024 | Clint Watson | $750.00 | 2.9 | $2,175.00 |
| 1/11/2024 | Clint Watson | $750.00 | 8.1 | $6,075.00 |
| 1/12/2024 | Clint Watson | $750.00 | 1.6 | $1,200.00 |
| 2/19/2024 | Clint Watson | $750.00 | 2.9 | $2,175.00 |
| 2/20/2024 | Clint Watson | $750.00 | 0.3 | $225.00 |
| 2/22/2024 | Clint Watson | $750.00 | 0.1 | $75.00 |
| 2/22/2024 | Clint Watson | $750.00 | 3.2 | $2,400.00 |
| Individual Total | Clint Watson | $750.00 | 31.2 | $23,400.00 |
| Firm Total | The Lyon Firm | | 145.4 | $120,935.00 |

*In re Advocate Aurora Health Pixel Litigation*, No. 2:22–CV–1253 (E.D. Wis.)

| User | Date | Applied Rate | Billing Duration (Hours) | Amount | Description |
|---|---|---|---|---|---|
| Gary Klinger | 11/17/2022 | USD 850.00 | 1 | USD 850.00 | |
| | 12/22/2022 | USD 850.00 | 1 | USD 850.00 | |
| | 12/29/2022 | USD 850.00 | 0 | USD 0.00 | |
| | 1/19/2023 | USD 850.00 | 8 | USD 6,800.00 | |
| | 1/20/2023 | USD 850.00 | 8 | USD 6,800.00 | |
| | 1/28/2023 | USD 850.00 | 10 | USD 8,500.00 | |
| | 1/28/2023 | USD 850.00 | 12 | USD 10,200.00 | |
| | 1/30/2023 | USD 850.00 | 3.5 | USD 2,975.00 | |
| | 1/31/2023 | USD 850.00 | 6.5 | USD 5,525.00 | |
| | 2/5/2023 | USD 850.00 | 8.5 | USD 7,225.00 | |
| | 2/6/2023 | USD 850.00 | 8 | USD 6,800.00 | |
| | 3/1/2023 | USD 850.00 | 3.5 | USD 2,975.00 | |
| | 3/27/2023 | USD 850.00 | 4.5 | USD 3,825.00 | |
| | 4/3/2023 | USD 850.00 | 2.5 | USD 2,125.00 | |
| | 5/31/2023 | USD 850.00 | 3.5 | USD 2,975.00 | |
| | 6/1/2023 | USD 850.00 | 8.5 | USD 7,225.00 | |
| | 6/21/2023 | USD 850.00 | 7.5 | USD 6,375.00 | |
| | 6/28/2023 | USD 850.00 | 7.5 | USD 6,375.00 | |
| | 7/6/2023 | USD 850.00 | 9.5 | USD 8,075.00 | |
| | 7/7/2023 | USD 850.00 | 6.5 | USD 5,525.00 | |
| | 7/24/2023 | USD 850.00 | 8.5 | USD 7,225.00 | |
| | 7/25/2023 | USD 850.00 | 5.5 | USD 4,675.00 | |
| | 7/27/2023 | USD 850.00 | 1.5 | USD 1,275.00 | |
| | 8/8/2023 | USD 850.00 | 3 | USD 2,550.00 | |
| | 8/9/2023 | USD 850.00 | 5.5 | USD 4,675.00 | |
| | 8/10/2023 | USD 850.00 | 3.5 | USD 2,975.00 | |
| | 8/11/2023 | USD 850.00 | 2.5 | USD 2,125.00 | |
| | 9/11/2023 | USD 850.00 | 1 | USD 850.00 | |
| | 9/15/2023 | USD 850.00 | 1.5 | USD 1,275.00 | |
| | 10/4/2023 | USD 850.00 | 1.5 | USD 1,275.00 | |
| | 10/9/2023 | USD 850.00 | 1 | USD 850.00 | |
| | 11/9/2023 | USD 850.00 | 1.5 | USD 1,275.00 | |
| | 11/15/2023 | USD 850.00 | 8 | USD 6,800.00 | |
| | 1/5/2024 | USD 850.00 | 0.5 | USD 425.00 | |
| | 2/18/2024 | USD 878.00 | 8.5 | USD 7,463.00 | |
| | 2/18/2024 | USD 878.00 | 7.5 | USD 6,585.00 | |
| | 2/18/2024 | USD 878.00 | 8.5 | USD 7,463.00 | |
| | 2/19/2024 | USD 878.00 | 7.5 | USD 6,585.00 | |
| | 2/20/2024 | USD 878.00 | 4 | USD 3,512.00 | |
| | 2/20/2024 | USD 878.00 | 4 | USD 3,512.00 | |
| Subtotal | Sum | | 205 | USD 175,370.00 | |
| | Count | | | | |
| David Lietz | 10/21/2022 | USD 919.00 | 1 | USD 919.00 | |
| | 10/22/2022 | USD 919.00 | 0.9 | USD 827.10 | |
| | 1/4/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 1/12/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 1/13/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 1/24/2023 | USD 997.00 | 0.1 | USD 99.70 | |
| | 1/26/2023 | USD 997.00 | 0.4 | USD 398.80 | |
| | 1/29/2023 | USD 997.00 | 0.5 | USD 498.50 | |
| | 1/30/2023 | USD 997.00 | 1.5 | USD 1,495.50 | |
| | 2/1/2023 | USD 997.00 | 1.2 | USD 1,196.40 | |
| | 2/2/2023 | USD 997.00 | 1 | USD 997.00 | |
| | 2/3/2023 | USD 997.00 | 0.1 | USD 99.70 | |
| | 2/5/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 2/6/2023 | USD 997.00 | 5.3 | USD 5,284.10 | |
| | 2/9/2023 | USD 997.00 | 0.4 | USD 398.80 | |
| | 2/22/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 2/28/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 3/2/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 3/3/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 3/7/2023 | USD 997.00 | 0.6 | USD 598.20 | |
| | 3/7/2023 | USD 997.00 | 0.5 | USD 498.50 | |
| | 3/8/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 3/13/2023 | USD 997.00 | 0.4 | USD 398.80 | |
| | 3/29/2023 | USD 997.00 | 0.1 | USD 99.70 | |
| | 3/30/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 4/6/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 5/5/2023 | USD 997.00 | 1 | USD 997.00 | |
| | 5/8/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 6/1/2023 | USD 997.00 | 9 | USD 8,973.00 | |
| | 6/2/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 6/2/2023 | USD 997.00 | 0.5 | USD 498.50 | |
| | 6/5/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 6/16/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 6/21/2023 | USD 997.00 | 6.5 | USD 6,480.50 | |
| | 6/21/2023 | USD 997.00 | 2 | USD 1,994.00 | |
| | 6/23/2023 | USD 997.00 | 0.9 | USD 897.30 | |
| | 6/27/2023 | USD 997.00 | 1.2 | USD 1,196.40 | |
| | 7/3/2023 | USD 997.00 | 0.5 | USD 498.50 | |
| | 7/5/2023 | USD 997.00 | 1 | USD 997.00 | |
| | 7/6/2023 | USD 997.00 | 0.5 | USD 498.50 | |
| | 7/6/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 7/10/2023 | USD 997.00 | 1 | USD 997.00 | |
| | 7/14/2023 | USD 997.00 | 0.8 | USD 797.60 | |
| | 7/20/2023 | USD 997.00 | 0.8 | USD 797.60 | |
| | 7/21/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 7/24/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 7/25/2023 | USD 997.00 | 0.2 | USD 199.40 | |
| | 7/26/2023 | USD 997.00 | 0.3 | USD 299.10 | |
| | 7/26/2023 | USD 997.00 | 2 | USD 1,994.00 | |
| | 7/27/2023 | USD 997.00 | 1 | USD 997.00 | |

*In re Advocate Aurora Health Pixel Litigation*, No. 2:22–CV-1253 (E.D. Wis.)



| | | | |
|---|---|---|---|
| 7/27/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 7/27/2023 | USD 997.00 | 0.5 | USD 498.50 |
| 7/28/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 8/7/2023 | USD 997.00 | 0.5 | USD 498.50 |
| 8/7/2023 | USD 997.00 | 0.7 | USD 697.90 |
| 8/9/2023 | USD 997.00 | 4.5 | USD 4,486.50 |
| 8/11/2023 | USD 997.00 | 2.2 | USD 2,193.40 |
| 8/11/2023 | USD 997.00 | 1.5 | USD 1,495.50 |
| 8/14/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 8/21/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 8/25/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 8/29/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 9/11/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 9/18/2023 | USD 997.00 | 0.4 | USD 398.80 |
| 9/20/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 9/22/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 10/23/2023 | USD 997.00 | 0.4 | USD 398.80 |
| 10/24/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 10/25/2023 | USD 997.00 | 1.2 | USD 1,196.40 |
| 11/3/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 11/7/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 11/8/2023 | USD 997.00 | 0.6 | USD 598.20 |
| 11/8/2023 | USD 997.00 | 0.7 | USD 697.90 |
| 11/10/2023 | USD 997.00 | 0.6 | USD 598.20 |
| 11/13/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 11/13/2023 | USD 997.00 | 1.3 | USD 1,296.10 |
| 11/17/2023 | USD 997.00 | 1 | USD 997.00 |
| 11/17/2023 | USD 997.00 | 0.5 | USD 498.50 |
| 11/19/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 11/19/2023 | USD 997.00 | 0.3 | USD 299.10 |
| 11/20/2023 | USD 997.00 | 1 | USD 997.00 |
| 11/22/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 11/29/2023 | USD 997.00 | 0.1 | USD 99.70 |
| 12/6/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/11/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/12/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/13/2023 | USD 997.00 | 0.1 | USD 99.70 |
| 12/15/2023 | USD 997.00 | 0.4 | USD 398.80 |
| 12/18/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/19/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/19/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/20/2023 | USD 997.00 | 0.2 | USD 199.40 |
| 12/27/2023 | USD 997.00 | 0.1 | USD 99.70 |
| 1/2/2024 | USD 997.00 | 0.3 | USD 299.10 |
| 1/5/2024 | USD 997.00 | 0.9 | USD 897.30 |
| 1/10/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 1/12/2024 | USD 1,057.00 | 0.6 | USD 634.20 |
| 1/15/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 1/15/2024 | USD 1,057.00 | 0.5 | USD 528.50 |
| 1/15/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 1/17/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 1/19/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 1/22/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 1/24/2024 | USD 1,057.00 | 0.2 | USD 211.40 |
| 2/1/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/12/2024 | USD 1,057.00 | 0.7 | USD 739.90 |
| 2/12/2024 | USD 1,057.00 | 0.6 | USD 634.20 |
| 2/16/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 2/19/2024 | USD 1,057.00 | 1 | USD 1,057.00 |
| 2/19/2024 | USD 1,057.00 | 1 | USD 1,057.00 |
| 2/19/2024 | USD 1,057.00 | 2.5 | USD 2,642.50 |
| 2/20/2024 | USD 1,057.00 | 0.2 | USD 211.40 |
| 2/20/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/20/2024 | USD 1,057.00 | 0.6 | USD 634.20 |
| 2/20/2024 | USD 1,057.00 | 3.7 | USD 3,910.90 |
| 2/21/2024 | USD 1,057.00 | 1.1 | USD 1,162.70 |
| 2/21/2024 | USD 1,057.00 | 0.2 | USD 211.40 |
| 2/21/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/21/2024 | USD 1,057.00 | 0.8 | USD 845.60 |
| 2/21/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/22/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 2/22/2024 | USD 1,057.00 | 0.7 | USD 739.90 |
| 2/22/2024 | USD 1,057.00 | 0.4 | USD 422.80 |
| 2/22/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/22/2024 | USD 1,057.00 | 1.5 | USD 1,585.50 |
| 2/22/2024 | USD 1,057.00 | 0.7 | USD 739.90 |
| 2/23/2024 | USD 1,057.00 | 1.5 | USD 1,585.50 |
| 2/23/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/23/2024 | USD 1,057.00 | 0.5 | USD 528.50 |
| 2/23/2024 | USD 1,057.00 | 0.8 | USD 845.60 |
| 2/23/2024 | USD 1,057.00 | 0.3 | USD 317.10 |
| 2/23/2024 | USD 1,057.00 | 0.1 | USD 105.70 |
| 3/6/2024 | USD 1,057.00 | 0.8 | USD 845.60 |
| 3/8/2024 | USD 1,057.00 | 2 | USD 2,114.00 |
| 3/8/2024 | USD 1,057.00 | 1.4 | USD 1,479.80 |
| 3/8/2024 | USD 1,057.00 | 1.5 | USD 1,585.50 |
| 3/8/2024 | USD 1,057.00 | 5 | USD 5,285.00 |
| 3/11/2024 | USD 1,057.00 | 0.5 | USD 528.50 |

| Subtotal | Sum | | 107 | USD 108,594.80 |
|---|---|---|---|---|
| | Count | | | |

| **Glen Abramson** | 1/23/2024 | USD 997.00 | 3.3 | USD 3,290.10 |
|---|---|---|---|---|
| | 1/25/2024 | USD 997.00 | 0.3 | USD 299.10 |
| | 1/26/2024 | USD 997.00 | 0.8 | USD 797.60 |

**Privileged and Confidential**
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*In re Advocate Aurora Health Pixel Litigation*, No. 2:22-CV-1253 (E.D. Wis.)



| Name | Date | Rate | Hours | Amount |
|---|---|---|---|---|
| | 1/30/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 1/31/2023 | USD 997.00 | 2 | USD 1,994.00 |
| | 2/1/2023 | USD 997.00 | 1.3 | USD 1,296.10 |
| | 2/3/2023 | USD 997.00 | 1 | USD 997.00 |
| | 2/5/2023 | USD 997.00 | 3.5 | USD 3,489.50 |
| | 2/5/2023 | USD 997.00 | 4 | USD 3,988.00 |
| | 2/6/2023 | USD 997.00 | 8 | USD 7,976.00 |
| | 2/6/2023 | USD 997.00 | 4 | USD 3,988.00 |
| | 2/7/2023 | USD 997.00 | 1 | USD 997.00 |
| | 2/8/2023 | USD 997.00 | 0.8 | USD 797.60 |
| | 2/9/2023 | USD 997.00 | 0.5 | USD 498.50 |
| | 2/22/2023 | USD 997.00 | 1.3 | USD 1,296.10 |
| | 2/22/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 2/24/2023 | USD 997.00 | 0.8 | USD 797.60 |
| | 2/27/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 2/28/2023 | USD 997.00 | 0.6 | USD 598.20 |
| | 3/1/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 3/2/2023 | USD 997.00 | 0.5 | USD 498.50 |
| | 3/3/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 3/7/2023 | USD 997.00 | 1.5 | USD 1,495.50 |
| | 3/13/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 3/13/2023 | USD 997.00 | 0.9 | USD 897.30 |
| | 3/16/2023 | USD 997.00 | 0.8 | USD 797.60 |
| | 3/20/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 3/24/2023 | USD 997.00 | 1 | USD 997.00 |
| | 3/27/2023 | USD 997.00 | 0.3 | USD 299.10 |
| | 4/3/2023 | USD 997.00 | 0.7 | USD 697.90 |
| | 4/4/2023 | USD 997.00 | 0.5 | USD 498.50 |
| | 4/25/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 5/1/2023 | USD 997.00 | 1.3 | USD 1,296.10 |
| | 5/2/2023 | USD 997.00 | 0.4 | USD 398.80 |
| | 5/3/2023 | USD 997.00 | 1.3 | USD 1,296.10 |
| | 5/4/2023 | USD 997.00 | 0.7 | USD 697.90 |
| | 5/5/2023 | USD 997.00 | 1.8 | USD 1,794.60 |
| | 5/8/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 5/18/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 5/31/2023 | USD 997.00 | 1.5 | USD 1,495.50 |
| | 6/1/2023 | USD 997.00 | 8 | USD 7,976.00 |
| | 6/2/2023 | USD 997.00 | 0.5 | USD 498.50 |
| | 6/5/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 6/7/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 6/27/2023 | USD 997.00 | 1.5 | USD 1,495.50 |
| | 6/30/2023 | USD 997.00 | 2 | USD 1,994.00 |
| | 7/4/2023 | USD 997.00 | 1 | USD 997.00 |
| | 7/8/2023 | USD 997.00 | 0.8 | USD 797.60 |
| | 7/10/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 7/19/2023 | USD 997.00 | 0.2 | USD 199.40 |
| | 7/25/2023 | USD 997.00 | 0.9 | USD 897.30 |
| | 9/11/2023 | USD 997.00 | 0.8 | USD 797.60 |
| | 1/2/2024 | USD 997.00 | 1.5 | USD 1,495.50 |
| | 1/11/2024 | USD 1,057.00 | 1.3 | USD 1,374.10 |
| | 1/12/2024 | USD 1,057.00 | 0.7 | USD 739.90 |
| | 1/15/2024 | USD 1,057.00 | 1 | USD 1,057.00 |
| | 1/25/2024 | USD 1,057.00 | 0.6 | USD 634.20 |
| | 1/26/2024 | USD 1,057.00 | 1 | USD 1,057.00 |
| | 2/1/2024 | USD 1,057.00 | 0.6 | USD 634.20 |
| | 2/9/2024 | USD 1,057.00 | 0.9 | USD 951.30 |
| | 2/12/2024 | USD 1,057.00 | 0.8 | USD 845.60 |
| | 2/19/2024 | USD 1,057.00 | 4 | USD 4,228.00 |
| | 2/20/2024 | USD 1,057.00 | 1.5 | USD 1,585.50 |
| | 2/22/2024 | USD 1,057.00 | 1.5 | USD 1,585.50 |
| | 3/4/2024 | USD 1,057.00 | 0.2 | USD 211.40 |
| | 3/5/2024 | USD 1,057.00 | 1.3 | USD 1,374.10 |
| | 3/7/2024 | USD 1,057.00 | 0.5 | USD 528.50 |
| | 3/8/2024 | USD 1,057.00 | 0.4 | USD 422.80 |
| | 3/13/2024 | USD 1,057.00 | 0.5 | USD 528.50 |
| **Subtotal** | Sum | | 83.5 | USD 84,257.50 |
| | Count | | | |
| **Alexander Wolf** | 3/27/2023 | USD 733.00 | 4.8 | USD 3,518.40 |
| | 3/31/2023 | USD 733.00 | 1.5 | USD 1,099.50 |
| | 4/4/2023 | USD 733.00 | 1.5 | USD 1,099.50 |
| | 4/13/2023 | USD 733.00 | 7 | USD 5,131.00 |
| | 4/14/2023 | USD 733.00 | 2 | USD 1,466.00 |
| | 4/25/2023 | USD 733.00 | 3 | USD 2,199.00 |
| | 4/26/2023 | USD 733.00 | 1.5 | USD 1,099.50 |
| | 4/28/2023 | USD 733.00 | 1.5 | USD 1,099.50 |
| | 5/1/2023 | USD 733.00 | 7 | USD 5,131.00 |
| | 5/2/2023 | USD 733.00 | 7.5 | USD 5,497.50 |
| | 5/5/2023 | USD 733.00 | 0.8 | USD 586.40 |
| | 5/15/2023 | USD 733.00 | 0.5 | USD 366.50 |
| | 6/20/2023 | USD 733.00 | 3.6 | USD 2,638.80 |
| | 6/21/2023 | USD 733.00 | 0.5 | USD 366.50 |
| | 7/6/2023 | USD 733.00 | 1 | USD 733.00 |
| | 8/9/2023 | USD 733.00 | 3.6 | USD 2,638.80 |
| | 1/29/2024 | USD 777.00 | 3.5 | USD 2,719.50 |
| | 1/30/2024 | USD 777.00 | 7 | USD 5,439.00 |
| | 1/31/2024 | USD 777.00 | 6.8 | USD 5,283.60 |
| | 2/20/2024 | USD 777.00 | 2.5 | USD 1,942.50 |
| **Subtotal** | Sum | | 67.1 | USD 50,055.50 |
| | Count | | | |
| **Alex Honeycutt** | 1/22/2023 | USD 413.00 | 0.9 | USD 371.70 |

***In re Advocate Aurora Health Pixel Litigation*, No. 2:22–CV–1253 (E.D. Wis.)**

| | Date | Rate | Hours | Amount |
|---|---|---|---|---|
| | 1/23/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 1/23/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 1/23/2023 | USD 413.00 | 1.1 | USD 454.30 |
| | 1/24/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 1/26/2023 | USD 413.00 | 0.9 | USD 371.70 |
| | 1/31/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 2/3/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 2/6/2023 | USD 413.00 | 4.3 | USD 1,775.90 |
| | 2/7/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 2/7/2023 | USD 413.00 | 0.9 | USD 371.70 |
| | 2/9/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 2/22/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 2/24/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 3/2/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 3/7/2023 | USD 413.00 | 1.3 | USD 536.90 |
| | 3/13/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 3/13/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 3/16/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 3/23/2023 | USD 413.00 | 0.4 | USD 165.20 |
| | 3/27/2023 | USD 413.00 | 0.1 | USD 41.30 |
| | 4/4/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 4/25/2023 | USD 413.00 | 0.1 | USD 41.30 |
| | 5/5/2023 | USD 413.00 | 4.2 | USD 1,734.60 |
| | 5/8/2023 | USD 413.00 | 0.3 | USD 123.90 |
| | 6/1/2023 | USD 413.00 | 1.6 | USD 660.80 |
| | 6/2/2023 | USD 413.00 | 0.4 | USD 165.20 |
| | 6/5/2023 | USD 413.00 | 0.2 | USD 82.60 |
| | 6/7/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 6/8/2023 | USD 413.00 | 0.2 | USD 82.60 |
| | 6/27/2023 | USD 413.00 | 2.2 | USD 908.60 |
| | 6/28/2023 | USD 413.00 | 1.6 | USD 660.80 |
| | 7/3/2023 | USD 413.00 | 1.2 | USD 495.60 |
| | 7/6/2023 | USD 413.00 | 0.6 | USD 247.80 |
| | 8/11/2023 | USD 413.00 | 2.2 | USD 908.60 |
| | 11/6/2023 | USD 413.00 | 1.2 | USD 495.60 |
| | 11/7/2023 | USD 413.00 | 2.2 | USD 908.60 |
| | 11/8/2023 | USD 413.00 | 0.8 | USD 330.40 |
| | 11/29/2023 | USD 413.00 | 0.5 | USD 206.50 |
| | 1/24/2024 | USD 437.00 | 0.4 | USD 174.80 |
| | 2/12/2024 | USD 500.00 | 0.7 | USD 350.00 |
| | 2/16/2024 | USD 500.00 | 3.5 | USD 1,750.00 |
| | 2/19/2024 | USD 500.00 | 1.2 | USD 600.00 |
| | 2/20/2024 | USD 500.00 | 0.6 | USD 300.00 |
| | 2/20/2024 | USD 500.00 | 1.5 | USD 750.00 |
| | 2/20/2024 | USD 500.00 | 1.3 | USD 650.00 |
| | 2/22/2024 | USD 500.00 | 4.5 | USD 2,250.00 |
| **Subtotal** Sum Count | | | 51.1 | USD 22,271.00 |
| **Nick Suciu** | 1/23/2023 | USD 829.00 | 2.8 | USD 2,321.20 |
| | 2/3/2023 | USD 829.00 | 7.4 | USD 6,134.60 |
| | 2/5/2023 | USD 829.00 | 4.2 | USD 3,481.80 |
| | 2/6/2023 | USD 829.00 | 5 | USD 4,145.00 |
| | 2/7/2023 | USD 829.00 | 4.1 | USD 3,398.90 |
| **Subtotal** Sum Count | | | 23.5 | USD 19,481.50 |
| **John Nelson** | 10/21/2022 | USD 468.00 | 4.2 | USD 1,965.60 |
| | 11/21/2022 | USD 468.00 | 1.2 | USD 561.60 |
| | 11/22/2022 | USD 468.00 | 1.7 | USD 795.60 |
| | 1/12/2023 | USD 508.00 | 0.8 | USD 406.40 |
| | 2/22/2023 | USD 508.00 | 5.3 | USD 2,692.40 |
| | 3/3/2023 | USD 508.00 | 0.7 | USD 355.60 |
| | 6/1/2023 | USD 508.00 | 0.2 | USD 101.60 |
| | 6/27/2023 | USD 508.00 | 4.8 | USD 2,438.40 |
| | 8/10/2023 | USD 508.00 | 3.8 | USD 1,930.40 |
| **Subtotal** Sum Count | | | 22.7 | USD 11,247.60 |
| **Russell Busch** | 1/27/2023 | USD 508.00 | 2.8 | USD 1,422.40 |
| | 1/30/2023 | USD 508.00 | 6 | USD 3,048.00 |

*Privileged and Confidential*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*In re Advocate Aurora Health Pixel Litigation*, No. 2:22-CV-1253 (E.D. Wis.)



| Name | Date | Rate | Hours | Amount |
|---|---|---|---|---|
| | 1/31/2023 | USD 508.00 | 0.8 | USD 406.40 |
| | 2/6/2023 | USD 508.00 | 0.5 | USD 254.00 |
| | 2/7/2023 | USD 508.00 | 0.8 | USD 406.40 |
| | 3/7/2023 | USD 508.00 | 1 | USD 508.00 |
| | 3/7/2023 | USD 508.00 | 0.8 | USD 406.40 |
| | 8/21/2023 | USD 508.00 | 0.5 | USD 254.00 |
| | 10/4/2023 | USD 508.00 | 0.8 | USD 406.40 |
| Subtotal — Sum | | | 14 | USD 7,112.00 |
| Count | | | | |
| Sandra Passanisi | 10/24/2022 | USD 208.00 | 0.4 | USD 83.20 |
| | 10/27/2022 | USD 208.00 | 0.2 | USD 41.60 |
| | 10/27/2022 | USD 208.00 | 0.3 | USD 62.40 |
| | 11/7/2022 | USD 208.00 | 0.2 | USD 41.60 |
| | 11/14/2022 | USD 208.00 | 0.5 | USD 104.00 |
| | 11/22/2022 | USD 208.00 | 1.5 | USD 312.00 |
| | 12/13/2022 | USD 208.00 | 0.5 | USD 104.00 |
| | 12/14/2022 | USD 208.00 | 0.3 | USD 62.40 |
| | 12/14/2022 | USD 208.00 | 0.2 | USD 41.60 |
| | 12/16/2022 | USD 208.00 | 0.5 | USD 104.00 |
| | 12/26/2022 | USD 208.00 | 0.5 | USD 104.00 |
| | 12/27/2022 | USD 208.00 | 0.2 | USD 41.60 |
| | 1/3/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 1/4/2023 | USD 208.00 | 0.3 | USD 62.40 |
| | 1/11/2023 | USD 208.00 | 0.3 | USD 62.40 |
| | 1/12/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 1/24/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 1/31/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 2/5/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 3/3/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 3/8/2023 | USD 225.00 | 1 | USD 225.00 |
| | 3/13/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 4/5/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 4/6/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 4/18/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 4/26/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 5/2/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 5/5/2023 | USD 225.00 | 1 | USD 225.00 |
| | 5/8/2023 | USD 225.00 | 0.7 | USD 157.50 |
| | 5/12/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 6/6/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 7/6/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 10/23/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 10/24/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 10/25/2023 | USD 225.00 | 0.6 | USD 135.00 |
| | 10/26/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 11/3/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 2/23/2024 | USD 239.00 | 0.6 | USD 143.40 |
| Subtotal — Sum | | | 15 | USD 3,276.30 |
| Count | | | | |
| Ashley Tyrrell | 1/30/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 1/30/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 2/7/2023 | USD 208.00 | 0.5 | USD 104.00 |
| | 2/8/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 3/9/2023 | USD 208.00 | 0.5 | USD 104.00 |
| | 3/14/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 4/6/2023 | USD 208.00 | 0.3 | USD 62.40 |
| | 5/5/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 5/8/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 5/9/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 6/7/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 6/12/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 7/11/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 8/14/2023 | USD 208.00 | 0.4 | USD 83.20 |
| | 11/3/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 11/14/2023 | USD 208.00 | 1.5 | USD 312.00 |
| | 11/20/2023 | USD 208.00 | 0.5 | USD 104.00 |
| | 12/13/2023 | USD 208.00 | 0.1 | USD 20.80 |
| | 12/20/2023 | USD 208.00 | 0.2 | USD 41.60 |
| | 2/21/2024 | USD 239.00 | 0.2 | USD 47.80 |
| | 2/23/2024 | USD 239.00 | 0.3 | USD 71.70 |
| | 2/26/2024 | USD 239.00 | 0.3 | USD 71.70 |
| | 3/6/2024 | USD 239.00 | 0.3 | USD 71.70 |
| | 3/8/2024 | USD 239.00 | 0.1 | USD 23.90 |
| | 3/21/2024 | USD 239.00 | 0.1 | USD 23.90 |
| Subtotal — Sum | | | 6.8 | USD 1,454.70 |
| Count | | | | |
| Heather Sheflin | 5/1/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 5/3/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 5/11/2023 | USD 225.00 | 0.3 | USD 67.50 |
| | 5/12/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 6/1/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 6/2/2023 | USD 225.00 | 1 | USD 225.00 |
| | 7/10/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 7/27/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 8/11/2023 | USD 225.00 | 0.5 | USD 112.50 |
| | 10/24/2023 | USD 225.00 | 0.2 | USD 45.00 |
| | 2/23/2024 | USD 239.00 | 0.3 | USD 71.70 |
| | 3/8/2024 | USD 239.00 | 0.3 | USD 71.70 |
| Subtotal — Sum | | | 4.5 | USD 1,020.90 |

*In re Advocate Aurora Health Pixel Litigation,* No. 2:22-CV-1253 (E.D. Wis.)

| | | | | | |
|---|---|---|---|---|---|
| | Count | | | | |
| Carolyn CJ Cuneo | 8/11/2023 | USD 829.00 | 1 | USD 829.00 | ███████ |
| Subtotal | Sum | | 1 | USD 829.00 | |
| | Count | | | | |
| Tiffany Kuiper | 11/29/2022 | USD 208.00 | 0.2 | USD 41.60 | ████ |
| | 12/21/2022 | USD 208.00 | 0.1 | USD 20.80 | ██████ |
| | 12/22/2022 | USD 208.00 | 0.2 | USD 41.60 | ████ |
| | 12/29/2022 | USD 208.00 | 0.5 | USD 104.00 | ███ |
| | 2/9/2023 | USD 225.00 | 0.4 | USD 90.00 | █ |
| Subtotal | Sum | | 1.4 | USD 298.00 | |
| | Count | | | | |
| Jenna Santero | 8/1/2023 | USD 225.00 | 0.3 | USD 67.50 | ██████ |
| Subtotal | Sum | | 0.3 | USD 67.50 | |
| | Count | | | | |
| Jacqueline Frasure | 12/21/2023 | USD 225.00 | 0.1 | USD 22.50 | ████████ |
| | 12/21/2023 | USD 225.00 | 0.1 | USD 22.50 | |
| Subtotal | Sum | | 0.2 | USD 45.00 | |
| | Count | | | | |
| | Sum | | 603.1 | USD 485,381.30 | |
| | Count | | | | |
| | Sum | | 603.1 | USD 485,381.30 | |
| | Count | | | | |
| | Sum | | 603.1 | USD 485,381.30 | |
| | Count | | | | |



**Markovits Stock & DeMarco, LLC**

Advocate Aurora Health

## 22077-001 Advocate Aurora Health

| Date | Attorney | Notes | Quantity | Rate | Total |
|------|----------|-------|----------|------|-------|
| 2022-10-25 | SDC | █████████████ | 5.00 | $375.00 | $1,875.00 |
| 2022-10-25 | DJG | ███████████████ | 1.50 | $530.00 | $795.00 |
| 2022-10-25 | TRC | ███████████████ | 3.00 | $795.00 | $2,385.00 |
| 2022-10-26 | SDC | █████████████████ | 5.00 | $375.00 | $1,875.00 |
| 2022-10-26 | DJG | ████████████████ | 5.40 | $530.00 | $2,862.00 |
| 2022-10-26 | TRC | ██████████████ | 3.00 | $795.00 | $2,385.00 |
| 2022-10-27 | TRC | ██████████████ | 2.00 | $795.00 | $1,590.00 |
| 2022-10-27 | TRC | ██████████████ | 0.50 | $795.00 | $397.50 |
| 2022-10-27 | TRC | ███████████████ | 1.40 | $795.00 | $1,113.00 |
| 2022-10-27 | TRC | ███████████████ | 0.30 | $795.00 | $238.50 |
| 2022-10-27 | TRC | ████████████████ | 1.00 | $795.00 | $795.00 |
| 2022-10-27 | TRC | █████████████ | 4.00 | $795.00 | $3,180.00 |
| 2022-10-27 | SDC | ███████████████ | 6.20 | $375.00 | $2,325.00 |
| 2022-10-27 | DJG | ████████████████ | 0.10 | $530.00 | $53.00 |
| 2022-10-27 | DJG | ███████████████ | 0.10 | $530.00 | $53.00 |
| 2022-10-27 | DJG | ████████████████ | 3.00 | $530.00 | $1,590.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 2022-10-27 | TRC | ██████████████ | 3.00 | $795.00 | $2,385.00 |
| 2022-10-27 | TRC | ██████████ | 1.00 | $795.00 | $795.00 |
| 2022-10-27 | DJG | ██████████ | 4.30 | $530.00 | $2,279.00 |
| 2022-10-27 | WBM | ███████████ | 3.00 | $975.00 | $2,925.00 |
| 2022-10-28 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-01 | TRC | ████████ | 0.70 | $795.00 | $556.50 |
| 2022-11-01 | TRC | ██████ | 1.00 | $795.00 | $795.00 |
| 2022-11-17 | JTD | ███████████ | 3.30 | $530.00 | $1,749.00 |
| 2022-11-17 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-17 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-17 | JTD | ███████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-17 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-17 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-17 | TRC | █████████ | 0.50 | $795.00 | $397.50 |
| 2022-11-18 | JTD | ███████████ | 0.20 | $530.00 | $106.00 |
| 2022-11-21 | JTD | ███████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-21 | JTD | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-22 | DJG | ███████████ | 0.10 | $530.00 | $53.00 |
| 2022-11-29 | DJG | ████████ | 0.10 | $530.00 | $53.00 |
| 2022-12-05 | DJG | █████████ | 0.10 | $530.00 | $53.00 |
| 2022-12-22 | DJG | ███████████ | 0.10 | $530.00 | $53.00 |
| 2022-12-28 | TRC | ██████ | 0.70 | $795.00 | $556.50 |
| 2022-12-28 | TRC | ██████████ | 0.20 | $795.00 | $159.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2022-12-30 | TRC | ███████████████ | 0.30 | $795.00 | $238.50 |
| 2023-01-02 | TRC | ██████████ | 0.30 | $850.00 | $255.00 |
| 2023-01-03 | TRC | ████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-01-03 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2023-01-04 | TRC | ███████████ | 0.50 | $850.00 | $425.00 |
| 2023-01-04 | TRC | ████████████████ | 0.40 | $850.00 | $340.00 |
| 2023-01-12 | DJG | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-13 | DJG | █████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-16 | TRC | ██████████████ | 0.60 | $850.00 | $510.00 |
| 2023-01-18 | JTD | ███████████████ | 0.30 | $590.00 | $177.00 |
| 2023-01-20 | DJG | █████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-20 | DJG | ████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | TRC | █████████████ | 0.50 | $850.00 | $425.00 |
| 2023-01-23 | TRC | ██████████████ | 4.00 | $850.00 | $3,400.00 |
| 2023-01-23 | TRC | ██████████ | 1.30 | $850.00 | $1,105.00 |
| 2023-01-23 | JTD | ████████████████ | 0.30 | $590.00 | $177.00 |
| 2023-01-23 | JTD | ███████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | JTD | ███████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | JTD | █████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | JTD | ██████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | JTD | █████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | JTD | ███████████████ | 4.00 | $590.00 | $2,360.00 |
| 2023-01-23 | DJG | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | DJG | █████████████ | 0.60 | $590.00 | $354.00 |
| 2023-01-23 | DJG | █████████████ | 0.10 | $590.00 | $59.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 2023-01-23 | DJG | ██████████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-23 | DJG | ████████████████ | 0.30 | $590.00 | $177.00 |
| 2023-01-23 | TRC | █████████████████ | 0.80 | $850.00 | $680.00 |
| 2023-01-23 | WBM | ██████████████████ | 2.00 | $990.00 | $1,980.00 |
| 2023-01-23 | TRC | █████████████████ | 0.80 | $850.00 | $680.00 |
| 2023-01-30 | TRC | ██████████████ | 8.00 | $850.00 | $6,800.00 |
| 2023-01-30 | DJG | ██████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-01-30 | TRC | ██████████████ | 0.60 | $850.00 | $510.00 |
| 2023-01-31 | TRC | █████████████ | 3.00 | $850.00 | $2,550.00 |
| 2023-01-31 | TRC | ██████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-01-31 | TRC | █████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-01-31 | JTD | ██████████████████ | 0.30 | $590.00 | $177.00 |
| 2023-01-31 | JTD | ██████████████████ | 0.20 | $590.00 | $118.00 |
| 2023-01-31 | DJG | ██████████████ | 3.20 | $590.00 | $1,888.00 |
| 2023-01-31 | WBM | ████████████████ | 2.00 | $990.00 | $1,980.00 |
| 2023-02-05 | TRC | ██████████████████ | 10.00 | $850.00 | $8,500.00 |
| 2023-02-06 | TRC | ████████████ | 12.00 | $850.00 | $10,200.00 |
| 2023-02-06 | DJG | ████████████ | 6.00 | $590.00 | $3,540.00 |
| 2023-02-07 | TRC | ████████████████ | 9.00 | $850.00 | $7,650.00 |
| 2023-02-07 | TRC | ██████████████ | 1.00 | $850.00 | $850.00 |
| 2023-02-08 | JTD | ██████████████████ | 0.20 | $590.00 | $118.00 |
| 2023-02-08 | TRC | ████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-02-09 | TRC | █████████████ | 1.00 | $850.00 | $850.00 |
| 2023-02-09 | JTD | ████████████████ | 1.50 | $590.00 | $885.00 |

| Date | Code | | Hours | Rate | Amount |
|------|------|---|-------|------|--------|
| 2023-02-10 | JTD | ████████████████ | 6.00 | $590.00 | $3,540.00 |
| 2023-02-14 | TRC | ██████████ | 4.00 | $850.00 | $3,400.00 |
| 2023-02-22 | TRC | █████████████ | 0.50 | $850.00 | $425.00 |
| 2023-02-24 | SDC | ██████ | 0.60 | $375.00 | $225.00 |
| 2023-02-27 | TRC | ██████████ | 2.50 | $850.00 | $2,125.00 |
| 2023-02-27 | DJG | ████████████ | 0.10 | $590.00 | $59.00 |
| 2023-03-12 | TRC | ████████████ | 0.20 | $850.00 | $170.00 |
| 2023-03-13 | TRC | ████████████ | 0.30 | $850.00 | $255.00 |
| 2023-04-05 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2023-04-07 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2023-04-17 | TRC | ████████████ | 0.10 | $850.00 | $85.00 |
| 2023-04-20 | TRC | ██████████████ | 0.20 | $850.00 | $170.00 |
| 2023-04-27 | TRC | ████████████ | 0.30 | $850.00 | $255.00 |
| 2023-05-01 | TRC | ████████████ | 0.50 | $850.00 | $425.00 |
| 2023-05-01 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2023-05-01 | TRC | █████████████ | 4.00 | $850.00 | $3,400.00 |
| 2023-05-01 | WBM | █████████████ | 2.00 | $990.00 | $1,980.00 |
| 2023-05-02 | TRC | ██████████████ | 4.00 | $850.00 | $3,400.00 |
| 2023-05-02 | TRC | ██████████ | 1.50 | $850.00 | $1,275.00 |
| 2023-05-02 | DJG | ████████████ | 1.50 | $590.00 | $885.00 |
| 2023-05-03 | JTD | ██████████████ | 0.10 | $590.00 | $59.00 |
| 2023-05-03 | SDC | ██████████████ | 4.30 | $375.00 | $1,612.50 |
| 2023-05-03 | SDC | █████████████ | 0.20 | $375.00 | $75.00 |
| 2023-05-03 | DJG | █████████ | 0.10 | $590.00 | $59.00 |
| 2023-05-03 | DJG | █████████ | 5.30 | $590.00 | $3,127.00 |
| 2023-05-04 | JTD | ████████████ | 0.10 | $590.00 | $59.00 |

| Date | Initials | | Hours | Rate | Amount |
|------|----------|---|-------|------|--------|
| 2023-05-04 | JTD |  | 0.10 | $590.00 | $59.00 |
| 2023-05-04 | JTD | | 5.00 | $590.00 | $2,950.00 |
| 2023-05-04 | DJG | | 3.00 | $590.00 | $1,770.00 |
| 2023-05-04 | DJG | | 6.10 | $590.00 | $3,599.00 |
| 2023-05-04 | DJG | | 0.30 | $590.00 | $177.00 |
| 2023-05-05 | JTD | | 0.20 | $590.00 | $118.00 |
| 2023-05-05 | JTD | | 0.10 | $590.00 | $59.00 |
| 2023-05-05 | JTD | | 0.10 | $590.00 | $59.00 |
| 2023-05-05 | DJG | | 0.80 | $590.00 | $472.00 |
| 2023-05-05 | DJG | | 0.10 | $590.00 | $59.00 |
| 2023-05-05 | DJG | | 0.20 | $590.00 | $118.00 |
| 2023-05-05 | DJG | | 0.40 | $590.00 | $236.00 |
| 2023-05-05 | DJG | | 1.80 | $590.00 | $1,062.00 |
| 2023-05-08 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-05-08 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-05-09 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-05-11 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-05-11 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-05-15 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-05-22 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-05-31 | TRC | | 6.00 | $850.00 | $5,100.00 |
| 2023-05-31 | TRC | | 0.70 | $850.00 | $595.00 |
| 2023-06-01 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-01 | TRC | | 12.00 | $850.00 | $10,200.00 |

| Date | Code | | Hours | Rate | Amount |
|------|------|---|-------|------|--------|
| 2023-06-01 | TRC |  | 0.50 | $850.00 | $425.00 |
| 2023-06-01 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-06-01 | DJG | | 0.30 | $590.00 | $177.00 |
| 2023-06-01 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-06 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-06-06 | JTD | | 0.10 | $590.00 | $59.00 |
| 2023-06-06 | DJG | | 0.10 | $590.00 | $59.00 |
| 2023-06-06 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-06-07 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-06-07 | TRC | | 0.70 | $850.00 | $595.00 |
| 2023-06-07 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-06-07 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-06-07 | JTD | | 0.10 | $590.00 | $59.00 |
| 2023-06-08 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-08 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-08 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-09 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-09 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-10 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-06-12 | TRC | | 0.70 | $850.00 | $595.00 |
| 2023-06-14 | DJG | | 0.10 | $590.00 | $59.00 |
| 2023-06-14 | DJG | | 5.00 | $590.00 | $2,950.00 |
| 2023-06-15 | JTD | | 0.20 | $590.00 | $118.00 |
| 2023-06-20 | TRC | | 9.50 | $850.00 | $8,075.00 |

Case 2:22-cv-01253-JPS   Filed 03/29/24   Page 46 of 130   Document 51-1

| Date | Staff | | Hours | Rate | Amount |
|------|-------|---|-------|------|--------|
| 2023-06-23 | TRC | ████████████ | 4.50 | $850.00 | $3,825.00 |
| 2023-07-03 | JTD | ██████████████ | 0.10 | $590.00 | $59.00 |
| 2023-07-05 | TRC | ████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-07-05 | TRC | █████████████ | 0.50 | $850.00 | $425.00 |
| 2023-07-05 | TRC | ██████████████ | 10.00 | $850.00 | $8,500.00 |
| 2023-07-05 | JTD | ██████████████ | 0.20 | $590.00 | $118.00 |
| 2023-07-06 | JTD | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-07-07 | JTD | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-07-10 | TRC | ██████████████ | 4.00 | $850.00 | $3,400.00 |
| 2023-07-10 | TRC | ██████████████ | 0.50 | $850.00 | $425.00 |
| 2023-07-10 | TRC | █████████████ | 1.50 | $850.00 | $1,275.00 |
| 2023-07-10 | WBM | ████████████████ | 2.00 | $990.00 | $1,980.00 |
| 2023-07-11 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2023-07-11 | TRC | █████████████ | 0.90 | $850.00 | $765.00 |
| 2023-07-11 | TRC | ██████████████ | 0.50 | $850.00 | $425.00 |
| 2023-07-19 | TRC | █████████████ | 0.60 | $850.00 | $510.00 |
| 2023-07-19 | TRC | ████████████████ | 0.40 | $850.00 | $340.00 |
| 2023-07-19 | TRC | █████████████ | 1.00 | $850.00 | $850.00 |
| 2023-07-20 | TRC | ██████████ | 5.50 | $850.00 | $4,675.00 |
| 2023-07-21 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2023-07-21 | TRC | ███████████████ | 0.50 | $850.00 | $425.00 |
| 2023-07-28 | TRC | █████████████ | 0.40 | $850.00 | $340.00 |
| 2023-07-28 | TRC | ██████████████ | 3.30 | $850.00 | $2,805.00 |
| 2023-07-31 | TRC | ████████████ | 1.00 | $850.00 | $850.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 2023-08-01 | TRC | ███████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-07 | TRC | ███████████ | 5.00 | $850.00 | $4,250.00 |
| 2023-08-07 | TRC | ███████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-07 | TRC | ███████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-07 | TRC | ███████████ | 1.00 | $850.00 | $850.00 |
| 2023-08-07 | DJG | ███████████ | 0.10 | $590.00 | $59.00 |
| 2023-08-07 | TRC | ███████████ | 0.10 | $850.00 | $85.00 |
| 2023-08-08 | TRC | ███████████ | 0.40 | $850.00 | $340.00 |
| 2023-08-08 | TRC | ███████████ | 1.00 | $850.00 | $850.00 |
| 2023-08-08 | TRC | ███████████ | 1.00 | $850.00 | $850.00 |
| 2023-08-08 | TRC | ███████████ | 6.00 | $850.00 | $5,100.00 |
| 2023-08-08 | TRC | ███████████ | 1.00 | $850.00 | $850.00 |
| 2023-08-08 | TRC | ███████████ | 2.00 | $850.00 | $1,700.00 |
| 2023-08-08 | TRC | ███████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-08 | TRC | ███████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-08 | TRC | ███████████ | 3.60 | $850.00 | $3,060.00 |
| 2023-08-09 | TRC | ███████████ | 1.40 | $850.00 | $1,190.00 |
| 2023-08-09 | TRC | ███████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-09 | TRC | ███████████ | 0.40 | $850.00 | $340.00 |
| 2023-08-09 | TRC | ███████████ | 4.60 | $850.00 | $3,910.00 |
| 2023-08-09 | TRC | ███████████ | 6.00 | $850.00 | $5,100.00 |
| 2023-08-09 | JTD | ███████████ | 0.10 | $590.00 | $59.00 |
| 2023-08-09 | JTD | ███████████ | 0.10 | $590.00 | $59.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 2023-08-10 | TRC | ████████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-10 | TRC | ████████████████ | 0.70 | $850.00 | $595.00 |
| 2023-08-10 | TRC | ██████████████ | 3.00 | $850.00 | $2,550.00 |
| 2023-08-10 | JTD | ████████████████ | 3.00 | $590.00 | $1,770.00 |
| 2023-08-11 | TRC | █████████████████████ | 10.00 | $850.00 | $8,500.00 |
| 2023-08-11 | JTD | ████████████ | 0.10 | $590.00 | $59.00 |
| 2023-08-11 | JTD | ███████████████ | 1.30 | $590.00 | $767.00 |
| 2023-08-11 | SDC | █████████████ | 5.50 | $430.00 | $2,365.00 |
| 2023-08-11 | DJG | ██████████████ | 3.00 | $590.00 | $1,770.00 |
| 2023-08-14 | TRC | █████████████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-14 | TRC | █████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-14 | JTD | ███████████████ | 0.20 | $590.00 | $118.00 |
| 2023-08-15 | TRC | ██████████████ | 0.10 | $850.00 | $85.00 |
| 2023-08-15 | TRC | █████████████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-16 | TRC | ███████████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-21 | TRC | ████████████████ | 0.50 | $850.00 | $425.00 |
| 2023-08-21 | DJG | ███████████ | 0.10 | $590.00 | $59.00 |
| 2023-08-21 | TRC | ███████████ | 0.30 | $850.00 | $255.00 |
| 2023-08-22 | TRC | █████████████ | 0.40 | $850.00 | $340.00 |
| 2023-08-22 | JTD | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2023-08-22 | JTD | ███████████████ | 0.20 | $590.00 | $118.00 |
| 2023-08-29 | TRC | █████████ | 0.40 | $850.00 | $340.00 |
| 2023-09-01 | TRC | ████████████████ | 0.30 | $850.00 | $255.00 |
| 2023-09-21 | TRC | █████████████ | 0.40 | $850.00 | $340.00 |
| 2023-10-02 | TRC | █████████ | 0.30 | $850.00 | $255.00 |
| 2023-10-29 | TRC | █████████ | 2.00 | $850.00 | $1,700.00 |

| Date | Code | | Hours | Rate | Amount |
|------|------|---|-------|------|--------|
| 2023-10-30 | TRC |  | 1.00 | $850.00 | $850.00 |
| 2023-10-30 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-11-01 | TRC | | 3.50 | $850.00 | $2,975.00 |
| 2023-11-01 | SDC | | 2.70 | $430.00 | $1,161.00 |
| 2023-11-02 | DJG | | 0.10 | $590.00 | $59.00 |
| 2023-11-02 | TRC | | 0.60 | $850.00 | $510.00 |
| 2023-11-02 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-11-03 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-11-05 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-11-05 | TRC | | 1.30 | $850.00 | $1,105.00 |
| 2023-11-06 | TRC | | 2.00 | $850.00 | $1,700.00 |
| 2023-11-06 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-11-06 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-11-06 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-11-06 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-11-06 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-11-07 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-11-07 | TRC | | 0.20 | $850.00 | $170.00 |
| 2023-11-07 | TRC | | 1.40 | $850.00 | $1,190.00 |
| 2023-11-07 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-11-07 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-11-08 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-11-08 | TRC | | 0.20 | $850.00 | $170.00 |

| Date | Attorney | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2023-11-09 | TRC | ███████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-09 | TRC | ███████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-09 | TRC | ███████████████ | 0.80 | $850.00 | $680.00 |
| 2023-11-10 | TRC | ███████████ | 3.50 | $850.00 | $2,975.00 |
| 2023-11-10 | TRC | ███████████████ | 0.50 | $850.00 | $425.00 |
| 2023-11-11 | TRC | █████████ | 6.50 | $850.00 | $5,525.00 |
| 2023-11-11 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-11 | TRC | ██████████████ | 3.00 | $850.00 | $2,550.00 |
| 2023-11-12 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-12 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-13 | TRC | ███████████████ | 0.60 | $850.00 | $510.00 |
| 2023-11-13 | TRC | ███████████████ | 1.00 | $850.00 | $850.00 |
| 2023-11-13 | TRC | ████████████ | 0.50 | $850.00 | $425.00 |
| 2023-11-13 | TRC | █████████████ | 0.70 | $850.00 | $595.00 |
| 2023-11-13 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2023-11-14 | TRC | ██████████████ | 1.00 | $850.00 | $850.00 |
| 2023-11-14 | TRC | █████████████ | 0.20 | $850.00 | $170.00 |
| 2023-11-14 | SDC | ███████████████ | 0.50 | $430.00 | $215.00 |
| 2023-11-15 | DJG | ████████████ | 0.70 | $590.00 | $413.00 |
| 2023-11-15 | DJG | █████████████ | 0.10 | $590.00 | $59.00 |
| 2023-11-16 | JTD | ██████████████ | 0.40 | $590.00 | $236.00 |
| 2023-11-17 | SDC | ███████████████ | 2.80 | $430.00 | $1,204.00 |
| 2023-11-17 | SDC | ██████████████ | 1.10 | $430.00 | $473.00 |
| 2023-11-18 | JCW | ████████████ | 0.50 | $750.00 | $375.00 |

| Date | Initials | | Hours | Rate | Amount |
|------|----------|---|-------|------|--------|
| 2023-11-19 | JCW |  | 3.50 | $750.00 | $2,625.00 |
| 2023-11-19 | JCW | | 0.20 | $750.00 | $150.00 |
| 2023-11-19 | SDC | | 3.10 | $430.00 | $1,333.00 |
| 2023-11-20 | TRC | | 3.00 | $850.00 | $2,550.00 |
| 2023-11-27 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-12-02 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-12-06 | TRC | | 0.20 | $850.00 | $170.00 |
| 2023-12-06 | TRC | | 0.10 | $850.00 | $85.00 |
| 2023-12-07 | BNM | | 0.10 | $190.00 | $19.00 |
| 2023-12-11 | BNM | | 0.10 | $190.00 | $19.00 |
| 2023-12-12 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-12-13 | TRC | | 0.30 | $850.00 | $255.00 |
| 2023-12-14 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-12-15 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-12-15 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-12-15 | TRC | | 0.50 | $850.00 | $425.00 |
| 2023-12-15 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-12-15 | TRC | | 0.10 | $850.00 | $85.00 |
| 2023-12-18 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-12-19 | TRC | | 1.00 | $850.00 | $850.00 |
| 2023-12-19 | TRC | | 1.50 | $850.00 | $1,275.00 |
| 2023-12-19 | TRC | | 0.40 | $850.00 | $340.00 |
| 2023-12-19 | TRC | | 1.50 | $850.00 | $1,275.00 |
| 2023-12-19 | TRC | | 1.40 | $850.00 | $1,190.00 |
| 2023-12-22 | TRC | | 0.50 | $850.00 | $425.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 2024-01-02 | WBM | ███████████ | 0.20 | $990.00 | $198.00 |
| 2024-01-02 | TRC | ██████████████ | 0.50 | $850.00 | $425.00 |
| 2024-01-05 | WBM | ████████████████ | 1.10 | $990.00 | $1,089.00 |
| 2024-01-05 | DJG | ███████████ | 0.50 | $590.00 | $295.00 |
| 2024-01-05 | TRC | ████████████████ | 2.00 | $850.00 | $1,700.00 |
| 2024-01-05 | SDC | ██████████ | 0.50 | $430.00 | $215.00 |
| 2024-01-05 | TRC | ██████████ | 0.70 | $850.00 | $595.00 |
| 2024-01-05 | WBM | █████████████ | 3.50 | $990.00 | $3,465.00 |
| 2024-01-10 | TRC | █████████████ | 0.10 | $850.00 | $85.00 |
| 2024-01-11 | TRC | ████████████████ | 0.20 | $850.00 | $170.00 |
| 2024-01-12 | DJG | ████████████ | 0.10 | $590.00 | $59.00 |
| 2024-01-12 | TRC | ██████████████ | 2.30 | $850.00 | $1,955.00 |
| 2024-01-17 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |
| 2024-01-18 | WBM | ████████████████ | 6.50 | $990.00 | $6,435.00 |
| 2024-01-19 | DJG | █████████████ | 5.00 | $590.00 | $2,950.00 |
| 2024-01-19 | JTD | ████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-01-19 | JTD | ██████████████ | 0.50 | $590.00 | $295.00 |
| 2024-01-19 | TRC | █████████████ | 0.30 | $850.00 | $255.00 |
| 2024-01-22 | JTD | ████████████████ | 0.20 | $590.00 | $118.00 |
| 2024-01-23 | JTD | █████████████ | 1.60 | $590.00 | $944.00 |
| 2024-01-24 | DJG | ███████████ | 4.00 | $590.00 | $2,360.00 |
| 2024-01-24 | JTD | ███████████████ | 5.00 | $590.00 | $2,950.00 |
| 2024-01-25 | JTD | ███████████████ | 0.10 | $590.00 | $59.00 |
| 2024-01-26 | TRC | ██████████████ | 0.30 | $850.00 | $255.00 |



| Date | Initials | | Hours | Rate | Amount |
|------|----------|---|-------|------|--------|
| 2024-01-29 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-01-31 | JTD | | 2.50 | $590.00 | $1,475.00 |
| 2024-02-06 | JTD | | 1.00 | $590.00 | $590.00 |
| 2024-02-06 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-02-07 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-08 | JTD | | 3.80 | $590.00 | $2,242.00 |
| 2024-02-09 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-12 | DJG | | 0.80 | $590.00 | $472.00 |
| 2024-02-12 | TRC | | 0.80 | $850.00 | $680.00 |
| 2024-02-12 | TRC | | 6.30 | $850.00 | $5,355.00 |
| 2024-02-12 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-02-12 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-02-14 | TRC | | 2.00 | $850.00 | $1,700.00 |
| 2024-02-15 | TRC | | 5.00 | $850.00 | $4,250.00 |
| 2024-02-15 | TRC | | 2.00 | $850.00 | $1,700.00 |
| 2024-02-15 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-15 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-02-15 | TRC | | 0.50 | $850.00 | $425.00 |
| 2024-02-15 | TRC | | 0.50 | $850.00 | $425.00 |
| 2024-02-15 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-02-15 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-16 | ID | | 0.30 | $430.00 | $129.00 |
| 2024-02-16 | ID | | 2.00 | $430.00 | $860.00 |



| Date | Type | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | | | | |
| 2024-02-16 | TRC | | 9.50 | $850.00 | $8,075.00 |
| 2024-02-16 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-17 | JTD | | 3.00 | $590.00 | $1,770.00 |
| 2024-02-17 | TRC | | 7.30 | $850.00 | $6,205.00 |
| 2024-02-17 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-18 | ID | | 1.30 | $430.00 | $559.00 |
| 2024-02-18 | TRC | | 5.70 | $850.00 | $4,845.00 |
| 2024-02-18 | TRC | | 0.50 | $850.00 | $425.00 |
| 2024-02-19 | JTD | | 0.20 | $590.00 | $118.00 |
| 2024-02-19 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-19 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-19 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-19 | JTD | | 0.50 | $590.00 | $295.00 |
| 2024-02-19 | JTD | | 0.20 | $590.00 | $118.00 |
| 2024-02-19 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-02-19 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-02-19 | TRC | | 2.00 | $850.00 | $1,700.00 |
| 2024-02-19 | TRC | | 0.40 | $850.00 | $340.00 |
| 2024-02-19 | TRC | | 0.50 | $850.00 | $425.00 |
| 2024-02-19 | TRC | | 0.40 | $850.00 | $340.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2024-02-19 | TRC | ████████████████ | 0.30 | $850.00 | $255.00 |
| 2024-02-19 | TRC | ██████████████████████ | 0.30 | $850.00 | $255.00 |
| 2024-02-19 | TRC | ██████████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-20 | JTD | ██████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | ████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | █████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | █████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | █████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | ██████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | ██████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | █████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | JTD | ██████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-20 | TRC | ██████████████████ | 1.30 | $850.00 | $1,105.00 |
| 2024-02-20 | TRC | ████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-20 | TRC | ██████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-20 | TRC | ████████████████████ | 0.70 | $850.00 | $595.00 |
| 2024-02-20 | TRC | ████████████████████ | 0.50 | $850.00 | $425.00 |
| 2024-02-20 | TRC | ██████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-20 | TRC | ████████████████████ | 0.20 | $850.00 | $170.00 |
| 2024-02-20 | TRC | █████████████ | 0.40 | $850.00 | $340.00 |
| 2024-02-20 | TRC | ██████████████████████ | 2.00 | $850.00 | $1,700.00 |
| 2024-02-21 | JTD | ████████████████████ | 0.20 | $590.00 | $118.00 |

| Date | Initials | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | ███████████ | | | |
| 2024-02-21 | JTD | ████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-21 | JTD | ████████████████████ | 0.20 | $590.00 | $118.00 |
| 2024-02-21 | JTD | ████████████████████ | 0.10 | $590.00 | $59.00 |
| 2024-02-21 | TRC | ████████████████ | 3.00 | $850.00 | $2,550.00 |
| 2024-02-21 | TRC | █████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-21 | TRC | ██████████████████ | 0.40 | $850.00 | $340.00 |
| 2024-02-22 | ID | ████████████████████ | 1.90 | $430.00 | $817.00 |
| 2024-02-22 | DJG | ████████████████████ | 0.20 | $590.00 | $118.00 |
| 2024-02-22 | DJG | ██████████████████ | 4.90 | $590.00 | $2,891.00 |
| 2024-02-22 | JTD | ██████████████████ | 2.40 | $590.00 | $1,416.00 |
| 2024-02-22 | TRC | ██████████████████ | 2.00 | $850.00 | $1,700.00 |
| 2024-02-22 | TRC | ████████████████████ | 1.50 | $850.00 | $1,275.00 |
| 2024-02-22 | TRC | ████████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-22 | TRC | ████████████████ | 0.40 | $850.00 | $340.00 |
| 2024-02-22 | TRC | ████████████████████ | 0.50 | $850.00 | $425.00 |
| 2024-02-22 | TRC | ████████████████████ | 1.00 | $850.00 | $850.00 |
| 2024-02-22 | TRC | ████████████████████ | 0.70 | $850.00 | $595.00 |
| 2024-02-22 | TRC | ████████████████████ | 0.30 | $850.00 | $255.00 |
| 2024-02-22 | TRC | ████████████████████ | 0.40 | $850.00 | $340.00 |
| 2024-02-23 | DJG | ████████████████ | 9.30 | $590.00 | $5,487.00 |
| 2024-02-23 | ID | ████████████████████ | 0.40 | $430.00 | $172.00 |
| 2024-02-23 | TRC | ████████████████████ | 1.30 | $850.00 | $1,105.00 |

| | | | | | |
|---|---|---|---|---|---|
| 2024-02-23 | TRC |  | 2.00 | $850.00 | $1,700.00 |
| 2024-02-23 | TRC | | 0.40 | $850.00 | $340.00 |
| 2024-02-23 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-02-23 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-02-23 | TRC | | 5.00 | $850.00 | $4,250.00 |
| 2024-02-23 | ID | | 0.30 | $430.00 | $129.00 |
| 2024-02-23 | JTD | | 0.20 | $590.00 | $118.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | SDC | | 1.60 | $430.00 | $688.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | JTD | | 0.30 | $590.00 | $177.00 |
| 2024-02-23 | JTD | | 0.30 | $590.00 | $177.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | ID | | 1.20 | $430.00 | $516.00 |
| 2024-02-23 | JTD | | 1.00 | $590.00 | $590.00 |
| 2024-02-23 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-23 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-02-23 | TRC | | 0.70 | $850.00 | $595.00 |
| 2024-02-26 | JTD | | 0.10 | $590.00 | $59.00 |
| 2024-02-26 | JTD | | 0.10 | $590.00 | $59.00 |



| Date | Initials | | Hours | Rate | Amount |
|------|----------|---|-------|------|--------|
| 2024-02-26 | TRC | | 0.40 | $850.00 | $340.00 |
| 2024-02-26 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-03-05 | DJG | | 0.30 | $590.00 | $177.00 |
| 2024-03-06 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-03-07 | DJG | | 7.00 | $590.00 | $4,130.00 |
| 2024-03-07 | DJG | | 1.10 | $590.00 | $649.00 |
| 2024-03-07 | TRC | | 5.00 | $850.00 | $4,250.00 |
| 2024-03-07 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-03-08 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-03-08 | TRC | | 5.00 | $850.00 | $4,250.00 |
| 2024-03-08 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-03-08 | DJG | | 7.00 | $590.00 | $4,130.00 |
| 2024-03-08 | DJG | | 0.30 | $590.00 | $177.00 |
| 2024-03-08 | TRC | | 6.00 | $850.00 | $5,100.00 |
| 2024-03-11 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-03-12 | DJG | | 0.10 | $590.00 | $59.00 |
| 2024-03-12 | DJG | | 0.10 | $590.00 | $59.00 |
| 2024-03-12 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-03-15 | TRC | | 0.50 | $850.00 | $425.00 |

| | | | | | |
|---|---|---|---|---|---|
| 2024-03-15 | TRC |  | 0.40 | $850.00 | $340.00 |
| 2024-03-18 | DJG | | 0.10 | $590.00 | $59.00 |
| 2024-03-18 | DJG | | 0.10 | $590.00 | $59.00 |
| 2024-03-18 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-03-18 | TRC | | 0.20 | $850.00 | $170.00 |
| 2024-03-25 | DJG | | 0.90 | $590.00 | $531.00 |
| 2024-03-25 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-03-26 | DJG | | 0.40 | $590.00 | $236.00 |
| 2024-03-26 | TRC | | 0.10 | $850.00 | $85.00 |
| 2024-03-26 | TRC | | 1.00 | $850.00 | $850.00 |
| 2024-03-27 | DJG | | 0.10 | $590.00 | $59.00 |
| 2024-03-27 | TRC | | 0.30 | $850.00 | $255.00 |
| 2024-03-28 | TRC | | 0.20 | $850.00 | $170.00 |

621.1 **Total** **$467,693.50**

| Date | User | Rate/Cost | Duration / Quantity | Total | Description |
|---|---|---|---|---|---|
| 10/24/2022 | Monica Almeida | $275.00 | 0.2 | $55.00 |  |
| 10/28/2022 | Monica Almeida | $275.00 | 0.6 | $165.00 | |
| 10/31/2022 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 11/1/2022 | Monica Almeida | $275.00 | 0.6 | $165.00 | |
| 11/1/2022 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 11/1/2022 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 11/1/2022 | Monica Almeida | $275.00 | 0.7 | $192.50 | |
| 11/2/2022 | Monica Almeida | $275.00 | 0.5 | $137.50 | |
| 11/2/2022 | Monica Almeida | $275.00 | 0.5 | $137.50 | |
| 11/4/2022 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 11/9/2022 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 11/16/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 11/16/2022 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 11/16/2022 | Monica Almeida | $275.00 | 0.4 | $110.00 | |
| 11/17/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 11/18/2022 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 11/23/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 11/28/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 11/30/2022 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 12/2/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/5/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/8/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/14/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/16/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/19/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/19/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 12/19/2022 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 1/9/2023 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 1/10/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 1/23/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 1/24/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 1/25/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 2/21/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 2/22/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 2/23/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 2/24/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/1/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/2/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/8/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/9/2023 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 3/14/2023 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 3/15/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/15/2023 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 3/17/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/20/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 3/22/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 4/5/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 5/16/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 6/5/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 6/5/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 6/6/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 6/6/2023 | Monica Almeida | $275.00 | 0.6 | $165.00 | |
| 6/6/2023 | Monica Almeida | $275.00 | 0.3 | $82.50 | |
| 6/9/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 7/28/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 8/14/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 8/22/2023 | Monica Almeida | $275.00 | 0.1 | $27.50 | |
| 8/28/2023 | Monica Almeida | $275.00 | 0.2 | $55.00 | |
| 10/25/2022 | Teresa M. Becvar | $725.00 | 0.5 | $362.50 | |
| 10/27/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 10/28/2022 | Teresa M. Becvar | $725.00 | 4.3 | $3,117.50 | |
| 10/28/2022 | Teresa M. Becvar | $725.00 | 0.8 | $580.00 | |
| 11/1/2022 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 11/1/2022 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 11/3/2022 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 11/21/2022 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 11/22/2022 | Teresa M. Becvar | $725.00 | 0.5 | $362.50 | |
| 11/28/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 11/28/2022 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 11/28/2022 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 11/28/2022 | Teresa M. Becvar | $725.00 | 0.5 | $362.50 | |
| 11/29/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 11/29/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 12/1/2022 | Teresa M. Becvar | $725.00 | 5.8 | $4,205.00 | |
| 12/2/2022 | Teresa M. Becvar | $725.00 | 1.9 | $1,377.50 | |
| 12/2/2022 | Teresa M. Becvar | $725.00 | 3.7 | $2,682.50 | |
| 12/5/2022 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 12/5/2022 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 12/5/2022 | Teresa M. Becvar | $725.00 | 3 | $2,175.00 | |
| 12/7/2022 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 12/7/2022 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 12/7/2022 | Teresa M. Becvar | $725.00 | 1 | $725.00 | |
| 12/9/2022 | Teresa M. Becvar | $725.00 | 0.6 | $435.00 | |
| 12/9/2022 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 12/14/2022 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |

| Date | Name | Rate | Hours | Amount | |
|---|---|---|---|---|---|
| 12/15/2022 | Teresa M. Becvar | $725.00 | 0.7 | $507.50 |  |
| 12/15/2022 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 12/15/2022 | Teresa M. Becvar | $725.00 | 0.6 | $435.00 | |
| 12/15/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 12/19/2022 | Teresa M. Becvar | $725.00 | 0.7 | $507.50 | |
| 12/19/2022 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 1/4/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 1/6/2023 | Teresa M. Becvar | $725.00 | 4.7 | $3,407.50 | |
| 1/8/2023 | Teresa M. Becvar | $725.00 | 8.2 | $5,945.00 | |
| 1/9/2023 | Teresa M. Becvar | $725.00 | 3.7 | $2,682.50 | |
| 1/9/2023 | Teresa M. Becvar | $725.00 | 0.9 | $652.50 | |
| 1/9/2023 | Teresa M. Becvar | $725.00 | 1.8 | $1,305.00 | |
| 1/16/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 1/22/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 1/25/2023 | Teresa M. Becvar | $725.00 | 0.5 | $362.50 | |
| 2/21/2023 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 2/22/2023 | Teresa M. Becvar | $725.00 | 0.8 | $580.00 | |
| 2/22/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 2/22/2023 | Teresa M. Becvar | $725.00 | 2 | $1,450.00 | |
| 2/23/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 2/23/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 2/23/2023 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 2/23/2023 | Teresa M. Becvar | $725.00 | 0.8 | $580.00 | |
| 3/13/2023 | Teresa M. Becvar | $725.00 | 1.2 | $870.00 | |
| 3/14/2023 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 3/14/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 3/14/2023 | Teresa M. Becvar | $725.00 | 1 | $725.00 | |
| 3/14/2023 | Teresa M. Becvar | $725.00 | 1.2 | $870.00 | |
| 3/15/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 3/17/2023 | Teresa M. Becvar | $725.00 | 2.1 | $1,522.50 | |
| 3/28/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 4/4/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 4/6/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 4/6/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 4/12/2023 | Teresa M. Becvar | $725.00 | 0.8 | $580.00 | |
| 4/12/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 5/1/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 5/3/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 5/8/2023 | Teresa M. Becvar | $725.00 | 0.3 | $217.50 | |
| 5/31/2023 | Teresa M. Becvar | $725.00 | 0.7 | $507.50 | |
| 6/1/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 6/1/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 6/2/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 6/2/2023 | Teresa M. Becvar | $725.00 | 0.5 | $362.50 | |
| 8/29/2023 | Teresa M. Becvar | $725.00 | 0.1 | $72.50 | |
| 11/14/2023 | Teresa M. Becvar | $725.00 | 1.7 | $1,232.50 | |
| 11/15/2023 | Teresa M. Becvar | $725.00 | 0.4 | $290.00 | |
| 11/15/2023 | Teresa M. Becvar | $725.00 | 0.2 | $145.00 | |
| 10/24/2022 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 10/31/2022 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 11/7/2022 | Kerry Bowers | $275.00 | 0.2 | $55.00 | |
| 12/15/2022 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 3/9/2023 | Kerry Bowers | $275.00 | 0.6 | $165.00 | |
| 3/22/2023 | Kerry Bowers | $275.00 | 0.2 | $55.00 | |
| 3/24/2023 | Kerry Bowers | $275.00 | 0.4 | $110.00 | |
| 4/10/2023 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 4/19/2023 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 5/3/2023 | Kerry Bowers | $275.00 | 0.1 | $27.50 | |
| 10/25/2022 | Michael Casas | $425.00 | 0.2 | $85.00 | |
| 10/26/2022 | Michael Casas | $425.00 | 2.6 | $1,105.00 | |
| 10/27/2022 | Michael Casas | $425.00 | 0.7 | $297.50 | |
| 10/27/2022 | Michael Casas | $425.00 | 0.2 | $85.00 | |
| 10/27/2022 | Michael Casas | $425.00 | 0.1 | $42.50 | |
| 10/27/2022 | Michael Casas | $425.00 | 0.1 | $42.50 | |
| 10/28/2022 | Michael Casas | $425.00 | 0.3 | $127.50 | |
| 10/28/2022 | Michael Casas | $425.00 | 0.2 | $85.00 | |
| 11/24/2022 | Michael Casas | $425.00 | 0.4 | $170.00 | |
| 11/29/2022 | Michael Casas | $425.00 | 0.8 | $340.00 | |
| 11/30/2022 | Michael Casas | $425.00 | 4.2 | $1,785.00 | |
| 4/7/2023 | Michael Casas | $425.00 | 2.7 | $1,147.50 | |
| 4/10/2023 | Michael Casas | $425.00 | 5.8 | $2,465.00 | |
| 4/11/2023 | Michael Casas | $425.00 | 3 | $1,275.00 | |
| 4/11/2023 | Michael Casas | $425.00 | 2.1 | $892.50 | |
| 4/12/2023 | Michael Casas | $425.00 | 3 | $1,275.00 | |
| 4/12/2023 | Michael Casas | $425.00 | 0.4 | $170.00 | |
| 4/12/2023 | Michael Casas | $425.00 | 0.7 | $297.50 | |
| 5/5/2023 | Michael Casas | $425.00 | 0.6 | $255.00 | |
| 6/1/2023 | Michael Casas | $425.00 | 0.3 | $127.50 | |
| 6/1/2023 | Michael Casas | $425.00 | 0.3 | $127.50 | |
| 11/1/2022 | Anna M Ceragioli | $525.00 | 0.9 | $472.50 | |
| 11/8/2022 | Anna M Ceragioli | $525.00 | 0.1 | $52.50 | |
| 11/8/2022 | Anna M Ceragioli | $525.00 | 0.1 | $52.50 | |
| 11/8/2022 | Anna M Ceragioli | $525.00 | 0.3 | $157.50 | |

| Date | Name | Rate | | Amount |
|---|---|---|---|---|
| 10/5/2023 | Meg Finerty | $275.00 | 0.2 | $55.00 |
| 10/5/2023 | Meg Finerty | $275.00 | 0.1 | $27.50 |
| 10/5/2023 | Meg Finerty | $275.00 | 0.4 | $110.00 |
| 10/5/2023 | Meg Finerty | $275.00 | 0.4 | $110.00 |
| 10/30/2023 | Meg Finerty | $275.00 | 0.1 | $27.50 |
| 11/18/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 11/28/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/2/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/5/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/7/2022 | Hayley Hudson | $275.00 | 1 | $275.00 |
| 12/8/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/15/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/19/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 12/30/2022 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/3/2023 | Hayley Hudson | $275.00 | 0.2 | $55.00 |
| 1/9/2023 | Hayley Hudson | $275.00 | 0.5 | $137.50 |
| 1/10/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/23/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/23/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/24/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/25/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/22/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/22/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/22/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/23/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/24/2023 | Hayley Hudson | $275.00 | 0.5 | $137.50 |
| 3/2/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/2/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/2/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/8/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/14/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/14/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/14/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/17/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/17/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/21/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/28/2023 | Hayley Hudson | $275.00 | 0.4 | $110.00 |
| 3/30/2023 | Hayley Hudson | $275.00 | 0.3 | $82.50 |
| 4/5/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 4/6/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 4/10/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 4/19/2023 | Hayley Hudson | $275.00 | 0.2 | $55.00 |
| 5/3/2023 | Hayley Hudson | $275.00 | 0.5 | $137.50 |
| 5/8/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 5/8/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 5/11/2023 | Hayley Hudson | $275.00 | 0.5 | $137.50 |
| 5/16/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 6/5/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 6/6/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 6/9/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 6/9/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 7/31/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 8/14/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 8/22/2023 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/21/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/21/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/21/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/26/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 2/26/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/6/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 3/11/2024 | Hayley Hudson | $275.00 | 0.1 | $27.50 |
| 1/3/2023 | Katie Mitchell | $650.00 | 0.2 | $130.00 |
| 10/27/2022 | Mohammed Rathur | $375.00 | 0.3 | $112.50 |
| 11/1/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 |
| 11/3/2022 | Mohammed Rathur | $375.00 | 0.2 | $75.00 |
| 11/7/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 |
| 11/7/2022 | Mohammed Rathur | $375.00 | 0.3 | $112.50 |
| 11/10/2022 | Mohammed Rathur | $375.00 | 0.5 | $187.50 |
| 11/16/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 |
| 12/5/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 |
| 12/13/2022 | Mohammed Rathur | $375.00 | 0.4 | $150.00 |
| 12/14/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 |
| 12/16/2022 | Mohammed Rathur | $375.00 | 0.5 | $187.50 |





| Date | Name | Rate | Hours | Amount | |
|---|---|---|---|---|---|
| 12/16/2022 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 12/19/2022 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 12/23/2022 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 1/10/2023 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 1/23/2023 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 1/24/2023 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 1/30/2023 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 2/17/2023 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 3/5/2023 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 3/8/2023 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 4/6/2023 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 4/10/2023 | Mohammed Rathur | $375.00 | 0.1 | $37.50 | |
| 6/1/2023 | Mohammed Rathur | $375.00 | 0.2 | $75.00 | |
| 1/11/2023 | Emily Rios Santana | $275.00 | 0.2 | $55.00 | |
| 5/17/2023 | Emily Rios Santana | $275.00 | 0.3 | $82.50 | |
| 6/5/2023 | Emily Rios Santana | $275.00 | 0.2 | $55.00 | |
| 6/15/2023 | Emily Rios Santana | $275.00 | 0.3 | $82.50 | |
| 10/30/2023 | Emily Rios Santana | $275.00 | 0.4 | $110.00 | |
| 10/31/2022 | Isabella Rivera Volquez | $275.00 | 0.3 | $82.50 | |
| 11/29/2022 | Isabella Rivera Volquez | $275.00 | 0.2 | $55.00 | |
| 12/1/2022 | Ryan F. Stephan | $950.00 | 0.3 | $285.00 | |
| 10/20/2022 | James B. Zouras | $950.00 | 1.3 | $1,235.00 | |
| 10/20/2022 | James B. Zouras | $950.00 | 0.9 | $855.00 | |
| 10/22/2022 | James B. Zouras | $950.00 | 1.8 | $1,710.00 | |
| 10/22/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 10/24/2022 | James B. Zouras | $950.00 | 1.3 | $1,235.00 | |
| 10/25/2022 | James B. Zouras | $950.00 | 0.6 | $570.00 | |
| 10/26/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 10/27/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 10/27/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 10/27/2022 | James B. Zouras | $950.00 | 0.9 | $855.00 | |
| 10/28/2022 | James B. Zouras | $950.00 | 3.1 | $2,945.00 | |
| 11/3/2022 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 11/7/2022 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 11/11/2022 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 11/16/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 11/23/2022 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 11/28/2022 | James B. Zouras | $950.00 | 0.1 | $95.00 | |
| 11/28/2022 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 11/29/2022 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 12/1/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 12/2/2022 | James B. Zouras | $950.00 | 1.3 | $1,235.00 | |
| 12/2/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 12/5/2022 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 12/5/2022 | James B. Zouras | $950.00 | 0.5 | $475.00 | |
| 12/8/2022 | James B. Zouras | $950.00 | 0.1 | $95.00 | |
| 12/15/2022 | James B. Zouras | $950.00 | 0.6 | $570.00 | |
| 12/15/2022 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 12/15/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 12/16/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 12/19/2022 | James B. Zouras | $950.00 | 0.7 | $665.00 | |
| 12/20/2022 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 1/9/2023 | James B. Zouras | $950.00 | 1.3 | $1,235.00 | |
| 1/11/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 1/23/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 1/24/2023 | James B. Zouras | $950.00 | 0.8 | $760.00 | |
| 2/22/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 2/23/2023 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 3/3/2023 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 3/7/2023 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 3/7/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 3/13/2023 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 3/17/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 3/31/2023 | James B. Zouras | $950.00 | 0.5 | $475.00 | |
| 4/12/2023 | James B. Zouras | $950.00 | 1.1 | $1,045.00 | |
| 4/12/2023 | James B. Zouras | $950.00 | 0.4 | $380.00 | |
| 4/13/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 4/25/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 5/3/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 5/5/2023 | James B. Zouras | $950.00 | 1 | $950.00 | |
| 5/8/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 5/31/2023 | James B. Zouras | $950.00 | 1.6 | $1,520.00 | |
| 5/31/2023 | James B. Zouras | $950.00 | 0.6 | $570.00 | |
| 6/1/2023 | James B. Zouras | $950.00 | 0.8 | $760.00 | |
| 6/1/2023 | James B. Zouras | $950.00 | 8.5 | $8,075.00 | |
| 6/2/2023 | James B. Zouras | $950.00 | 0.3 | $285.00 | |
| 6/27/2023 | James B. Zouras | $950.00 | 0.2 | $190.00 | |
| 7/10/2023 | James B. Zouras | $950.00 | 1.7 | $1,615.00 | |
| 7/27/2023 | James B. Zouras | $950.00 | 0.9 | $855.00 | |
| 8/21/2023 | James B. Zouras | $950.00 | 0.1 | $95.00 | |
| 11/15/2023 | James B. Zouras | $950.00 | 0.9 | $855.00 | |
| 12/19/2023 | James B. Zouras | $950.00 | 0.5 | $475.00 | |
| | | | **171.6** | **$111,587.50** | |

# **EXHIBIT B**

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## DUPAGE COUNTY, ILLINOIS

| | |
|---|---|
| HEATHER PARRIS and KAREN JOYCE, individually and on behalf of all others similarly situated, | Case No. 2023LA000672 |
| *Plaintiffs*, | Judge: Angelo J. Kappas |
| v. | |
| META PLATFORMS, INC., | |
| *Defendant*. | |

## DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN
## IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

1.      I am the Bruce Bromley Professor of Law at Harvard Law School and have been recognized as a leading national expert on class action law and practice. Class Counsel[1] seek a fee of $19,000,000 which constitutes less than 30% of the $64,250,000 common fund settlement. At the November 21, 2023, hearing in this matter, this Court noted that if a new settlement were reached, and fees sought, it would want to analyze whether a percentage or lodestar method is the appropriate means of ensuring the reasonableness of Class Counsel's fee request. Class Counsel have retained me to provide my expert opinion on this question. After setting forth my qualifications to serve as an expert (Part I, *infra*), I state the following four opinions:

- ***Courts prefer the percentage method in common fund cases, empirical evidence demonstrates that most courts utilize it without a lodestar cross-check, and they do so because of several advantages of the percentage method.*** (Part II, *infra*). Historically, the percentage method of calculating common fund fee awards replaced

---

[1] The parties' Settlement Agreement defines the term "Class Counsel" as "the law firm of Milberg Coleman Bryson Phillips Grossman PLLC." Settlement Agreement § 1.5.

Case 2:22-cv-01253-JPS   Filed 03/29/24   Page 66 of 130   Document 51-1

the lodestar method in most jurisdictions 35 years ago. Today, most federal circuits give district courts discretion to use either a percentage or lodestar approach, yet many hold that the percentage approach is preferred. Empirical evidence shows that the lodestar approach is very rarely used in common fund cases (less than 10% of the time) and that in more than half of all common fund cases, courts use a percentage approach without a lodestar cross-check. The reasons are straightforward: the percentage approach best aligns class counsel's interests with those of the class, it is easily administered, and it rewards efficiency – for these reasons, it is also likely the method that private parties would use to set a fee contract at the outset of a lawsuit.

- ***A lodestar cross-check not only reintroduces the downsides of the lodestar approach, but in certain circumstances it may be especially unhelpful.*** (Part III, *infra*). Class counsel's percentage request must be reasonable and most federal circuits *require* district courts to employ a qualitative, multi-factor test to assess the reasonableness of the request. Courts *may* also employ a lodestar cross-check, but there are downsides to doing so: reliance on lodestar re-introduces all of its costs, encouraging counsel to generate hours, misaligning the interests of class counsel from those of the class members, and consuming valuable time and resources to review. In addition to these general concerns, there are other circumstances in which courts have found a cross-check particularly unhelpful, including where: (1) a case's success depended significantly on non-litigator time; (2) a case was successfully settled quickly; (3) qualitative factors provide strong support for the percentage award; (4) a case is one of a set of interrelated cases and attributing lawyering time (for lodestar purposes) across the set of cases to one in particular is administratively difficult; (5) the court was heavily involved in overseeing a case, rendering a cross-check unnecessary. This list is exemplary, not exhaustive, and what it exemplifies is the fact that a lodestar cross-check is not invariably enlightening. Worse, it is time-consuming and open to reversal and accordingly courts employ it judiciously.

- ***In the specific circumstances of this case, a lodestar cross-check is not particularly helpful.*** (Part IV, *infra*). Class Counsel's achievement in this case is remarkable and the genius of it is not well-captured by the lodestar cross-check. After Class Counsel filed a putative class action challenging the defendant's practices, the defendant successfully moved to compel arbitration and the putative class action was dismissed. For all intents and purposes, the case was defunct at that point: it was unlikely many harmed individuals would learn about their legal rights, step forward to arbitrate, and even more unlikely that many individuals would secure relief because the defendant's arbitration clause barred class arbitration. Yet Class Counsel, remarkably, doubled down on their monetary investment in the class members' claims: using technological innovation, they took to the internet (1) to find clients (2) educate them about the defendant's practices and inform them of their potential legal claims and (3) provide an easy route to signing up as clients (4) to pursue arbitration. Within about half a year, Class Counsel enlisted roughly 100,000 class members to arbitrate. At that point – on the hook to pay for each of those arbitrations – the defendant suddenly preferred class

2

adjudication and a class action settlement (now for $64.25 million) was quickly achieved. The activities enumerated account for much of Class Counsel's success here, yet these are not the type of activities directly attributable to conventional lodestar. To use conventional lodestar as a measuring stick of their success would be to miss the forest for the trees. It would also create bad incentives, steering counsel away from creative and valuable investments (like those made in the arbitration-clause-based internet work here) and toward old-fashioned lawyering hours – even where the class's interests are better served by non-lodestar related work.

- ***A lodestar cross-check confirms the reasonableness of the fee award.*** (Part V, *infra*). If the Court were to undertake a lodestar cross-check, Class Counsel's $19 million fee request would constitute a fee about 4 times higher than their lodestar. Class Counsel are clearly entitled to a multiplier given the contingent nature of the case; empirical evidence shows that multipliers at this level are not unusual; and the Court could reasonably find that the multiplier accurately reflects the risk of this particular case and the results Class Counsel achieved for the class. Specifically, a 4 multiplier implies there was a ¼ chance of a $64.25 million settlement at the outset of this case. This conclusion seems warranted given the arbitration clause, and the defendants' success in deploying it to have the federal class action dismissed; the odds of *any* success at that point were close to zero. Class Counsel's achievement turning that loss into a $64.25 million common fund for the entire class is a remarkable achievement worthy of a healthy lodestar multiplier.

2.     Given the complications inherent in its application, it is helpful to remember that a lodestar cross-check is a means to an end – ensuring against an excessive fee – but it is not the only means to that end, nor always the best means to that end. In the particular circumstances present here, it is my expert opinion that application of the lodestar cross-check raises as many questions as it solves and that the reasonableness of Class Counsel's proposed fee is better assessed not by this discretionary check, but by a qualitative review of the significant risks they undertook and the remarkable settlement they achieved for the class. Regardless, even a cross-check – showing the fee to be about 4 times Class Counsel's lodestar – provides support for the Court to conclude that Class Counsel's $19 million fee request is reasonable.

3

# I.
## BACKGROUND AND QUALIFICATIONS[2]

3.      I am the Bruce Bromley Professor of Law at Harvard Law School.  I graduated from Yale College, *magna cum laude*, in 1982 and from Harvard Law School, *magna cum laude*, in 1986.  I clerked for the Hon. Stanley Sporkin in the U.S. District Court for the District of Columbia following my graduation from law school.  Before joining the Harvard faculty as a tenured professor in 2007, I was a law professor at the UCLA School of Law for a decade, and an adjunct faculty member at Harvard, Yale, and Stanford Law Schools while a public interest lawyer during the preceding decade.  I am admitted to practice law in the Commonwealth of Massachusetts, the State of California, the Commonwealth of Pennsylvania (inactive), the District of Columbia (inactive), the U.S. Supreme Court, six U.S. Courts of Appeals, and four U.S. District Courts.

4.      My principal area of scholarship is complex civil litigation, with a special emphasis on class action law.  I am the author, co-author, or editor of five books and more than a dozen scholarly articles, as well as many shorter publications (a fuller bibliography appears in my appended c.v., Exhibit A).  Much of this work concerns various aspects of class action law.  Since 2008, I have been the sole author of the leading national treatise on class action law, *Newberg on Class Actions*.  Between 2008 and 2017, I rewrote the entire multivolume treatise from scratch as its Fifth Edition and, subsequently, produced the treatise's Sixth Edition – *Newberg and Rubenstein on Class Actions* – which was published in 2022.  As part of this effort, I wrote and published a 692-page volume (volume 5 of the Sixth Edition) on attorney's fees, costs, and

---

[2] My full c.v. is attached as Exhibit A.

incentive awards; this is the most sustained scholarly treatment of class action attorney's fees and has been cited in numerous federal court fee decisions. For five years (2007–2011), I published a regular column entitled "Expert's Corner" in the publication *Class Action Attorney Fee Digest*. My work has been excerpted in casebooks on complex litigation, as noted on my c.v.

5.     My expertise in complex litigation has been recognized by judges, scholars, and lawyers in private practice throughout the country for whom I regularly provide consulting advice and educational training programs. Since 2010, the Judicial Panel on Multidistrict Litigation (JPML) has annually invited me to give a presentation on the current state of class action law at its MDL Transferee Judges Conference, and I have often spoken on the topic of attorney's fees to the MDL judges. The Federal Judicial Center invited me to participate as a panelist (on the topic of class action settlement approval) at its March 2018 judicial workshop celebrating the 50th anniversary of the JPML, Managing Multidistrict and Other Complex Litigation Workshop. The Second Circuit invited me to moderate a panel on class action law at the 2015 Second Circuit/Federal Judicial Center Mid-Winter Workshop. The American Law Institute selected me to serve as an Adviser on a Restatement-like project developing the *Principles of the Law of Aggregate Litigation*. In 2007, I was the co-chair of the Class Action Subcommittee of the Mass Torts Committee of the ABA's Litigation Section. I am on the Advisory Board of the publication *Class Action Law Monitor*. I have often presented continuing legal education programs on class action law at law firms and conferences.

6.     My teaching focuses on procedure and complex litigation. I regularly teach the basic civil procedure course to first-year law students, and I have taught a variety of advanced courses on complex litigation, remedies, and federal litigation. I have received honors for my

teaching activities, including: the Albert M. Sacks-Paul A. Freund Award for Teaching Excellence, as the best teacher at Harvard Law School during the 2011–2012 school year; the Rutter Award for Excellence in Teaching, as the best teacher at UCLA School of Law during the 2001–2002 school year; and the John Bingham Hurlbut Award for Excellence in Teaching, as the best teacher at Stanford Law School during the 1996–1997 school year.

7.    My academic work on class action law follows a significant career as a litigator. For nearly eight years, I worked as a staff attorney and project director at the national office of the American Civil Liberties Union (ACLU) in New York City.  In those capacities, I litigated dozens of cases on behalf of plaintiffs pursuing civil rights matters in state and federal courts throughout the United States.  I also oversaw and coordinated hundreds of additional cases being litigated by ACLU affiliates and cooperating attorneys in courts around the country.  I therefore have personally initiated and pursued complex litigation, including class actions.

8.    I have been retained as an expert witness in more than 100 cases and as an expert consultant in another 30 or so cases.  These cases have been in state and federal courts throughout the United States; most have been class actions and other complex matters, and many have been MDL proceedings.  I have been retained to testify as an expert witness on issues ranging from the propriety of class certification, to the reasonableness of settlements and fees, to the preclusive effect of class action judgments.  I have been retained by counsel for plaintiffs, for defendants, and for objectors.

9.    Courts have appointed me to serve as an expert in complex fee matters:

- In 2015, the United States Court of Appeals for the Second Circuit appointed me to argue for affirmance of a district court order that significantly reduced class counsel's

fee request in a large, complex securities class action, a task I completed successfully when the Circuit summarily affirmed the decision on appeal in 2016.[3]

- In 2017, the United States District Court for the Eastern District of Pennsylvania appointed me to serve as an expert witness on certain attorney's fees issues in the National Football League (NFL) Players' Concussion Injury Litigation (MDL 2323). In my final report to the Court, I recommended, *inter alia*, that the Court should cap individual retainer agreements at 22%, a recommendation that the Court adopted.[4]

- In 2018, the United States District Court for the Northern District of Ohio appointed me to serve as an expert consultant to the Court on complex class action and common benefit fees issues in the National Prescription Opiate Litigation (MDL 2804).

- The United States District Courts for the Southern District of New York and the Eastern District of Pennsylvania have both appointed me to serve as a mediator to resolve complex matters in class action cases, including fee issues.

10.      Courts have often relied on my expert witness testimony in fee matters.[5]

---

[3] *See In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 F. App'x 87 (2d Cir. 2016).

[4] *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *1 (E.D. Pa. Apr. 5, 2018) ("I adopt the conclusions of Professor Rubenstein and order that IRPAs' fees be capped at 22% plus reasonable costs.").

[5] *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014); *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-MD-02843-VC, 2023 WL 8445812, at *2 (N.D. Cal. Oct. 10, 2023); *Benson v. DoubleDown Interactive, LLC*, No. 18-CV-0525-RSL, 2023 WL 3761929, at *2 (W.D. Wash. June 1, 2023); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at *7 (E.D. Va. Nov. 8, 2022); *Reed v. Light & Wonder, Inc.*, No. 18-CV-565-RSL, 2022 WL 3348217, at *1–*2 (W.D. Wash. Aug. 12, 2022); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972 at *3 (S.D.N.Y. June 15, 2021); *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 623 (N.D. Cal. 2021); *Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at *1–*2 (W.D. Wash. Feb. 11, 2021); *Amador v. Baca*, No. 210CV01649SVWJEM, 2020 WL 5628938, at *13 (C.D. Cal. Aug. 11, 2020); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *10 (S.D. Ill. Dec. 16, 2018); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *5 (M.D.N.C. Dec. 3, 2018); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *4 (E.D. Pa. Apr. 5, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at *3 (N.D. Cal. July

7

11. I have been retained in this case to provide an opinion concerning the issues set forth in the first paragraph, *supra*. I am being compensated for providing this expert opinion. I was paid a flat fee in advance of rendering my opinion, so my compensation is in no way contingent upon the content of my opinion.

12. In analyzing these issues, I have discussed the case with the counsel who retained me. I have also reviewed documents from this case and the related federal case, a list of which is attached as Exhibit B. I have also re-read the case law and scholarship relevant to the issues herein.

## II.
### COURTS PREFER THE PERCENTAGE METHOD AND OFTEN USE IT WITHOUT A CROSS-CHECK

13. *History.*[6] The common fund fee award has its origins in a series of late 19th century equity cases. From that time through enactment of the current version of Rule 23 in 1966, courts tended to award fees in common fund cases using the percentage method. After enactment of the modern class action rule in 1966, class suits proliferated; in an influential 1973 decision, the U.S. Court of Appeals for the Third Circuit endorsed an hourly approach to fees and initiated the "lodestar" label for this method. Two events in the 1980s began to reverse the trend toward endorsement of the lodestar method in common fund cases. *First*, in deciding a fee-shifting case,

---

21, 2017); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, 2017 WL 1369741, at *5 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (S.D.N.Y. Sept. 2, 2015); *Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-CV-02529 MMM, 2015 WL 12732462, at *44 (C.D. Cal. May 29, 2015); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010); *Commonwealth Care All v. Astrazeneca Pharm. L.P.*, No. CIV.A. 05-0269 BLS 2, 2013 WL 6268236, at *2 (Mass. Super. Aug. 5, 2013).

[6] I explain this point in more depth in 5 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 15:64 (6th ed. & Supp. 2023) [hereinafter "*Newberg and Rubenstein on Class Actions*"], from which this paragraph is adapted.

the Supreme Court stated in a footnote that the percentage method is the appropriate approach for awards in common fund cases;[7] *second*, the Third Circuit itself appointed a high-profile Task Force to study the wisdom of the lodestar method. The Task Force concluded that the percentage method was the preferable approach for fee awards in common fund cases.[8]  In the succeeding years, many circuit courts acknowledged that the trend was toward usage of the percentage method.  Thus, by 2004, the Federal Judicial Center's *Manual for Complex Litigation* stated that "[a]fter a period of experimentation with the lodestar method … the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases."[9]

    14.    *Present.*[10]  Empirical evidence supports the Manual's statement that the percentage method predominates.  Several researchers have conducted three consecutive longitudinal studies of fee awards in class action cases.  In the first study (1993–2002), 13.6% of courts employed the

---

[7] *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) ("Unlike the calculation of attorney's fees under the 'common fund doctrine,' where a reasonable fee is based on a percentage of the fund bestowed on the class, a reasonable fee [in civil rights cases] reflects the amount of attorney time reasonably expended on the litigation.").

[8] Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 255 (1985) ("Accordingly, the Task Force recommends that in the traditional common-fund situation … the district court, on motion or its own initiative and at the earliest practicable moment, should attempt to establish a percentage fee arrangement agreeable to the Bench and to plaintiff's counsel." (footnote omitted)).

[9] Federal Judicial Center, *Manual for Complex Litigation, Fourth*, § 14.121 (2004) (citations omitted).

[10] I explain this point in more depth in *Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:67, from which this paragraph is adapted.

lodestar method alone;[11] in the second study (2003–2008), 9.6% did[12]; and in the most recent version published in 2017 (covering years 2009–2013), only 6.3% of courts did.[13] In that most recent study, the majority of courts (53.6%) used only the percentage method, without a lodestar cross-check,[14] and among those using the percentage method, courts were about 1.5 times more likely to do so without a cross-check than with one (53.6% to 38.2%).

15. *Rationale.*[15] The percentage method has four primary advantages over the lodestar method:

- *First,* it is easy to administer. The percentage method begins with a simple calculation: the size of the fund obtained for the class is multiplied by a commonly accepted percentage to set a benchmark fee for class counsel. Both of these calculations are generally far more straightforward than determining the right number of hours, proper billing rate, and appropriate multiplier using the lodestar method. The ease of administration of the percentage method saves valuable judicial and party resources.

- *Second*, the percentage method is best for the client class. Under the percentage method, counsel have an interest in generating as large a recovery for the class as possible, as their fee increases with the class's recovery. By contrast, when class counsel's fee is set by an hourly rate, the lawyers have an incentive to run up as many hours as possible in the litigation so as to ensure a hefty fee, even if the additional hours are not serving the clients' interests in any way.

- *Third,* because class counsel has no incentive to run up their hours to increase the fee request, the percentage method rewards efficiency. Counsel gets paid more for each extra dollar they obtain for the class, but the quicker they do so, the quicker they get paid and the less time and money they are forwarding to the class. By aligning class

---

[11] Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993–2008*, 7 J. Empirical Legal Stud. 248, 267 tbl.10 (2010) [hereinafter "Eisenberg & Miller II"].

[12] *Id.*

[13] Theodore Eisenberg et. al., *Attorneys' Fees in Class Actions: 2009–2013*, 92 N.Y.U. L. Rev. 937, 945 tbl.1 (2017) [hereinafter "Eisenberg & Miller III"].

[14] *Id.*

[15] I explain this point in more depth in *Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:65, from which this paragraph is adapted.

counsel's interests with those of the class, the percentage method has the salutary side effect of encouraging early settlements, thus delivering recovery to clients more rapidly and decreasing the social costs of litigation.

- *Fourth*, and finally, as an Illinois appellate panel recently explained, "the percentage approach is likely what the class members and counsel would have negotiated when counsel agreed to take on the case. This is so because fee arrangements based on the lodestar method require plaintiffs to monitor counsel and ensure that counsel are working efficiently on an hourly basis, something a large class of lightly-injured plaintiffs likely would not be interested in doing."[16]

16. Given this history and policy, it is not surprising that the Seventh Circuit and federal district courts in Illinois have regularly expressed a *preference* for the percentage method in common fund cases.[17] Similarly, in the Illinois case referenced above – after retracing the history and policy outlined here – the Appellate Court held that the fee objector had "cite[d] no authority

---

[16] *McCormick v. Adtalem Glob. Educ., Inc.*, 2022 IL App (1st) 201197-U, ¶ 26 (citations and internal quotation marks omitted).

[17] *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994) (noting that there are "advantages to utilizing the percentage method in common fund cases because of its relative simplicity of administration," although leaving the final decision of method up to the lower court); *In re FedEx Ground Package Sys., Inc., Emp. Pracs. Litig.*, 251 F. Supp. 3d 1225, 1236 (N.D. Ind. 2017) ("Our court of appeals favors the percentage-of-the-fund fee in common fund cases because it provides the best hope of estimating what a willing seller and a willing buyer seeking the largest recovery in the shortest time would have agreed to *ex ante*.") (citing *In re Synthroid Marketing Litig.*, 325 F.3d 974, 979–980 (7th Cir. 2003)); *Wright v. Nationstar Mortgage LLC*, No. 14 C 10457, 2016 WL 4505169, at *14 (N.D. Ill. Aug. 29, 2016) (detailing reasons for why a percentage method is more efficient and appropriate than a lodestar method for a common fund case); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 844 (N.D. Ill. 2015) (describing the percentage method as "the favored method for calculating fees in common-fund cases in this district"); *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 794–95 (N.D. Ill. 2015) (detailing reasons for why a percentage method is more efficient and appropriate than a lodestar method for a common fund case); *Williams v. Rohm & Haas Pension Plan*, No. 4:04-CV-0078-SEB-WGH, 2010 WL 1644571, at *1 (S.D. Ind. Apr. 21, 2010) (noting the "Seventh Circuit's preference for percentage-based fees awards" in common fund cases); *Gaskill v. Gordon*, 942 F. Supp. 382, 386 (N.D. Ill. 1996), *aff'd*, 160 F.3d 361 (7th Cir. 1998) (detailing the "considerable advantages" of the percentage method over the lodestar method in common fund cases, including efficiency and efficacy of assessing reasonableness, and describing the percentage method as the "most practical and accurate way to ensure that the fees are reasonable").

for his proposal that fees be calculated under both methods as a cross-check," and "ha[d] not persuasively argued that it was error to proceed solely under the percentage method that is favored in class actions,"[18] and accordingly affirmed a 35% award to class counsel, which had been approved without a cross check.

### III.
### COURTS DO NOT USE THE LODESTAR CROSS-CHECK
### IN CIRCUMSTANCES WHERE IT IS UNHELPFUL

17.     Courts may check the reasonableness of the percentage sought against class counsel's hours and rates – that is, undertake a "lodestar cross-check" – but such an approach is discretionary throughout the country.  For instance, the Ninth Circuit – which handles the greatest number of class actions – has long held that a lodestar cross-check "may provide a useful perspective on the reasonableness of a given percentage award,"[19] and "encouraged"[20] District Courts to undertake one, but the Circuit has "consistently refused to adopt a crosscheck requirement,"[21] and in 2020, the Circuit again refused to "do so once more."[22]  Similarly, the Illinois Supreme Court has enabled trial courts in this state to use either method, in part because of its conclusion that "[n]either the lodestar method nor the percentage method is necessarily

---

[18] *McCormick*., 2022 IL App (1st) 201197-U, ¶ 26.

[19] *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1050 (9th Cir. 2002).

[20] *In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d 935, 944 (9th Cir. 2011) ("[W]e have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method.").

[21] *Farrell v. Bank of Am. Corp., N.A*., 827 F. App'x 628, 630 (9th Cir. 2020).

[22] *Id.*

superior in all instances, and to decree that one or the other shall be used in all circumstances would, in our view, needlessly curtail the trial court's discretionary equitable powers."[23]

18.     The implication of that statement is that there are situations in which the lodestar approach – and thus a lodestar cross-check –is particularly unhelpful.  Indeed, courts have found the tool inapplicable or unhelpful in certain situations.  *First*, if class counsel's achievement encompassed significant non-litigation time, courts have held that a lodestar cross-check "would not be valuable tool to help assess"[24] the reasonableness of the fee request.  *Second*, where class counsel quickly achieves a strong settlement, courts have sometimes eschewed a lodestar cross-check, likely on the premise that applying one in those circumstances would incentivize counsel to continue the case (so as to run up their lodestar and lower their multiplier) despite their efficient success.[25]  *Third*, where analysis of qualitative factors provides strong support for the percentage

---

[23] *Brundidge v. Glendale Fed. Bank, F.S.B.*, 659 N.E.2d 909, 914 (Ill. 1995).

[24] *See, e.g., Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *2 (W.D. Wash. Feb. 11, 2021) ("Given the unique circumstances presented by this litigation, in particular the significant amount of non-legal work that had to be performed to turn back industry efforts to obtain protective legislation and to prevent participation in this lawsuit, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request."); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *2 (W.D. Wash. Feb. 11, 2021) (same); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at *2 (W.D. Wash. Feb. 11, 2021) (same).

[25] *See Rankin v. Am. Greetings, Inc.*, No. 2:10-CV-01831-GGH, 2011 WL 13239039, at *2 (E.D. Cal. July 6, 2011) ("Furthermore, in accordance with Ninth Circuit precedents, district courts within the Ninth Circuit have recognized that a lodestar cross check need not be performed where plaintiff's counsel achieves a significant result through an early settlement."); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *16 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) ("Under the circumstances presented here, where the early settlement resulted in a significant benefit to the class, the Court finds no need to conduct a lodestar cross-check."); *see also Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL 10483569, at *14 (E.D. Cal. Sept. 2, 2011) ("A lodestar cross-check is not required in this circuit, and in a case such as this, is not a useful reference point." (citing *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *16 (N.D. Cal. Jan. 26, 2007))).

award, some courts have held that a cross-check is unnecessary.[26] *Fourth*, if a settlement does not

stand alone but is one of a group of cases, it is often difficult to attribute lodestar to any one specific

case rendering application of a lodestar cross-check problematic.[27] *Fifth,* courts have noted that

the more involved they are in overseeing a case, the less importance attaches to a cross-check,[28]

---

[26] *See, e.g.*, *Ahlman v. Barnes*, No. SACV20835JGBSHKX, 2022 WL 16957837, at *5 (C.D. Cal. Sept. 12, 2022) (noting fees were far lower than anticipated and concluding that "[t]he court is satisfied that a lodestar 'cross-check' is not required"); *Lopez v. First Student, Inc.*, No. EDCV191669JGBSHKX, 2022 WL 618973, at *6 (C.D. Cal. Feb. 8, 2022) (approving award of 30% after reviewing qualitative factors and stating, "[t]he Court is satisfied that a lodestar 'cross-check' is not required"); *Odom v. ECA Mktg., Inc.*, No. EDCV20851JGBSHKX, 2021 WL 7185059, at *6 (C.D. Cal. Dec. 22, 2021) (similar); *Hirsh v. WW N. Am. Holdings, Inc.*, No. 219CV9782DSFAFMX, 2021 WL 4622394, at *1 (C.D. Cal. Feb. 12, 2021) (similar); *Ahmed v. HSBC BANK USA*, No. EDCV152057FMOSPX, 2019 WL 13027266, at *6 (C.D. Cal. Dec. 30, 2019) (*"In short, consideration of the foregoing factors supports class counsel's request for attorney's fees in the amount of 25% of the settlement fund, or $600,000. The court, therefore, is satisfied that a lodestar 'cross-check' is not required."); *Galarza v. Kloeckner Metals Corp.*, No. CV174910FMOPJWX, 2019 WL 12872965, at *6 (C.D. Cal. Nov. 12, 2019) (same); *Moodie v. Maxim Healthcare Servs., Inc*., No. CV 14-3471 FMO (ASX), 2019 WL 13108327, at *6 (C.D. Cal. Nov. 12, 2019) (same); *Bendon v. DTG Operations, Inc.*, No. EDCV160861FMOAGRX, 2018 WL 4976511, at *8 (C.D. Cal. Aug. 22, 2018), *judgment entered*, No. EDCV160861FMOAGRX, 2018 WL 4959047 (C.D. Cal. Aug. 22, 2018); *Wannemacher v. Carrington Mortg. Servs., LLC*, No. SACV122016FMOANX, 2014 WL 12586117, at *10 (C.D. Cal. Dec. 22, 2014) (similar); *Bautista v. Harvest Mgmt. Sub LLC*, No. CV1210004FMOCWX, 2014 WL 12579822, at *13 (C.D. Cal. July 14, 2014) (similar); *Ladore v. Ecolab, Inc.*, No. CV 11-9386 FMO (JCX), 2013 WL 12246339, at *11 (C.D. Cal. Nov. 12, 2013) (similar).

[27] *See, e.g.*, *Bendixen v. Sprint Commc'ns Co. L.P.*, No. 3:11-CV-05274-RBL, 2013 WL 2949569, at *3 (W.D. Wash. June 14, 2013) (noting, in a multiple-case situation, although undertaking a cross-check on a global basis, that: "In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade . . . have prevented Settlement Class Counsel from segregating their fees and expenses into a 'Washington-only' category or similar categories for other states.").

[28] *See, e.g.*, *Andrews v. Plains All Am. Pipeline L.P*., No. CV154113PSGJEMX, 2022 WL 4453864, at *2 (C.D. Cal. Sept. 20, 2022) ("Due to the exceptional circumstances of this case and the Court's extensive involvement in supervising the last seven years of litigation, the Court diverts from its usual practice and finds it unnecessary to cross-check the reasonableness of the requested award using the lodestar method."); *see also Senne v. Kansas City Royals Baseball Corp*., No. 14-CV-00608 JCS, 2023 WL 2699972, at *20 (N.D. Cal. Mar. 29, 2023), *aff'd sub nom. Senne v.*

14

seemingly on the theory that the court's oversight is itself a cross-check. Finally, courts are judicious in their application of a lodestar cross-check, as misapplication can lead to reversal and/or prolong fee litigation unnecessarily;[29] for example, the Ninth Circuit recently reversed a district court decision for relying (in large part) on the cross-check to limit a fee award below the benchmark in one case,[30] and in another, the Circuit noted that a district court had (harmlessly) erred in applying the cross-check.[31]

19.     In my scholarship, I am a proponent of a lodestar cross-check,[32] and am generally skeptical about arguments against using it,[33] but courts have understandably identified a variety of circumstances in which the device is not particularly helpful.

---

*Concepcion*, No. 23-15632, 2023 WL 4824938 (9th Cir. June 28, 2023) (noting that "[a]rguably, a lodestar cross-check is not required here because the Court has been extensively involved in supervising this litigation and has observed first-hand the monumental effort Class Counsel has put into this case" but performing a "rough calculation" nonetheless).

[29] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

[30] *Reyes v. Experian Info. Sols., Inc.*, 856 F. App'x 108, 111 (9th Cir. 2021).

[31] *In re Wells Fargo & Co. S'holder Derivative Litig.*, 845 F. App'x 563, 565 n.3 (9th Cir. 2021) (stating that "the district court erred when performing a cross-check for reasonableness using the lodestar method because it summarily dismissed objections to the rates of staff attorneys without analysis or reasoning" but finding that even if the objection had been accepted, and the multiplier adjusted, the amount awarded would not have been unreasonable).

[32] *See Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:86.

[33] I have argued that these concerns are somewhat exaggerated and can be minimized, *see Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:86, a position the California Supreme Court has endorsed. *See Laffitte v. Robert Half Internat. Inc.*, 376 P.3d 672, 687 (Cal. 2016) ("We tend to agree with the amicus curiae brief of Professor William B. Rubenstein that these concerns [about the lodestar cross-check] are likely overstated and the benefits of having the lodestar cross-check available as a tool outweigh the problems its use could cause in individual cases."). Regardless, this core debate about the efficacy of a cross-check recedes in relevance in this case for the reasons outlined in this textual paragraph.

15

## IV.
## THE LODESTAR CROSS-CHECK IS NOT A HELPFUL TOOL IN THE CIRCUMSTANCES OF THIS CASE

20.     Four sets of circumstances unique to this case make a lodestar cross-check particularly unhelpful.

21.     *First,* and most importantly, Class Counsel's paramount achievement in this case is not easily captured by a conventional lodestar approach.  This matter commenced as a putative class action, removed from state to federal court in California, but then the federal court granted the defendant's motion to compel arbitration and accordingly dismissed the complaint.[34]  This was, quite frankly, the death knell of the case – the odds that there would be a $ 64.25 million settlement were, at that moment, zero – probably less than zero.  This is so because not only did Instagram's arbitration clause compel arbitration, it required "***individual*** arbitration," with users waiving their "right to participate in a ***class action lawsuit or class-wide arbitration***."[35]  This meant users would have needed to go through an arbitration process one by one, with their individual relief being so relatively minimal that it would be difficult to find a lawyer to undertake that arbitration, and with the class being so numerous that the arbitrations, conducted individually and *seriatim*, would take the better part of the century to complete.  Most class action lawyers, suffering this defeat, would simply cut their losses and go home.

---

[34] *Whalen v. Facebook, Inc*., No. 20-CV-06361-JST, 2022 WL 19934419 (N.D. Cal. Apr. 11, 2022)

[35] Facebook's Motion to Compel Arbitration and Stay Litigation, *Whalen v. Facebook, Inc.,* Case No. 4:20-cv-06361-JST, ECF Doc. 45 at 11–12 (Feb. 25, 2021) (emphasis added).

16

22.     But not Class Counsel.  What they did next was extraordinary, though again not best captured by lodestar.[36]  Working with in-house tech specialists, Class Counsel invested significant monetary resources to build out web capabilities whereby they could accomplish four key tasks at scale and with efficiency:  (1) they educated consumers about Meta's practice; (2) they informed Meta users of their rights and potential BIPA claims; (3) they then identified those users who might be interested in pursuing arbitration and screened them for class membership and other key factual indicia; and (4) finally, they enlisted them as clients with contingent fee contracts. Judge Tigar had dismissed the putative class action and compelled arbitration by final order dated April 11, 2022, yet Class Counsel report in their preliminary approval papers here that "around November 2022, Plaintiffs' counsel contacted Meta and advised that [they] had been retained by approximately 100,000 Instagram users . . . .and that they intended to pursue arbitration against Meta on behalf of each of these claimants for violations of BIPA."  Remarkably, Meta then saw the value of the very device it had strenuously (and successfully) argued against – the class action – and quickly agreed to settle the case on a class wide basis.  In other words, in six short months of *out-of-court* organizing efforts, Class Counsel effectively created $64.25 million of value for the class.  As noted above, courts have declined to utilize a lodestar cross-check when class counsel undertook work that significantly contributed to the class recovery yet was not conventional litigation work.

23.     A *second* reason the lodestar cross-check is not especially helpful here is that the case settled quickly after Class Counsel's organizing efforts.  They contacted Meta in late 2022

---

[36] I have gleaned the information in this paragraph from my discussions about the case with Class Counsel.  *See* ¶ 12, *supra.*

and by March 2023 the parties were in mediation, and on May 4, 2023, executed a term sheet. The total time from the federal court dismissal to the term sheet was about a year, with the last six months of that being settlement negotiations and confirmatory discovery with Meta. As noted above, courts have often excused a lodestar cross-check in situations involving quick settlements because to employ a cross-check would simply encourage class counsel to needlessly prolong the litigation so as to drive up their lodestar and drive down their lodestar multiplier.

24. *Third*, the speed with which Meta was willing to settle the case, faced with 100,000 arbitration requests, surely speaks to the merits of the plaintiffs' claims and the important privacy values at stake. This underscores the importance of Class Counsel's achievement, notwithstanding the fact that that achievement is not best measured by the number of lawyer hours expended on it.

25. *Fourth,* although I am a proponent of the lodestar cross-check generally, I have also written at length about how fees law perverts class counsel's incentives when it rewards them only for *time* (lodestar) and not for *investment* (expenses).[37] This case is a perfect example of where class counsel's monetary investments, and remarkable ingenuity, redounded to the benefit of the class, even though neither translated into a huge number of billable hours. It would be unfortunate to reduce the requested fee award because of a relatively low lodestar in these circumstances as such a precedent would pervert lawyers' incentives going forward, steering them away from undertaking the sort of arbitration-defeating, class-vindicating actions taken here and into safer, high-lawyer-hour – but plausibly far less risky and valuable – cases. Insistence on a lodestar cross-check would reflect the legal system's anti-cost-investment bias and impede access to justice for

---

[37] Morris A. Ratner & William B. Rubenstein, *Profit for Costs*, 63 DePaul L. Rev. 587, 588 (2014).

individuals whose claims can be established only with substantial cost investments by entrepreneurial lawyers.

26.     In sum, Class Counsel took an enormous risk in this matter, investing significant non-legal resources to educate, inform, screen, and enlist class members to participate in court-mandated arbitration, and that risk paid off tremendously for all of the class members, in the form of this $64.25 million recovery.

## V.
## THE COURT COULD EASILY FIND THAT THE LODESTAR MULTIPLIER REFLECTED IN COUNSEL'S FEE REQUEST IS REASONABLE

27.     If the Court were to undertake a lodestar cross-check, Class Counsel's $19 million fee request would constitute a fee about 4.31 times higher than their lodestar.[38]  As set forth in the three sub-sections below, (a) Class Counsel are clearly entitled to a multiplier given the contingent nature of the case; (b) empirical evidence shows that multipliers at this level are not unusual; and (c) the Court could reasonably find that the multiplier accurately reflects the risk of the case at its outset and the results Class Counsel achieved for the class.

### A.     Contingent Fee Lawyers are Entitled to a Lodestar Multiplier

28.     Class action attorneys serve a critical social function in pursuing legal claims worth less than the cost of litigation (so-called "negative value claims"), a function captured by the title "private attorneys general."  Fees are what incentivize an attorney to set up an entire legal practice

---

[38] Class Counsel provided me a breakdown of their lodestar, showing a total of $4,410,238.80.  I calculated the 4.31 multiplier by dividing $19 million by the total lodestar.  My opinion is based on the assumption that this Court accepts both the total hours and proposed hourly billing rates in the lodestar document, as I have independently reviewed neither.  However, as courts in Illinois have acknowledged, "When used merely as a cross-check, the lodestar analysis can be 'abridged.'" *In re Trans Union Corp. Priv. Litig.*, No. 00 C 4729, 2009 WL 4799954, at *17 (N.D. Ill. Dec. 9, 2009), order modified and remanded, 629 F.3d 741 (7th Cir. 2011).

19

around the pursuit of such negative value claims. Yet if the contingent fee attorney were paid at only her hourly rate, she would have no incentive to invest her time and money in a client's case – she would take the far less risky path of representing clients who could presently pay her on an hourly basis, as most corporate counsel are paid.

29. The California Supreme Court has summarized the point by quoting two commentators:

> A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.[39]

> A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.[40]

30. Courts have also noted that paying class counsel a multiple of their lodestar is consistent with how the market rewards lawyers in similar circumstances, a fee approach endorsed by the Seventh Circuit:

> [C]ourts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases. This mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases. In common fund cases, attorneys whose compensation depends on their winning the case must make up in compensation in the cases they win for the lack of compensation in the cases they lose.[41]

---

[39] *Ketchum v. Moses*, 17 P.3d 735, 742 (Cal. 2001) (quoting Richard A. Posner, *Economic Analysis of Law* 534, 567 (4th ed. 1992)) (internal quotation marks omitted).

[40] *Id.* (quoting John Leubsdorf, *The Contingency Factor in Attorney Fee Awards*, 90 Yale L.J. 473, 480 (1981)) (internal quotation marks omitted).

[41] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (internal quotation marks and citations omitted).

20

31.     There is accordingly strong policy support for the argument that contingent fee lawyers, like these Class Counsel, are entitled to a lodestar multiplier.

## B.     Multipliers Are Routine and A Four Level Multiplier Is Not Unusual

32.     Extensive empirical evidence shows that fee awards calculated on a percentage basis are normally a positive multiple of class counsel's lodestar.  In five studies with pertinent data, the average lodestar multiplier ranged from 1.42 to 3.89,[42] with the average of the five averages being 2.05.  These data therefore support the conclusion that in the average case, the percentage-of-the-fund method yields an award to class counsel of roughly twice their normal hourly rates.

33.     All of the empirical studies with pertinent data also show that multipliers rise as the size of the class's fund increases, with the average multiplier in largest-fund cases being about 3.20,[43] or about 60% higher than in the run of cases.  A settlement of this $64.25 million size

---

[42] 5 *Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:89 (citing William B. Rubenstein et al., *Class Action Fee Awards 2006–2011: An Empirical Study* tbl.14) (1.42 average multiplier in 790 cases from 2006-2011); Eisenberg & Miller III, *supra* note 13, at 965 tbl.12 (1.48 average multiplier in 294 cases from 2009-2013); Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 833-34 tbl.9 (2010) (1.65 average multiplier in 204 cases from 2006-2007); Eisenberg & Miller II, *supra* note 11, at 272 tbl.14 (1.81 average multiplier in 368 cases from 1993-2008); Stuart J. Logan, Beverly C. Moore & Jack Moshman, *Attorney Fee Awards in Common Fund Class Actions*, 24 Class Action Rep. 167, 167 (2003) [hereinafter "Logan, Moore & Moshman"] (3.89 average multiplier in 1,120 cases from 1973-2003).

[43] *See* Eisenberg & Miller III, *supra* note 13, at 967 tbl.13 (2.72 average multiplier in 35 cases over $67.5 million); Eisenberg & Miller II, *supra* note 11, at 274 tbl.15 (3.18 average multiplier in 40 cases over $175.5 million); 5 *Newberg and Rubenstein on Class Actions*, *supra* note 6, at § 15:89 (2.39 average multiplier in 89 cases over $44.6 million); Logan, Moore & Moshman, *supra* note 42, at 167 (4.5 average multiplier in 64 cases over $100 million).

correlates to average multipliers ranging from 1.65 to 2.75 across the four studies with pertinent data; these are **_averages_**, so they encompass multipliers both higher and lower than this mean.

34.     While the multiplier sought here is higher, it is far from an outlier.  In appropriate circumstances, courts have approved percentage awards embodying lodestar multipliers at or above the range sought here.  In Exhibit C, I provide a list of 84 cases with multipliers of 4 or greater, 52 of which are cases with multipliers of 5 or greater.  The reported cases on this list include cases approving multipliers as high as 19.  This list is not meant to be either exhaustive or representative of all multipliers that courts have approved.  Rather, it demonstrates that courts approve percentage awards that embody multipliers consistent with the multiplier sought here in appropriate circumstances.

35.     While comparing the multiplier sought here to empirical data about multipliers approved in other cases places this case somewhat above the norm for the size of the settlement, that conclusion is likely exaggerated given at least three limitations in the empirical data on multipliers:

- *First,* there is no publicly-available empirical data about multipliers in the vast majority of contingent fee matters – individual tort cases – as the fees in these cases arise out of private contracts between attorney and client and need no court approval.  However, many large-scale tort practices settle large volumes of cases with insurance companies, with the law firms undertaking little or no legal work prior to the settlement.[44]  As tort attorneys in these matters tend to take 30-40% of the recoveries, their lodestar multipliers are likely very high.  So too, in many mass tort MDLs, lawyers have large inventories of contingent fee cases, but perform little actual legal work as most is undertaken by a central plaintiffs' steering committee; federal judges have expressed such concern about the resulting profits to the

---

[44] *See* Nora Freeman Engstrom, *Run-of-the-Mill Justice*, 22 Geo. J. Leg. Ethics 1485, 1526 (2009) (describing "settlement mills" and explaining that in one large settlement mill, "claims usually settled after only four-to-six hours of employee (not necessarily attorney) effort," while at another, "'regular run-of-the-mill cases' required only two-to-three hours of attorney time").

22

individual tort lawyers in some of these MDLs that they have often capped the amounts these lawyers are permitted to charge their clients in these cases.[45]

- *Second,* the empirical evidence of multipliers in class action cases is similarly limited given that courts undertake a lodestar cross-check in less than half of all cases, as discussed above.

- *Third*, as also noted above, courts have held that a cross-check is unnecessary in certain situations, such as when plaintiff's counsel achieves a significant result through an early settlement. This approach is understandable, but it limits the available data on lodestar multipliers by removing from the data a set of cases that likely have (deservedly) significant multipliers.

Thus, while the 4-range multiplier sought here might be above the norms for the settlements on which we have empirical data, it is surely a far more normal data point across the full range of contingent fee cases.

## C. The Proposed Multiplier Reflects the Case's Risks and Results

36. As Class Counsel are entitled to a multiplier given the contingent nature of the case, and as courts often employ multipliers at the level that their percentage award reflects, the only question is whether the risks they undertook and the results they achieved here support such an award in this case.

37. *Risks*. The Seventh Circuit has noted that a risk multiplier at a case's end is the inverse of what the risk might have been at its outset. Specifically, the Court has stated that a "multiplier is determined by dividing 1 by the probability of success."[46] This means that a

---

[45] *See In re Nat'l Football League Players' Concussion*, 2018 WL 1658808, at *4 (adopting report of court-appointed expert (Professor Rubenstein) recommending 22% fee cap and summarizing prior court approaches to fee caps).

[46] *Florin v. Nationsbank of Georgia, N.A.*, 60 F.3d 1245, 1247 n.3 (7th Cir. 1995) ("A risk multiplier of 1.01 equates to a finding that the class counsel had better than a 99% chance of recovering its fees. The multiplier is determined by dividing 1 by the probability of success.").

multiplier of 2 stands for the proposition that the probability of success *ex ante* was 50% (1/.5) while a multiplier of 10 translates into a 10% chance of success *ex ante* (1/.10).

38.     Applying the Seventh Circuit's inverse ratio approach, the 4-level multiplier embedded in Class Counsel's $19 million fee request implies that the odds of winning this case, at the outset, were no greater than 25% (1/.25).  The Court could find that the risk inherent in this matter hit that mark (or exceeded it) at the outset, as the risk far exceeded 1/4 in the midst of the action.  Specifically, after the federal court had ruled against the plaintiffs on the key procedural issue – application of the forced arbitration/no class action clause – the chances Class Counsel could achieve a class action settlement for the entire class were close to, if not, zero.

39.     *Results*.  What is particularly impressive is that Class Counsel did not abandon the class at this moment, nor shrink from investing *more* of their resources into the class's claims.  Instead, they (a) contributed to a new approach to compelled arbitration (the gathering of large numbers of potential clients one at a time); (b) developed a technological mechanism for applying this innovate effort; then (c) executed it (d) with such enormous success that – when presented with the results – the defendant immediately agreed to enter negotiations for an aggregate settlement of the class's claims.  The subsequent $64.25 million settlement is not just any victory snatched from the jaws of defeat:  it is a significant settlement for a statewide class, whereby each class member is eligible to receive relief in non-trivial cash amounts, that Class Counsel achieved through adversarial, non-collusive negotiations before a skilled mediator.

40.     Based on the foregoing review, my expert opinion is that the Court could easily find that Class Counsel's $19 million fee request, reflecting a multiple of about 4 times their lodestar, is well-deserved.

41. I have testified that:

- Courts prefer a percentage approach to attorney's fees in common fund cases and in more than half, do not employ a lodestar cross-check.

- While a lodestar cross-check may be helpful in ensuring against a windfall in some circumstances, it is not invariably useful and courts have identified a series of circumstances in which the cross-check is less helpful and thus less regularly used.

- A lodestar cross-check is not a helpful tool by which to assess the reasonableness of this Class Counsel's proposed percentage award in the unique circumstances presented by this remarkable case.

- If the Court nonetheless does undertake a cross-check, the 4-level multiplier in Class Counsel's fee request is not an outlier and is supported by the risks of this case and the results Class Counsel achieved in the face of those risks.

February 23, 2024

_____
William B. Rubenstein

25

# EXHIBIT A

# PROFESSOR WILLIAM B. RUBENSTEIN

Harvard Law School - AR323
1545 Massachusetts Avenue
Cambridge, MA 02138

(617) 496-7320
rubenstein@law.harvard.edu

## ACADEMIC EMPLOYMENT

**HARVARD LAW SCHOOL, CAMBRIDGE MA**

| | |
|---|---|
| Bruce Bromley Professor of Law | 2018-present |
| Sidley Austin Professor of Law | 2011-2018 |
| Professor of Law | 2007-2011 |
| Bruce Bromley Visiting Professor of Law | 2006-2007 |
| Visiting Professor of Law | 2003-2004, 2005-2006 |
| Lecturer in Law | 1990-1996 |

*Courses*: Civil Procedure; Class Action Law; Remedies; Legal Profession
*Awards*: 2012 Albert M. Sacks-Paul A. Freund Award for Teaching Excellence
*Membership*: American Law Institute; American Bar Foundation Fellow

**UCLA SCHOOL OF LAW, LOS ANGELES CA**

| | |
|---|---|
| Professor of Law | 2002-2007 |
| Acting Professor of Law | 1997-2002 |

*Courses*: Civil Procedure; Complex Litigation; Remedies
*Awards*: 2002 Rutter Award for Excellence in Teaching
Top 20 California Lawyers Under 40, *Calif. Law Business* (2000)

**STANFORD LAW SCHOOL, STANFORD CA**

| | |
|---|---|
| Acting Associate Professor of Law | 1995-1997 |

*Courses*: Civil Procedure; Federal Litigation
*Awards*: 1997 John Bingham Hurlbut Award for Excellence in Teaching

**YALE LAW SCHOOL, NEW HAVEN CT**

| | |
|---|---|
| Lecturer in Law | 1994, 1995 |

**BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK NY**

| | |
|---|---|
| Visiting Professor | Summer 2005 |

## LITIGATION-RELATED EMPLOYMENT

**AMERICAN CIVIL LIBERTIES UNION, NATIONAL OFFICE, NEW YORK NY**

| | |
|---|---|
| Project Director and Staff Counsel | 1987-1995 |

-Litigated impact cases in federal and state courts throughout the United States.
-Supervised a staff of attorneys at the national office, oversaw work of ACLU attorneys around the country and coordinated work with private cooperating counsel nationwide.
-Significant experience in complex litigation practice and procedural issues; appellate litigation; litigation coordination, planning and oversight.

**HON. STANLEY SPORKIN, U.S. DISTRICT COURT, WASHINGTON DC**

| | |
|---|---|
| Law Clerk | 1986-87 |

**PUBLIC CITIZEN LITIGATION GROUP, WASHINGTON DC**

| | |
|---|---|
| Intern | Summer 1985 |

EDUCATION

HARVARD LAW SCHOOL, CAMBRIDGE MA
     J.D., 1986, *magna cum laude*

YALE COLLEGE, NEW HAVEN CT
     B.A., 1982, *magna cum laude*
       Editor-in-Chief, YALE DAILY NEWS

SELECTED COMPLEX LITIGATION EXPERIENCE

*Professional Service and Highlighted Activities*

◊   *Author,* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019))

◊   *Speaker,* Judicial Panel on Multidistrict Litigation, Multidistrict Litigation (MDL) Transferee Judges Conference, Palm Beach, Florida (provided presentation to MDL judges on recent developments in class action law and related topics (2010, 2011, 2013-2019)

◊   *Panelist,* Federal Judicial Center, *Managing Multidistrict Litigation and Other Complex Litigation Workshop* (for federal judges) (March 15, 2018)

◊   *Amicus curiae,* authored *amicus* brief on proper approach to incentive awards in class action lawsuits in conjunction with motion for rehearing *en banc* in the United States Court of Appeals for the Eleventh Circuit (*Johnson v. NPAS Sols., LLC,* 975 F.3d 1244 (11th Cir. 2020))

◊   *Amicus curiae,* authored *amicus* brief in United States Supreme Court on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos,* 139 S. Ct. 1041 (2019))

◊   *Amicus curiae,* authored *amicus* brief in California Supreme Court on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.,* 376 P.3d 672, 687 (Cal. 2016) (noting reliance on *amicus* brief))

◊   *Amicus curiae,* authored *amicus* brief in the United States Supreme Court filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊   *Adviser,* American Law Institute, *Project on the Principles of the Law of Aggregate Litigation,* Philadelphia, Pennsylvania

◊   *Advisory Board, Class Action Law Monitor* (Strafford Publications), 2008-

◊   *Co-Chair,* ABA Litigation Section, Mass Torts Committee, Class Action Sub-Committee, 2007

◊   *Planning Committee,* American Bar Association, Annual National Institute on Class Actions Conference, 2006, 2007

◇  *"Expert's Corner"* (Monthly Column)*, Class Action Attorney Fee Digest,* 2007-2011

## Judicial Appointments

◇  *Co-Mediator.*   Appointed by the United States District Court for the Eastern District of Pennsylvania to help mediate a complex attorney's fees issue (*In re National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323 (E.D. Pa. June-September 2022))

◇  *Mediator.*   Appointed by the United States District Court for the Southern District of New York to mediate a set of complex issues in civil rights class action (*Grottano v. City of New York*, Civil Action No. 15-cv-9242 (RMB) (May 2020-January 2021))

◇  *Expert consultant.*   Appointed by the United States District Court for the Northern District of Ohio, and Special Master, as an expert consultant on class certification and attorney's fees issues in complex multidistrict litigation (*National Prescription Opiate Litigation,* MDL 2804, Civil Action No. 1:17-md-2804 (N.D. Ohio Aug. 13, 2018; June 29, 2019; March 10, 2020))

◇  *Expert witness.*   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D. Pa. April 5, 2018))

◇  *Appellate counsel.*   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016))

## Expert Witness

◇  Submitted expert witness declaration concerning proper approach to – and reasonableness of – attorney's fee request (*Barr v. SelectBlinds LLC,* Civil Action No. 2:22-cv-08326-SPG-PD (C.D. Cal. 2023))

◇  Submitted expert witness declaration on history and equity of proposed allocation system in complex class action settlement (*In re McKinsey & Co. Inc. National Prescription Opiate Consultant Litigation,* Case No. 3:21-md-02996-CRB (N.D. Cal. 2023))

◇  Submitted expert witness declaration concerning reasonableness of proposed hourly rates used in lodestar cross-check submission (*In re National Veterans Legal Services Program, et al. v. United States,* Case No. 1:16-CV-00745-PLF (D. D.C. 2023))

◇  Submitted expert witness declarations concerning reasonableness of – and proper approach to – attorney's fees in context of issue class action judgment (*James, et al., v. PacifiCorp, et al.,* Civil Action No. 20CV33885 (Oregon Circuit Court, Multnomah Cty. 2023))

◇  Retained as an expert witness concerning reasonableness of attorney's fee request (*In re Wells Fargo*

& *Company Securities Litigation*, Case No. 1:20-cv-04494-GHW (S.D.N.Y. 2023))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*In re Facebook, Inc. Consumer Privacy User Profile Litigation,* Civil Action No. 3:18-cv-02843-VC (N.D. Cal. 2023))

◊ Submitted expert witness declaration concerning constitutionality of proposed procedures for resolving aggregate claims within a bankruptcy proceeding (*In re PG&E Corporation and Pacific Gas and Electric Company,* Bankruptcy Case No. 19-30088 (N.D. Cal. Bankrpt. 2023))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Health Republic Insurance Company v. United States,* Civil Action No. 1:16-cv-0259C (Ct. Fed. Cl. 2023))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Benson, et al. v. DoubleDown Interactive, LLC, et al.,* Civil Action No. 2:18-cv-00525 (W.D. Wash. 2023))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fees request (*In re Twitter Inc. Securities Litigation,* Case No. 4:16-cv-05314 (N.D. Cal. October 13, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Ferrando v. Zynga Inc.,* Civil Action No. 2:22-cv-00214 (W.D. Wash. 2022))

◊ Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Lyft, Inc. Securities Litigation,* Case No. 4:19-cv-02690 (N.D. Cal. August 19, 2022))

◊ Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836, 2:18-md-2836 (E.D. Va. July 12, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Reed v. Scientific Games Corp.,* Civil Action No. 2:18-cv-00565 (W.D. Wash. 2022))

◊ Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Micro Focus International PLC Securities Litigation,* Master File No. 1:18-cv-06763 (S.D.N.Y., May 4, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Americredit Financial Services, Inc., d/b/a/ GM Financial v. Bell,* No. 15SL-AC24506-01 (Twenty-First Judicial Circuit Court, St. Louis County, Missouri, March 13, 2022))

◊ Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Marjory Stoneman Douglas High School Shooting FTCA Litigation*, Case No. 0:18-cv-62758 (S.D. Fla. February 7, 2022))

◊ Submitted expert witness declaration concerning reasonableness of attorney's fee request (*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc*., No. 12-CV-0256 (LAK), 2021 WL

2453972(S.D.N.Y. June 15, 2021))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Kater v. Churchill Downs,* Civil Action No. 2:15-cv-00612 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Playtika, LTD,* Civil Action No. 3:18-cv-05277 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Huuuge,* Civil Action No. 3:18-cv-005276 (W.D. Wash. 2020))

◊   Submitted expert witness declarations and testified at fairness hearing concerning (1) reasonableness of attorney's fee request and (2) empirical data confirming robustness of class claims rate (*In re Facebook Biometric Information Privacy Litigation,* Civil Action No. 3:15-cv-03747-JD (N.D. Cal. (2020))

◊   Retained as an expert witness on issues regarding the Lead Plaintiff/Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA) (*In re Apple Inc. Securities Litigation.,* Civil Action No. 4:19-cv-02033-YGR (N.D. Cal. (2020))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Amador v. Baca*, Civil Action No. 2:10-cv-01649 (C.D. Cal. February 9, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement (*In re: Columbia Gas Cases*, Civil Action No. 1877CV01343G (Mass. Super. Ct., Essex County, February 6, 2020))

◊   Submitted an expert witness declaration, and reply declaration, concerning reasonableness of attorney's fee request (*Hartman v. Pompeo*, Civil Action No. 1:77-cv-02019 (D.D.C. October 10, 2019; February 28, 2020))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:  Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-MD-2724 (E.D. Pa. May 15, 2019))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, relied upon by court in awarding fees (*Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018))

◊   Submitted expert witness affidavit and testified at fairness hearing concerning second phase fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294 (New Hampshire Superior Court, Merrimack County (2018))

◊   Submitted expert witness report – and rebutted opposing expert – concerning class certification issues for proposed class action within a bankruptcy proceeding (*In re Think Finance,* Case No. 17-33964 (N.D. Tex. Bankrpt. 2018))

◊   Submitted expert witness declaration concerning specific fee issues raised by Court at fairness hearing

and second declaration in response to report of Special Master (*In re Anthem, Inc. Data Breach Litigation,* Case No. 15-MD-02617-LHK (N.D. Cal. 2018))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request following plaintiffs' verdict at trial in consumer class action (*Krakauer v. Dish Network, L.L.C.,* Civil Action No. 1:14-cv-00333 (M.D.N.C. 2018))

◊ Submitted three expert witness declarations and deposed by/testified in front of Special Master in investigation concerning attorney's fee issues (*Arkansas Teacher Ret. Sys. v. State St. Bank & Trust Co.*, Civ. Action No. 1:11-cv-10230 (D. Mass. 2017-18))

◊ Retained as an expert witness on issues regarding the preclusive effect of a class action judgment on later cases (*Sanchez v. Allianz Life Insurance Co. of N. Amer.,* Case No. BC594715 (California Superior Court, Los Angeles County (2018))

◊ Retained as an expert witness and submitted report explaining meaning of the denial of a motion to dismiss in American procedure to foreign tribunals (*In re Qualcomm Antitrust Matter,* declaration submitted to tribunals in Korea and Taiwan (2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 3.0-liter settlement, referenced by court in awarding fees (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 3175924 (N.D. Cal. July 21, 2017))

◊ Retained as an expert witness concerning impracticability of joinder in antitrust class action (*In re Celebrex (Celecoxib) Antitrust Litigation,* Civ. Action No. 2-14-cv-00361 (E.D. Va. (2017))

◊ Submitted an expert witness declaration and deposed concerning impracticability of joinder in antitrust class action (*In re Modafinil Antitrust Litigation,* Civ. Action No. 2-06-cv-01797 (E.D. Pa. (2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 2.0-liter settlement (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 1047834 (N.D. Cal., March 17, 2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Aranda v. Caribbean Cruise Line, Inc.,* 2017 WL 1368741 (N.D. Ill., April 10, 2017))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*McKinney v. United States Postal Service*, Civil Action No. 1:11-cv-00631 (D.D.C. (2016))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊ Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Geancopoulos v. Philip Morris USA Inc.,* Civil Action No. 98-6002-BLS1 (Mass. Superior Court,

Suffolk County))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Gates v. United Healthcare Insurance Company,* Case No. 11 Civ. 3487 (S.D.N.Y. 2015))

◊    Retained as an expert trial witness on class action procedures and deposed prior to trial in matter that settled before trial (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015))

◊    Retained as an expert witness concerning adequacy of putative class representatives in securities class action (*Medoff v. CVS Caremark Corp.,* Case No. 1:09-cv-00554 (D.R.I. (2015))

◊    Submitted an expert witness declaration concerning reasonableness of proposed class action settlement, settlement class certification, attorney's fees, and incentive awards (*Fitzgerald Farms, LLC v. Chespeake Operating, L.L.C.,* Case No. CJ-2010-38, Dist. Ct., Beaver County, Oklahoma (2015))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Asghari v. Volkswagen Grp. of Am., Inc*., 2015 WL 12732462 (C.D. Cal. May 29, 2015))

◊    Submitted an expert witness declaration concerning propriety of severing individual cases from class action and resulting statute of repose ramifications (*In re: American International Group, Inc. 2008 Securities Litigation,* 08-CV-4772-LTS-DCF (S.D.N.Y. (2015))

◊    Retained by Fortune Global 100 Corporation as an expert witness on fee matter that settled before testimony (2015)

◊    Submitted an expert witness declaration and testified at Special Master proceeding concerning reasonableness of attorney's fee allocation in sealed fee mediation (2014-2015)

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*In re: Hyundai and Kia Fuel Economy Litigation,* MDL 13-02424 (C.D. Cal. (2014))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Ammari Electronics v. Pacific Bell Directory*, Case No. RG0522096, California Superior Court, Alameda County (2014))

◊    Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc.,* Case No. CGC-

10-497839, California Superior Court, San Francisco County (2014))

◊   Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Credit Suisse Securities (USA) LLC,* Case No. CGC-10-497840, California Superior Court, San Francisco County (2014))

◊   Retained as expert witness on proper level of common benefit fee in MDL (*In re Neurontin Marketing and Sales Practice Litigation,* Civil Action No. 04-10981, MDL 1629 (D. Mass. (2014))

◊   Submitted an expert witness declaration concerning Rule 23(g) selection of competing counsel, referenced by court in deciding issue (*White v. Experian Information Solutions, Inc.,* 993 F. Supp. 2d 1154 (C.D. Cal. (2014))

◊   Submitted an expert witness declaration concerning proper approach to attorney's fees under California law in a statutory fee-shifting case (*Perrin v. Nabors Well Services Co.,* Case No. 1220037974, Judicial Arbitration and Mediation Services (JAMS) (2013))

◊   Submitted an expert witness declaration concerning fairness and adequacy of proposed nationwide class action settlement (*Verdejo v. Vanguard Piping Systems,* Case No. BC448383, California Superior Court, Los Angeles County (2013))

◊   Retained as an expert witness regarding fairness, adequacy, and reasonableness of proposed nationwide consumer class action settlement  (*Herke v. Merck,* No. 2:09-cv-07218, MDL Docket No. 1657 (*In re Vioxx Products Liability Litigation*) (E. D. La. (2013))

◊   Retained as an expert witness concerning ascertainability requirement for class certification and related issues (*Henderson v. Acxiom Risk Mitigation, Inc.,* Case No. 3:12-cv-00589-REP (E.D. Va. (2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and performing analysis of Ⱥnet expected valueⱭ of settlement benefits, relied on by court in approving settlement (*In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 10545508 (N.D. Ill. July 3, 2013))

◊   Submitted an expert witness declaration concerning reasonableness of class action settlement and attorney's fee request (*Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, 2013 WL 6268236 (Mass. Super. Aug. 5, 2013))

◊   Submitted an expert witness declaration concerning propriety of preliminary settlement approval in nationwide consumer class action settlement (*Anaya v. Quicktrim, LLC,* Case No.  CIVVS 120177, California Superior Court, San Bernardino County (2012))

◊   Submitted expert witness affidavit concerning fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294, New Hampshire Superior Court, Merrimack County (2012))

◊   Submitted expert witness declaration and deposed concerning class certification issues in nationwide fraud class action, relied upon by the court in affirming class certification order (*CVS Caremark Corp.*

*v. Lauriello,* 175 So. 3d 596, 609-10 (Ala. 2014))

◊ Submitted expert witness declaration in securities class action concerning value of proxy disclosures achieved through settlement and appropriate level for fee award (*Rational Strategies Fund v. Jhung,* Case No. BC 460783, California Superior Court, Los Angeles County (2012))

◊ Submitted an expert witness report and deposed concerning legal malpractice in the defense of a class action lawsuit (*KB Home v. K&L Gates, LLP,* Case No. BC484090, California Superior Court, Los Angeles County (2011))

◊ Retained as expert witness on choice of law issues implicated by proposed nationwide class certification (*Simon v. Metropolitan Property and Cas. Co.,* Case No. CIV-2008-1008-W (W.D. Ok. (2011))

◊ Retained, deposed, and testified in court as expert witness in fee-related dispute (*Blue, et al. v. Hill,*Case No. 3:10-CV-02269-O-BK (N.D. Tex. (2011))

◊ Retained as an expert witness in fee-related dispute (*Furth v. Furth*, Case No. C11-00071-DMR (N.D. Cal. (2011))

◊ Submitted expert witness declaration concerning interim fee application in complex environmental class action (*DeLeo v. Bouchard Transportation,* Civil Action No. PLCV2004-01166-B, Massachusetts Superior Court (2010))

◊ Retained as an expert witness on common benefit fee issues in MDL proceeding in federal court (*In re Vioxx Products Liability Litigation*, MDL Docket No. 1657 (E.D. La. (2010))

◊ Submitted expert witness declaration concerning fee application in securities case, referenced by court in awarding fee (*In re AMICAS, Inc. Shareholder Litigation,* 27 Mass. L. Rptr. 568 (Mass. Sup. Ct. (2010))

◊ Submitted an expert witness declaration concerning fee entitlement and enhancement in non-common fund class action settlement, relied upon by the court in awarding fees (*Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172-74 (C.D. Cal. 2010))

◊ Submitted an expert witness declaration concerning class action fee allocation among attorneys (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊ Submitted an expert witness declaration concerning settlement approval and fee application in wage and hour class action settlement (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊ Submitted an expert witness declaration concerning objectors' entitlement to attorney's fees (*Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 (C.D. Cal. (2010))

◊ Submitted an expert witness declaration concerning fairness of settlement provisions and processes, relied upon by the Ninth Circuit in reversing district court's approval of class action settlement (*Radcliffe v. Experian Inform. Solutions Inc.*, 715 F.3d 1157, 1166 (9th Cir. 2013))

◊ Submitted an expert witness declaration concerning attorney's fees in class action fee dispute, relied upon by the court in deciding fee issue (*Ellis v. Toshiba America Information Systems, Inc.*, 218 Cal. App. 4th 853, 871, 160 Cal. Rptr. 3d 557, 573 (2d Dist. 2013))

◊ Submitted an expert witness declaration concerning common benefit fee in MDL proceeding in federal court (*In re Genetically Modified Rice Litigation*, MDL Docket No. 1811 (E.D. Mo. (2009))

◊ Submitted an expert witness declaration concerning settlement approval and fee application in national MDL class action proceeding (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL Docket No.1735 (D. Nev. (2009))

◊ Submitted an expert witness declaration concerning fee application in national MDL class action proceeding, referenced by court in awarding fees (*In re Dept. of Veterans Affairs (VA) Data Theft Litigation*, 653 F. Supp.2d 58 (D.D.C. (2009))

◊ Submitted an expert witness declaration concerning common benefit fee in mass tort MDL proceeding in federal court (*In re Kugel Mesh Products Liability Litigation*, MDL Docket No. 1842 (D. R.I. (2009))

◊ Submitted an expert witness declaration and supplemental declaration concerning common benefit fee in consolidated mass tort proceedings in state court (*In re All Kugel Mesh Individual Cases*, Master Docket No. PC-2008-9999, Superior Court, State of Rhode Island (2009))

◊ Submitted an expert witness declaration concerning fee application in wage and hour class action (*Warner v. Experian Information Solutions, Inc.*, Case No.   BC362599, California Superior Court, Los Angeles County (2009))

◊ Submitted an expert witness declaration concerning process for selecting lead counsel in complex MDL antitrust class action (*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Docket No. 1869 (D. D.C. (2008))

◊ Retained, deposed, and testified in court as expert witness on procedural issues in complex class action (*Hoffman v. American Express*, Case No. 2001-022881, California Superior Court, Alameda County (2008))

◊ Submitted an expert witness declaration concerning fee application in wage and hour class action (*Salsgiver v. Yahoo! Inc.*, Case No. BC367430, California Superior Court, Los Angeles County (2008))

◊ Submitted an expert witness declaration concerning fee application in wage and hour class action (*Voight v. Cisco Systems, Inc.*, Case No. 106CV075705, California Superior Court, Santa Clara County (2008))

◊ Retained and deposed as expert witness on fee issues in attorney fee dispute (*Stock v. Hafif*, Case No. KC034700, California Superior Court, Los Angeles County (2008))

◊ Submitted an expert witness declaration concerning fee application in consumer class action (*Nicholas v. Progressive Direct*, Civil Action No. 06-141-DLB (E.D. Ky. (2008))

◊ Submitted expert witness declaration concerning procedural aspects of national class action arbitration

(*Johnson v. Gruma Corp.,* JAMS Arbitration No. 1220026252 (2007))

◊   Submitted expert witness declaration concerning fee application in securities case (*Drulias v. ADE Corp.,* Civil Action No. 06-11033 PBS (D. Mass. (2007))

◊   Submitted expert witness declaration concerning use of expert witness on complex litigation matters in criminal trial (*U.S. v. Gallion, et al*., No. 07-39 (E. D. Ky. (2007))

◊   Retained as expert witness on fees matters (*Heger v. Attorneys' Title Guaranty Fund, Inc.,* No. 03-L-398, Illinois Circuit Court, Lake County, IL (2007))

◊   Retained as expert witness on certification in statewide insurance class action (*Wagner v. Travelers Property Casualty of America*, No. 06CV338, Colorado District Court, Boulder County, CO (2007))

◊   Testified as expert witness concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corporate Derivative Litigation*, Case No. 01098905, California Superior Court, Santa Barbara Cty, CA (2006))

◊   Submitted expert witness declaration concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corp. Corporate Derivative Litigation*, Case No. CV-03-11 RSWL (C.D. Cal. (2006))

◊   Retained as expert witness as to certification of class action (*Canova v. Imperial Irrigation District*, Case No. L-01273, California Superior Court, Imperial Cty, CA (2005))

◊   Retained as expert witness as to certification of nationwide class action (*Enriquez v. Edward D. Jones & Co.,* Missouri Circuit Court, St. Louis, MO (2005))

◊   Submitted expert witness declaration on procedural aspects of international contract litigation filed in court in Korea (*Estate of Wakefield v. Bishop Han & Jooan Methodist Church* (2002))

◊   Submitted expert witness declaration as to contested factual matters in case involving access to a public forum (*Cimarron Alliance Foundation v. The City of Oklahoma City,* Case No. Civ. 2001-1827-C (W.D. Ok. (2002))

◊   Submitted expert witness declaration concerning reasonableness of class certification, settlement, and fees (*Baird v. Thomson Elec. Co.*, Case No. 00-L-000761, Cir. Ct., Mad. Cty, IL (2001))

*Expert Consultant*

◊   Retained as a consulting expert in complex MDL/class action concerning attorney's fees issues (2023-2024)

◊   Retained as an expert in confidential matter pending in international arbitration forum concerning litigation financing issues in complex litigation (2022-2023)

◊ Retained as an expert in matter pending in several federal courts concerning attorney's fees in class action setting (2022-2023)

◊ Retained as an expert witness on class action issues in complex mass tort MDL (*In re Roundup Products Liability Litigation,* Civil Action No. 3:16-md-02741-VC (N.D. Cal. (2020))

◊ Provided expert consulting services to Harvard Law School Predatory Lending and Consumer Protection Clinic concerning complex class action issues in bankruptcy (*In re: ITT Educational Services Inc.,* Case No. 16-07207-JMC-7A (Bank. S.D. Ind. 2020))

◊ Provided expert consulting services to law firm concerning complex federal procedural and bankruptcy issues (*Homaidan v. Navient Solutions, LLC,* Adv. Proc. No. 17-1085 (Bank. E.D.N.Y 2020))

◊ Provided expert consulting services to the ACLU on multi-district litigation issues arising out of various challenges to President Trump's travel ban and related policies (*In re American Civil Liberties Union Freedom of Information Act Requests Regarding Executive Order 13769,* Case Pending No. 28, Judicial Panel on Multidistrict Litigation (2017); *Darweesh v. Trump,* Case No. 1:17-cv-00480-CBA-LB (E.D.N.Y. (2017))

◊ Provided expert consulting services to law firm regarding billing practices and fee allocation issues in nationwide class action (2016)

◊ Provided expert consulting services to law firm regarding fee allocation issues in nationwide class action (2016)

◊ Provided expert consulting services to the ACLU of Southern California on class action and procedural issues arising out of challenges to municipality's treatment of homeless persons with disabilities (*Glover v. City of Laguna Beach,* Case No. 8:15-cv-01332-AG-DFM (C.D. Cal. (2016))

◊ Retained as an expert consultant on class certification issues (*In re: Facebook, Inc., IPO Securities and Derivative Litigation,* No. 1:12-md-2389 (S.D.N.Y. 2015))

◊ Provided expert consulting services to lead class counsel on class certification issues in nationwide class action (2015)

◊ Retained by a Fortune 100 Company as an expert consultant on class certification issues

◊ Retained as an expert consultant on class action and procedure related issues (*Lange et al v. WPX Energy Rocky Mountain LLC,* Case No. 2:13-cv-00074-ABJ (D. Wy. (2013))

◊ Retained as an expert consultant on class action and procedure related issues (*Flo & Eddie, Inc., v. Sirius XM Radio, Inc.,* Case No. CV 13-5693 (C.D. Cal. (2013))

◊ Served as an expert consultant on substantive and procedural issues in challenge to legality of credit card late and over-time fees (*In Re Late Fee and Over-Limit Fee Litigation,* 528 F.Supp.2d 953 (N.D. Cal. 2007), *aff'd,* 741 F.3d 1022 (9th Cir. 2014))

◊ Retained as an expert on Class Action Fairness Act (CAFA) removal issues and successfully briefed and argued remand motion based on local controversy exception (*Trevino, et al. v. Cummins, et al.*, No. 2:13-cv-00192-JAK-MRW (C. D. Cal. (2013))

◊ Retained as an expert consultant on class action related issues by consortium of business groups (*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 (E.D. La. (2012))

◊ Provided presentation on class certification issues in nationwide medical monitoring classes (*In re: National Football League Players' Concussion Injury Litigation,* MDL No. 2323, Case No. 2:12-md-02323-AB (E.D. Pa. (2012))

◊ Retained as an expert consultant on class action related issues in mutli-state MDL consumer class action (*In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Prod. Liability Litig.*, MDL No. 2102 (S.D. N.Y. (2009))

◊ Retained as an expert consultant on class action certification, manageability, and related issues in mutli-state MDL consumer class action (*In re Teflon Prod. Liability Litig.*, MDL No. 1733 (S.D. Iowa (2008))

◊ Retained as an expert consultant/co-counsel on certification, manageability, and related issues in nationwide anti-trust class action (*Brantley v. NBC Universal*, No.- CV07-06101 (C.D. Cal. (2008))

◊ Retained as an expert consultant on class action issues in complex multi-jurisdictional construction dispute (*Antenucci, et al., v. Washington Assoc. Residential Partner, LLP, et al.,* Civil No. 8-04194 (E.D. Pa. (2008))

◊ Retained as an expert consultant on complex litigation issues in multi-jurisdictional class action litigation (*McGreevey v. Montana Power Company*, No. 08-35137, U.S. Court of Appeals for the Ninth Circuit (2008))

◊ Retained as an expert consultant on class action and attorney fee issues in nationwide consumer class action (*Figueroa v. Sharper Image*, 517 F.Supp.2d 1292 (S.D. Fla. 2007))

◊ Retained as an expert consultant on attorney's fees issue in complex class action case (*Natural Gas Anti-Trust Cases Coordinated Proceedings*, D049206, California Court of Appeals, Fourth District (2007))

◊ Retained as an expert consultant on remedies and procedural matters in complex class action (*Sunscreen Cases*, JCCP No. 4352, California Superior Court, Los Angeles County (2006))

◊ Retained as an expert consultant on complex preclusion questions in petition for review to California Supreme Court (*Mooney v. Caspari,* Supreme Court of California (2006))

◊ Retained as an expert consultant on attorney fee issues in complex common fund case (*In Re DietDrugs (Phen/Fen) Products Liability Litigation* (E. D. Pa. (2006))

◊ Retained as an expert consultant on procedural matters in series of complex construction lien cases (*In re Venetian Lien Litigation*, Supreme Court of the State of Nevada (2005-2006))

◊   Served as an expert consultant on class certification issues in countywide class action (*Beauchamp v. Los Angeles Cty. Metropolitan Transp. Authority*, (C.D. Cal. 2004))

◊   Served as an expert consultant on class certification issues in state-wide class action (*Williams v. State of California*, Case No. 312-236, Cal. Superior Court, San Francisco)

◊   Served as an exert consultant on procedural aspects of complex welfare litigation (*Allen v. Anderson*, 199 F.3d 1331 (9th Cir. 1999))

*Ethics Opinions*

◊   Retained to provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2017))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2013))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2011))

◊   Provided expert opinion on issues of professional ethics in implicated by nationwide class action practice (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics implicated by complex litigation matter (*In re Professional Responsibility Inquiries* (2010))

◊   Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2007))

*Publications on Class Actions & Procedure*

◊   NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022 and updates through 2024); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019)

◊   *Deconstitutionalizing Personal Jurisdiction:   A Separation of Powers Approach,* Harvard Public Law Working Paper No. 20-34, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3715068.

◊   *The Negotiation Class:   A Cooperative Approach to Class Actions Involving Large Stakeholders,* 99 TEXAS L. REV.73 (2020) (with Francis E. McGovern)

◊   *Profit for Costs*, 63 DEPAUL L. REV. 587 (2014) (with Morris A. Ratner)

◊   *Procedure and Society: An Essay for Steve Yeazell,* 61 U.C.L.A. REV. DISC. 136 (2013)

◊   *Supreme Court Round-Up – Part II*, 5 CLASS ACTION ATTORNEY FEE DIGEST 331 (September 2011)

◊   *Supreme Court Round-Up – Part I*, 5 CLASS ACTION ATTORNEY FEE DIGEST 263 (July-August 2011)

◊   *Class Action Fee Award* Procedures, 5 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2011)

◊   *Benefits of Class Action Lawsuits*, 4 CLASS ACTION ATTORNEY FEE DIGEST 423 (November 2010)

◊   *Contingent Fees for Representing the Government: Developments in California Law*, 4 CLASS ACTION ATTORNEY FEE DIGEST 335 (September 2010)

◊   *Supreme Court Roundup*, 4 CLASS ACTION ATTORNEY FEE DIGEST 251 (July 2010)

◊   *SCOTUS Okays Performance Enhancements in Federal Fee Shifting Cases – At Least In Principle,* 4 CLASS ACTION ATTORNEY FEE DIGEST 135 (April 2010)

◊   *The Puzzling Persistence of the AMega-Fund@ Concept*, 4 CLASS ACTION ATTORNEY FEE DIGEST 39 (February 2010)

◊   *2009: Class Action Fee Awards Go Out With A Bang, Not A Whimper*, 3 CLASS ACTION ATTORNEY FEE DIGEST 483 (December 2009)

◊   *Privatizing Government Litigation: Do Campaign Contributors Have An Inside Track?*, 3 CLASS ACTION ATTORNEY FEE DIGEST 407   (October 2009)

◊   *Supreme Court Preview*, 3 CLASS ACTION ATTORNEY FEE DIGEST 307 (August 2009)

◊   *Supreme Court Roundup*, 3 CLASS ACTION ATTORNEY FEE DIGEST 259 (July 2009)

◊   *What We Now Know About How Lead Plaintiffs Select Lead Counsel (And Hence Who Gets Attorney's Fees!) in Securities Cases*, 3 CLASS ACTION ATTORNEY FEE DIGEST 219 (June 2009)

◊   *Beware Of Ex Ante Incentive Award Agreements*, 3 CLASS ACTION ATTORNEY FEE DIGEST 175 (May 2009)

◊   *On What a "Common Benefit Fee" Is, Is Not, and Should Be*, 3 CLASS ACTION ATTORNEY FEE DIGEST 87 (March 2009)

◊   *2009: Emerging Issues in Class Action Fee Awards*, 3 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2009)

◊   *2008:   The Year in Class Action Fee Awards*, 2 CLASS ACTION ATTORNEY FEE DIGEST 465 (December 2008)

◊   *The Largest Fee Award – Ever!*, 2 CLASS ACTION ATTORNEY FEE DIGEST 337 (September 2008)

◊   *Why Are Fee Reductions Always 50%?: On The Imprecision of Sanctions for Imprecise Fee Submissions*, 2 CLASS ACTION ATTORNEY FEE DIGEST 295 (August 2008)

◊   *Supreme Court Round-Up,* 2 CLASS ACTION ATTORNEY FEE DIGEST 257 (July 2008)

◊   *Fee-Shifting For Wrongful Removals: A Developing Trend?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 177 (May 2008)

◊   *You Cut, I Choose:  (Two Recent Decisions About) Allocating Fees Among Class Counsel,* 2 CLASS ACTION ATTORNEY FEE DIGEST 137 (April 2008)

◊   *Why The Percentage Method?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 93 (March 2008)

◊   *Reasonable Rates: Time To Reload The (*Laffey*) Matrix,* 2 CLASS ACTION ATTORNEY FEE DIGEST 47 (February 2008)

◊   *The "Lodestar Percentage" A New Concept For Fee Decisions?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2008)

◊   *Class Action Practice Today: An Overview, in* ABA SECTION OF LITIGATION, CLASS ACTIONS TODAY 4 (2008)

◊   *Shedding Light on Outcomes in Class Actions*, *in* CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM 20-59 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras eds. 2008) (with Nicholas M. Pace)

◊   *Finality in Class Action Litigation: Lessons From Habeas,* 82 N.Y.U. L. REV. 791 (2007)

◊   *The American Law Institute's New Approach to Class Action Objectors' Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 347 (November 2007)

◊   *The American Law Institute's New Approach to Class Action Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 307 (October 2007)

◊   *"The Lawyers Got More Than The Class Did!":  Is It Necessarily Problematic When Attorneys Fees Exceed Class Compensation?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 233 (August 2007)

◊   *Supreme Court Round-Up,* 1 CLASS ACTION ATTORNEY FEE DIGEST 201 (July 2007)

◊   *On The Difference Between Winning and Getting Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 163 (June 2007)

◊   *Divvying Up The Pot: Who Divides Aggregate Fee Awards, How, and How Publicly?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 127 (May 2007)

◊   *On Plaintiff Incentive Payments,* 1 CLASS ACTION ATTORNEY FEE DIGEST 95 (April 2007)

◊   *Percentage of What?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 63 (March 2007)

◊   *Lodestar v. Percentage: The Partial Success Wrinkle,* 1 CLASS ACTION ATTORNEY FEE DIGEST 31

(February 2007) (with Alan Hirsch)

◊    *The Fairness Hearing:  Adversarial and Regulatory Approaches*, 53 U.C.L.A. L. REV. 1435 (2006)
     (excerpted in THE LAW OF CLASS ACTIONS AND OTHER AGGREGATE LITIGATION 447-449 (Richard A.
     Nagareda ed., 2009))

◊    *Why Enable Litigation?  A Positive Externalities Theory of the Small Claims Class Action*, 74
     U.M.K.C. L. REV. 709 (2006)

◊    *What a "Private Attorney General" Is – And Why It Matters*, 57 VAND. L. REV.  2129 (2004) (excerpted
     in COMPLEX LITIGATION 63-72 (Kevin R. Johnson, Catherine A. Rogers & John Valery White eds.,
     2009)).

◊    *The Concept of Equality in Civil Procedure*, 23 CARDOZO L. REV. 1865 (2002) (selected for the
     Stanford/Yale Junior Faculty Forum, June 2001)

◊    *A Transactional Model of Adjudication*, 89 GEORGETOWN  L.J. 371 (2000)

◊    *The Myth of Superiority*, 16 CONSTITUTIONAL COMMENTARY 599 (1999)

◊    *Divided We Litigate:  Addressing Disputes Among Clients and Lawyers in Civil Rights Campaigns*,
     106 YALE L. J. 1623 (1997) *(*excerpted in COMPLEX LITIGATION 120-123 (1998))


                                        *Selected Presentations*

◊    *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 24, 2023
     (scheduled)

◊    *Opioid Litigation:  What's New and What Does it Mean for Future Litigation?,* RAND Institute for
     Civil Justice and RAND Kenneth R. Feinberg Center for Catastrophic Risk Management and
     Compensation, RAND Corporation, October 22, 2020

◊    *The Opioid Crisis:  Where Do We Go From Here?"* Clifford Symposium 2020, DePaul University
     College of Law, Chicago, Illinois, May 28-29, 2020)

◊    *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2019

◊    *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 31, 2018

◊    *Attorneys' Fees Issues,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2018

◊    *Panelist,* Federal Judicial Center, Managing Multidistrict Litigation and Other Complex Litigation
     Workshop (for federal judges) (March 15, 2018)

◊    *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 1, 2017

◊   *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2016

◊   *Judicial Power and its Limits in Multidistrict Litigation,* American Law Institute, Young Scholars Medal Conference, *The Future of Aggregate Litigation*, New York University School of Law, New York, New York, April 12, 2016

◊   *Class Action Update & Attorneys' Fees Issues Checklist,* MDL Transferee Judges Conference, Palm Beach, Florida, October 28, 2015

◊   *Class Action Law,* 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop, Tucson, Arizona, January 26, 2015

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2014

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2013

◊   *Class Action Remedies,* ABA 2013 National Institute on Class Actions, Boston, Massachusetts, October 23, 2013

◊   *The Public Life of the Private Law: The Logic and Experience of Mass Litigation – Conference in Honor of Richard Nagareda,* Vanderbilt Law School, Nashville, Tennessee, September 27-28, 2013

◊   *Brave New World: The Changing Face of Litigation and Law Firm Finance*, Clifford Symposium 2013, DePaul University College of Law, Chicago, Illinois, April 18-19, 2013

◊   *Twenty-First Century Litigation: Pathologies and Possibilities: A Symposium in Honor of Stephen Yeazell,* UCLA Law Review, UCLA School of Law, Los Angeles, California, January 24-25, 2013

◊   *Litigation's Mirror: The Procedural Consequences of Social Relationships,* Sidley Austin Professor of Law Chair Talk, Harvard Law School, Cambridge, Massachusetts, October 17, 2012

◊   *Alternative Litigation Funding (ALF) in the Class Action Context – Some Initial Thoughts*, Alternative Litigation Funding: A Roundtable Discussion Among Experts, George Washington University Law School, Washington, D.C., May 2, 2012

◊   *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Brooklyn Law School Faculty Workshop, Brooklyn, New York, April 2, 2012

◊   *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Loyola Law School Faculty Workshop, Los Angeles, California, February 2, 2012

◊   *Recent Developments in Class Action Law and Impact on MDL Cases,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2011

◊   *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida,

October 26, 2010

◊   *A General Theory of the Class Suit*, University of Houston Law Center Colloquium, Houston, Texas, February 3, 2010

◊   *Unpacking The "Rigorous Analysis" Standard,* ALI-ABA 12th Annual National Institute on Class Actions, New York, New York, November 7, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of California (Boalt Hall) School of Law Civil Justice Workshop, Berkeley, California, February 28, 2008

◊   *The Public Role in Private Law Enforcement: Visions from CAFA*, University of Pennsylvania Law Review Symposium, Philadelphia, Pennsylvania, Dec. 1, 2007

◊   *Current CAFA Consequences: Has Class Action Practice Changed?,* ALI-ABA 11th Annual National Institute on Class Actions, Chicago, Illinois, October 17, 2007

◊   *Using Law Professors as Expert Witnesses in Class Action Lawsuits,* ALI-ABA 10th Annual National Institute on Class Actions, San Diego, California, October 6, 2006

◊   *Three Models for Transnational Class Actions*, Globalization of Class Action Panel, International Law Association 2006 Conference, Toronto, Canada, June 6, 2006

◊   *Why Create Litigation?:   A Positive Externalities Theory of the Small Claims Class Action*, UMKC Law Review Symposium, Kansas City, Missouri, April 7, 2006

◊   *Marks, Bonds, and Labels:   Three New Proposals for Private Oversight of Class Action Settlements*, UCLA Law Review Symposium, Los Angeles, California, January 26, 2006

◊   Class Action Fairness Act, Arnold & Porter, Los Angeles, California, December 6, 2005

◊   ALI-ABA 9th Annual National Institute on Class Actions, Chicago, Illinois, September 23, 2005

◊   Class Action Fairness Act, UCLA Alumni Assoc., Los Angeles, California, September 9, 2005

◊   Class Action Fairness Act, Thelen Reid & Priest, Los Angeles, California, May 12, 2005

◊   Class Action Fairness Act, Sidley Austin, Los Angeles, California, May 10, 2005

◊   Class Action Fairness Act, Munger, Tolles & Olson, Los Angeles, California, April 28, 2005

◊   Class Action Fairness Act, Akin Gump Strauss Hauer Feld, Century City, CA, April 20, 2005

SELECTED OTHER LITIGATION EXPERIENCE

*United States Supreme Court*

◊   Served as *amicus curiae* and authored *amicus* brief on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, No. 17-961, October Term 2018)

◊   Co-counsel on petition for writ of *certiorari* concerning application of the voluntary cessation doctrine to government defendants (*Rosebrock v. Hoffman*, 135 S. Ct.1893 (2015))

◊   Authored *amicus* brief filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011)

◊   Co-counsel in constitutional challenge to display of Christian cross on federal land in California's Mojave preserve (*Salazar v. Buono*, 130 S. Ct. 1803 (2010))

◊   Co-authored *amicus* brief filed on behalf of constitutional law professors arguing against constitutionality of Texas criminal law (*Lawrence v. Texas*, 539 U.S. 558 (2003))

◊   Co-authored *amicus* brief on scope of *Miranda* (*Illinois v. Perkins*, 496 U.S. 292 (1990))

*Attorney's Fees*

◊   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D.Pa. April 5, 2018))

◊   Appointed by the United States District Court for the Northern District of Ohio as an expert consultant on common benefit attorney's fees issues in complex multidistrict litigation, with result that the Court adopted recommendations (*In re: Nat'l Prescription Opiate Litig*., No. 1:17-MD-2804, 2020 WL 8675733 (N.D. Ohio June 3, 2020))

◊   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom*., *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016)).

◊   Co-counsel in appeal of common benefit fees decision arising out of mass tort MDL (*In re Roundup Prod. Liab. Litig.,* Civil Action No. 21-16228, 2022 WL 16646693 (9th Cir, 2022))

◊   Served as *amicus curiae* and co-authored *amicus* brief on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc*., 1 Cal. 5th 480, 504, 376 P.3d 672, 687 (2016))

*Consumer Class Action*

◊   Co-counsel in challenge to antenna-related design defect in Apple's iPhone4 (*Dydyk v. Apple Inc.,*

5:10-cv-02897-HRL, U.S. Dist. Court, N.D. Cal.) (complaint filed June 30, 2010)

◊ Co-class counsel in $8.5 million nationwide class action settlement challenging privacy concerns raised by Google's Buzz social networking program (*In re Google Buzz Privacy Litigation*, 5:10-cv-00672-JW, U.S. Dist. Court, N.D. Cal.) (amended final judgment June 2, 2011)

*Disability*

◊ Co-counsel in successful ADA challenge ($500,000 jury verdict) to the denial of health care in emergency room (*Howe v. Hull*, 874 F. Supp. 779, 873 F. Supp 72 (N.D. Ohio 1994))

*Employment*

◊ Co-counsel in challenges to scope of family benefit programs (*Ross v. Denver Dept. of Health*, 883 P.2d 516 (Colo. App. 1994)); *(Phillips v. Wisc. Personnel Com'n*, 482 N.W.2d 121 (Wisc. 1992))

*Equal Protection*

◊ Co-counsel in (state court phases of) successful challenge to constitutionality of a Colorado ballot initiative, Amendment 2 (*Evans v. Romer*, 882 P.2d 1335 (Colo. 1994))

◊ Co-counsel (and *amici*) in challenges to rules barring military service by gay people (*Able v. United States*, 44 F.3d 128 (2d Cir. 1995); *Steffan v. Perry*, 41 F.3d 677 (D.C. Cir. 1994) (*en banc*))

◊ Co-counsel in challenge to the constitutionality of the Attorney General of Georgia' firing of staff attorney (*Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997))

*Fair Housing*

◊ Co-counsel in successful Fair Housing Act case on behalf of group home (*Hogar Agua y Vida En el Desierto v. Suarez-Medina*, 36 F.3d 177 (1st Cir. 1994))

*Family Law*

◊ Co-counsel in challenge to constitutionality of Florida law limiting adoption (*Cox v. Florida Dept. of Health and Rehab. Srvcs.*, 656 So.2d 902 (Fla. 1995))

◊ Co-authored *amicus* brief in successful challenge to Hawaii ban on same-sex marriages (*Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993))

*First Amendment*

◊ Co-counsel in successful challenge to constitutionality of Alabama law barring state funding foruniversity student groups (*GLBA v. Sessions*, 930 F.Supp. 1492 (M.D. Ala. 1996))

◊ Co-counsel in successful challenge to content restrictions on grants for AIDS education materials (*Gay Men's Health Crisis v. Sullivan*, 792 F.Supp. 278 (S.D.N.Y. 1992))

*Landlord / Tenant*

◊   Lead counsel in successful challenge to rent control regulation (*Braschi v. Stahl Associates Co.*, 544 N.E.2d 49 (N.Y. 1989))

*Police*

◊   Co-counsel in case challenging DEA brutality (*Anderson v. Branen*, 27 F.3d 29 (2d Cir. 1994))

*Prison Conditions*

◊   Co-counsel in appeal of class certification decision in damages class action arising out of conditions in St. Louis City Jail, *Cody, et al v. City of St. Louis,* Civil Action No. 22-2348 (8th Cir. 2023) (pending)

*Racial Equality*

◊   Co-authored *amicus* brief for constitutional law professors challenging constitutionality of Proposition 209 *(Coalition for Economic Equity v. Wilson*, 110 F.3d 1431 (9th Cir. 1997))

SELECTED OTHER PUBLICATIONS

*Editorials*

◊   *Follow the Leaders*, NEW YORK TIMES, March 15, 2005
◊   *Play It Straight*, NEW YORK TIMES, October 16, 2004
◊   *Hiding Behind the Constitution*, NEW YORK TIMES, March 20, 2004
◊   *Toward More Perfect Unions,* NEW YORK TIMES, November 20, 2003 (with Brad Sears)
◊   *Don't Ask, Don't Tell, Don't Believe It*, NEW YORK TIMES, July 20, 1993
◊   *AIDS: Illness and Injustice*, WASH. POST, July 26, 1992 (with Nan D. Hunter)

BAR ADMISSIONS

◊   Massachusetts (2008)
◊   California (2004)
◊   District of Columbia (1987) (inactive)
◊   Pennsylvania (1986) (inactive)
◊   U.S. Supreme Court (1993)
◊   U.S. Court of Appeals for the First Circuit (2010)
◊   U.S. Court of Appeals for the Second Circuit (2015)
◊   U.S. Court of Appeals for the Fifth Circuit (1989)
◊   U.S. Court of Appeals for the Ninth Circuit (2004)
◊   U.S. Court of Appeals for the Eleventh Circuit (1993)
◊   U.S. Court of Appeals for the D.C. Circuit (1993)
◊   U.S. District Courts for the Central District of California (2004)
◊   U.S. District Court for the District of the District of Columbia (1989)
◊   U.S. District Court for the District of Massachusetts (2010)
◊   U.S. District Court for the Northern District of California (2010)

# EXHIBIT B

*Parris v. Meta Platforms, Inc.*
Case No. 2023LA000672
Circuit Court of the Eighteenth Judicial Circuit, Dupage County, Illinois

## EXPERT REPORT OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT B
Partial List of Documents Reviewed by Professor Rubenstein
(other than case law and scholarship on the relevant issues)

**A.  *Whalen v. Facebook, Inc.*, Case No. 20-cv-06361-JST (N.D. Cal.)**

1.  Class Action Complaint, Whalen v. Facebook, Inc., No. 20-CIV-03346 (*originally filed in San Mateo Superior Court*)
2.  Amended Class Action Complaint, ECF No. 21
3.  Consolidated Class Action Complaint, ECF No. 37
4.  Facebook Motion to Compel Arbitration and Stay Litigation, ECF No. 45
5.  Declaration of Michael Duffey, ECF No. 45-1
6.  Declaration of Gene Yoo, ECF No. 45-2
7.  Declaration of Daniel Freitas, ECF No. 45-3
8.  Declaration of Matthew D. Provance, ECF No. 45-4
9.  Declaration of Jack Pope, ECF No. 45-5
10. Declaration of Sushma Nayak, ECF No. 45-6
11. Declaration of Will Camp, ECF No. 45-7
12. Proposed Order Granting Facebook, Inc.'s Motion to Compel Arbitration, ECF No. 45-8
13. Plaintiff's Opposition to Motion to Compel Arbitration, ECF No. 83
14. Facebook's Reply in Support of its Motion to Compel Arbitration and Stay Litigation, ECF No. 87
15. Plaintiff's [Amended] Opposition to Facebook's Motion to Compel Arbitration and Stay Litigation, ECF No. 91
16. Order Inviting Supplemental Briefing Re:  Motion to Compel Arbitration, ECF No. 92
17. Supplemental Opposition to Facebook's Motion to Compel Arbitration and Stay Litigation, ECF No. 93
18. Facebook's Supplemental Reply in Support of its Motion to Compel Arbitration and Stay Litigation, ECF No. 97
19. Order Granting Facebook, Inc.'s Motion to Compel Arbitration, ECF No. 103

**B.  *Parris v. Meta Platforms, Inc.*, Case No. 2023LA000672 (Ill. Cir. Ct.)**

20. Class Action Complaint
21. Proposed Preliminary Approval Order
22. Class Action Settlement Agreement and Release
23. Settlement Agreement Exhibit 1 – Long Form Notice
24. Settlement Agreement Exhibit 2 – Short Form Notice
25. Settlement Agreement Exhibit 3 – Publication Notice

26. Settlement Agreement Exhibit 4 – Claim Form
27. Settlement Agreement Exhibit 5 – Proposed Preliminary Approval Order
28. Motion for Preliminary Approval Exhibit 2 – Declaration of Jonathan B. Cohen
29. Motion for Preliminary Approval Exhibit 3 – Declaration of Steven Weisbrot
30. Order Granting Motion for Preliminary Approval
31. Plaintiff's Motion for Attorney's Fees, Costs, Expenses, and Service Awards
32. Entry of Appearance – Kevin P. Green for Julie Clark
33. Entry of Appearance – Kevin P. Green for Natalie Delgado
34. Objection of Julie Clark to Proposed Class Action Settlement
35. Objection of Julie Clark to Proposed Class Action Settlement Exhibit 1 – Affidavit of Julie Clark
36. Petition to Intervene of Natalie Delgado
37. Notice of Hearing to Present Petition to Intervene
38. Motion for Final Approval
39. Motion for Final Approval Exhibit 1 – Settlement Agreement
40. Motion for Final Approval Exhibit 2 – Proposed Order
41. Motion for Final Approval Exhibit 3 – Declaration of Jonathan B. Cohen
42. Motion for Final Approval Exhibit 4 – Declaration of Steven Platt of Angeion Group, LLC
43. Motion for Final Approval Exhibit 5 – Order Granting Preliminary Approval
44. Motion for Final Approval Exhibit 6 – Milberg Firm Resume
45. Motion for Final Approval Exhibit 7 – Milberg Firm Biography
46. Motion for Final Approval Exhibit 8 – Turck v. Meta Platforms, Inc., Complaint
47. Plaintiffs' Response and Opposition to Petition to Intervene
48. Plaintiffs' Response and Opposition to Petition to Intervene Exhibit 1 – Turck v. Meta Platforms, Inc., Complaint
49. Plaintiffs' Response to Objection of Julie Clark
50. Plaintiffs' Response to Objection of Julie Clark Exhibit 2 - Turck v. Meta Platforms, Inc., Complaint
51. Reply in Support of Julie Clark's Objection to Proposed Class Action Settlement
52. Reply in Support of Natalie Delgado's Petition to Intervene
53. Affidavit of Natalie Delgado
54. Affidavit of Kevin P. Green
55. Supplemental Declaration of Steven Platt of Angeion Group, LLC Regarding Claim Form Submissions and Estimated Settlement Payments
56. Final Approval Hearing Transcript

# EXHIBIT C

*Parris v. Meta Platforms, Inc.*
Case No. 2023LA000672
Circuit Court of the Eighteenth Judicial Circuit, Dupage County, Illinois

### <u>EXPERT REPORT OF PROFESSOR WILLIAM B. RUBENSTEIN</u>

<u>EXHIBIT C</u>
List of Cases with Multipliers of 4 or More

1.  *In re Merry-Go-Round Enterprises, Inc.*, 244 B.R. 327, 335-45 (Bankr. D. Md. 2000) ("Based on Fidelity's analysis which assumes a $300 blended hourly rate would be reasonable, the contingent fee requested by Snyder, Weiner, as modified, of $71.2 million would be 19.6 times the lodestar starting point….Snyder, Weiner will be awarded its requested fee in the amount of $71.2 million for professional services as special litigation counsel for the Chapter 7 Trustee.") (bankruptcy).

2.  *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, NO. CIV.A. 03-457, 2005 WL 1213926, at *18 (E.D. Pa. May 19, 2005) ("The Court further notes that the high lodestar multiplier (15.6) which results from the Court's award of attorneys' fees in this case is neutralized with respect to the reasonableness of a percentage fee award of 20% by the extraordinary support Plaintiffs have shown for counsel's request for fees.").

3.  *Glendora Cmty. Redevelopment Agency v. Demeter*, 155 Cal. App. 3d 465, 479 (Ct. App. 1984) ("The contention of [appellant] is that the fee sought is more than 12 times the fee for which services at an hourly rate would have been obtained from an attorney specializing in condemnation (including $8,000 for costs on appeal). Such calculations are based upon hindsight rather than reasonable expectation.") (condemnation proceeding).

4.  *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706, ECF No. 107 at 5 (S.D.N.Y. July 17, 2007) ("Lead Plaintiff's counsel's total lodestar is $1,917,094.50. A 15.25% fee represents a reasonable multiplier of 10.26. Given the public policy and judicial economy interests that support the expeditious settlement of cases...the requested fee is reasonable.").

5.  *Weiss v. Mercedes-Benz*, 899 F. Supp. 1297 (D. N.J. 1995), *aff'd*, 66 F.3d 314 (3d Cir. 1995), as reported in *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 572, 592 (D.N.J. 1997) (stating that *Weiss* court had "award[ed] fee that resulted in a multiple of 9.3 times the lodestar and an average hourly rate of $2,779.63"), *vacated on other grounds sub nom. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).

6.  *Skochin v. Genworth Fin., Inc.*, No. 3:19-CV-49, 2020 WL 6536140, at *11 (E.D. Va. Nov. 5, 2020) (awarding fees of $2 million and 15% of the Settlement Class's net damage awards with a cap of $24.5 million, representing 9.05 multiplier).

7. *Conley v. Sears, Roebuck & Co.*, 222 B.R. 181, 182 (D. Mass. 1998) ("If a lodestar approach were used, the actual amount of attorney's fees of class counsel calculated by multiplying the number of hours worked by the hourly billing rate totals $826,665.00, such that the requested attorney's fees would constitute a lodestar multiplier of 8.9 percent. After hearing, and some hand-wringing, the Court concludes that the fee is not unreasonable under the common fund doctrine.") (class action within bankruptcy).

8. *Cosgrove v. Sullivan*, 759 F. Supp. 1667, 167 n.1 (S.D.N.Y. 1991) ("Under these circumstances, we set the prevailing counsel's fee at $1,000,000.00…[t]he total 'lodestar' in this case, which represents hours worked multiplied by a reasonable hourly rate, is $114,398.00.") (8.74 multiplier).

9. *Halcom v. Genworth Life Ins. Co.*, No. 3:21-CV-19, 2022 WL 2317435, at *13 (E.D. Va. June 28, 2022) ("Taking all of these considerations into account, the 8.4x multiplier is acceptable and the requested attorney fees are reasonable.").

10. *Muchnick v. First Federal Savings & Loan Association of Philadelphia*, No. CIV.A. 86-1104, 1986 WL 10791, at *1 (E.D. Pa. Sept. 30, 1986) ("Although the lodestar in this case is approximately $30,000.00, counsel seeks an attorneys' fee of $250,000.00 . . . I conclude that the requested fee is eminently reasonable under the circumstances of this case and can be justified under the lodestar method of calculation") (8.33 multiplier).

11. *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, Civil Action No. 05-11148-PBS, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) ("Balancing all the factors under the crosscheck approach, I award the amount of $70,000,000, which represents a multiplier of about 8.3 times lodestar, and about 20 percent of the common fund.").

12. *Santos v. Camacho*, No. CIV. 04-00006, 2008 WL 8602098, at*39 (D. Guam Apr. 23, 2008) ("Based on the significant results achieved through the efforts of Class Counsel in creating the funds for settlement and in light of case law, the court should find that this factor weighs strongly in favor of granting counsel a multiplier of 8."), *aff'd Simpao v. Gov't of Guam,* 369 F. App'x 837, 840 (9th Cir. 2010).

13. *Yuzary v. HSBC Bank USA, N.A.*, No. 12 CIV. 3693 PGG, 2013 WL 5492998, at *11 (S.D.N.Y. Oct. 2, 2013) ("Here, the lodestar sought by Class Counsel, approximately 7.6 times, falls within the range granted by courts and equals the 31.7% being sought. While this multiplier is near the higher end of the range of multipliers that courts have allowed, this should not result in penalizing plaintiffs' counsel for achieving an early settlement, particular where, as here, the settlement amount is substantial.").

14. *Hainey v. Parrott,* No. 1:02-CV-733, 2007 WL 3308027, at *1-2 (S.D. Ohio Nov. 6, 2007) ("[C]ounsel's lodestar fee calculation is approximately $241,000…[i]n consideration of the above factors, the Court finds that an award of attorney's fees of

30% of the common fund, or $1.8 million, is appropriate in this case.") (7.47 effective multiplier).

15. *In re Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (awarding a "final fee of $232,310" contrasted with "hourly fees of $33,110," implying a multiplier of 7.0x) (bankruptcy).

16. *In re Rite Aid Corp. Sec. Litigation*, 362 F. Supp. 587, 589 (E.D. Pa. 2005) ("Based on the $31,660,328.75 proposed fee award and the $4,549,824.75 lodestar, we conclude that plaintiffs' counsel requests approval of a fee award with a 6.96 multiplier.").

17. *Steiner v. Amer. Broadcasting Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) ("Based on class counsel's total hours, the lodestar multiplier was approximately 6.85. Although this multiplier is higher than those in many common fund cases, it still falls well within the range of multipliers that courts have allowed.") (internal citations omitted).

18. *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 CIV. 0520 JLC, 2012 WL 651640 (S.D.N.Y. Feb. 24, 2012) (granting fees equal to 6.8 times lodestar).

19. *Riveras v. Bilboa Rest. Corp.*, No. 17-CV-4430-LTS-BCM, 2018 WL 8967112, at *1 (S.D.N.Y. Dec. 14, 2018) (finding 6.7 multiplier reasonable in FLSA action).

20. *In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1094, 1106 (D. Minn. 2009) ("Using the Court-calculated lodestar, this fee would represent a multiplier of nearly 6.5. The Court finds this multiplier appropriate.").

21. *Nieman v. Duke Energy Corp.*, No. 312CV00456MOCDSC, 2015 WL 13609363, at *2 (W.D.N.C. Nov. 2, 2015) ("The amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier, but not an 8.0 multiplier. Considering all of the arguments presented, the court finds that the work accomplished in this case—which was substantial—is reasonably compensated by an 18% fee when the *Johnson* factors are considered and then crosschecked.") (6.43 multiplier).

22. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) ("Here, the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts and equals the one-third percentage being sought. While this multiplier is near the higher end of the range of multipliers that courts have allowed, this should not result in penalizing plaintiffs' counsel for achieving an early settlement, particular where, as here, the settlement amount is substantial.").

23. *Spartanburg Reg'l Health Servs. Dist., Inc. v. Hillenbrand Indus., Inc.*, No. 7:03-cv-02141, ECF Nos. 377 (D. S.C. Aug. 15, 2006) (approving fee request noting multiplier "slightly above six"); ECF No. 338-5 (providing data showing 6.22 multiplier).

24. *Stevens v. SEI Investments Co.*, No. CV 18-4205, 2020 WL 996418, at *13 (E.D. Pa. Feb. 28, 2020) ("Class Counsel's request for $2,266,666.00 (one-third of the settlement amount) will result in Class Counsel receiving approximately 6.16 times the lodestar. Courts frequently approve attorneys' fees awards for amounts in excess of the calculated lodestar. Indeed, multiples ranging from 1 to 8 are often used in common fund cases.").

25. *Kane Cty., Utah v. United States*, 145 Fed. Cl. 15, 20 (2019) ("In order to equal one third of the total recovery, this lodestar amount must be subjected to a multiplier of approximately 6.13, which is within the range courts have approved in common fund cases.").

26. *Wenzel v. Colvin*, No. EDCV 11-0338 JEM, 2014 WL 3810247, at *4 (C.D. Cal. Aug. 1, 2014) ("The $1,000 per hour rate constitutes a multiplier of 6.06 over counsel's normal hourly rate, consistent with cases that reward excellent results.").

27. *In re Credit Default Swaps Antitrust Litig.*, No. 13MD2476 (DLC), 2016 WL 2731524, at *17 (S.D.N.Y. Apr. 26, 2016) ("The loadstar calculation submitted by Class Counsel totals over $41 million as of April 1, reflecting over 93,000 hours of work by Class Counsel. This amount is equivalent to a loadstar multiple of just over 6.").

28. *In re Cardinal Health Inc. Securities Litigations*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) ("From the Court's analysis of the previous factors, the Court has found that approximately 18% is a reasonable award, which would yield a lodestar multiplier of six.").

29. *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*, No. 1:04-cv-00416, ECF No. 203 (M.D. N.C. Feb. 15, 2007) (approving fee request); ECF No. 193 at 17 (stating fee request embodied multiplier of "approximately 6").

30. *Ladewig v. Arizona Dep't of Revenue*, 204 Ariz. 352, 359, 63 P.3d 1089, 1096 (Ariz. Tax Ct. 2003) ("In this case, the Court believes that in light of the lengthy delay in recovery, and the high risks assumed by counsel, that a lodestar multiplier of 6 is appropriate.").

31. *In re RJR Nabisco, Inc. Securities Litigation*, No. 88 Civ. 7905(MBM), 1992 WL 210138, at *5-6 (S.D. N.Y. Aug. 14, 1992) ("[T]he requested fees total six times the value of the time spent by plaintiffs' counsel, what is referred to as the lodestar amount, which amount he says equals the total fees of all defense counsel. . . . [T]he award of a percentage fee in common fund cases such as this is consistent with the better and increasingly prevailing view in such cases, the requested percentage lies well within the limits awarded in similar cases, plaintiffs' counsel have not taken a free ride on the efforts of a government agency and the settlement was skillfully negotiated.").

32. *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 271 (S.D.N.Y. 2020) ("Class Counsel's requested fee represents a lodestar multiplier of 5.85, which is within the range of acceptable multipliers.").

33. *Williams v. Rohm & Haas Pension Plan*, No. 04-0078-SEB, 2010 WL 4723725 (S.D. Ind. Nov. 12, 2010), *aff'd*, 658 F.3d 629 (7th Cir. 2011) (awarding fees of $43.5 million, representing 5.85 multiplier).

34. *In re Mercedes-Benz Emissions Litigation*, No. 216CV881KMESK, 2021 WL 7833193, at *16 (D.N.J. Aug. 2, 2021) ("The requested fee award results in applying a multiplier of 5.67, within the range of multipliers typically awarded in the Third Circuit."), *adopted in full*, *In re Mercedes-Benz Emissions Litigation*, No. 2:16-cv-00881 (D.N.J. Sept. 20, 2021), ECF No. 345.

35. *Athale v. Sinotech Energy Ltd.,* No. 11 CIV. 05831 (AJN), 2013 WL 11310686, at *9 (S.D.N.Y. Sept. 4, 2013) ("This amounts to a lodestar multiplier of 5.65, which although high, is not unreasonable under the particular facts of this case.").

36. *In re Charter Commc'ns, Inc., Sec. Litig.,* No. 4:02-CV-1186 CAS, 2005 WL 4045741, at *22 (E.D. Mo. June 30, 2005) ("Here fees of 20% of the settlement yield a 5.61 multiplier, which is within the range of multipliers awarded in comparable complex cases.").

37. *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) ("Under such circumstances, a 5.5 times lodestar based on the $3,482,571.75 time charges appears reasonable.").

38. *Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 5826230, at *18 (N.D. Cal. Dec. 8, 2021) (awarding fees of $21,053,146.92, representing 5.49 multiplier).

39. *Geneva Rock Prod., Inc. v. United States*, 119 Fed. Cl. 581, 595 (2015), *rev'd on other grounds*, *Longnecker Prop. v. United States*, No. 2015-5045, 2016 WL 9445914 (Fed. Cir. Nov. 14, 2016) ("In this case, an award 5.39 times the lodestar is reasonable under RCFC 23(h), given the complexity of the litigation, the diligent and skillful work by class counsel, and the pendency of the case for over six years.").

40. *Arrington v. Optimum Healthcare IT, LLC.*, No. CV 17-3950, 2018 WL 5631625, at *10 (E.D. Pa. Oct. 31, 2018) ("When calculated against the requested fee of $1,633,333.33, the lodestar multiplier is 5.3. . . . However, in this case, class counsel undertook significant risk to achieve a substantial settlement amount, and should not be penalized for settling the case early in the litigation. We are satisfied with the reasonableness of the requested fee and we will approve class counsel's request for $1,633,333.33 in attorneys' fees.").

41. *Rawa v. Monsanto Co.*, No. 4:17CV01252 AGF, 2018 WL 2389040, at *9 (E.D. Mo.

May 25, 2018), on appeal (noting that fee award had "corresponding lodestar multiplier of 5.3" that was "quite high compared to similar cases in this circuit" but finding it not "too high").

42. *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011) ("In this case, dividing the $14 million fee request by the lodestar figure yields a multiplier of about 5.3. A review of the case law indicates that while that figure is toward the high end of acceptable multipliers, it is not atypical for similar fee-award cases.").

43. *Merkner v. AK Steel Corp.*, No. 1:09-CV-423-TSB, 2011 WL 13202629, at *5 (S.D. Ohio Jan. 10, 2011) ("Applying the rates requested with regard to the hours reflected in the Declarations of Mr. Coleman and Ms. Wallace yields a lodestar figure of $1,699,467. In light of the $9.1 million sought, the 'lodestar multiplier' would be 5.3. This multiplier is acceptable under the facts and circumstances of this case.").

44. *Di Giacomo v. Plains All Am. Pipeline*, No. CIV.A.H-99-4137, 2001 WL 34633373, at *11 (S.D. Tex. Dec. 19, 2001) ("This court finds that 5.3 is an acceptable multiplier in light of the particular facts of this case, discussed more fully below.").

45. *Arp v. Hohla & Wyss Enterprises, LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov. 5, 2020) ("The multiplier on Class Counsel's lodestar is approximately 5.29 before accounting for any additional work. This is within the acceptable range.").

46. *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("Although it is a close question, the settlement here falls within a reasonable range. According to the documentation and calculations submitted by Plaintiff's counsel, their lodestar amounts to $5,053. Even accepting the hours and fees requested by Plaintiff's counsel as accurate and reasonable, the fee award requested here has a lodestar multiplier of 5.23. This multiplier is on the high end of those generally allowed in this Circuit, but it is not unheard of … The Court thus approves the proposed attorneys' fees under the percentage of the fund method.").

47. *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008) ("The plaintiffs' request in this case for 25% of the class fund would result in a fee of $6,375,000, which is a multiplier of approximately 5.2 times the $1.2 Million lodestar in this case. The Court has concluded that it will award Class Counsel 25% of the class fund, and addresses the reasons for doing so below.").

48. *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347 (S.D.N.Y. 2014) (noting that, "A fee award of 25% of the fund or $11,475,000 would represent a multiplier of 5.2 of the lodestar" and approving 25% award).

49. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 791 (S.D. Tex. 2008) ("[T]he Court finds that the exceptional obstacles to recovery that were present here, and the remarkable success obtained by Lead Counsel's skill and

experience make this a rare and exceptional case warranting the application of the requested 5.2 multiplier under a lodestar cross-check or enhancement under a lodestar analysis.") (internal quotation marks and citation omitted).

50. *Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM, 2014 WL 4816134, at *10 (S.D.N.Y. Sept. 23, 2014) (stating that "the lodestar sought by Class Counsel, approximately 5.1 times the fees sought, falls within the range granted by courts" and approving award).

51. *Ferrick v. Spotify USA Inc.*, No. 16-CV-8412 (AJN), 2018 WL 2324076, at *10 (S.D.N.Y. May 22, 2018) (finding that fee amounting to a 5.02 multiplier would "adequately compensate Class Counsel, and it recognizes the complexity of the case, the risks involved in the litigation, the efforts of Class Counsel and the quality of representation provided, and the benefits to the class from the settlement").

52. *In re Fernald Litig.*, No. C-1-85-149, 1989 WL 267038, at *5 (S.D. Ohio Sept. 29, 1989) ("We conclude, therefore, that plaintiffs' class counsel are entitled to twenty (20%) percent of the common fund created or an equivalent multiplier of five.").

53. *Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM), 2015 WL 10847814, at *18 (S.D.N.Y. Sept. 9, 2015) ("Based on the requested fee ($13,500,000), class counsel's aggregate lodestar yields a 'crosscheck' multiplier of 4.87. This is well within the range of crosscheck multipliers awarded in this circuit.").

54. *Perez v. Rash Curtis & Assocs.*, No. 4:16-CV-03396-YGR, 2021 WL 4503314, at *5 (N.D. Cal. Oct. 1, 2021) ("That said, and given the recovery to the class, the Court will authorize distribution of thirty-seven percent of the Settlement Amount to account for the fact that one of the two cases did in fact go to trial and under the agreement with plaintiff Perez, class counsel could have sought authorization of forty percent for that matter. Thirty-seven percent totals $27,972,000 which increases class counsel's lodestar to 4.8 and will address, in part, class counsel's independent decision to enter into a litigation funding agreement.").

55. *Meijer, Inc. v. 3M*, No. CIV.A. 04-5871, 2006 WL 2382718, at *24 (E.D. Pa. Aug. 14, 2006) ("[T]he Court finds that, given the facts of this case, the requested lodestar multiplier of 4.77 is acceptable and does not call for a reduction in Plaintiffs' Counsel's requested attorneys' fees award.").

56. *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021), *appeal dismissed*, No. 21-15555, 2021 WL 2660668 (9th Cir. June 22, 2021), and *aff'd*, No. 21-15553, 2022 WL 822923 (9th Cir. Mar. 17, 2022) ("Reducing the fee here to $97,500,000, reduces the multiplier to 4.71. This is more in line with comparable settlements, still sufficiently and appropriately generous, and more reasonable in the circumstances here. The results obtained and the risks at trial warrant a higher-end multiplier of 4.71, but not more.").

57. *Cornwell v. Credit Suisse Grp.,* No. 08-CV-03758(VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011) ("Lead Plaintiffs' counsel's total lodestar is $4,049,631.50. A 27.5% fee represents a multiplier of 4.7. Given the public policy and judicial economy interests that support the expeditious settlement of cases, the requested fee is reasonable.") (citation omitted).

58. *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (approving lodestar multiplier of 4.7 for securities class action component, because "[u]nder these circumstances, the court concludes that the 25% attorney fee, when cross-checked against a lodestar multiplier of 4.7, is reasonable;" also approving lodestar multiplier of 2.16 for ERISA component).

59. *Bodnar v. Bank of Am., N.A.*, No. CV 14-3224, 2016 WL 4582084, at *6 (E.D. Pa. Aug. 4, 2016) ("The collective lodestar for Class Counsel is $1,933,795.95. Accordingly, an award of 33% of the Settlement Fund or $9,075,000 results in a multiplier here of 4.69. Given the nature, complexity, and potential duration of this Action, as detailed above, the risk of non-recovery, the value of the social benefit, and the extraordinary results in light of the obstacles, the court finds that the multiplier is appropriate and reasonable, including when compared to awards in other cases in this court and Circuit.").

60. *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) ("Finally, in 'cross-checking' the percentage fee against the lodestar-multiple, it clearly appears that the modest multiplier of 4.65 is fair and reasonable.").

61. *Flores v. Express Servs., Inc.*, No. CV 14-3298, 2017 WL 1177098, at *4 (E.D. Pa. Mar. 30, 2017) ("The counsel fee request of $1,895,362.33 results in a multiplier of 4.6, that is a requested fee which is 4.6 times the lodestar amount. This multiplier is reasonable . . .").

62. *Holleran v Rita Medical Systems, Inc.*, No. RG06302394, 2007 WL 7759253 (Cal.Super. Oct. 04, 2007) ("Counsel for Plaintiffs seek fees in the total amount of $290,000, which represents a multiplier of 4.57. The agreed fees sought are substantially higher than the lodestar, but presumably reflect the contingent risk of the case to class counsel, the benefits of certainty and of limiting its own attorneys' fees to Angiodynamics, and other factors.").

63. *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *7 & 8 n.3 (N.D. Cal. May 21, 2015) (stating that, "[c]onsidering all of the facts and circumstances, the Court, in its discretion, concludes that [one firm] deserves a multiplier of 2 and [second firm] deserves a multiplier of 5.5" and noting that net result is a total multiplier of 4.53).

64. *Municipal Authority of Town of Bloomsburg v. Commonwealth of Pennsylvania*, 527 F. Supp. 982, 1000 (M.D. Pa. 1981) ("The multiplier of 4.5 requested by Petitioners will be applied to the lodestar fee despite the facts that such a multiplier is extremely high

and appears to be probably without precedent. It is warranted only because of the peculiar facts of this case.").

65.     *Deloach v. Philip Morris Companies*, No. 1:00CV01235, 2003 WL 23094907, at *11 (M.D.N.C. Dec. 19, 2003) ("A multiplier of 4.45, in conjunction with an adjusted lodestar of $15,914,905.50, results in a fee award of $70,821,329.48. This figure represents a reasonable fee for the services provided by Plaintiffs' Co–Lead Counsel in this case.").

66.     *Rabin v. Concord Assets Group, Inc.*, No. 89 Civ. 6130, 1991 WL 275757 (S.D. N.Y. Dec. 19, 1991) ("The requested attorneys' fees of $2,544,122.78 represents a multiplier of 4.4 to the lodestar figure based on time (which this Court finds to have been reasonably expended) and at various hourly rates (which this Court finds to be reasonable for the particular attorneys performing services).").

67.     *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *6 (M.D.N.C. Dec. 3, 2018) ("In sum, a 4.39 multiplier is reasonable for this case.").

68.     *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) ("This amount requires a risk multiplier of 4.375 to reach the $3.5 million Plaintiffs seek. Though on the high end, this multiplier falls within the range of reasonableness.").

69.     *Monserrate v. Tequipment, Inc.*, No. 11 CV 6090 RML, 2012 WL 5830557, at *4 (E.D.N.Y. Nov. 16, 2012) ("In sum, I find that a fee award of $465,000 which provides a 4.34 multiplier of the reduced lodestar and constitutes fifteen percent of the $3,100,000.00 Settlement Fund, is a fair and reasonable fee under *Goldberger* and related cases and should adequately compensate class counsel for its time and effort, for the risk it faced in this case, and for the high quality of its representation. Moreover, that reduced fee award will allow additional monies to be distributed to class members.").

70.     *Demaria v. Horizon Healthcare Servs., Inc.*, No. 2:11-CV-07298 (WJM), 2016 WL 6089713, at *5 (D.N.J. Oct. 18, 2016) ("Although a lodestar multiplier of 4.3 is large, it is not unreasonable.").

71.     *In re VeriFone Holdings, Inc. Sec. Litig.*, No. C-07-6140 EMC, 2014 WL 12646027, at *2 (N.D. Cal. Feb. 18, 2014) ("[A]lthough the lodestar cross-check though reveals a high multiplier—4.3 compared to the Ninth Circuit's observation that over 80% of multipliers fall between 1.0 and 4.0—other courts have awarded multipliers in excess of 4.0, and the Court finds that the multiplier here is acceptable in light of the very substantial risks involved and Lead Plaintiff's risk and extensive work on the case.").

72.     *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. Jun. 30, 2011) ("The resulting multiplier of 4.3 is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill

and experience necessary, the excellent and quick results.").

73. *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 135 (D.N.J. 2002) ("Even assuming a value of one dollar per share, the 4.3 lodestar multiplier would be proper in this case.").

74. *Patti's Pitas, LLC v. Wells Fargo Merch. Servs., LLC*, No. 1:17-CV-04583 (AKT), 2021 WL 5879167, at *5 (E.D.N.Y. July 22, 2021) ("Dividing the $12 million fee request by Class Counsel's lodestar yields an implied 'multiplier' of approximately 4.26. This is within the range of multipliers approved during lodestar cross checks of percentage-of-fund awards.").

75. *Shannon v. Hidalgo County Board of Comm'r*, No. 08-369 (D. N.M. June 4, 2009) (4.2 multiplier) ("Class Counsel are awarded reasonable attorneys' fees, costs and gross receipts tax in the total amount of $333,333, to be paid forthwith from the settlement fund.").

76. *In re Twitter Inc. Sec. Litig.*, No. 416CV05314JSTSK, 2022 WL 17248115, at *1–2 (N.D. Cal. Nov. 21, 2022) (awarding a 22.5% fee in a $809.5 million settlement, implying a 4.15 multiplier given the "lodestar value of $43,931,080.75").

77. *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-01797-MSG, 2015 WL 12843830, at *6 (E.D. Pa. Oct. 15, 2015) ("A 27.5% fee award would equate to a lodestar multiplier of approximately 4.12. Such a multiplier is within the range of those frequently awarded in common fund cases.").

78. *In re GSE Bonds Antitrust Litig.*, No. 19-CV-1704 (JSR), 2020 WL 3250593, at *5 (S.D.N.Y. June 16, 2020) ("A fee award of 20% of the settlement fund, or $77.3 million, thus represents a multiplier of 4.09 of this lodestar. Although on the high end, a 4.09 multiplier is within the range of what has considered reasonable by courts.").

79. *Koch v. Desert States Emps. & UFCW Unions Pension Plan*, No. CV-20-02187-PHX-DJH, 2021 WL 6063534, at *7 (D. Ariz. Dec. 22, 2021) ("For the reasons stated in the Court's Order approving the Settlement Agreement and herein, a 4.0 multiplier of the Court's calculated lodestar is appropriate for Class Counsel in this particular case.").

80. *Uschold v. NSMG Shared Servs., LLC*, No. 18-CV-01039-JSC, 2020 WL 3035776, at *16 (N.D. Cal. June 5, 2020) ("A multiplier of 4 is warranted here based on the contingent nature of the fee agreement and Mr. Benjamin's explanation at the final approval hearing that this action required the majority of his firm's resources and attention since January 2018. The high end multiplier is warranted because it would result in a percentage of recovery of 12.9% of the Gross Settlement Amount, which is below "the usual range" awarded in common fund cases.").

81. *Hillson v. Kelly Servs. Inc.*, No. 2:15-CV-10803, 2017 WL 3446596, at *6 (E.D. Mich. Aug. 11, 2017) ("Here, as discussed, the risk in this case was considerable but not

extraordinary. A multiplier of 4 would seem to adequately account for that risk.").

82. *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2012 WL 12540344, at *5 (N.D. Ga. Oct. 26, 2012) ("Here, the requested fee would represent a multiplier of approximately four times lodestar, which is well within the range of approved fees.").

83. *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 359-60 (S.D.N.Y. 2003) ("When combined with the attorneys' fees awarded pursuant to the Citigroup Settlement, the amount sought is equivalent to a lodestar multiple of 4.0. . . . As no objection remains to the amount of costs sought by Lead Counsel, and the expenses do not appear facially unreasonable, the application for reimbursement of expenses is approved.").

84. *In re Cenco Inc. Sec. Litig.*, 519 F. Supp. 322, 327 (N.D. Ill. 1981) ("Accordingly, the lodestar rate and expenses sought are reasonable. Further, the court finds that a multiple of 4 accurately takes into account the factors discussed above and awards Sachnoff attorneys' fees in the amount of $893,450.00 plus $41,300.00 for paralegals and $24,783.32 in expenses.").

# EXHIBIT C

**Class and Plaintiffs' Counsel – Lodestar**
*In re Advocate Aurora Health Pixel Litigation*

| Firm | Hours | Lodestar |
|---|---|---|
| Almeida Law Group LLC | 183.5 | $134,540.00 |
| Barrack, Rodos & Bacine | 123.9 | $108,353.00 |
| Chestnut Cambronne PA | 172.9 | $143,349.00 |
| Chicago Consumer Law Center, P.C. | 58.2 | $32,010.00 |
| Cross Law Firm. S.C. | 28.0 | $17,400.00 |
| Emerson Law | 40.5 | $38,475.00 |
| Kind Law | 62.29 | $40,862.24 |
| The Lyon Firm | 145.4 | $120,935.00 |
| Milberg Coleman Bryson Phillips Grossman, PLLC | 603.1 | $485,381.00 |
| Markovits, Stock & DeMarco, LLC | 621.1 | $467,693.50 |
| Stephan Zouras, LLP | 171.6 | $111,587.50 |
| **Total** | 2,210.49 | **$1,700,586.24** |